IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C. | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2-007-CV-279 |
| | § | |
| vs. | § | |
| | § | Honorable John T. Ward |
| GOOGLE, INC. AND YAHOO!, INC. | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

### I.  NATURE OF THE ACTION

Plaintiff Function Media, L.L.C. ("Function Media") brings this action against defendants Google, Inc. ("Google") and Yahoo!, Inc. ("Yahoo") for patent infringement under the patent laws of the United States, Title 35, United States Code.

### II.  JURISDICTION AND VENUE

1. This is an action under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1337 and 1338(a).

2. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and (d) and 1400(b) because plaintiff Function Media is a Texas limited liability company whose principal place of business is in Tyler, Texas.  The inventors of the three patents at issue in this lawsuit, Michael Dean and Lucinda Stone, are residents of Tyler, Texas.  Moreover, both Google and Yahoo do business in this District and have committed acts of infringement in this District..

### III.  PARTIES

3. All facts herein are alleged on information and belief except those facts concerning the activities of Function Media, Michael Dean and Lucinda Stone.

4. Function Media is the assignee and owner of three patents at issue in this action, U.S. Patent Nos. 6,446,045, 7,240,025, and 6,829,587, and 7,249,059. It was assigned the three patents at issue by the co-inventors of each of those patents, namely Michael Dean and Lucinda Stone.

5. On information and belief, Google is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

6. On information and belief, Yahoo is a Delaware corporation with its principal place of business at 701 First Avenue Sunnyvale, CA 94089.

**INFRINGEMENT OF U.S. PATENT NO. 6,446,045**

7. On September 3, 2002 United States Patent No. 6,446,045 (the ''045 patent') was duly and legally issued for an invention entitled 'Method for Using Computers to Facilitate and Control the Creating of a Plurality of Functions.' Function Media was assigned the '045 patent and continues to hold all rights and interest in the '045 patent. A true and correct copy of the '045 patent is attached hereto as Exhibit A.

8. Google has infringed and continues to infringe the '045 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services utilizing Google's AdSense and AdWords technologies, Google Print Ads, and other products and services related to internet and print advertising, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. Google is liable for its infringement of the '045 patent pursuant to 35 U.S.C. § 271.

9. Google's acts of infringement have caused damage to Function Media, and Function Media is entitled to recover from Google the damages sustained by Function Media as a result of Google's wrongful acts in an amount subject to proof at trial. Google's infringement of Function Media's exclusive rights under the '045 patent will continue to damage Function Media, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

10. Upon information and belief, Google's infringement of the '045 patent is willful and deliberate, entitling Function Media to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

11. Yahoo has infringed and continues to infringe the '045 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services utilizing Yahoo's Publisher, Content Match, Sponsored Search, SmartAds and Advertising technologies and other products and services related to internet and print advertising, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. Yahoo is liable for its infringement of the '045 patent pursuant to 35 U.S.C. § 271.

12. Yahoo's acts of infringement have caused damage to Function Media, and Function Media is entitled to recover from Yahoo the damages sustained by Function Media as a result of Yahoo's wrongful acts in an amount subject to proof at trial. Yahoo's infringement of Function Media's exclusive rights under the '045 patent will continue to damage Function Media, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

13. Upon information and belief, Yahoo's infringement of the '045 patent is willful and deliberate, entitling Function Media to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 7,240,025

14. On July 3, 2007, United States Patent No. 7,240,025 (the ''025 patent') was duly and legally issued for an invention entitled 'An Internet Advertising System and Method..' Function Media was assigned the '025 patent and continues to hold all rights and interest in the '025 patent. A true and correct copy of the '025 patent is attached hereto as Exhibit B.

15. Google has infringed and continues to infringe the '025 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services utilizing Google's AdSense and AdWords technologies and other products and services related to internet advertising, and its

contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. Google is liable for its infringement of the '025 patent pursuant to 35 U.S.C. § 271.

16. Google's acts of infringement have caused damage to Function Media, and Function Media is entitled to recover from Google the damages sustained by Function Media as a result of Google's wrongful acts in an amount subject to proof at trial. Google's infringement of Function Media's exclusive rights under the '025 patent will continue to damage Function Media, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

17. Upon information and belief, Google's infringement of the '025 patent will be willful and deliberate, entitling Function Media to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

18. Yahoo has infringed and continues to infringe the '025 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services utilizing Yahoo's Publisher, Content Match, Sponsored Search, SmartAds and Advertising technologies and other products and services related to internet advertising, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. Yahoo is liable for its infringement of the '025 patent pursuant to 35 U.S.C. § 271.

19. Yahoo's acts of infringement have caused damage to Function Media, and Function Media is entitled to recover from Yahoo the damages sustained by Function Media as a result of Yahoo's wrongful acts in an amount subject to proof at trial. Yahoo's infringement of Function Media's exclusive rights under the '025 patent will continue to damage Function Media, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

20. Upon information and belief, Yahoo's infringement of the '025 patent will be willful and deliberate, entitling Function Media to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,829,587

21.     On September 3, 2002 United States Patent No. 6,829,587 (the "'587 patent') was duly and legally issued for an invention entitled 'Method for Using Computers to Facilitate and Control the Publishing of Presentations to a Plurality of Print Media Venues.' Function Media was assigned the '587 patent and continues to hold all rights and interest in the '587 patent. A true and correct copy of the '587 patent is attached hereto as Exhibit C.

