IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **FUNCTION MEDIA, L.L.C.,**<br><br>v.<br><br>**GOOGLE, INC. AND YAHOO!, INC.** | Civil Case No. 2:007-CV-279 (TJW)<br><br>**JURY TRIAL DEMANDED** |

**GOOGLE INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**ANSWER**

Google Inc. ("Google") responds to the allegations in the First Amended Complaint ("Complaint") by Plaintiff Function Media, L.L.C. ("Plaintiff") with this pleading.

**I.  NATURE OF THE ACTION**

The first paragraph of the Complaint contains an introductory paragraph to which no responsive pleading is required. To the extent a response is deemed necessary, Google denies that it has committed patent infringement and further denies that Plaintiff is entitled to any relief from Google.

**II.  JURISDICTION AND VENUE**

1.  Google admits that Plaintiff's Complaint purports to arise under the patent laws of the United States, 35 U.S.C. § 101 et seq., and admits that, for purposes of this action, Google does not contest that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1338(a). Google, however, denies that, as to it, any such patent infringement has transpired.

2.  Google admits that it does business in the Eastern District of Texas, and admits that, for purposes of this action, it does not contest that venue is proper in the Eastern District of Texas. Google denies that it has committed acts of infringement in the Eastern District of Texas.

GOOGLE INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT - Page 1

Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, on that basis, denies all such allegations.

### III.   PARTIES

3.   Paragraph 3 of the Complaint, in and of itself, contains no allegations directed towards Google and no responsive pleading is therefore required.  To the extent a response is deemed necessary, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.   Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, on that basis, denies all such allegations.

5.   Google admits the allegations of paragraph 5 of the Complaint.

6.   Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, on that basis, denies all such allegations.

### DENIAL OF INFRINGEMENT OF U.S. PATENT NO. 6,446,045

7.   Google admits that U.S. Patent No. 6,446,045 (the "'045 patent") entitled "Method for Using Computers to Facilitate and Control the Creating of a Plurality of Functions" indicates on its face that that it issued on September 3, 2002.  Google further admits that the '045 patent is attached to the Complaint as Exhibit A.  Google denies that the '045 patent was legally issued.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8.   Google denies the allegations contained in paragraph 8 of the Complaint.

9.   Google denies the allegations contained in paragraph 9 of the Complaint.

10.   Google denies the allegations contained in paragraph 10 of the Complaint.

11. Google is without knowledge or information sufficient to sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint with respect to Yahoo, Inc.'s ("Yahoo") conduct, and on that basis, Google denies all allegations in paragraph 11 that are directed to Yahoo.

12. Google is without knowledge or information sufficient to sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint with respect to Yahoo's conduct, and on that basis, Google denies all allegations in paragraph 12 that are directed to Yahoo.

13. Google is without knowledge or information sufficient to sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint with respect to Yahoo's conduct, and on that basis, Google denies all allegations in paragraph 13 that are directed to Yahoo.

## DENIAL OF INFRINGEMENT OF U.S. PATENT NO. 7,240,025

14. Google admits that U.S. Patent No. 7,240,025 (the "'025 patent") entitled "Internet Advertising System and Method" indicates on its face that that it issued on July 3, 2007. Google further admits that the '025 patent is attached to the Complaint as Exhibit B. Google denies that the '025 patent was legally issued. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15. Google denies the allegations contained in paragraph 15 of the Complaint.

16. Google denies the allegations contained in paragraph 16 of the Complaint.

17. Google denies the allegations contained in paragraph 17 of the Complaint.

18. Google is without knowledge or information sufficient to sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint with respect to Yahoo's conduct, and on that basis, Google denies all allegations in paragraph 18 that are directed to Yahoo.

19.     Google is without knowledge or information sufficient to sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint with respect to Yahoo's conduct, and on that basis, Google denies all allegations in paragraph 19 that are directed to Yahoo.

20.     Google is without knowledge or information sufficient to sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint with respect to Yahoo's conduct, and on that basis, Google denies all allegations in paragraph 20 that are directed to Yahoo.

### DENIAL OF INFRINGEMENT OF U.S. PATENT NO. 6,829,587

21.     Google denies that U.S. Patent No. 6,829,587 (the "'587 patent") is entitled "Method for Using Computers to Facilitate and Control the Publishing of Presentations to a Plurality of Print Media Venues" and denies that it issued on September 3, 2002.  Google admits that the '587 patent is attached to the Complaint as Exhibit C.  Google denies that the '587 patent was legally issued.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the Complaint and, on that basis, denies all such allegations.

