IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| v. | § | |
| | § | NO. 2-07CV-279 |
| GOOGLE, INC. and YAHOO!, INC., | § | |
| | § | |
| Defendants. | § | |

**YAHOO!, INC.'S MOTION TO DISMISS AND STRIKE
FUNCTION MEDIA'S WILLFULNESS CLAIMS, OR IN THE
ALTERNATIVE FOR A MORE DEFINITE STATEMENT**

Defendant Yahoo!, Inc. ("Yahoo!") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff Function Media LLC's ("Function Media's") claims of willful infringement set forth in conclusory fashion in its Amended Complaint. Yahoo! also requests that the Court strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure the portion of section c of Function Media's Prayer for Relief that relates to "enhanced damages", because this section seeks relief for which Function Media has failed to state a claim. In the alternative, Yahoo! moves the Court pursuant to Rule 12(e) to require Function Media to provide a more definite statement of its willfulness claims.

I.   **Introduction**

Without stating any relevant facts, Function Media's Amended Complaint asserts that Yahoo!'s alleged infringement of three patents is willful. Indeed, Function Media's willfulness claims consist entirely of three conclusory statements:

- "Upon information and belief, Yahoo!'s infringement of [U.S. Patent No. 7,240,025] will be willful and deliberate."

- "Upon information and belief, Yahoo!'s infringement of [U.S. Patent No. 7,249,059] <u>will be</u> willful and deliberate."

- "Upon information and belief, Yahoo's infringement of [U.S. Patent No. 6,466,045] is willful and deliberate."

Amended Complaint ¶¶ 13, 20, 31 (emphasis supplied). Function Media makes these claims without pleading any pre-suit notice and despite the fact that Yahoo! is not aware of any pre-litigation notice of the patents-in-suit. Indeed, the '025 patent issued the same day that it was first asserted in the original Complaint, and the '059 patent issued the day before it was first asserted in the Amended Complaint. Thus, Function Media's willfulness claims appear to be premised purely on post-complaint-filing conduct.

This pleading is insufficient to state a claim for willfulness for myriad reasons. Function Media's willfulness claims purport to predict <u>future</u> conduct, and thus set forth a merely speculative basis for relief that is in direct contravention to both the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) and the *en banc* Federal Circuit's recent decision in *In re Seagate*, __ F.3d __, 2007 WL 2358677 (Fed. Cir. Aug. 20, 2007).[1] Compounding their insufficiency, the willfulness claims consist entirely of the very same "labels and conclusions" that *Bell Atlantic* held insufficient under Federal Rule of Civil Procedure 8. Finally, even if acceptable under Rule 8, Function Media's claims allege conduct that *In re Seagate* holds to be inappropriate for an initial pleading of willfulness. For these reasons, the Court should dismiss Function Media's willfulness claims, or in the alternative order Function Media to provide a more definite statement that satisfies the legal standards.

**II.   Function Media Is Required To Plead Facts Suggesting that Yahoo! Was Objectively Reckless After Receiving Notice Of The Patents and Before the Complaint Was Filed.**

In *Bell Atlantic*, the Supreme Court held that a complaint must contain a factual basis for relief. *Bell Atlantic Corp. v. Twombly* at 1965; *see also* FED. R. CIV. P. 8(a). "Factual

---

[1] A copy of *In re Seagate* is attached as Exhibit A to this motion.

allegations must be enough to raise a right to relief above the speculative level," and thus the plaintiff has an "obligation" to provide "more than labels and conclusions" as to the grounds for seeking relief. *Id.* at 1965. As a result, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Instead, the plaintiff must plead facts sufficient to "raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Id.* at 1965. In other words, "enough factual matter (taken as true) to suggest" that the relevant legal standard can be met. *Id.*

Function Media's burden to plead willfulness-related facts is further informed by the Federal Circuit's recent *en banc* decision in *In re Seagate*, in which it established a heightened standard for proving willfulness. *In re Seagate,* 2007 WL 2358677. In this landmark case, the Court unanimously overturned existing law, abolishing the "affirmative duty of due care" previously imposed on those with mere notice of a patent. *Id.* at *5. Consequently, no longer can a patentee rely merely on notice of the patents to allege willful infringement and shift the focus to the accused infringer's conduct. Instead, the Court found that a finding of willfulness "requires at least a showing of objective recklessness," which means that "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* Moreover, once this objective standard is satisfied, "the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.*

Applying *Bell Atlantic* in light of *In re Seagate*, the willfulness pleading standard becomes clear: to state a claim of willfulness in this case, Function Media is required to plead facts suggesting that Yahoo! acted despite an objectively high likelihood that it infringed valid patents held by Function Media, and that Yahoo! knew or should have known of this risk. But *In re Seagate* goes even further, firmly laying to rest the notion that willfulness allegations in the complaint can be premised on conduct that has yet to occur: because "a patentee must have a good faith basis for alleging willful infringement … a willfulness claim in the original complaint

must be grounded <u>exclusively</u> in the accused infringer's pre-filing conduct." *Id.* at *8 (emphasis supplied). As discussed below, Function Media's willfulness claims fall short of the *Bell Atlantic* and *Seagate* standards because they contain no factual basis and appear to be premised purely on post-complaint-filing conduct.

