IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| v. | § | |
| | § | NO. 2-07CV-279 |
| GOOGLE, INC. and YAHOO!, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT YAHOO!'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO FUNCTION MEDIA'S FIRST AMENDED COMPLAINT**

Defendant Yahoo!, Inc. ("Yahoo!") files this Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff Function Media, L.L.C.'s ("Function Media's") Amended Complaint ("Complaint"), and respectfully shows the following:

**JURISDICTION AND VENUE**

1. In response to the allegations in paragraph 1 of the Complaint, Yahoo! admits that the Complaint alleges acts of infringement of a United States patent under 35 U.S.C. § 101 *et seq.*, and that the Court has jurisdiction over actions for patent infringement generally under 28 U.S.C. § 1338(a). Yahoo! denies any allegation, express or implied, that it has infringed United States Patent Nos. 6,446,045, 7,240,025, 7,240,015, or 7,249,059 (collectively, "the patents in suit").

2. In response to the allegations in paragraph 2 of the Complaint, Yahoo! admits that venue is proper in this judicial district, but denies any allegation, express or implied, that it has infringed the patents-in-suit. Except as expressly admitted, Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and accordingly these allegations are denied.

## PARTIES

3. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and accordingly these allegations are denied.

4. Yahoo! admits that United States Patent Nos. 6,446,045 ("the '045 Patent"), 7,240,015 ("the '015 Patent"), 6,829,587 ("the '587 Patent"), and 7,249,059 ("the '059 Patent") on their face identify Lucinda Stone and Michael A. Dean as inventors. Except as expressly admitted, Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and accordingly these allegations are denied.

5. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and accordingly these allegations are denied.

6. Yahoo! admits that it is a Delaware corporation with its principal place of business at 701 First Avenue Sunnyvale, CA 94089.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,446,045

7. Yahoo! admits that United States Patent No. 6,446,045 ("the '045 Patent") on its face recites an issue date of September 3, 2002 and bears the title "Method for Using Computers to Facilitate and Control the Creating of a Plurality of Functions." Yahoo! denies that the '045 Patent was duly and legally issued. Yahoo! admits that a copy of the '045 Patent is attached as Exhibit A to the Complaint. Except as expressly admitted, Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and accordingly these allegations are denied.

8. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and accordingly these allegations are denied.

9. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and accordingly these allegations are denied.

10. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and accordingly these allegations are denied.

11. Yahoo! denies the allegations in paragraph 11 of the Complaint.

12. Yahoo! denies the allegations in paragraph 12 of the Complaint.

13. Yahoo! denies the allegations in paragraph 13 of the Complaint.

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,240,025**

14. Yahoo! admits that United States Patent No. 7,240,025 ("the '025 Patent") on its face recites an issue date of July 3, 2007 and bears the title "Internet Advertising System and Method." Yahoo! denies that the '025 Patent was duly and legally issued. Yahoo! admits a copy of the '025 Patent is attached as Exhibit B to the Complaint. Except as expressly admitted, Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and accordingly these allegations are denied.

15. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and accordingly these allegations are denied.

16. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and accordingly these allegations are denied.

17. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and accordingly these allegations are denied.

18. Yahoo! denies the allegations in paragraph 18 of the Complaint.

19. Yahoo! denies the allegations in paragraph 19 of the Complaint.

20. Yahoo! denies the allegations in paragraph 20 of the Complaint.

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,829,587**

21. Yahoo! admits that United States Patent No. 6,829,587 ("the '587 Patent") on its face recites an issue date of December 7, 2004 and bears the title "Method of Using a Network of Computers to Facilitate and Control the Publishing of Presentations to a Plurality of Print Media Venues." Yahoo! denies that the '587 Patent was duly and legally issued. Except as expressly admitted, Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and accordingly these allegations are denied.

22. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and accordingly these allegations are denied.

23. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and accordingly these allegations are denied.

24. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and accordingly these allegations are denied.

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,249,059**

25. Yahoo! admits that United States Patent No. 7,249,059 ("the '059 Patent") on its face recites an issue date of July 24, 2007. Yahoo! denies that the title is "Method for Using Computers to Facilitate and Control the Creating of a Plurality of Functions." The '059 patent bears the title "Internet Advertising System and Method." Yahoo! denies that the '059 Patent was duly and legally issued. Yahoo! admits that a copy of the '059 Patent is attached as Exhibit D to the Complaint. Except as expressly admitted, Yahoo! does not have sufficient

knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and accordingly these allegations are denied.

26. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and accordingly these allegations are denied.

27. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and accordingly these allegations are denied.

28. Yahoo! does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and accordingly these allegations are denied.

29. Yahoo! denies the allegations in paragraph 29 of the Complaint.

30. Yahoo! denies the allegations in paragraph 30 of the Complaint.

31. Yahoo! denies the allegations in paragraph 31 of the Complaint.

## JURY DEMAND

32. Yahoo! neither admits nor denies the allegations contained in paragraph 32 of the Complaint because the allegations require no response.

