IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C. § | | |
| § | | |
| Plaintiff, § | | Civil Action No. 2-007-CV-279 |
| § | | |
| vs. § | | |
| § | | Honorable John T. Ward |
| GOOGLE, INC. AND YAHOO!, INC. § | | |
| § | | |
| Defendants. § | | JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO YAHOO'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S CLAIMS FOR WILLFUL INFRINGEMENT**

This motion to dismiss is misplaced, unnecessary and premature. Defendant Yahoo, Inc. ("Yahoo") asks, based on a new Federal Circuit decision that issued after Function Media's First Amended Complaint was filed – *In re Seagate Technology, LLC* --- F.3d ---, 2007 WL 2358677 (Fed. Cir. Aug. 20, 2007) – to dismiss allegations that Yahoo willfully infringed Function Media's patents. But *In re Seagate* did not alter the pleading standards for willful infringement.

In its complaint, plaintiff Function Media, L.L.C. ("Function Media") alleged that Yahoo directly and indirectly infringed three patents owned by Function Media. Yahoo does not contest that Function Media's complaint states a cause of action for patent infringement on all three patents sufficient to overcome a motion to dismiss. Yahoo takes issue only with Function Media's request for additional damages and additional remedies based on willful infringement. However, willful infringement is not an independent claim. Rather, it is merely a method by which to determine whether a defendant's intent in committing the act of infringement was sufficiently "reckless" to entitle the plaintiff to "enhanced damages." *Id.* at *2, *5. Function Media has explicitly alleged that Yahoo infringed the patents, that the patents were valid, and

764131v1/010020

that Yahoo acted deliberately when it infringed. Those allegations – similar to the short and plain statements of willful infringement that are ordinary for patent cases filed in this district – are more than sufficient to support an allegation that Yahoo infringed its valid patents, and that the infringement was willful. Much like any standard allegation of intent or knowledge under Federal Rule of Civil Procedure 9(b), willfulness need only be alleged "generally." *See* Fed. R. Civ. Proc. § 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

Whether or not Function Media's claims for willfulness can survive the <u>evidentiary</u> standard propounded by *In re Seagate* is an issue that can and should be resolved at a later stage in the proceedings on a factual record. It is not an issue for a motion to dismiss.

## BACKGROUND

In its First Amended Complaint, Function Media asserts that Yahoo has been or will be infringing three of its patents – U.S. Patents Nos. 6,446,045 (the '045 patent), 7,240,025 (the '025 patent) and 7,249,059 (the '059 patent). The Yahoo products that infringe these patents include products and services utilizing Yahoo's Publisher, Content Match, Sponsored Search, SmartAds and Advertising technologies and other products and services related to internet and print advertising. FAC ¶¶ 11, 18, 29.

The '045 patent issued in 2002. First Amended Complaint ("FAC") ¶ 7. Function Media asserted that the infringement of the '045 patent was willful as of the time of filing. FAC ¶ 13. Although not described in detail in Function Media's complaint (because there is no need to do so in an initial pleading under Federal Rule of Civil Procedure), Function Media is aware of facts that demonstrate Yahoo's willful infringement of the '045 patent. In particular, an attorney retained by the '045 patent's inventors presented the '045 patent to Yahoo in 2002, clearly

demonstrating Yahoo's knowledge of the patent. Other facts supporting willful infringement, such as Yahoo's awareness of the patent from other sources and its reckless conduct in continuing to infringe that patent despite its knowledge, are fact issues properly reserved until discovery and trial. There is no basis for resolving the issue of willful infringement on the '045 patent on a motion to dismiss.

The '025 and '059 patents were issued in 2007, on the day that Function Media filed its initial complaint and first amended complaint, respectively. Because the issue date of these patents was simultaneous with the filing of the complaints in this action, Function Media was careful to allege that Yahoo's infringement of those two patents "will be willful and deliberate." FAC ¶¶ 20, 31. The facts concerning Yahoo's willful infringement of these patents have not yet been developed through discovery. For example, discovery has not yet revealed whether or not Yahoo was aware of the published patent applications for the '025 and '059 patents before this lawsuit was filed. Given Yahoo's knowledge of the '045 patent, however, this is certainly a reasonable inference.

## ARGUMENT

A. **Neither *In re Seagate* nor *Twombley* has altered the pleading standard for alleging willful infringement**

Yahoo's argument comes down to one point: combining the Federal Circuit's decision in *In re Seagate* and the Supreme Court's decision in *Bell Atlantic Corp. v. Twombley*, 197 S.Ct. 1955 (May 21, 2007), Function Media is required to plead more than the traditional patent litigation averments of willful infringement in order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Yahoo is wrong. *In re Seagate* does not so much as discuss

the pleading standards for willful infringement, and *Twombley* requires no more than what Function Media has already alleged.

