IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C. | § § | |
| Plaintiff, | § § | Civil Action No. 2-007-CV-279 |
| vs. | § § | Honorable John T. Ward |
| GOOGLE, INC. AND YAHOO!, INC. | § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ANSWER TO YAHOO'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Plaintiff Function Media, L.L.C. ("Function Media"), by and through its attorneys of record, hereby answers the counterclaims of Defendant Yahoo!, Inc. ("Yahoo").

### Jurisdiction and Venue

44. The paragraph draws legal conclusions to which no response is necessary. The balance is denied.

45. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

46. Admitted.

47. The paragraph draws legal conclusions to which no response is necessary. The balance is denied.

48. Admitted.

### Count I – U.S. Patent No. 6,446,045

49. This paragraph draws legal conclusions to which no response is necessary and draws on material to which no response is required. The balance is denied. If a

response is necessary, plaintiff denies each and every affirmative defense asserted by defendant.

50. Plaintiff admits that it has brought suit to enforce the '045 patent, the '025 patent, and the '059 patent against defendant. The balance is denied.

51. Denied.

52. Denied.

53. Denied.

54. The paragraph draws legal conclusions to which no response is necessary. The balance of the paragraph is denied.

### Count II – U.S. Patent No. 7,240,025

55. This paragraph draws legal conclusions to which no response is necessary and draws on material to which no response is required. The balance is denied. If a response is necessary, plaintiff denies each and every affirmative defense asserted by defendant.

56. Denied.

57. Denied.

58. Denied. Specifically, plaintiff denies the following allegations made in paragraphs 39-41:

   39. Denied.

   40. Denied.

   41. Denied. Specifically,

      a. Plaintiff admits that during the prosecution of the '587 patent, the Mason patent was cited by the USPTO. The balance is denied.

    b. Plaintiff admits that Kenneth S. Roberts was an attorney retained by the inventors of the '025 patent, and that Mr. Roberts submitted a declaration in the application that became the '025 patent and described correspondence with one of the inventors of the Mason patent, in which Mr. Roberts was informed that the priority date for the Mason patent could not have been before October, 1999.

    c. Plaintiff admits that Attorneys Croskell and Roberts owed duties common to counsel practicing before the PTO.

    d. Denied.

    e. Denied.

    f. Denied.

    g. Denied.

59. Denied.

60. The paragraph draws legal conclusions to which no response is necessary. The balance of the paragraph is denied.

### Count 3 – U.S. Patent No. 7,249,059

61. This paragraph draws legal conclusions to which no response is necessary and draws on material to which no response is required. The balance is denied. If a response is necessary, plaintiff denies each and every affirmative defense asserted by defendant.

62. Denied.

63. Denied.

64. Denied. Specifically, plaintiff denies the following allegations made in paragraphs 39-43:

39. Denied.

40. Denied.

41. Denied. Specifically,

a. Plaintiff admits that during the prosecution of the '587 patent, the Mason patent was cited by the USPTO. The balance is denied.

b. Plaintiff admits that Kenneth S. Roberts was an attorney retained by the inventors of the '025 patent, and that Mr. Roberts submitted a declaration in the application that became the '025 patent and described correspondence with one of the inventors of the Mason patent, in which Mr. Roberts was informed that the priority date for the Mason patent could not have been before October, 1999.

c. Plaintiff admits that Attorneys Croskell and Roberts owed duties common to counsel practicing before the PTO.

d. Denied.

e. Denied.

f. Denied.

g. Denied.

42. Denied.

43. Denied. Specifically,

a. Plaintiff reasserts and incorporates by reference its denials of paragraphs 40-41 above, and otherwise denies this paragraph.

    b.    Plaintiff admits that the '059 patent is a CIP of an earlier application, and otherwise denies this paragraph.

    c.    Plaintiff admits that the '059 patent contained new matter describing third party professionals.

    d.    Denied.

    e.    Denied.

    f.    Denied.

    g.    Denied.

65. Denied.

66. This paragraph draws legal conclusions to which no response is necessary and draws on material to which no response is required. The balance is denied.

67. This paragraph draws legal conclusions to which no response is necessary and draws on material to which no response is required. The balance is denied.

## PRAYER FOR RELIEF

Wherefore, Function Media respectfully asks the Court for the following relief:

(a) a declaration that Yahoo's accused products infringe U.S. Patent Nos. 66,446,045, 7,240,025, and 7,249,059;

(b) a declaration that U.S. Patent Nos. 66,446,045, 7,240,025, and 7,249,059 are valid and enforceable;

(c) dismissal of Yahoo's counterclaims with prejudice;

(d) an award of attorneys' fees and costs; and

(e) such other relief as the Court may deem just and equitable.

DATED: October 15, 2007

                                        Respectfully submitted,

                                By: /s/ S. Calvin Capshaw
                                      S. Calvin Capshaw
                                      State Bar No. 03783900
                                      Email: ccapshaw@mailbmc.com
                                      Elizabeth L. DeRieux
                                      State Bar No. 05770585
                                      Email: ederieux@mailbmc.com
                                      BROWN MCCARROLL LLP
                                      1127 Judson Road, Suite 220
                                      Longview, TX  75601
                                      PO Box 3999
                                      Longview, TX  75606
                                      Telephone: 903-236-9800
                                      Facsimile: 903-23608787

                                      Max L. Tribble, Jr. – Lead Attorney
                                      State Bar No. 20213950
                                      Email: mtribble@susmangodfrey.com
                                      SUSMAN GODFREY LLP
                                      1000 Louisiana, Suite 5100
                                      Houston, Texas, 77002
                                      Telephone: (713) 651-9366
                                      Facsimile: (713) 654-6666

                                      *Attorneys for Plaintiff*

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
Email: jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Fax:  (713) 654-6666

Nicholas F. Daum
State Bar No. 236155
Email: ndaum@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars
Suite 950
Los Angeles, CA 90067

Telephone: (310) 789-3100
Fax: (310) 789-3150

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 15th day of October, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served via electronic mail, facsimile transmission and/or first class mail on the same date.

                                         <u>/s/ S. Calvin Capshaw</u>
                                         S. Calvin Capshaw