IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FUNCTION MEDIA, L.L.C., § § Plaintiff, § § v. § § GOOGLE, INC. and YAHOO!, INC., § § Defendants. § § § § | CIVIL ACTION NO. 2-07CV-279 JURY TRIAL |

**YAHOO!, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Function Media's willfulness claims are deficient for two distinct reasons. First, they are stated in the form of naked conclusions that do not even rise to the level of a formulaic recitation of the elements, recently rejected by the Supreme Court as insufficient under Rule 8. Second, the allegations are insufficient to state a claim under the *In re Seagate* standard for willfulness and should therefore be dismissed under Rule 12(b)(6).

Function Media's response to this motion focuses solely on the first deficiency, offering no explanation how its sparse pleading, if accepted as true, makes out a claim for relief under the heightened willfulness standard. Instead, it argues that the *en banc* decision in *In re Seagate* has no effect at all on what a patentee must include in its willfulness allegations. But, even if accurate as to the level of detail required by Rule 8, this argument cannot be reconciled with the fact that the alleged facts, if accepted as true, must entitle the claimant to relief. That can only occur if those facts implicate the relevant substantive standard.

Properly viewed as informing what must be pled to state a willfulness claim, *In re Seagate* sets a threshold that Function Media cannot satisfy. The only arguably non-conclusory

word pleaded in the willfulness allegations for all three patents – that the alleged infringement was "deliberate" – implicates, if at all, only one part of the new two-part willfulness test, and fails to provide any facts that rise to the level of notice required by Rule 8.  Moreover, Function Media's claims concerning the '025 and '059 patents fail to state a claim for a second reason: they are expressly based on conduct that has not yet occurred and thus cannot form the basis for relief under *In re Seagate*.  The Court should not permit Function Media access to willfulness discovery based on such legally inadequate assertions.  These claims should be dismissed.

**I.      Function Media's Sparse Allegations Do Not Give Sufficient Notice Under Rule 8.**

Undeniably, Function Media has the burden of pleading factual allegations sufficient to place Yahoo! on notice of the grounds for its willfulness claims.  To give such notice, Function Media must identify some facts that illuminate the basis for of the claim: "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Bell Atlantic*, 127 S.Ct. at 1965.  Here, none of the willfulness claims in Function Media's complaint contain factual allegations, but instead consist entirely of the conclusory statement that "Yahoo!'s infringement of the ['045/'025/'059] patent [is/will be] willful and deliberate."  These mere "labels and conclusions" are insufficient to satisfy Function Media's burden.  *Id.*

Function Media argues that its conclusory assertion of willfulness is sufficient merely "[b]ecause [the '045] patent was publicly issued years before the filing of this lawsuit, and because the existence of the patent was a matter of public record…" Opp. at 8.  This advances a standard so low that it would justify conclusory allegations in virtually every patent case.  Function Media also argues that mere allegations of notice of the patent are sufficient to satisfy the notice-pleading requirement.  *Id.*  And yet none of Function Media's willfulness

claims contain any allegation that Yahoo! had notice of the patent.[1] Finally, Function Media advances the theory that its use of the single word "deliberate" somehow morphs its conclusory assertions into factual allegations that provide Yahoo! with sufficient notice. In truth, this boilerplate language is no more informative than the conclusory label "willful." As such, Function Media's claims do not contain even the minimum level of specificity required to provide notice. This is especially true of the willfulness claims for the '025 and '059 patents, which lack even the pretense of a factual basis, asserting that Yahoo!'s conduct "will be" willful.

## II.     Function Media Did Not State A Claim For Willful Infringement.

Even assuming *arguendo* that Function Media's use of the word "deliberate" was sufficient to provide notice under Rule 8, this allegation, taken as true, still does not state a claim for willfulness under *In re Seagate*. Prior to *In re Seagate*, pleading notice of the patent alone was sufficient to support willfulness claims because the accused infringer had an affirmative duty of due care to investigate whether its actions constituted infringement of a valid patent. Thus, once the accused infringer had knowledge of the patent, the focus shifted to what the accused infringer did in response. But *In re Seagate* abolished the affirmative duty of due care and created a heightened "objective recklessness" standard consisting of a two-part inquiry: the patentee must prove a) that there was an objectively high likelihood that the accused infringer's actions constituted an infringement of a valid patent; and b) that the accused infringer knew or should have known of this likelihood. *In re Seagate*, 497 F.3d at 1371. At most, the allegation that Yahoo!'s actions were "deliberate" – with no allegations of facts to support a claim that there is an objectively high likelihood of infringement and validity – arguably implicates the

---

[1] Function Media alleged for the first time in its Opposition that it provided Yahoo! with notice of the '045 patent in 2002. Opp. at 9. It does not contend that Yahoo! received notice that it was allegedly *infringing* the '045 patent. In any event, none of these allegations are in the Amended Complaint.

second part of the test. But in no way does it implicate the first, objective, part of the test. Indeed, "[t]he state of mind of the accused infringer is not relevant to this objective inquiry." *Id.* As a result, "deliberate" conduct, by itself, cannot give rise to a claim for relief.

