# EXHIBIT A

Dockets.Justia.com

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **FUNCTION MEDIA, L.L.C.,** | **Civil Case No. 2:07-CV-00279 (CE)** |
| v. | |
| **GOOGLE, INC. AND YAHOO!, INC.** | **JURY TRIAL DEMANDED** |

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case may be labeled as one of three categories: CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and RESTRICTED CONFIDENTIAL - SOURCE CODE, as set forth below.  All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information."

## INFORMATION DESIGNATED AS CONFIDENTIAL INFORMATION

1.    For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed to a Receiving Party that a Producing Party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute confidential

technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party. Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.    Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the Receiving Party.

3.    All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

4.    Any documents (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION and shall be subject to this Order. Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION prior to furnishing copies to the Receiving Party.

5.    The following information is not CONFIDENTIAL INFORMATION:

a.    Published advertising materials;

b.    Any information that the Receiving Party can show is or, after its disclosure to a Receiving Party, has become part of the public domain as a result of publication not involving a violation of this Order;

**AGREED PROTECTIVE ORDER**          **2**

c.      Any information that the Receiving Party can show was publicly known prior to the disclosure; and

d.      Any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

6.      Documents designated CONFIDENTIAL and information contained therein shall be available only to:

a.      Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

b.      Technical Advisers and their necessary support personnel, subject to the provisions of paragraphs 11-16 herein, and who have signed the form attached hereto as Attachment A; the term "Technical Adviser" shall mean independent outside expert witnesses or consultants with whom counsel may deem it necessary to consult and who comply with paragraph 16;

c.      Up to four (4) in-house counsel with responsibility for managing this litigation;

d.      The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and

e.      Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other

court proceedings in the actions; non–technical jury or trial consulting services not including mock jurors.

## INFORMATION DESIGNATED CONFIDENTIAL OUTSIDE COUNSEL ONLY

7.     The CONFIDENTIAL OUTSIDE COUNSEL ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes proprietary marketing, financial, sales, web traffic, research and development, or technical data/information or commercially sensitive competitive information, including, without limitation, confidential information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.  Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY shall be treated as if designated CONFIDENTIAL OUTSIDE COUNSEL ONLY.   In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

8.     Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be available only to:

a.     Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

b.     Technical Advisers and their necessary support personnel, subject to the provisions of paragraphs 11-16 herein, and who have signed the form attached hereto as Attachment A;

c.    The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and

d.    Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non–technical jury or trial consulting services not including mock jurors.

## INFORMATION DESIGNATED RESTRICTED CONFIDENTIAL - SOURCE CODE

9.    Documents or other things that are designated CONFIDENTIAL INFORMATION and contain a party's source code may be designated "RESTRICTED CONFIDENTIAL−SOURCE CODE", if they comprise or include confidential, proprietary and/or trade secret source code.  Nothing in this Order shall obligate the parties to produce any source code or act as an admission that any particular source code is discoverable.  However, if material designated as RESTRICTED CONFIDENTIAL—SOURCE CODE is produced, it shall be subject to the following provisions.

10.    Any source code that is produced shall be made available for inspection in electronic format at the Houston office of Weil, Gotshal & Manges LLP (in the case of production by Yahoo!), at the Dallas offices of Fish & Richardson P.C. (in the case of production by Google) or at the Houston office of Susman Godfrey (in the case of production by Function Media).  Said source code shall be made available during regular business hours (8:00 a.m. to 6:00 p.m. local time) on 24 hours notice.  Access will also be provided on Saturdays and Sundays, so long as actual notice is provided to the producing party by not later than 9:00 a.m.

