IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **FUNCTION MEDIA, L.L.C.,**<br><br>v.<br><br>**GOOGLE, INC. AND YAHOO!, INC.** | Civil Case No. 2:07-cv-279 (CE)<br><br>**JURY TRIAL DEMANDED** |

### GOOGLE INC. AND YAHOO!, INC.'S JOINT MOTION FOR LEAVE TO FURTHER SUPPLEMENT THEIR P. R. 3-3 AND 3-4 DISCLOSURES

Pursuant to Patent Rule ("P. R.") 3-6(b), Defendants Google Inc. ("Google") and Yahoo!, Inc. ("Yahoo") (collectively, "Defendants") file this Motion for Leave to Further Supplement their P. R. 3-3 and 3-4 Disclosures and for such would respectfully show the Court as follows:

A.   BRIEF BACKGROUND

1.   On May 30, 2008, Google and Yahoo timely served their P. R. 3-3 Invalidity Contentions and accompanying P. R. 3-4 document production.

2.   On June 12, 2008, Google and Yahoo filed their Unopposed Motion for Leave to Supplement P. R. 3-3 and 3-4 Disclosures (Dkt. No. 56) in order to supplement their May 30, 2008 Invalidity Contentions (and accompanying supplemental document production) with respect to a large volume of materials (approximately 60 boxes) obtained from a law firm that previously represented DoubleClick (which had recently been acquired by Google) in another litigation.

3.   On June 13, 2008, the Court granted Defendants' Unopposed Motion for Leave to Supplement P. R. 3-3 and 3-4 Disclosures (Dkt. No. 57). Defendants thereafter served their Supplemental P. R. 3-3 Disclosures and accompanying supplemental P. R. 3-4 document

production on June 30, 2008 on Plaintiff and remaining related materials have been made available for inspection.

4. On September 3, 2008, Defendants requested that they be allowed to further supplement their invalidity contentions. In response to this request, as reflected on Exhibit "A" hereto, Plaintiff's counsel wrote to counsel for Google on September 5, 2005 and asked that Google "please explain in a letter or something why you think Google should be entitled to another amendment and when you think this is going to stop." Plaintiff's counsel ended his September 5, 2008 e-mail (Exhibit "A") by stating "If there's good reason, we'll consider it."

5. As requested, counsel for Google wrote back to Plaintiff's counsel in an email dated September 17, 2008 (Exhibit "A"). In that September 17, 2008 e-mail, Google's counsel informed Plaintiff's counsel of the following in relevant part:

> "As for supplementing Defendants' invalidity contentions, we believe we are entitled to do so under local patent rule 3-6(b)'s good cause standard. **To put it quite simply, the information Defendants propose to supplement was not in their possession at the time the previous P. R. 3-4 invalidity contentions were due. Stated another way, it is the materials received after June 30, 2008, which Defendants seek to supplement. We believe this fact alone satisfies the good cause standard and we are confident that the Court will allow the supplementation, particularly when there is no prejudice to Function Media by allowing us to supplement. The case is in its early stages, with no depositions having been taken and the claim construction process set forth under the local patent rules not yet underway. Trial is not set until November 2009.**
> Nevertheless, for your convenience, set forth below in more detail I have identified the materials which will be the primary focus of Defendants' supplemental invalidity contentions, along with relevant dates:
>
> A. <u>MediaSpan materials (AdManager Pro, ClassManager Pro, and related materials)</u>: Google subpoenaed MediaSpan on April 24, 2008, requesting documents by May 8, 2008. Understandably, given the age of the materials at issue, they were not timely received by Defendants, but rather received over the course of two productions on June 16, 2008 (the first production being largely non-responsive) and July 1, 2008. (I will note that the materials in Defendants' possession before June 30, 2008 were charted by June 30, 2008.). The materials received after June 30, 2008 (AdManager Pro and ClassManger

Pro materials) could not have been charted by Defendants, because they were not timely produced by MediaSpan and thus not in Defendants possession by the June 30, 2008 deadline. Nevertheless, Plaintiff was sent copies of invalidity charts for the three of the four patents asserted in this case within 30 days after receipt of the MediaSpan materials (see the reexamination materials previously sent to you). Defendants wish to formally supplement their contentions for all of the asserted patents in view of these newly received materials.

