## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA LLC | § | Civil Action No. 2007-CV-279 |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GOOGLE INC. AND YAHOO!, INC. | § | |
| | § | |
| Defendants. | § | Jury Trial Demanded |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR LEAVE TO FURTHER SUPPLEMENT THEIR P. R. 3-3 AND 3-4 DISCLOSURES

Plaintiff Function Media LLC hereby opposes Defendants' Joint Motion for Leave to Further Supplement their P.R. 3-3 and 3-4 Disclosures. Function Media has indulged numerous requests by Defendants for delay and for relief from the disclosure rules. At this point, however, Function Media believes that Defendants must be held to the schedule to which they agreed. As Defendants have not established "good cause" for another supplementation of their Invalidity Contentions, Function Media requests that the Court deny their motion for leave.

**A.     Background**

Discovery in this case has been marked by repeated requests for delays and extensions from Defendants—all of which Function Media, in the spirit of collegiality, has indulged:

- Defendants' Invalidity Contentions were originally due May 30, 2008—approximately three months after Function Media served its Infringement Contentions and eleven months after Function Media filed this lawsuit. *See* Docket Nos. 1, 44. Despite the generous schedule negotiated by the parties, Defendants requested additional time to serve and chart certain prior art. Function Media consented. *See* Exhibit A.

- Documents were due to be produced on June 30, 2008. *See* Docket No. 44. Defendants claimed they needed an additional 30 days, and Function Media consented. *See* Docket Nos. 58-59. July 30 came and went months ago, and Defendants are still producing documents. *See* Exhibits B and C (production letters dated October 17, 2008 and November 7, 2008).

- Privilege logs were due June 30, 2008. *See* Docket No. 44. Defendants claimed they needed until July 30, and Function Media consented. *See* Docket Nos. 58-59. Despite the July 30 deadline, Google did not produce its final "supplemental log" until September 17. *See* Exhibit D. And Yahoo! did not produce a complete log until October 31—three months after this Court's (extended) deadline for doing so. *See* Exhibit E.

- Yahoo! still has not produced any source code in this case, and Google is delaying both the production of supplemental source code (which has been promised orally for almost two months) and the production of summary financial information (which has been promised orally for over three months).

In short, Function Media has bent over backwards to accommodate Defendants' multiple requests for extensions, and (for their part) Defendants continue to delay. Function Media was even willing to consent to Defendants' latest proposed supplementation, so long as Defendants would agree that their third round of Invalidity Contentions would be their last. But Defendants refused to meet Function Media halfway and opted instead to press forward unilaterally—confident that the Court would allow yet another supplementation, some fifteen months into the lawsuit and without assurance of any end in sight.[1]

**B.     Defendants Have Not Shown "Good Cause"**

A party seeking leave to supplement its contentions must show "good cause" for doing so. P.R. 3-6(b); Fed. R. Civ. P. 16(b). "The 'good cause' standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 850

---

[1]     Defendants' assertion that Function Media has somehow changed positions in light of its initial willingness to consent to the requested supplementation in exchange for a consented-to supplementation of the Infringement Contentions is misleading. *See* Mot. at 4-5. That is only half the story. While Defendants note in their motion that <u>Google was prepared to consent to a mutual supplementation</u>, *see id.* at 4, they neglect to mention that counsel for Yahoo! subsequently informed counsel for Function Media by telephone that <u>Yahoo! would object to Function Media's proposed supplementation</u>. So it is simply not tenable for Defendants to accuse Function Media of changing positions when Defendants collectively were never prepared to agree to the premise of mutual supplementation in the first place.

2

(E.D. Tex. 2004) (citation and internal quotation marks omitted); *accord* 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990). Further, in ascertaining whether a party has shown "good cause," courts consider "the importance of the thing that would be excluded" and any prejudice to the non-moving party. *See STMicroelectronics*, 307 F. Supp. 2d at 850 (citation omitted).

As set forth below, Defendants have not shown "good cause" for a second supplementation. Indeed, in certain instances, they have not even attempted to do so.

First, as a threshold matter, Defendants had approximately eleven months to gather and analyze prior art. *See* Docket No. 1 (Complaint filed July 3, 2007); Docket No. 44 (agreed discovery order setting May 30, 2008 as the deadline to serve Invalidity Contentions). Defendants' suggestion in their motion that they could not have conducted a prior art search prior to March 3, 2008 (the date of service of the Infringement Contentions) is a stretch. *See* Mot. at 5-6. Three of the four patents-in-suit have an identical specification, and all of the claims in these three patents relate to a single overarching invention: a system that links advertisers and publishers and then enables efficient processing and publishing of customized advertisements across multiple publications.[2] All of this information was available to Defendants on the day the lawsuit was filed. March 3, 2008, then, should have been neither the day of clarity for Defendants nor the date on which their prior art search began.

Yet even assuming for argument's sake that Defendants could not have begun their search when this lawsuit was filed, Defendants (who are the world's largest search engines) still had approximately three months following service of Function Media's Infringement Contentions to gather, analyze, and produce prior art. *See* Docket No. 44 (agreed discovery

---

[2] The fourth patent (added to the lawsuit on July 24, 2007) is a continuation-in-part patent, which contains a specification that is almost identical to the specification of the other three patents-in-suit.