22.     Google has infringed and continues to infringe the '587 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services utilizing Google Print Ads, AdSense, and other products and services related to print advertising, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. Google is liable for its infringement of the '587 patent pursuant to 35 U.S.C. § 271.

23.     Google's acts of infringement have caused damage to Function Media, and Function Media is entitled to recover from Google the damages sustained by Function Media as a result of Google's wrongful acts in an amount subject to proof at trial. Google's infringement of Function Media's exclusive rights under the '587 patent will continue to damage Function Media, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

24.     Upon information and belief, Google's infringement of the '587 patent is willful and deliberate, entitling Function Media to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,249,059

25.     On July 24, 2007, United States Patent No. 7,249,059 (the "'059 patent') was duly and legally issued for an invention entitled 'Method for Using Computers to Facilitate and Control the Creating of a Plurality of Functions.' Function Media was assigned the '059 patent

and continues to hold all rights and interest in the '059 patent. A true and correct copy of the '059 patent is attached hereto as Exhibit D.

26. Google has infringed and continues to infringe the '059 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services utilizing Google's AdSense and AdWords technologies, Google Print Ads, My Client Center, and other products and services related to internet and print advertising, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. Google is liable for its infringement of the '059 patent pursuant to 35 U.S.C. § 271.

27. Google's acts of infringement have caused damage to Function Media, and Function Media is entitled to recover from Google the damages sustained by Function Media as a result of Google's wrongful acts in an amount subject to proof at trial. Google's infringement of Function Media's exclusive rights under the '059 patent will continue to damage Function Media, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

28. Upon information and belief, Google's infringement of the '059 patent will be willful and deliberate, entitling Function Media to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

29. Yahoo has infringed and continues to infringe the '059 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services utilizing Yahoo's Publisher, Content Match, Sponsored Search, SmartAds Advertising, and Ambassador technologies and other products and services related to internet and print advertising, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. Yahoo is liable for its infringement of the '059 patent pursuant to 35 U.S.C. § 271.

30. Yahoo's acts of infringement have caused damage to Function Media, and Function Media is entitled to recover from Yahoo the damages sustained by Function Media as a result of Yahoo's wrongful acts in an amount subject to proof at trial. Yahoo's infringement of Function Media's exclusive rights under the '059 patent will continue to damage Function

Media, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

31. Upon information and belief, Yahoo's infringement of the '059 patent will be willful and deliberate, entitling Function Media to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

32. Function Media demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Function Media, L.L.C.., requests entry of judgment in its favor and against Google, Inc. and Yahoo!, Inc.. as follows:

a) Declaration that Google, Inc. and Yahoo!, Inc. have infringed U.S. Patent Nos. 6,446,045 and 7,240,025, and 7,249,059, and that Google, Inc. has infringed U.S. Patent No. 6,829,587;

b) Permanently enjoining Google, Inc., and Yahoo!, Inc., and the respective officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of U.S. Patent Nos. 6,446,045, 7,240,025, and 7,249,059 and permanently enjoining Google, Inc., and its respective officers, agents, employees, and those acting in privity with it from further infringement, contributory infringement, and/or inducing infringement of U.S. Patent No. 6,829,587;

c) Awarding the damages arising out of Google, Inc. and Yahoo!, Inc.'s infringement of U.S. Patent Nos. 6,446,045, 7,240,025, and 7,249,059 and Google, Inc.'s infringement of U.S. Patent No. 6,829,587 including enhanced damages pursuant to 35 U.S.C. § 284, to Function Media, L.L.C., together with prejudgment and post-judgment interest, in an amount according to proof;

  d) An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

  e) For such other costs and further relief as the Court may deem just and proper.

               Respectfully submitted,

        BY: /s/ Elizabeth L. DeRieux
          S. Calvin Capshaw
          State Bar No. 03783900
          Email: ccapshaw@mailbmc.com
          Elizabeth L. DeRieux
          State Bar No. 05770585
          Email: ederieux@mailbmc.com
          BROWN MCCARROLL, LLP
          1127 Judson Road, Suite 220
          Longview, TX 75601
          P O Box 3999
          Longview, TX 75606
          903-236-9800
          Fax: 903-236-8787

          Max L. Tribble, Jr. – Lead Attorney
          State Bar No. 20213950
          Email: mtribble@susmangodfrey.com
          SUSMAN GODFREY LLP
          1000 Louisiana, Suite 5100
          Houston, Texas, 77002
          Telephone: (713) 651-9366
          Facsimile: (713) 654-6666

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
Email: jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

Nicholas F. Daum
State Bar No. 236155
Email: ndaum@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars
Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Fax: (310) 789-3150

3982588.1
1.815