22.     Google denies the allegations contained in paragraph 22 of the Complaint.

23.     Google denies the allegations contained in paragraph 23 of the Complaint.

24.     Google denies the allegations contained in paragraph 24 of the Complaint.

### DENIAL OF INFRINGEMENT OF U.S. PATENT NO. 7,249,059

25.     Google admits that U.S. Patent No. 7,249,059 (the "'059 patent") indicates on its face that that it issued on July 24, 2007 but denies that it is entitled "Method for Using Computers to Facilitate and Control the Creating of a Plurality of Functions."  Google admits that the '059 patent is attached to the Complaint as Exhibit D.  Google denies that the '059 patent was legally issued.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the Complaint and, on that basis, denies all such allegations.

26. Google denies the allegations contained in paragraph 26 of the Complaint.

27. Google denies the allegations contained in paragraph 27 of the Complaint.

28. Google denies the allegations contained in paragraph 28 of the Complaint.

29. Google is without knowledge or information sufficient to sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint with respect to Yahoo's conduct, and on that basis, Google denies all allegations in paragraph 29 that are directed to Yahoo.

30. Google is without knowledge or information sufficient to sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint with respect to Yahoo's conduct, and on that basis, Google denies all allegations in paragraph 30 that are directed to Yahoo.

31. Google is without knowledge or information sufficient to sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint with respect to Yahoo's conduct, and on that basis, Google denies all allegations in paragraph 31 that are directed to Yahoo.

## JURY DEMAND

32. Google admits that the Complaint sets forth a demand for trial by jury on all issues.

## PRAYER FOR RELIEF

33. Google denies that Plaintiff is entitled to any relief, and denies all of the allegations directed towards Google contained in paragraphs (a) – (e) of Plaintiff's Prayer for Relief.

34. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Google denies them.

GOOGLE INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT - Page 5

# DEFENSES

Google, for its Defenses, pleads:

### First Affirmative Defense

(Failure To State Claim)

35.     Plaintiff's Complaint fails to state a claim against Google upon which relief can be granted.

### Second Affirmative Defense

(Invalidity of U.S. Pat. No. 6,446,045)

36.     Each asserted claim of U.S. Pat. No. 6,446,045 is invalid for failure to comply with one or more of the requirements of United States Code, Title, 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### Third Affirmative Defense

(Invalidity of U.S. Pat. No. 7,240,025)

37.     Each asserted claim of U.S. Pat. No. 7,240,025 is invalid for failure to comply with one or more of the requirements of United States Code, Title, 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### Fourth Affirmative Defense

(Invalidity of U.S. Pat. No. 6,829,587)

38.     Each asserted claim of U.S. Pat. No. 6,829,587 is invalid for failure to comply with one or more of the requirements of United States Code, Title, 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### Fifth Affirmative Defense

(Invalidity of U.S. Pat. No. 7,249,059)

39.     Each asserted claim of U.S. Pat. No. 7,249,059 is invalid for failure to comply with one or more of the requirements of United States Code, Title, 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### Sixth Affirmative Defense

(Non-Infringement of U.S. Pat. No. 6,446,045)

40.     Google has not and does not infringe any valid and enforceable claim of U.S. Pat. No. 6,446,045 under any subsection of 35 U.S.C. § 271.

### Seventh Affirmative Defense

(Non-Infringement of U.S. Pat. No. 7,240,025)

41.     Google has not and does not infringe any valid and enforceable claim of U.S. Pat. No. 6,446,045 under any subsection of 35 U.S.C. § 271.

### Eighth Affirmative Defense

(Non-Infringement of U.S. Pat. No. 6,829,587)

42.     Google has not and does not infringe any valid and enforceable claim of U.S. Pat. No. 6,829,587 under any subsection of 35 U.S.C. § 271.

### Ninth Affirmative Defense

(Non-Infringement of U.S. Pat. No. 7,249,059)

43.     Google has not and does not infringe any valid and enforceable claim of U.S. Pat. No. 7,249,059 under any subsection of 35 U.S.C. § 271.