### III. Function Media's Willfulness Pleadings Do Not State A Proper Claim Because They Are Premised On Future Conduct

In its Amended Complaint, Function Media asserts that Yahoo! willfully infringes three patents: U.S. Patent No. 6,466,045 ("the '045 patent"), U.S. Patent No. 7,240,025 ("the '025 patent"), and U.S. Patent No. 7,249,059 ("the '059 patent").[2]

Function Media's willfulness claims are impermissibly premised on future conduct. The Amended Complaint explicitly acknowledges this with respect to the '025 and '059 patents, asserting that Yahoo!'s actions "<u>will be</u> willful and deliberate" infringement. Amended Complaint, ¶¶ 20, 31. It hedges with good reason: the '025 patent issued on the day it was first asserted in the initial Complaint, and the '059 patent issued the day before it was first asserted in the Amended Complaint. *See* Docket Entry 12, Exhs. B and D. Therefore, Yahoo! simply cannot have had the meaningful notice of these patents that is necessary, but not sufficient, to give rise to a willfulness claim. *In re Seagate*, 2007 WL 2358677, at *5. Function Media's remaining willfulness claim also appears to be based on future conduct. Despite the fact that the '045 patent issued well before the complaint was filed, Yahoo! is not aware of any alleged notice of the '045 patent provided by Function Media prior to filing the complaint.

Consequently, Function Media's willfulness claims should be dismissed, because "a willfulness claim in the original complaint must be grounded <u>exclusively</u> in the accused infringer's pre-filing conduct." *In re Seagate*, 2007 WL 2358677 at *8 (emphasis supplied).

---

[2] In its initial Complaint, Function Media asserted that Yahoo! willfully infringes the '045 and '025 patents. The '059 patent was first asserted in the Amended Complaint.

### IV. Function Media's Willfulness Pleadings Do Not Satisfy Rule 8 Because They Contain No Facts At All.

Function Media's claims should also be dismissed because they are stated in conclusory fashion and contain no facts that could support the requested relief. Function Media's claim for willfulness concerning the '045 patent consists entirely of the bald assertion that "[u]pon information and belief, Yahoo!'s infringement of the '045 patent is willful and deliberate." Amended Complaint ¶ 31. Its willfulness claims concerning the '025 and '059 patents are similarly devoid of facts. In sum, the Amended Complaint states <u>no alleged facts</u> supporting these claims and gives no indication why Function Media believes these claims to be justified. Indeed, Function Media's willfulness claims do not even rise to the level of the "formulaic recitation of the elements" that the Supreme Court rejected as insufficient in *Bell Atlantic*, let alone provide a "reasonable expectation" that discovery will reveal facts supporting the *In re Seagate* standard for willfulness. *Bell Atlantic*, 127 S. Ct. at 1965.

These conclusory willfulness claims cannot stand in light of *Bell Atlantic* and *In re Seagate*, and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, the Court should order Function Media to provide a more definite statement of its willfulness claims pursuant to Federal Rule of Civil Procedure 12(e).

### V. Conclusion

For the foregoing reasons, the Court should dismiss Function Media's willfulness claims and strike the requested relief that arises from them, or order Function Media to provide a more definite statement of its willfulness claims.

\#

\#

\#

## VI. Oral Hearing

Pursuant to L.R. CV-7(g), Yahoo! respectfully requests the Court set an oral hearing on Yahoo!'s Motion to Dismiss and Strike.

DATED: September 24, 2007

Respectfully submitted,
WEIL, GOTSHAL & MANGES LLP

/s/ David J. Healey
    David J. Healey
Texas State Bar No. 9327980
Lead Attorney
700 Louisiana St., Suite 1600
Houston, Texas 77002
713-546-5000 (Telephone)
713-224-9511 (Facsimile)
david.healey@weil.com

ATTORNEYS FOR DEFENDANT YAHOO!, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on this 24th day of September, 2007. As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Steven C. Vacek*