## RESPONSE TO FUNCTION MEDIA'S PRAYER FOR RELIEF

33. Yahoo! denies that Function Media is entitled to any of the relief sought in its prayer for relief against Yahoo!, its agents, employees, representatives, successors and assigns, and those acting in privity or concert with Yahoo!. Yahoo! has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed, willfully or otherwise, the '045 Patent or the '025 Patent or the '059 Patent. Function Media is not entitled to recover damages, injunctive relief, costs, fees, interest, or any other type of recovery from Yahoo!. Function Media's prayer should, therefore, be denied in its entirety and with prejudice, and Function Media should take nothing. Yahoo! asks that judgment be entered for Yahoo! and that this action be found to be an exceptional case entitling Yahoo! to be awarded

attorneys' fees in defending against Function Media's Complaint, together with such other and further relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

34. For its affirmative defenses, Yahoo! alleges as follows, and states that it expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

35. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE – PATENT INVALIDITY

36. The claims of the '045 Patent are invalid for failure to meet one or more of the conditions for patentability in 35 U.S.C. § 101 *et seq.*, including without limitation those of sections 102, 103, and 112.

37. The claims of the '025 Patent are invalid for failure to meet one or more of the conditions for patentability in 35 U.S.C. § 101 *et seq.*, including without limitation those of sections 102, 103, and 112.

38. The claims of the '059 Patent are invalid for failure to meet one or more of the conditions for patentability in 35 U.S.C. § 101 *et seq.*, including without limitation those of sections 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE – UNENFORCEABILITY

39. The '025 and '059 patents are unenforceable under the doctrine of inequitable conduct.

*The '025 patent*

40. On information and belief, prior to the issuance of the '025 patent, the named inventors and/or others substantively involved in prosecuting the applications leading to the '025 patent (collectively, "the '025 applicants") were aware of information material to the patentability of the claims of the '025 patent, but withheld that information from the U.S. Patent

and Trademark Office with the intent to deceive the U.S. Patent and Trademark Office. The withheld information includes but is not limited to U.S. Patent No. 6,567,824 ("the '824 patent") and the technology embodied in Overture products and services ("Overture technology"). Specifically, the named inventors of the '025 patent knew of the '824 patent and its materiality prior to the issuance of the '025 patent, demonstrated this knowledge by disclosing the '824 patent to the U.S. Patent and Trademark Office during prosecution of a co-pending application (which resulted in U.S. Patent No. 6,837,969), and yet failed to disclose the '824 patent during prosecution of the application that led to the '025 patent. On information and belief, this failure to disclose the '824 patent occurred with the intention of deceiving the U.S. Patent and Trademark Office. In addition, on information and belief, named inventor Lucinda Stone was aware of the Overture technology and its materiality prior to the issuance of the '025 patent, but failed to disclose this technology during prosecution of the application that led to the '025 patent. On information and belief, this failure to disclose the Overture technology occurred with the intention of deceiving the U.S. Patent and Trademark Office.

41.     Yahoo! further alleges that the inequitable conduct comprised intentional misrepresentations and/or omissions including without limitation, the following:

(a)     During the prosecution of the application that led to the '587 patent, the USPTO cited U.S. Pat. No. 6,401,075 to Mason et al. (the "Mason patent"). The Mason patent disclosed technology that was highly material to the patents-in-suit, but the Mason patent filing date was just weeks later than the priority date for the '587 patent.

(b)     On information and belief, during the prosecution of the application that led to the '025 patent, named inventors Lucinda Stone and Michael Dean, by and through their attorney Henry Croskell ("Attorney Croskell"), engaged an attorney in California, Kenneth S. Roberts ("Attorney Roberts"), to investigate the prior art status of the Mason patent. In this regard, Attorney Roberts submitted a declaration in the application that became the '025 patent suggesting that the Mason patent could not have been based on an invention prior to October 1999.

(c)     Attorneys Croskell and Roberts were involved in the prosecution of the '025 patent and thus owed a duty of candor and good faith under 37 C.F.R. § 1.56 to disclose information to the USPTO that may be material to the patentability of the '025 patent.

(d)     On information and belief, the declaration by Attorney Roberts and accompanying statements by Attorney Croskell withheld highly material information pertaining to the Mason patent technology and related prior art.

(e)     On information and belief, Attorney Roberts was informed by Arthur Behrman and/or additional named inventors on the Mason patent that Global Networks Inc. was formed on or about April 1999 for the purpose of developing an online network for the dissemination of electronic advertisements, which suggests a date of invention six months earlier than the October 1999 date suggested in the Attorney Roberts declaration, and moreover that, had this information been shared with the USPTO, Attorney Croskell's assertion that the date of invention for the '025 patent was prior to October 1999 would have been insufficient to overcome an April 1999 date for the Mason patent technology.