### 1. *In re Seagate* did not alter the long-standing rule that willfulness may be alleged generally

*In re Seagate* explained that the standard for a showing of "willfulness" on the merits is an evidentiary showing that the defendant acted with "recklessness." *Id.* at *5. But *In re Seagate* did not suggest that the requisite "recklessness" need be pled with particularity; nor is there any other case law that upsets the long-standing rule: willfulness can and should be pled generally.

Instead, *In re Seagate* described a two-step process for presenting *record evidence* supporting a showing of willful infringement. To support an ultimate finding of willfulness, the plaintiff must first show "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* at *5. Then "the patentee must also demonstrate that this objectively-defined risk *(determined by the record developed in the infringement proceeding)* was either known or so obvious that it should have been known to the accused infringer." *Id.* (emphasis added).

Nothing in *In re Seagate* suggests that a patentee must, at the pleading stage, allege all of the facts that support the allegation of willful infringement. And the long-standing rule has been that willful infringement – just like other mental states of recklessness or negligence – may be alleged generally. In fact, the Supreme Court and the Federal Circuit have consistently – and recently – approved and relied upon forms included by the Judicial Conference with the Federal Rules of Civil Procedure, which make clear that willfulness may be alleged generally. *Twombley*, 127 S. Ct. at 1970 n.9; *McZeal v. Sprint Nextel Corp.*, No. 2006-1548, 2007 U.S. App.

LEXIS 22025 (Fed. Cir. Sept. 14 2007) at *6 (approving forms). Form 10 demonstrates the level of specificity required, at the pleading stage, where the "evidence may justify a finding of willfulness or recklessness or of negligence":

> defendant . . . willfully or recklessly or negligently drove or caused to be driven a motor vehicle . . . .

Fed. R. Civ. Proc. app. Form 10. That is it. In other words, willfulness—and recklessness, for that matter—may be generally averred at the pleading stage.

Moreover, Rule 9(b) of the Federal Rules of Civil Procedure specifically provides that "conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. § 9(b). Applying that standard, courts have long held that, when an underlying offense is properly pled, simple allegations of the defendant's mental state are sufficient to meet the standards for pleading that mental state. For example, in *Belli v. Orlando Daily Newspapers, Inc.*, 389 F.2d 579, 589 (5th Cir. 1967), the Fifth Circuit held that, when a plaintiff had adequately pled defamation, a simple pleading that a defendant acted with malice was sufficient to allege that a defendant acted with actual malice. *See also* 5 Charles Allen Wright & Arthur Miller, *Federal Practice and Procedure* § 1301 (3d. Ed. 2007) ("When the malice of a person is in issue, a general averment will suffice, even when it is an element of the plaintiff's cause of action or of his claim for punitive damages."); *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1270 & fn. 5 (10th Cir. 1989) ("Many courts and commentators have interpreted Rule 9(b) to permit a general averment of intent unaccompanied by supporting factual allegations. General allegations of a defendant's intent have been held sufficient to support claims for punitive damages under the federal pleading standards."); *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1019 (C.D. Cal. 2000) ("In federal court, a plaintiff may include a short and plain prayer for punitive damages that

relies entirely on unsupported and conclusory averments of malice or fraudulent intent."). That same standard has been applied to averments of willful infringement in patent suits. *See Multi-Tech. Sys., Inc. v. Dialpad.com*, No. 00-CV-1540, 2001 U.S. Dist. LEXIS 23575, at *6-*7 (D. Minn. Aug. 28, 2001) (holding that "mere allegations of willful infringement" are sufficient under Rule 8(a))

### 2. *Twombley* did not alter the long-standing pleading rule for willfulness may be alleged generally

Nor does *Twombley* affect this result. Nothing in *Twombley* so much as suggests that the Supreme Court intended to alter the ordinary standards for pleading willfulness reflected in the forms, the case law, and in Federal Rule of Civil Procedure 9(b). In *Twombley*, the Supreme Court went out of its way to emphasize that it was <u>not</u> changing the settled law of pleading a complaint. Instead, the Court held only that, under the notice pleading standard of Federal Rule of Civil Procedure 8, a plaintiff must give "fair notice of what the ... claim is and the grounds upon which it rests." *Id.* The Supreme Court addressed whether a class action brought under § 1 of the Sherman Act "can survive a motion to dismiss . . . absent some factual context suggesting agreement" in violation of § 1. 127 S. Ct. at 1961. Applying the "general standards" established by many of the rules and cases cited above, the Court—affirming the trial court's application of settled law—held that a complaint predicated upon an alleged antitrust violation should be dismissed in the absence of any factual context plausibly suggesting an antitrust violation. *Id.* at 1964-66, 1973. The Court explicitly rejected the idea that it was applying "any 'heightened' pleading standard" in reaching its decision. *Id.* at 1973 n.14. And in an apparent effort to minimize the risk that its holding would be misunderstood, or taken out of context, the Court explained that it was particularly concerned about "the unusually high cost of discovery in antitrust cases," and desired to "avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the

discovery process will reveal relevant evidence to support a § 1 claim." *Id.* at 1967 (internal quotations and citations omitted).