Function Media argues that *In re Seagate* has no bearing on what must be pled in a complaint and is relevant only to resolution of the claim on the merits. Opp. at 4. Accepted at face value, this argument leads to the bizarre result that a heightened willfulness standard intended, in part, to "reduce the opportunities for abusive gamesmanship" cannot be used by a Court to regulate such abuse until the summary judgment stage. *In re Seagate*, 497 F.3d at 1385 (Newman, concurring). This flies in the face of both logic and the Supreme Court's observation in *Bell Atlantic* that pleadings insufficient to support the substantive legal standard should be dismissed well before the summary judgment stage. *See Bell Atlantic*, 127 S.Ct. 1967. Of course, the substantive legal standard for the asserted claim *does* inform what facts must be pleaded, because the facts pleaded must be sufficient to state a claim for relief under that substantive standard. *See*, *e.g.*, *id.* at 1965 ("In applying these general standards to a § 1 claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made."). The substantive standard for willfulness has changed. Function Media should not be permitted to avoid it.

Function Media's claims that Yahoo! "will be" willfully infringing the '025 and '059 patents fail to state a claim for a second reason: they are premised on conduct that has not yet occurred. Because Rule 11 requires a patentee to have a good faith basis for asserting willfulness, "a willfulness claim asserted in the original complaint must <u>necessarily</u> be grounded <u>exclusively</u> in the accused infringer's pre-filing conduct." *Seagate*, 497 F.3d at 1374 (emphasis added). As the Federal Circuit's emphatic statement illustrates, a patentee cannot avoid this

requirement by alleging future conduct. Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. Function Media argues that its violation of this rule should be excused because, lacking a pre-filing basis for willfulness, it "carefully alleged" that Yahoo!'s future conduct "will be willful." Opp. at 9. But careful crafting does not change the law – even taken as true, speculative claims are insufficient to state a claim for relief. Nor does Function Media's continued conjecture in its Opposition Brief change the analysis. Opp. at 10. ("Yahoo may have had notice… Yahoo may even have performed a pre-lawsuit investigation…") (emphasis added).

The bar to speculative claims is not only important to ensure that litigants have fair notice of the grounds for the claims against them, but also to ensure that the Court has adequate tools – in the form of a well-pled complaint containing actual facts – with which to regulate discovery. Without the firm boundaries established by concrete factual allegations, discovery abuses abound, responsive parties are unnecessarily burdened, and the Court may find itself ill-equipped to control the discovery process. Indeed, recognizing "the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side," the Supreme Court rejected the notion that groundless claims can be "weeded out early" by "careful case management," or that discovery abuse can be corrected by careful scrutiny at the summary judgment stage. *Bell Atlantic*, 127 S.Ct. at 1967. Instead, when claims are speculative, the Court should dismiss them "at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. The Court should do so here.

### III.   Conclusion

For the foregoing reasons, the Court should dismiss Function Media's willfulness claims and strike the requested relief that arises from them, or order Function Media to provide a more definite statement of its willfulness claims.

DATED: October 17, 2007

Respectfully submitted,
WEIL, GOTSHAL & MANGES LLP

/s/  *Jeffrey G. Homrig*

Matthew D. Powers (*pro hac vice*)
matthew.powers@weil.com
Douglas E. Lumish (*pro hac vice*)
doug.lumish@weil.com
Jeffrey G. Homrig (*pro hac vice*)
jeffrey.homrig@weil.com
Michael D. Lane (*pro hac vice*)
michael.lane@weil.com
201 Redwood Shores Parkway
Redwood Shores, CA 94065
650-802-3000 (Telephone)
650-802-3100 (Facsimile)

ATTORNEYS FOR DEFENDANT YAHOO!, INC.

David J. Healey
Texas State Bar No. 9327980
Lead Attorney
700 Louisiana St., Suite 1600
Houston, Texas 77002
713-546-5000 (Telephone)
713-224-9511 (Facsimile)
david.healey@weil.com

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on this 17th day of October, 2007. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and electronic mail.

/s/ *Jeffrey G. Homrig*

Jeffrey G. Homrig