local time on the Friday before the weekend for which access is requested.  Access from 6:00 p.m. through 10:00 p.m. local time on weekdays shall be provided so long as actual notice of such need is provided to the producing party by not later than 4:00 p.m. local time on the preceding day.  The requesting party shall make its best efforts to restrict its access to normal business hours, and the producing party may seek court relief if the requesting party is unreasonably utilizing after-hours and weekend access.  Two "stand-alone" computers shall be provided at each of the secure offices containing the source code.  Subject to the other provisions of this Protective Order, the requesting party may bring with it to the secure offices a laptop computer, and the secure offices will be outfitted with either wired or wireless internet access.  Beginning one week prior to the beginning of trial and continuing through the end of trial, access to said source code shall be provided under the same conditions and with the same limitations and restrictions as provided in this Paragraph at counsel for the producing party in Marshall, Texas.  For purposes of this Order, the term "Inspection Session" shall mean any reasonably contiguous series of days in which the Receiving Party is conducting an inspection of the source code.  Any source code produced shall be produced for inspection as it is used or kept in the ordinary course of business, unless otherwise agreed to by the parties, provided, however, that said source code must be produced in searchable format.  All source code produced shall be deemed designated as "RESTRICTED CONFIDENTIAL —SOURCE CODE."  All such source code, and any other Protected Information designated as "RESTRICTED CONFIDENTIAL — SOURCE CODE," shall be subject to the following provisions:

        a.     Only those individuals identified in Paragraph 8 of this Order shall be permitted to participate in the inspection or otherwise review information designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE."  All source code will be made available

by the Producing Party to the Receiving Party's outside counsel and/or Technical Advisers in a private room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer"). The Producing Party shall be obligated to install such tools or programs necessary to review and search the code produced on the platform produced. The Receiving Party's outside counsel and/or Technical Advisers may request that other commercially available licensed software tools for viewing and searching source code be installed on the secured computer. The Receiving Party must provide the Producing Party with the CD or DVD containing such software tool(s) at least four business days in advance of the inspection.

b. The Receiving Party's outside counsel and/or Technical Advisers shall be entitled to take notes relating to the source code but may not copy substantial portions (i.e., more than three consecutive lines) of the source code into the notes. No copies of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

c. The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the code. The Receiving Party may print portions of the source code only when reasonably necessary to facilitate the Receiving Party's preparation of the case, including but not limited to when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare

other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences.  Upon printing any such portions of source code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL - SOURCE CODE" any pages printed by the Receiving Party.  The Producing Party may object to the production of the source code for good cause.  If the Producing Party wishes to so object, the burden is on the Producing Party to move the Court for protection.  In the absence of any objection, upon the failure of the Producing Party to move for protection within five (5) days of a request for the printing of said source code, or upon resolution of any such dispute by the Court, the Producing Party shall provide one copy set of such pages to the Receiving Party within two (2) business days and shall retain one copy set.  The printed pages shall constitute part of the source code produced by the Producing Party in this action.

       d.    A list of names of persons who will view the source code at each Inspection Session will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.  The Producing Party shall be entitled to have a person observe all entrances and exits from the source code viewing room.  Except for observing entrances and exits from the source code viewing room, the Producing Party shall not otherwise videotape or monitor review of source code by the Receiving Party.

       e.    Unless otherwise agreed in advance by the parties in writing, at the end of each day of each Inspection Session, the Receiving Party's outside counsel and/or Technical Advisers shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the inspection room.

f.     Other than as provided in Paragraph 10(c) above, the Receiving Party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.   Other than as provided explicitly in this Order, the Receiving Party shall not transmit any source code in any way from the Producing Party's inspection room, nor shall it make electronic copies of any source code except as permitted in paragraph (k).

g.     The Receiving Party (including its outside counsel of record and/or Technical Advisers) shall maintain and store any paper copies of the source code in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use. Subject to the provisions of this paragraph, copies of source code may be stored by any person authorized to review materials under Paragraph 8 at that person's place of business or home office;

h.     The Receiving Party's outside counsel of record may make no more than four (4) additional paper copies of any portions of the source code printed pursuant to sub-paragraph 10(c), not including copies attached to court filings, and shall maintain a log of all copies of the source code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph 8 above.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  The Producing Party shall not unreasonably deny a Receiving Party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with this order.  The log shall be provided by the Receiving Party to the Producing Party at the conclusion

of this litigation. If the Producing Party believes in good faith that it needs to inspect the log during the pendency of the litigation, it shall request production of the log from the Receiving Party. If the Receiving Party declines to produce the log, the Producing Party may move the Court for an order compelling such production. In any such motion, it shall be the Producing Party's burden to demonstrate that its need for access to the log outweighs the Receiving Party's interest in protecting privilege or work product immunity, to the extent either applies..