B. 24/7 Real Media (Open AdStream and related materials): Google finally reached in-house counsel at WPP's subsidiary 24/7 Real Media on April 29, 2008. 24/7 Real Media agreed to provide materials to Defendants without a formal subpoena, but requested additional time given the difficulty in locating them predominantly due to their age. Defendants diligently followed up with counsel for 24/7 Real Media to timely obtain materials, but did not begin to receive materials until July 7, 2008 (these materials had little if any date information) and did not receive the complete set of materials until August 27, 2008 (which had the date information). (I will note that the materials in Defendants' possession before June 30, 2008 were charted by June 30, 2008 deadline.) Because the additional materials were not timely received from 24/7 Real Media by the June 30, 2008 deadline, and thus were not in Defendants' possession by such date, it could not have been charted by Defendants.

C. Eclipse Services (AdPro and related materials): Eclipse Services is a very small company in Pennsylvania with limited resources. Eclipse Services agreed to provide materials without a subpoena as it had a substantial hardship complying with the request and locating the materials in the time frame sought. Google received some materials from Eclipse Services prior to June 30, 2008 and these materials were charted and served with our initial P. R. 3-4 contentions. After substantial effort to locate additional files from approximately 12 years ago, Eclipse finally provided the additional materials on July 23, 2008. Because the additional materials were not timely received from Eclipse Services by the June 30, 2008 deadline and thus were not in Defendants' possession by that date, it could not have been charted by Defendants.

D. Seligman materials (NetGravity, DoubleClick, and related materials): Defendants substantial efforts to locate archived materials and former employees of NetGravity and DoubleClick turned up a former employee of NetGravity and DoubleClick named Russ Seligman on June 28, 2008, two days before contentions were due. Mr. Seligman was able to comb through archived materials from over 12 years ago and locate a substantial body of materials pertaining to NetGravity, DoubleClick and some other prior art systems (e.g. ClickOver). These materials were turned over to Defendants on September 3, 2008 and supplement the earlier production of NetGravity and DoubleClick materials that Defendants have charted already. In any event, because the additional materials were not timely received from Mr. Seligman by the June 30, 2008 deadline, they were not in Defendants' possession by that date and thus could not have been charted by Defendants by the prior deadline to do so.

E. Discovery has also turned up another prior art book describing the state of the art at the time of the alleged invention, which discusses the use and purpose of several prior art systems and techniques, including those materials earlier produced and charted by Defendants and newly received materials since the June 30, 2008 deadline. This book,

entitled What Makes People Click: Advertising on the Web, by Jim Sterne, was received after the June 30, 2008 deadline. Because this book was not received until after June 30, 2008, it was not in Defendants' possession by the deadline and it could not have been charted before then.[1]

Please promptly let us know if you intend to oppose our motion for leave to supplement so that we may note your position in our Certificate of Conference accompanying our motion." (Emphasis added)

6. Just 6 days later, on September 23, 2008, counsel for Plaintiff wrote to counsel for Google and to counsel for Yahoo and stated the following in relevant part (Exhibit "B"):

"On the supplementing-the-invalidity-contentions issue, FM [Plaintiff] **will consent to the requested supplementation** if Defendants will consent to the supplementation of our infringement contentions as follows:

1. Per our complaint, we are now asserting the '059 and '587 against Yahoo in light of product development at Yahoo since service of our infringement contentions.

2. With respect to the already-asserted claims, we would like to supplement our infringement contentions in light of changes that Defendants have made to their respective products since service of our infringement contentions.