3

order setting March 3 and May 30, respectively, as the deadlines to serve Infringement Contentions and Invalidity Contentions). This is double the amount of time provided under the Local Patent Rules. *See* P.R. 3-3 (defendants must serve invalidity contentions "[n]ot later than 45 days after service" of infringement contentions); *see also Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) ("The local patent rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases ….") (citation and internal quotation marks omitted).

Moreover, the Court has already allowed one extension of the deadline for serving Invalidity Contentions. *See* Docket No. 57 (granting the two-week extension requested by Defendants). Function Media consented to the requested extension after Defendants indicated that they could not meet the May 30 deadline with respect to certain prior art. *See* Exhibit A. Thereafter, on June 13, 2008, Defendants produced an additional 20,000 pages of prior art (supplementing the 23,000 pages they had already produced). *See id.*; *see also* Exhibit F.

Defendants thus have had more than ample time to produce prior art.

<u>Second</u>, regardless of whether the Court uses eleven months or three-months-plus-one-extension in its "good cause" analysis, Defendants have not adequately explained how and why they were diligent in obtaining this "new" prior art. It is not enough, of course, for Defendants to argue that they did not obtain the prior art in advance of the first two deadlines. The relevant question is whether, with reasonable diligence, Defendants <u>could have obtained</u> the prior art in advance of the first two deadlines.

Even though this Court has repeatedly stated that the "'good cause' showing unambiguously centers on [a party's] diligence," *STMicroelectronics,* 307 F. Supp. 2d at 850, Defendants appear to favor something less:

4

> To put it quite simply, the information Defendants propose to supplement was not in their possession at the time the previous P.R. 3-4 invalidity contentions were due. Stated another way, it is the materials received after [the deadlines] which Defendants seek to supplement. We believe this fact alone satisfies the good cause standard….

Mot. at 2.

Perhaps this is why Defendants' brief is so short on evidence establishing diligence. Indeed, as noted in their motion, Defendants did not even make the initial third-party requests until April 24 (Media Span), April 29 (24/7 Real Media), and June 28 (Seligman)—some 50 days, 55 days, and 115 days after service of the Infringement Contentions, and some 9 to 11 months after the lawsuit was filed. *Id*. at 2-3. That is not diligence, regardless of what occurred after Defendants made these initial requests. *See, e.g., id*. at 3 (stating, in conclusory fashion, that Defendants "diligently followed up with counsel for 24/7 Real Media to timely obtain materials…").

Indeed, in certain instances, Defendants have not even tried to establish diligence. With respect to the Eclipse prior art, for example, Defendants provide no initial contact date and thus leave the Court to guess about Defendants' diligence. *See id*. Similarly, with respect to the prior art books that Google recently "turned up," Defendants offer no explanation as to <u>why</u> those books could not have been "turned up" months ago. *Id*. at 3-4 ("Because this book was not received until after [the deadline], it was not in Defendants' possession by the deadline and it could not have been charted before then."). Diligence is not established from the mere fact that something "was not received until after [the deadline]." *Id*. Something more is required, and Defendants have not provided it.

Furthermore, despite Defendants' admission that they obtained some of the "new" prior art as early as July 1, 2008 (MediaSpan) and July 23 (Eclipse), Defendants did not notify Function Media of the "new" prior art and the need to supplement until September 3. *Id*. at 2-3.

5

Instead of alerting Function Media and the Court upon receipt, it appears that Defendants held off for several weeks so that they could continue searching. That too is not diligence. Likewise, Defendants did not timely notify Function Media of any purported delays in obtaining prior art. In fact, according to their motion, Defendants were aware of certain delays and other issues well before even the original deadlines—but said nothing about any of this until September. *Id.*

Third, in addition to their failure to show diligence, Defendants have said nothing about the purported importance of this additional prior art. *See, e.g., STMicroelectronics*, 307 F. Supp. 2d at 850 (in ascertaining whether a party has shown "good cause," courts consider "the importance of the thing that would be excluded"). Rather than provide some indication of the purported "importance of the thing that would be excluded," *id.*, Defendants would have this Court answer blindly the question whether this tardy prior art adds anything to the 40,000+ pages of prior art that have already been produced. Regardless of the answer, Defendants' silence does not satisfy their burden.

Finally, although Function Media does not believe that this particular supplementation will affect any dates on the Court's schedule, supplementation at this late stage is far from ideal—and more than a little unfair. The parties have already exchanged the terms that they believe need construction. And while Defendants contend that the Court should construe almost every term in every asserted claim, Function Media at least made a good-faith effort to identify only those terms that need construction in light of the heretofore-identified prior art that Defendants are attempting to shoehorn into the patent claims. Function Media can and will work around the clock to analyze any new prior art in advance of the next claim-construction deadline. But that doesn't make it right. And it certainly doesn't establish "good cause"—especially where, as here, Defendants have failed to establish the requisite diligence.

C. **Requested Relief**

Function Media requests that the Court deny the Defendants' motion for leave. A proposed order is attached.

Dated: November 13, 2008

    Respectfully submitted,

    /s/ Max L. Tribble, Jr.
    _____

    Max L. Tribble, Jr.
    State Bar No. 20213950
    Email: mtribble@susmangodfrey.com
    SUSMAN GODFREY LLP
    1000 Louisiana, Suite 5100
    Houston, Texas, 77002
    Telephone: (713) 651-9366
    Facsimile: (713) 654-6666

    Lead Attorney for Plaintiff

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
Email: jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served via ECF and email on counsel of record, this 13th day of November, 2008.

    /s/ Jeremy J. Brandon
    _____
    Jeremy J. Brandon