### Tenth Affirmative Defense

(Unenforceability of U.S. Pat. No. 7,240,025)

44.     The claims of U.S. Pat. No. 7,240,025 ("the '025 patent") are unenforceable as a result of inequitable conduct by the applicants, their attorney(s), their agent(s), representative(s), predecessors in interest to the '025 patent, and/or the person(s) involved in the preparation and/or

prosecution of that patent. Google alleges that the inequitable conduct comprised intentional misrepresentations and/or omissions including without limitation, the following:

a) During the prosecution of the application that led to the '587 patent, the USPTO cited U.S. Pat. No. 6,401,075 to Mason et al. (the "Mason patent"). The Mason patent disclosed technology that was highly material to the patents-in-suit, but the Mason patent filing date was just weeks later than the priority date for the '587 patent.

b) On information and belief, during the prosecution of the application that led to the '025 patent, named inventors Lucinda Stone and Michael Dean, by and through their attorney Henry Croskell ("Attorney Croskell"), engaged an attorney in California, Kenneth S. Roberts ("Attorney Roberts"), to investigate the prior art status of the Mason patent. In this regard, Attorney Roberts submitted a declaration in the application that became the '025 patent suggesting that the Mason patent could not have been based on an invention prior to October 1999.

c) Attorneys Croskell and Roberts were involved in the prosecution of the '025 patent and thus owed a duty of candor and good faith under 37 C.F.R. § 1.56 to disclose information to the USPTO that may be material to the patentability of the '025 patent.

d) On information and belief, the declaration by Attorney Roberts and accompanying statements by Attorney Croskell withheld highly material information pertaining to the Mason patent technology and related prior art.

e) On information and belief, Attorney Roberts was informed by Arthur Behrman and/or additional named inventors on the Mason patent that Global Networks Inc. was formed on or about April 1999 for the purpose of developing an online network for the dissemination of electronic advertisements, which suggests a date of invention six months earlier than the October 1999 date suggested in the Attorney Roberts declaration, and moreover that had this information been shared with the USPTO then Attorney Croskell's assertion that the date of invention for the '025 patent was prior to October 1999 would have been insufficient to overcome an April 1999 date for the Mason patent technology.

      f)      Furthermore, on information and belief, Attorney Roberts was informed by Mr. Behrman of the October 1999 announcement concerning the development of the Global Networks Inc. system with a third-party international advertising agency.  On information and belief, the subject October 1999 announcement was known to Attorney Roberts and was in fact an October 12, 1999 Business Wire announcement that not only disclosed aspects of the Global Networks Inc. system, but also the prior art DoubleClick DART system.  The subject October 1999 announcement and information concerning the DoubleClick DART system was not disclosed to the USPTO.  This information, and particularly the DoubleClick DART system, was also highly material to the patentability of the subject patent and the state of the art at the time.

      g)      On information and belief, this information was withheld from the USPTO by those owing a duty of candor and good faith under 37 C.F.R. § 1.56 with the intent to deceive the USPTO as to the true nature and scope of the prior art, including the Global Networks Inc. system and DoubleClick DART technology and thus cause the USPTO to improperly grant the '025 patent.

### Eleventh Affirmative Defense

(Unenforceability of U.S. Pat. No. 7,249,059)

45.      The claims of U.S. Pat. No. 7,249,059 ("the '059 patent") are unenforceable as a result of inequitable conduct by the applicants, their attorney(s), their agent(s), representative(s), predecessors in interest to the '025 patent, and/or the person(s) involved in the preparation and/or prosecution of that patent.  Google alleges that the inequitable conduct comprised intentional misrepresentations and/or omissions including without limitation, the following:

      a)      Google reasserts and incorporates by reference its statements from paragraph 44 above and further alleges that the acts and inequitable conduct arising from the prosecution of the '025 patent renders the '059 patent unenforceable too.

      b)      The '059 patent is a continuation-in-part ("CIP") of an earlier filed application; new matter was added to the '059 patent when it was filed on July 11, 2002.

c)  Among the new matter added to the '059 patent as of its filing date of July 11, 2002, is substantial new matter describing "third party professionals."

d)  In a response to an Office action from the USPTO filed on April 5, 2006, Attorney Croskell repeatedly referenced the "third party professional" new matter added as of the July 11, 2002 filing date as supporting the pending claims and distinguishing those claims over the prior art of record.