(f)     Furthermore, on information and belief, Attorney Roberts was informed by Mr. Behrman of the October 1999 announcement concerning the development of the Global Networks Inc. system with a third-party international advertising agency. On information and belief, the subject October 1999 announcement was known to Attorney Roberts and was in fact an October 12, 1999 Business Wire announcement that not only disclosed aspects of the Global Networks Inc. system, but also the prior art DoubleClick DART system. The subject October 1999 announcement and information concerning the DoubleClick DART system was not disclosed to the USPTO. This information, and particularly the DoubleClick DART system, was also highly material to the patentability of the subject patent and the state of the art at the time.

(g)     On information and belief, this information was withheld from the USPTO by those owing a duty of candor and good faith under 37 C.F.R. § 1.56 with the intent to deceive the USPTO as to the true nature and scope of the prior art, including the Global

Networks Inc. system and DoubleClick DART technology and thus cause the USPTO to improperly grant the '025 patent.

### *The '059 patent*

42. On information and belief, prior to the issuance of the '059 patent, the named inventors and/or others substantively involved in prosecuting the applications leading to the '059 patent (collectively, "the '059 applicants") were aware of information material to the patentability of the claims of the '059 patent, but withheld that information from the U.S. Patent and Trademark Office with the intent to deceive the U.S. Patent and Trademark Office. The withheld information includes but is not limited to U.S. Patent No. 6,567,824 ("the '824 patent") and the technology embodied in Overture products and services ("Overture technology"). Specifically, the named inventors of the '059 patent knew of the '824 patent and its materiality prior to the issuance of the '059 patent, demonstrated this knowledge by disclosing the '824 patent to the U.S. Patent and Trademark Office during prosecution of a co-pending application (which resulted in U.S. Patent No. 6,837,969), and yet failed to disclose the '824 patent during prosecution of the application that led to the '059 patent. On information and belief, this failure to disclose the '824 patent occurred with the intention of deceiving the U.S. Patent and Trademark Office. In addition, on information and belief, named inventor Lucinda Stone was aware of the Overture technology and its materiality prior to the issuance of the '059 patent, but failed to disclose this technology during prosecution of the application that led to the '059 patent. On information and belief, this failure to disclose the Overture technology occurred with the intention of deceiving the U.S. Patent and Trademark Office.

43. Yahoo! further alleges that the inequitable conduct comprised intentional misrepresentations and/or omissions including without limitation, the following:

(a) Yahoo! reasserts and incorporates by reference its statements from paragraph 40-41 above and further alleges that the acts and inequitable conduct arising from the prosecution of the '025 patent renders the '059 patent unenforceable too.

(b) The '059 patent is a continuation-in-part ("CIP") of an earlier filed application; new matter was added to the '059 patent when it was filed on July 11, 2002.

(c) Among the new matter added to the '059 patent as of its filing date of July 11, 2002, is substantial new matter describing "third party professionals."

(d) In a response to an Office action from the USPTO filed on April 5, 2006, Attorney Croskell repeatedly referenced the "third party professional" new matter added as of the July 11, 2002 filing date as supporting the pending claims and distinguishing those claims over the prior art of record.

(e) In this same response to the USPTO, Attorney Croskell further referred to the USPTO to the Mason patent and the declaration of Attorney Roberts cited during the prosecution of the '025 patent. Attorney Croskell then misleadingly suggested, despite having just identified the "third party professional" new matter added on July 11, 2002 as supporting the patentability of the claims, that the claims of the '059 patent were similarly entitled to "a date of invention for the claimed subject matter that is prior to October 1999."

(f) These highly material and misleading statements by Attorney Croskell regarding the Mason patent and the purported dates of invention by Lucinda Stone and Michael Dean improperly led the USPTO to ignore the teachings and date of the invention described in the Mason patent and declaration of Attorney Roberts by convincing the USPTO that the '059 patent was entitled to a date of invention three years earlier than was possible in view of the new matter added to the CIP in its filing on July 11, 2002.

(g) On information and belief, these statements by those owing a duty of candor and good faith under 37 C.F.R. § 1.56 were made with the intent to deceive the USPTO as to the true nature and scope of the prior art and dates of invention of the subject matter claimed in the '059 patent and cause the USPTO to improperly grant the '059 patent.

## YAHOO!'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

### Jurisdiction and Venue

44.     Yahoo! alleges in accordance with Federal Rules of Civil Procedure 13 and 20 against Function Media:

45.     Yahoo! is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 701 First Avenue Sunnyvale, CA 94089.

46.     On information and belief, Function Media is a corporation organized under the laws of the State of Texas, with its principal place of business in Tyler, Texas.