If any legitimate doubt remained as to the Court's own view of the significance of *Twombley*, it was dispelled two weeks later, when the Court issued its decision in *Erickson v. Pardus*, 127 S. Ct. 2197 (2007). For in *Erickson*, a *per curiam* Court cited *Bell Atlantic* as standing for the decades-old proposition that the "liberal pleading standards set forth by Rule 8(a)(2)" require only "a short and plain statement" giving "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 127 S. Ct. at 2200 (citation omitted).

A recent decision of the Federal Circuit—applying Fifth Circuit procedural law—further confirms that *Twombley cannot* be read to have upset the long-settled approach to notice pleading under Rule 8. In *McZeal v. Sprint Nextel Corp.*, No. 2006-1548, 2007 U.S. App. LEXIS 22025, at *6 n.4 (Fed. Cir. Sept. 14, 2007), the Federal Circuit considered, and firmly rejected, the possibility "that [*Twombley*] changed the pleading requirements of Federal Rule of Civil Procedure 8." After *Twombley*, therefore—just as before—"a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 2007 U.S. App. LEXIS 22025, at *7. Any complaint that "contains enough detail to allow the defendants to answer . . . thus meets the notice pleading required to survive a Rule 12(b)(6) motion. . . . Nothing more is required." *Id.* at *8-*9.

As described above, the forms included with the Federal Rule of Civil Procedure, and that were specifically approved in both *Twombley* and *McZeal* make clear that willfulness need only be alleged generally. Nor has the Supreme Court or the Federal Circuit given any indication whatsoever of a desire to alter the longstanding pleading rules governing willfulness and other mental states. Thus, Yahoo's argument that *Twombley* altered settled law to require a heightened pleading standard for willfulness is entirely misplaced.

### B. **Function Media has properly alleged willful infringement of the patents in suit**

Here, Function Media has plainly alleged (a) that Yahoo's products infringed or will infringe (b) valid patents, and (c) that Yahoo's infringement was deliberate. These factual allegations – which are similar to those that have been made in complaints in patent cases in this district for years – more than suffice to support a reasonable inference that Yahoo's infringement of the patents in suit was willful under the standards of *In re Seagate*. If Yahoo knowingly infringed a valid patent, Yahoo "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate*, 2007 WL 2358677 at *5. Moreover, Function Media has specifically alleged that Yahoo's infringement was "deliberate," which more than suffices to support a claim that the risk of being cited for infringement was known to the accused infringer. *In re Seagate*, 2007 WL 2358677 at *5. Thus, Function Media has provided a short and plain statement of the facts that would permit a finding of willful infringement of its patent under *In re Seagate*.

#### 1. The '045 patent

There can be no doubt Function Media has properly alleged that Yahoo willfully infringed the '045 patent. Because this patent was publicly issued years before the filing of this lawsuit, and because the existence of the patent was a matter of public record, Function Media has plainly pled facts sufficient to give rise to a reasonable inference that Yahoo's infringement of the '045 patent was willful. The existence of the valid '045 patent, combined with Yahoo's infringement of that patent and its knowledge of the '045 patent, is more than sufficient to state a factual basis for Yahoo's infringement of the '045 patent.

In its motion, Yahoo states that it is "not aware of any pre-litigation notice of the patents in suit." Motion to Dismiss at 2. That, of course, is an evidentiary issue that can only be decided on a factual record. When that factual record is developed, Function Media will be able to show, among other things, that the '045 patent was presented to Yahoo in late 2002 by an attorney acting on behalf of the patent's inventors. That presentation of the '045 patent to Yahoo would have provided it with notice of the patent well in advance of the lawsuit.

### 2. The '025 and '059 patents

The '025 and '059 patents were issued on the days that Function Media filed its initial and first amended complaints, respectively. For that reason, Function Media carefully alleged that Yahoo's continuing infringement of these patents "will be" willful and deliberate. Taking the allegations of the complaint as true, there is more than sufficient basis for these allegations. Namely, the patents are valid, Yahoo's products have infringed and have continued to infringe the patents, and Yahoo has been placed on notice of the patents. *See* FAC ¶¶ 14, 18, 19, 20 25, 29, 30, 31.