       i.     Provided that it complies with Paragraph 22 of this Order, the Receiving Party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.

       j.     To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE.

       k.     Except as provided in this sub-paragraph 10(k), the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written

analyses, and related drafts and correspondences.  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may create an electronic image of portions of relevant source code files produced by the Producing Party (or copies thereof) only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection; pleadings, briefs, and other work product containing excerpts of source code need not be encrypted.  The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order.  Electronic copies of source code (excluding excerpts contained in pleadings, briefs and other work product) shall be included on the log required in Paragraph 10(h).  All electronic copies must be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

   l. The Receiving Party's outside counsel may only disclose a copy of the source code to individuals specified in Paragraph 8(a) though 8(d) above (e.g., source code may not be disclosed to in-house counsel).


## PATENT PROCUREMENT BAR

  11. Any person reviewing any of an opposing party's CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY, OR RESTRICTED CONFIDENTIAL – SOURCE CODE materials  (all of which shall also be referred to as "PROSECUTION BAR MATERIALS") shall not, for a period commencing upon receipt of such information and ending one year following the conclusion of this case (including any appeals) engage, directly or indirectly, in any PATENT PROCUREMENT ACTIVITY reasonably related to those

**AGREED PROTECTIVE ORDER**   **11**

PROSECUTION BAR MATERIALS that said person received. Furthermore, any person reviewing PROSECUTION BAR MATERIALS shall not, for a period commencing upon receipt of such information and ending one year following the conclusion of this case (including any appeals) engage, directly or indirectly, in any PROSECUTION ACTIVITY involving claims on a method, apparatus, or system that reasonably relates to the PROSECUTION BAR MATERIALS that said person reviewed.

12.    The following documents and materials shall not be eligible for classification as PROSECUTION BAR MATERIALS: (i) documents and information related only to damages or reasonably royalty rates; and (ii) publications, including patents and published patent applications.

13.    PATENT PROCUREMENT ACTIVITY shall mean attempting to obtain a patent or the allowance of claims of a patent, such as by: (1) preparing and/or prosecuting any patent application (or portion thereof), whether design or utility, and either in the United States or abroad; (2) preparing or advising on the scope of patent claim(s) on behalf of a patent applicant, inventor, or assignee of said patent applicant or inventor's rights. PATENT PROCUREMENT ACTIVITY does not include participation in reexamination proceedings when challenging, or representing a party challenging, a patent through reexamination. Moreover, nothing in this Protective Order shall bar counsel from advising his or her client about the content and applicability of prior art cited to or by the Patent Office during reexamination proceedings so long as counsel is not advising his or her client on amendments to the claims. The parties expressly agree that the PROSECUTION BAR set forth herein shall be personal to any attorney who reviews PROSECUTION BAR MATERIALS and shall not be imputed to any other persons or attorneys at the attorney's law firm. It is expressly agreed that attorneys who work on this

matter without reviewing certain PROSECUTION BAR MATERIAL shall not be restricted from engaging in PATENT PROCUREMENT ACTIVITY on other matters that fall outside of the scope of the PROSECUTION BAR MATERIALS they have received or reviewed.  Moreover, nothing in this paragraph shall prevent any attorney from sending Prior Art to an attorney involved in patent prosecution for purposes of ensuring that such Prior Art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

## DISCLOSURE OF TECHNICAL ADVISERS

14.    Information designated by the Producing Party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's Technical Advisers and their necessary support personnel.