**Shall we agree to exchange supplementations on October 20**?" (Emphasis added)

7. Despite stating in writing that Plaintiff would in fact consent to Defendants' proposed supplementation of their invalidity contentions if Defendants would consent to Plaintiff's infringement contentions on September 23 (which counsel for Google advised counsel for Plaintiff was acceptable to Google on October 1, 2008 by telephone), Plaintiff had a change of heart. On October 3, 2008, counsel for Plaintiff wrote to counsel for Defendants and confirmed its change in position (Exhibit "C"):

---

[1] Google's September 17, 2008 e-mail to Plaintiff's counsel inadvertently failed to mention a second book by this same author – World Wide Web Marketing: Integrating the Web into Your Marketing Strategy (2d ed. 1999) – but the same reasons applicable to the first Sterne book referenced in the September 17, 2008 e-mail are equally applicable to this second Sterne book. In other words, the second Sterne book was also received by Defendants after the June 30, 2008 deadline. Because this second book was not received until after June 30, 2008, it was not in Defendants' possession by the deadline and it could not have been charted before then.

> "Confirming our telephone conversation on Wednesday, FM [Plaintiff] would be willing to agree to a mutual supplementation on a date certain if all parties could agree that [a] this would be the final round of proposed supplementations and [b] none of this would have any major implications on the Court's schedule. Because Google can't agree to [a], and indeed wants to leave open the possibility of supplementation for months to come, we're going to oppose Defendants' efforts to supplement their invalidity contentions a second time.
>
> Please go ahead and note for the Court that we don't consent. Thanks."

8. Surprised by Plaintiff's change in position, on October 14, 2008, local counsel for Google asked local counsel for Plaintiff to look into this change of position by Plaintiff, who said he would. On October 24, 2008, local counsel for Plaintiff informed local counsel for Google by telephone that Plaintiff would continue to oppose Defendants' efforts to further supplement their invalidity contentions.

9. Having tried every avenue they could to reach agreement on the invalidity supplementation issue without troubling the Court with motion practice, Defendants thus have no choice but to file this opposed motion seeking leave of court to further supplement their P. R. 3-3 and 3-4 Disclosures.

10. On October 28, 2008, Defendants served Plaintiff with Google and Yahoo!'s Second Supplemental Invalidity Contentions. The accompanying P. R. document production (which had not already been produced) was made on October 29, 2008.

B. ARGUMENT AND AUTHORITY

Plaintiff has asserted four patents against multiple technologies of Defendants. These four patents collectively have 520 claims. Plaintiff has asserted approximately 80 of those claims so far. Defendants have only had Plaintiff's nearly two thousand pages of Infringement Contentions since March 2008. Defendants did not know prior to that time which of the 520 patent claims would be asserted by Plaintiff because Plaintiff refused to divulge them before

serving its Infringement Contentions, despite Defendants' request in January of 2008 that Plaintiff do so they could more efficiently manage the discovery process. *See* last page of Exhibit D. Understandably, the work required to deal with a case of this magnitude – to understand Plaintiff's allegations, Defendants' products, and the scope and content of the pre-dot-com implosion prior art – is very large.

Patent Rule 3-6(b) states as follows:

> (b) Leave required. Amendment or supplementation any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause.

Defendants respectfully submit that they have more than satisfied the good cause standard for the reasons set forth in paragraph 5 above. As set forth there, the information Defendants propose to supplement was not in their possession at the time the previous P. R. 3-4 invalidity contentions were due despite (also as demonstrated in paragraph 5 above) Defendants' good faith and diligent efforts to locate and obtain such information and materials prior to the Court's deadlines for invalidity contentions in this case. Moreover, allowing this further supplementation will not result in any prejudice to Function Media. The case is in its early stages, with only one deposition taken[2] and the claim construction process set forth under the local patent rules just underway –the parties only having exchanged preliminary claim terms for construction on October 1 (no constructions have been proposed), and no claim construction briefing to the court is due until April 9, 2009. Trial is not set until November, 2009. *See* Dkt. No. 45 (schedule).