e)  In this same response to the USPTO, Attorney Croskell further referred to the USPTO to the Mason patent and the declaration of Attorney Roberts cited during the prosecution of the '025 patent. Attorney Croskell then misleadingly suggested, despite having just identified the "third party professional" new matter added on July 11, 2002 as supporting the patentability of the claims, that the claims of the '059 patent were similarly entitled to "a date of invention for the claimed subject matter that is prior to October 1999."

f)  These highly material and misleading statements by Attorney Croskell regarding the Mason patent and the purported dates of invention by Lucinda Stone and Michael Dean improperly led the USPTO to ignore the teachings and date of the invention described in the Mason patent and declaration of Attorney Roberts by convincing the USPTO that the '059 patent was entitled to a date of invention three years earlier than was possible in view of the new matter added to the CIP in its filing on July 11, 2002.

g)  On information and belief, these statements by those owing a duty of candor and good faith under 37 C.F.R. § 1.56 were made with the intent to deceive the USPTO as to the true nature and scope of the prior art and dates of invention of the subject matter claimed in the '059 patent and cause the USPTO to improperly grant the '059 patent.

### Twelfth Affirmative Defense

(Claims Barred)

46.  Plaintiff's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

### Thirteenth Affirmative Defense

(Costs Barred)

47.     Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### Additional Defenses Reserved

(Defenses Based on Later Discovered Evidence)

48.     Google reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

### **COUNTERCLAIMS**

49.     For its Counterclaims against Function Media, L.L.C., Google pleads, based on personal knowledge as to all acts or events that it has undertaken or witnessed, and upon information and belief as to all others:

### Nature of the Action

50.     This is an action by defendant and counter-claimant Google pursuant to Rule 13 of the Federal Rules of Civil Procedure for declarations of non-infringement, invalidity, and unenforceability of U.S. Pat. No. 6,446,045 ("the '045 patent"), U.S. Patent No. 7,240,025 ("the '025 patent"), U.S. Patent No. 6,829,587 ("the '587 patent"), and U.S. Patent No. 7,249, 059 ("the '059 patent").

### The Parties

51.     Counter-claimant Google is a corporation organized under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

52. Upon information and belief, Function Media, L.L.C. is a corporation organized under the laws of the state of Texas and has its principal place of business at 1021 Wilder Way, Tyler, Texas 75703.

## Jurisdiction and Venue

53. These counterclaims seek declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The Court on these bases, has subject matter jurisdiction of such claims pursuant to 28 U.S.C. §§ 1331 and 1338 as these counterclaims arise under the patent laws of the United States, set forth at Title 35 United States Code.

54. The '045 patent was issued by the United States Patent and Trademark Office on September 3, 2002. Plaintiff, based on averments in its Complaint, claims to be the owner of all right, title and interest in and to the '045 patent, and claims that Google has infringed that patent.

55. The '025 patent was issued by the United States Patent and Trademark Office on July 3, 2007. Plaintiff, based on averments in its Complaint, claims to be the owner of all right, title and interest in and to the '025 patent, and claims that Google has infringed that patent.

56. The '587 patent was issued by the United States Patent and Trademark Office on December 7, 2004. Plaintiff, based on averments in its Complaint, claims to be the owner of all right, title and interest in and to the '587 patent, and claims that Google has infringed that patent.

57. The '059 patent was issued by the United States Patent and Trademark Office on July 24, 2007. Plaintiff, based on averments in its Complaint, claims to be the owner of all right, title and interest in and to the '059 patent, and claims that Google has infringed that patent

58. Plaintiff has consented to personal jurisdiction by commencing its action for patent infringement in this judicial jurisdiction, as set forth in Plaintiff's First Amended Complaint.

59. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## Count I

60. Google has not and does not infringe any valid and/or enforceable claim of the '045 patent, '587 patent, '025 patent, or '059 patent under 35 U.S.C. § 271.

### Count II

61.     The '045 patent, '587 patent, '025 patent, and '059 patents are invalid for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### Count III

62.     The '025 patent and the '059 patent are unenforceable because Plaintiff (including its predecessors in interest), through their inventors, attorneys, and agents committed inequitable conduct during the prosecution of the applications that issued as the '025 patent and the '059 patent, which render these patents unenforceable as alleged in paragraphs 44 and 45, which are reasserted here.  These acts of inequitable conduct include but are not limited to making material misrepresentations as to the scope and content of the prior art, withholding information material pertaining to the prior art, and making material misrepresentations as to the date of the alleged invention and scope of an earlier declaration submitted to the USPTO.  This information concerns both the dates of invention and prior art to the patents-in-suit and is therefore highly material to the patentability of the issued claims and infects the '025 patent and '059 patent.