47.     These Counterclaims arise under the United States patent laws, 35 U.S.C. § 101 *et seq.* These counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

48.     This Court has personal jurisdiction over Function Media and venue in this District is appropriate over these counterclaims because Function Media has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which this counterclaim is asserted.

### Count One — United States Patent No. 6,446,045

49.     Yahoo! realleges and incorporates by reference as though fully set forth herein the allegations set forth in Paragraphs 1-48 above.

50.     An actual and justiciable controversy exists between Yahoo! and Function Media with respect to the '045 Patent, the '025 Patent, and the '059 Patent because Function Media brought this action against Yahoo! alleging that Yahoo! infringes the '045 Patent, the '025 Patent, and the '059 Patent, which allegations Yahoo! denies.  Absent a declaration of noninfringement, invalidity, and/or unenforceability, Function Media will continue to wrongfully assert the '045 Patent, the '025 Patent, and the '059 Patent against Yahoo!, and thereby cause Yahoo! irreparable injury and damage.

51.     Yahoo! has not infringed the '045 Patent in any manner, willfully or otherwise, and is entitled to a declaration to that effect.

52.     The '045 Patent is invalid under the provisions of Title 35, United States Code, including without limitation Sections 102, 103, and/or 112, and Yahoo! is entitled to a declaration to that effect.

53.     This is an exceptional case entitling Yahoo! to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

54.     Based on the foregoing, Yahoo! seeks a judgment holding that the '045 Patent is not infringed and is invalid.

### Count Two — United States Patent No. 7,240,025

55.     Yahoo! realleges and incorporates by reference as though fully set forth herein the allegations set forth in Paragraphs 1- 50 above.

56.     Yahoo! has not infringed the '025 Patent in any manner, willfully or otherwise, and is entitled to a declaration to that effect.

57.     The '025 Patent is invalid under the provisions of Title 35, United States Code, including without limitation Sections 102, 103, and/or 112, and Yahoo! is entitled to a declaration to that effect.

58.     The '025 Patent is unenforceable under the doctrine of inequitable conduct for the reasons described in Paragraphs 39-41.

59.     This is an exceptional case entitling Yahoo! to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

60.     Based on the foregoing, Yahoo! seeks a judgment holding that the '025 Patent is not infringed, is invalid, and is unenforceable.

### Count Three — United States Patent No. 7,249,059

61.     Yahoo! realleges and incorporates by reference as though fully set forth herein the allegations set forth in Paragraphs 1-50 above.

62. Yahoo! has not infringed the '059 Patent in any manner, willfully or otherwise, and is entitled to a declaration to that effect.

63. The '059 Patent is invalid under the provisions of Title 35, United States Code, including without limitation Sections 102, 103, and/or 112, and Yahoo! is entitled to a declaration to that effect.

64. The '059 Patent is unenforceable under the doctrine of inequitable conduct for the reasons described in Paragraphs 39-43.

65. This is an exceptional case entitling Yahoo! to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

66. Based on the foregoing, Yahoo! seeks a judgment holding that the '059 Patent is not infringed, is invalid, and is unenforceable.

67. Yahoo! reserves the right to assert any other basis for invalidity or unenforceability that discovery may reveal.

## RELIEF

WHEREFORE, Yahoo! seeks the following relief:

a. That each and every claim of the '045 Patent, the '025 Patent, and the '059 Patent be declared not infringed, invalid and/or unenforceable;

b. that Function Media take nothing by its Complaint and that Function Media's Complaint be dismissed with prejudice;

c. a declaration that Function Media and each of its officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Yahoo! claiming that the '045, '025, and '059 patents are infringed, valid, and/or enforceable, or from representing that Yahoo!'s products or services, or that others' use thereof, infringe the '045, '025, and '059 patents;

      d.    that pursuant to 35 U.S.C. § 285 and/or other applicable laws, Function Media's conduct in commencing and pursuing this action be found to render this an exceptional case and that Yahoo! be awarded its attorneys' fees incurred in connection with this action;

      e.    that Yahoo! be awarded its cost of suit incurred herein; and

      f.    that Yahoo! be granted such other and additional relief as this Court deems just and proper.

DATED: September 24, 2007

Respectfully submitted,
WEIL, GOTSHAL & MANGES LLP

*/s/ David J. Healey*
David J. Healey
Texas State Bar No. 9327980
Lead Attorney
700 Louisiana St., Suite 1600
Houston, Texas 77002
713-546-5000 (Telephone)
713-224-9511 (Facsimile)
david.healey@weil.com

ATTORNEYS FOR DEFENDANT YAHOO!, INC.

.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on this 24th day of September, 2007.  As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Steven C. Vacek