Defendants point out that *In re Seagate* noted that allegations of willfulness in an initial complaint are generally based upon pre-filing conduct, and that enhanced damages for willfulness are not "ordinarily" available for post-filing conduct, unless the plaintiff moves for a preliminary injunction. But *Seagate* does not hold that willful infringement based on post-filing conduct could not be alleged or proven. To the contrary, the Federal Circuit emphasized that "when an accused infringer's post-filing conduct is reckless" there may be a showing of "post-filing willful infringement." *In re Seagate*, 2007 WL 2358677 at * 8. The Federal Circuit did suggest that willful infringement damages would not ordinarily be recoverable by a patentee who does not seek a preliminary injunction, but even there concluded only that a preliminary

injunction only "generally provides" an adequate remedy for post-filing willful infringement. *Id. In re Seagate* does not suggest that it is improper to allege post-filing willful infringement where there is evidence that such willful infringement exists.

Here, there are live issues about the scope of Yahoo's infringement that can only be resolved on a factual record as to whether Yahoo's infringement of the '025 and '059 patents is willful, and whether Function Media is entitled to any willfulness damages. For example, Yahoo may have had notice of the published applications for these patents prior to the filing of the lawsuit. Yahoo may even have performed a pre-lawsuit investigation of the application history of the patents in suit. All of this is indeed likely, given Yahoo's knowledge of the '045 patent.

In short, there is no conceivable prejudice to Yahoo from allowing these claims of willfulness to go forward and be decided on the basis of an evidentiary record. Yahoo is surely aware now of the existence of these patents; the only question is whether there is evidence that could support a claim of willful infringement of the patents. The additional discovery that will be required to resolve this issue will be minimal and not burdensome. Moreover, by the time that this matter is ready for dispositive motions, post-*Seagate* law will certainly be better developed, meaning that the parties can better determine then whether willfulness allegations on this factual record can be advanced on patents that issued on the date that lawsuit claims were filed.

### C. If the Court Construes Yahoo's Motion as a Motion to Strike or a Motion for More Definite Statement, It Should Also Be Denied

Yahoo also asks the Court to construe its motion as a motion to strike or a motion for more definite statement. But Yahoo cannot conceivably prevail on either a motion to strike or a motion for more definite statement.

Federal Rule of Civil Procedure 12(f) permits motions to strike "redundant, immaterial, impertinent, or scandalous" matter from a pleading. Yahoo has not even identified what such redundant, immaterial, impertinent or scandalous matter might be. Moreover, courts disfavor motions to strike, and generally only grant such motions unless the material sought to be stricken is prejudicial or scandalous. *See Nwachukwu v. Karl*, 216 F.R.D. 176, 178 (D.D.C. 2003); 5 Charles Allen Wright & Arthur Miller, *Federal Practice and Procedure* § 1380 (3d. Ed. 2007) ("[T]he federal courts have established a standard under which [for a motion to strike] it must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party."). Clearly, a motion to strike is not available here.

A motion for more definite statement, on the other hand, requires a showing that the pleading be "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *J & J Mf'g, Inc. v. Logan*, 24 F. Supp. 2d 692, 703 (E.D. Tex. 1998). "Motions for a more definite statement are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." *Synagro-WWT, Inc. v. Rush* Township, 204 F.Supp.2d 827, 849 (E.D. Pa. 2002). In patent cases, the same rule applies. *See., e.g., Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940 (1981). Here, there is no dispute that Yahoo has clearly been able to frame a responsive pleading, because it has already answered the complaint and has denied Function Media's allegation of willful infringement. Therefore a motion for more definite statement clearly cannot apply.

## CONCLUSION

The Court should DENY Yahoo's motion to dismiss in its entirety. Alternately, should the Court decide to grant Yahoo's motion in whole or in part, Function Media respectfully asks leave to amend its complaint to overcome any deficiency.

Respectfully submitted,

By: /s/ S. Calvin Capshaw
    S. Calvin Capshaw
    State Bar No. 03783900
    Email: ccapshaw@mailbmc.com
    Elizabeth L. DeRieux
    State Bar No. 05770585
    Email: ederieux@mailbmc.com
    BROWN MCCARROLL LLP
    1127 Judson Road, Suite 220
    Longview, TX 75601
    PO Box 3999
    Longview, TX 75606
    Telephone: 903-236-9800
    Facsimile: 903-23608787

    Max L. Tribble, Jr. – Lead Attorney
    State Bar No. 20213950
    Email: mtribble@susmangodfrey.com
    SUSMAN GODFREY LLP
    1000 Louisiana, Suite 5100
    Houston, Texas, 77002
    Telephone: (713) 651-9366
    Facsimile: (713) 654-6666

    *Attorneys for Plaintiff*

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
Email: jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096

764131v1/010020

Telephone: (713) 651-9366
Fax: (713) 654-6666

Nicholas F. Daum
State Bar No. 236155
Email: ndaum@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars
Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Fax: (310) 789-3150

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 10th day of October, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

      /s/ S. Calvin Capshaw
      S. Calvin Capshaw