15.    No disclosure of Protected Information to a Technical Adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the Producing Party; and to the extent there has been an objection under paragraph 16, that objection is resolved as discussed below.

16.    A party desiring to disclose Protected Information to a Technical Adviser shall also give prior written notice by email to the Producing Party.  Such notice shall include (1) a copy of Exhibit A to this Protective Order executed by the Technical Adviser and (2) a resume, curriculum vitae or other document sufficient to identify the Technical Adviser's current employer, employment history for the past four (4) years, and the cases in which he or she has testified as an expert at trial or by deposition within the preceding four (4) years.  Within five (5) court days of submission of this information to the Producing Party, the Producing Party may

object to the proposed Technical Adviser on a reasonable basis, or, if it believes in good faith that it needs more information concerning the proposed expert or consultant to make a decision about whether to object, may request such additional information as it believes necessary for the decision. If the Producing Party requests additional information about the Technical Adviser, the deadline for the Producing Party to object to the disclosure is the later of: (a) four (4) court days after the information is provided, or (b) four (4) court days after the party seeking to disclose the confidential information declines to provide the requested information.

   a. If an objection to disclosure is made within the time required, the parties shall meet and confer within four (4) court days (or, within two (2) court days, if the Producing Party has requested additional information) after the objection is made. If the objection is not resolved by the meet and confer, then the Producing Party shall then have three (3) court days after said meet and confer to file an objection with the Court and seek disqualification of the Technical Adviser or other appropriate relief. If the Producing Party fails to file an objection with the Court within the prescribed period, then Protected Information may thereafter be disclosed to such individual. In any such proceeding before the Court, the Party opposing disclosure to the Technical Adviser shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its expert.

   b. Where an objection is made, no such information shall be disclosed to the consultant or expert until the objection is withdrawn or resolved by the Court.

   c. Failure to object to a Technical Adviser shall not preclude the non-objecting party from later objecting to continued access by that Technical Adviser where facts suggesting a basis for objection could not have been discovered by the objecting party or its

**AGREED PROTECTIVE ORDER**    **14**

counsel, exercising due diligence, within the period for making a timely objection. A later objection to a Technical Advisor cannot be made on the basis of information disclosed pursuant to Paragraph 16, except to the extent that said disclosure contained a material omission or misrepresentation. If a later objection is made, no further Protected Information shall be disclosed to the Technical Adviser until the matter is resolved by the court or the Producing Party withdraws its objection. If an objection is made, the parties shall meet and confer within three (3) court days; and, if not resolved, the Producing Party shall move for a protective order precluding the disclosure of the Protected Information to the Technical Adviser within two (2) court days after the meet and confer.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

17.     The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

18.     A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a designation. The burden of

demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

19.    Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.


## LIMITATIONS ON THE USE OF PROTECTED INFORMATION

20.    All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

21.    Notwithstanding any designation of Protected Information by a Producing Party under this Order, any witness may be shown at a deposition, and examined on, any Protected Information that the witness authored or previously received.  The witness may also be shown at a deposition, and examined on, any Protected Information for which specific documentary or testimonial evidence indicates (i) that the Protected Information was communicated to or from the witness, or (ii) that the witness was involved in the specific matter(s) addressed in the Protected Information, or if the Producing Party of the Protected Information agrees.  In addition, Protected Information may be shown without restriction to a Technical Adviser authorized to view the Protected Information under Paragraph 6, 8, or 10 and any of the following individuals of the Producing Party: present director, officer, employee (where it is established that the witness had access to, or knowledge of, the subject matter of the Protected Information, and there will be no prohibition against showing a witness Protected Information for the purpose of determining the existence of said access or knowledge), testifying expert witness, or witness

designated pursuant to Federal Rule of Civil Procedure 30(b)(6) for a topic reasonably related to the Protected Information.

22.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

23.     Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.  Notwithstanding the foregoing and with regard to material designated as Restricted Confidential - Source Code , the provisions of Paragraph 10 are controlling to the extent those provisions differ from this paragraph.