On the other side of the equation, it appears that Plaintiff's sole basis for refusing to consent to Defendants' proposed supplementation of their invalidity contentions is the fact that Plaintiff wants Defendants to agree forevermore that they will not seek to do any further

---

[2] The witness was deposed on October 29 and lasted approximately one hour.

supplementations (*see* Exhibit C). This is not a legitimate reason to oppose supplementation by Defendants at this time, particularly when it is unknown whether Defendants will need to seek any further supplementation of their invalidity contentions. Defendants respectfully submit that supplementation of Defendants' invalidity contentions at this time should not be denied because of Plaintiff's fear that Defendants may seek a further supplementation in the future.[3]

For these reasons, Defendants respectfully submit that they should be allowed to further supplement their P. R. 3-3 Invalidity Contentions with accompanying P. R. 3-4 document production by deeming Google and Yahoo!'s Second Supplemental Invalidity Contentions and accompanying document production served on Plaintiff by October 29, 2009 to be a part of Defendants' Invalidity Contentions in this case.

C.  PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Defendants respectfully submit that they be granted leave to further supplement their P. R. 3-3 Invalidity Contentions with accompanying P. R. 3-4 document production by deeming Google and Yahoo!'s Second Supplemental Invalidity Contentions and accompanying document production served on Plaintiff by October 29, 2009 to be a part of Defendants' Invalidity Contentions in this case.

---

[3] Defendant Google has a single document subpoena outstanding regarding the prior art. The subpoenaed party is having difficulty collecting its archival material from over ten years ago and has understandably requested additional time to comply with the subpoena.

Dated: October 31, 2008                    Respectfully submitted,

FISH & RICHARDSON P.C.


By: /s/ Thomas B. Walsh, IV
    Juanita R. Brooks - Lead Attorney
    (CA SBN 75934)
    E-mail: brooks@fr.com
    Jason W. Wolff
    (CA SBN 215819)
    E-mail: wolff@fr.com
    Fish & Richardson P.C.
    12390 El Camino Real
    San Diego, CA 92130
    Telephone: (858) 678-5070
    Facsimile: (858) 678-5099

    Thomas B. Walsh, IV
    Texas Bar No. 00785173
    E-mail: walsh@fr.com
    Fish & Richardson P.C.
    5000 Bank One Center
    1717 Main Street
    Dallas, TX 75201
    Telephone: (214) 747-5070
    Facsimile: (214) 747-2091

    Harry L. Gillam, Jr.
    Texas Bar No. 07921800
    E-mail: gil@gillamsmithlaw.com
    Melissa R. Smith
    Texas Bar No. 24001351
    E-mail: melissa@gillamsmithlaw.com
    GILLAM & SMITH, L.L.P.
    303 South Washington Avenue
    Marshall, TX 75670
    Telephone: (903) 934-8450
    Facsimile: (903) 934-9257

    Counsel for Defendant and Counter-Claimant
    GOOGLE INC.

Dated: October 31, 2008              Respectfully submitted,

                                     WEIL GOTSHAL & MANGES


                                     By: /s/ Douglas E. Lumish (by permission)
                                         Douglas E Lumish
                                         201 Redwood Shores Parkway
                                         Redwood Shores, CA 94065
                                         Telephone: (650) 802-3000
                                         Facsimile: (650) 802-3100
                                         Email: doug.lumish@weil.com
                                     ATTORNEYS FOR DEFENDANT
                                     YAHOO!, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Thomas B. Walsh, IV
Thomas B. Walsh, IV

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiff Function Media and counsel for Defendant Google have complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Plaintiff has stated that Plaintiff is opposed to the relief requested. Personal conferences occurred by telephone between Jason Wolff, counsel for Google, and Jeremy Brandon, counsel for Function Media, on at least the following dates: September 3 and October 1, 2008. In addition, local counsel for Google, Gil Gillam, spoke by telephone with counsel for Function Media, Charley Ainsworth on at least October 14 and October 24, 2008. No agreement could be reached as is stated in Plaintiff's email, which is attached to this motion as Exhibit C.

/s/ Thomas B. Walsh, IV
Thomas B. Walsh, IV