### Jury Demand

63.     Pursuant to Local Rule CV 38(a) and Fed.R.Civ.P. 38, defendant and counter-claimant Google demands a trial by jury on all issues so triable in this action.

### REQUEST FOR RELIEF ON PLAINTIFF'S COMPLAINT

64.     WHEREFORE, Google asks this Court to enter judgment in Google's favor and against Plaintiff Function Media, L.L.C. by granting the following relief:

    a)     a dismissal of all claims in Plaintiff's Complaint against Google with prejudice and a complete denial of Plaintiff's requests for damages, costs, attorney fees, and any other form of relief;

    b)     a permanent injunction restraining Plaintiff and its respective, officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with, from charging or threatening, orally or in writing, that the '045

patent, the '025 patent, the '587 patent, or the '059 patent have been infringed by Google under any subsection of 35 U.S.C. § 271; and

        c)      an award to Google of its reasonable attorneys' fees, costs, and all interest (including without limitation any attorney awards based upon 35 U.S.C. § 285) and any such other and further relief as the Court finds just and proper.

### REQUEST FOR RELIEF ON GOOGLE'S COUNTERCLAIMS

     65.     WHEREFORE, Google asks this Court to enter judgment in Google's favor and against Plaintiff Function Media, L.L.C. by granting the following relief:

        a)      a declaration that Google does not infringe and has not infringed any valid and enforceable claim of the '045 patent, the '025 patent, the '587 patent, and the '059 patent under any subsection of 35 U.S.C. § 271;

        b)      a declaration that all claims of the '045 patent, the '025 patent, the '587 patent, and the '059 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and 112;

        c)      a declaration that all claims of the '025 patent and the '059 patent are unenforceable;

        d)      a permanent injunction restraining Plaintiff and its respective, officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from suing or threatening to sue for infringement of the '045 patent, the '025 patent, the '587 patent, or the '059 patent on the basis of the making, using, selling, offering for sale or importing of any Google product or service; and

        e)      an award to Google of its reasonable attorneys' fees, costs, and all interest (including without limitation any attorney awards based upon 35 U.S.C. § 285) and any such other and further relief as the Court finds just and proper.

Dated:  September 24, 2007

Respectfully submitted,

FISH & RICHARDSON P.C.

By: \s\Thomas B. Walsh, IV
    Thomas B. Walsh, IV - Lead Attorney
    Texas Bar No. 00785173
    Fish & Richardson P.C.
    5000 Bank One Center
    1717 Main Street
    Dallas, TX  75201
    Telephone:  (214) 747-5070
    Facsimile:  (214) 747-2091
    E-mail:  walsh@fr.com

    Harry L. Gillam, Jr.
    State Bar No. 07921800
    Melissa R. Smith
    State Bar No. 24001351
    GILLAM & SMITH, L.L.P.
    303 South Washington Avenue
    Marshall, TX 75670
    Telephone: (903) 934-8450
    Facsimile: (903) 934-9257
    E-mail:  gil@gillamsmithlaw.com
    E-mail:  melissa@gillamsmithlaw.com

Counsel for Defendant
GOOGLE INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 24, 2007 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

| | |
|---|---|
| S. Calvin Capshaw, Esq.<br>Elizabeth L. DeRieux, Esq.<br>Brown McCarroll, LLP<br>1127 Judson Road, Suite 220<br>P.O. Box 3999<br>Longview, TX 75601-5157 | Attorneys for Plaintiff<br>FUNCTION MEDIA, L.L.C. |
| Max L. Tribble, Jr.<br>Joseph S. Grinstein<br>Susman Godfrey LLP<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002 | Attorneys for Plaintiff<br>FUNCTION MEDIA, L.L.C. |
| Nicholas F. Daum<br>Susman Godfrey LLP<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067 | Attorneys for Plaintiff<br>FUNCTION MEDIA, L.L.C. |

\s\Thomas B. Walsh, IV
Thomas B. Walsh, IV

10773474.doc