24.     Protected Information shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and

CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

25.    At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" by the reporter. This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript.    Deposition transcripts shall be treated as CONFIDENTIAL OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

## NON-PARTY USE OF THIS PROTECTIVE ORDER

26.    A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

27.    A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## NO WAIVER OF PRIVILEGE

28.    Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  If information subject to a claim of

attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.   Any party that inadvertently produces materials protected the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the inadvertently produced materials.  The recipient(s) shall gather and return all copies of the privileged material to the Producing Party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party.   Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation (based on information independent of the snapped-back content of the allegedly privileged materials in question) by submitting a written challenge to the Court. Outside litigation counsel of record shall not be required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

## **MISCELLANEOUS PROVISIONS**

29.     Subject to the restrictions of Paragraphs 11-13, nothing in this Protective Order shall bar counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon any Protected Materials, provided that counsel does not disclose Protected Materials in a manner not specifically authorized under this Protective Order.

30.     Any of the notice requirements herein may be waived, in whole or in part, but only in writing by an attorney for the party against whom such waiver will be effective.

31.     Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the Producing Party shall immediately notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

32.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the Producing Party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.  All Protected Information not embodied in physical objects or documents shall remain subject to this Order.  In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.  Notwithstanding this provision,

outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only. If a party opts to destroy CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information, the party must provide a Certificate of Destruction to the Producing Party.

33.    If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

34.    Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that

person's work, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation.  No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his final report, trial or deposition testimony or any opinion in this case.  Materials, communications and other information exempt from discovery under this Paragraph shall be treated as attorney-work product for the purposes of this litigation and protective order.  Nothing in this Paragraph shall be construed to bar discovery from Lucinda Stone, Michael Dean, or any current or former employees of Function Media, Yahoo, or Google; provided however that their communications with testifying and/or consulting experts will be treated in accordance with this paragraph.

35.    Documents produced in this case with a designation of "HIGHLY CONFIDENTIAL" shall be treated as if such documents were designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY under this Protective Order.

36.    No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.

37.    This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.   Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

38.    The United States District Court for the Eastern District of Texas, Marshall Division is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas, Marshall Division.

AGREED TO this 14th day of March, 2008 by:

SUSMAN GODFREY L.L.P.
/s/ Joseph S. Grinstrein
1000 Lousiana Street, Ste. 5100
Houston, TX 77002
(713) 651-9366
Attorneys for Plaintiff
Function Media, L.L.C.

WEIL GOTSHAL & MANGES LLP
/s/ Douglas E. Lumish
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000
Attorneys for Defendant
Yahoo!, Inc.

FISH & RICHARDSON P.C.
/s/ Thomas B. Walsh, IV
1717 Main Street, Ste. 5000
Dallas, TX 75201
(214) 747-5070
Attorneys for Defendant
Google Inc.

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **FUNCTION MEDIA, L.L.C.,** | **Civil Case No. 2:07-CV-00279 (CE)** |
| **v.** | |
| **GOOGLE, INC. AND YAHOO!, INC.** | **JURY TRIAL DEMANDED** |

**ATTACHMENT A TO THE AGREED PROTECTIVE ORDER**

CONFIDENTIALITY AGREEMENT

I, _____, reside at _____.

  1.  My present employer is _____.

  2.  My present occupation or job description is _____.

  3.  I am an inventor, applicant, assignee, and/or involved in the filing or prosecution of the following patents and patent applications (identify by number, country, and subject matter if not published): _____.

  4.  I have read the Agreed Protective Order dated _____, 2008, and have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation styled Function Media, L.L.C. v. Google, Inc. and Yahoo!, Inc.

  5.  I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies

and any writings prepared by me containing any CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information are to be returned to counsel who provided me with such material.

6.    I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

7.    In accordance with paragraph 16 of the Agreed Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past four (4) years, and the cases in which I have testified as an expert at trial or by deposition within the preceding four (4) years.

8.    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____.


_____


**AGREED PROTECTIVE ORDER**                **25**