**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **FUNCTION MEDIA, L.L.C.,** | Civil Case No. 2:07-cv-279 (CE) |
| v. | |
| **GOOGLE, INC. AND YAHOO!, INC.** | **JURY TRIAL DEMANDED** |

**GOOGLE INC. AND YAHOO!, INC.'S REPLY IN SUPPORT OF THEIR JOINT MOTION FOR LEAVE TO FURTHER SUPPLEMENT THEIR P. R. 3- 3 AND 3-4 DISCLOSURES**

GOOGLE INC. AND YAHOO!, INC.'S REPLY IN SUPPORT OF THEIR JOINT MOTION FOR LEAVE TO
FURTHER SUPPLEMENT THEIR P. R. 3- 3 AND 3-4 DISCLOSURES

## I. INTRODUCTION AND SUMMARY

Function Media's entire opposition is based upon why Defendants' have allegedly not shown "good cause" for leave to supplement their invalidity contentions. Significantly, it was not until *after* Defendants filed their motion for leave to supplement that Function Media said anything about the alleged lack of good cause on the part of Defendants in seeking to supplement their invalidity contentions. (Dkt. No. 66 at ¶¶ 6 and 7; Dkt. No. 67)[1] Defendants have shown good cause as to why they should be granted leave to supplement their invalidity contentions, and, furthermore, why Plaintiff has not been prejudiced in any way.

The materials for which supplementation is sought – a request made less than 6 months after receipt of Plaintiff's infringement contentions and more than 14 months before trial, in a case where only a single third party witness has been deposed (a one hour deposition) – were not in Defendants' custody, possession, or control prior to the due to dates of their invalidity contentions and were timely and diligently sought as part of the discovery phase of this case. As Defendants learned that there may be prior art material in the possession of third parties, it was promptly requested prior to the due date of Defendants' invalidity contentions, but it was not received due to delays from the third parties in (1) locating responsive materials, and (2) producing the materials to Defendants. Such delays are understandable given (a) the age of the materials (most of it over 10 years old and often acquired technology through acquisitions and

---

[1] Function Media's argument is surprising – and disappointing – given that when Google asked Function Media back in September if it would consent to leave for Defendants' to supplement their invalidity contentions, Function Media wrote back stating, "If there's a good reason, we'll consider it." (Dkt. No. 66 at ¶ 4) Google provided that "good reason," which are the grounds identified in Defendants' motion for leave. (*Id*. at ¶ 5) As set forth in Defendants' motion for leave (*id*.), Function Media asked Defendants why they should be allowed to further supplement their invalidity contentions, and Defendants provided a very detailed written response to that inquiry (*see id*. Exhibit "A"). If Defendants' response to Function Media's inquiry was somehow lacking "good cause," it was incumbent upon Function Media to raise that issue as part of the meet and confer process – which Function Media failed to do – rather than expand the scope and complexity of the dispute after Defendants' filed their motion for leave. As it stood when Defendants' filed their motion, the sole issue was Plaintiff's concern that the Defendants' might want to supplement their contentions in the future – an event that may never happen – even though Function Media could simply oppose that theoretical future supplementation on whatever grounds it desires.

mergers) and (b) the misunderstandings that result when the parties to these exchanges must explain what they are seeking without having much more than an inkling that it ever existed.

In light of the undisputed evidence Defendants laid out in their opening papers, and contrary to Plaintiff's assertions, Defendants have shown good cause for leave to supplement their contentions and Plaintiff will not be prejudiced by Defendants' supplementation.[2] Plaintiff's opposition essentially concedes this point when it states that "Function Media does not believe that this particular supplementation will affect any dates on the Court's schedule." (Dkt. No. 67 at 6) The sole prejudice that Plaintiff now alleges is that it did not itself know about this prior art before it merely served its preliminary claim terms (without constructions) as if the substance of the prior art might play a role in Plaintiff's unspecified constructions.[3] Plaintiff's suggestion that it did not know about this prior art before its proposed claim terms for construction were due is also incorrect; it was either produced or identified to Plaintiff prior to October 1: (1) the MediaSpan materials were produced on July 25; (2) the Eclipse Services materials were produced on August 6; (3) the 24/7 Real Media materials were produced on September 2; and (4) the Seligman and Sterne materials were identified to Plaintiff by no later than September 17. Tellingly, proposed claim *constructions* have not yet been exchanged by the parties, nor is any briefing due to the court on any claim construction issues until April 2009. Trial is not even scheduled until November 2009.

In sum, what Function Media seeks is to preclude Defendants from the use of prior art materials reasonably and diligently collected from third parties as part of the scheduled discovery process. It is Defendants, not Function Media, that would be prejudiced by the exclusion of such relevant and timely collected prior art information. Function Media asserted four patents, five

---

[2] Plaintiff cites to several inaccurate and misdirected general discovery complaints in its opposition that are irrelevant to Defendants' motion for leave and the parties are working on resolving the perceived issues in good faith.

[3] It obviously did not before because Plaintiff identified five non-means plus function elements from the over 80 claims in four patents that it has asserted against Defendants, though it is nonetheless all the more reason for the supplementation so as to avoid any claim construction errors too. The deadline for claim construction discovery is March 27, 2009. (Dkt. No. 45)

years after the patents first began issuing and which collectively have 540[4] claims, against Defendants in this lawsuit. In January 2008, Defendants asked that, given the scope of the issues in view of the 540 claims, Plaintiff simply identify which claims it intended on asserted (Exhibit D to motion for leave to supplement (Dkt. No. 66) at last page), but Plaintiff declined to do so, waiting two months to finally identify over 80 of these claims in nearly 2,000 pages of infringement contentions against seven different technologies offered by Defendants, making it far more difficult to identify relevant prior art in view of the infringement contentions in a relatively short amount of time.[5] Add to this the unprecedented scope of document production by the Defendants, numbering approximately 9 million pages to date, and the Herculean and diligent efforts undertaken by Defendants during the discovery process in this case is self-evident.

## II. REPLY TO FUNCTION MEDIA'S SPECIFIC ARGUMENTS

*<u>Plaintiff's first argument</u>* is essentially that leave should not be granted because Defendants' invalidity contentions were not due until either (a) 11 months after the case was *filed* or (b) 3 months after Plaintiff's infringement contentions were served. This argument is totally without merit. Plaintiff's patents have a scattershot of 540 claims. In January 2008, when Defendants' reasonably asked Plaintiff to give Defendants some direction on which claims were likely to be asserted simply as a matter of controlling the document collection effort, Plaintiff declined. (Exhibit D to motion for leave to supplement (Dkt. No. 66, last page)) When Plaintiff finally did identify the asserted claims in March 2008, it asserted over eighty (80) claims, which is unrealistic number of claims to assert and a number that Function Media obviously has no intention of actually trying in the customary time allowed for trial by this Court.

As Plaintiff notes, Defendants spent approximately 11 months collecting and analyzing tens of thousands of pages of prior art materials and charting a fraction of them. They also spent

---

[4] Defendants opening brief contained a typographical error carried over from an earlier letter. There are 540 patent claims, not 520.
[5] So the Court can visualize the complexity of this task, attached as Exhibit "E" is a claim tree showing the dependencies for *just the asserted claims* of one of the four patents-in-suit.

that time collecting well in excess of 9 million pages of their own documents, analyzing them for responsiveness and privilege and preparing them for production. This is hardly a showing of a lack of diligence. That discovery, in turn, led to more information and further prior art leads, which Defendants promptly sought prior to the deadline for their invalidity contentions, and that resulted in a small handful of materials Defendants seek to supplement into their invalidity contentions should be no surprise. In sum, as set forth in paragraph 5 of Defendants' motion for leave (Dkt. No. 66), Defendants' diligence in attempting to locate relevant materials, including the prior art material at issue here, cannot legitimately be disputed. The information Defendants propose to supplement was not in their possession before the P. R. 3-4 invalidity contentions were due and which was pursued in response to the nearly 2,000 pages of infringement contentions Plaintiff served just a few months earlier.

***Plaintiff's second argument***  is essentially a rehash of the timing issues raised in its first argument, but here Function Media hypothesizes that Defendants should have been able to find this information sooner. Plaintiff's theory is just that: a theory belied by the facts. As demonstrated in paragraph 5 of Defendants' motion for leave (Dkt. No. 66), it cannot be legitimately disputed that Defendants' engaged in good faith and diligent efforts to locate and obtain the information and materials at issue here prior to the Court's deadlines for invalidity contentions in this case.

***Plaintiff's third argument***  is that Defendants' have not explained the importance of this prior art. However, the importance should be clear: these five supplemental sets of materials are very important to the Defendants' invalidity defense of this ancient prior art from before the time of the filing of the patents, most of which disappeared and changed hands in the rubble of the dot-com implosion. If this prior art was not important and relevant, Defendants would not be seeking leave to supplement their invalidity contentions at this time. All of the supplemental materials pertain to actual working technology solutions, and demonstrated uses of those systems, that address the same core issues recited in the claims, and which are far better than paper prior art alone. Defendants believe these materials would have a significant impact above

and beyond the materials previously charted including in view of Function Media's infringement contentions served in March 2008 and their attempts to antedate that previously charted prior art.

***Plaintiff's fourth argument*** is that allowing Defendants to supplement is unfair because of some unspecified claim construction issues. This is nonsense. First, as explained above, proposed claim constructions have not yet even been exchanged by the parties (and will not occur until almost one month from now – December 19), nor is any briefing due to the court on any claim construction issues until April 2009. Second, Plaintiff Function Media had no trouble proposing its consent to proposed supplementation on September 23, *before* the claim terms were identified (Dkt. No. 66 at ¶ 6) nor did it have any trouble consenting on October 3 (*id*. at ¶ 7), *after* the terms were identified, even though Plaintiff at both times still intended to supplement its infringement contentions some three weeks later on October 20. Moreover, Plaintiff was notified of this prior art before any terms were due to be exchanged: (1) the MediaSpan materials were produced to Plaintiff on July 25; (2) the Eclipse Services materials were produced to Plaintiff on August 6; (3) the 24/7 Real Media materials were produced to Plaintiff on September 2; and (4) the Seligman and Sterne materials were identified to Plaintiff by no later than September 17. So what changed in the three weeks between the proposed date of exchanged supplementations proposed by Plaintiff (October 20) and the filing of Plaintiff's opposition on November 13? Absolutely nothing. Simply stated, there will be no prejudice to Function Media if Defendants are permitted to further supplement their invalidity contentions.

## III. CONCLUSION

For the foregoing reasons in this Reply and in Defendants' motion for leave to further supplement (Dkt No. 66), Defendants respectfully request that their motion for leave to further supplement their invalidity contentions be GRANTED.

Dated: November 24, 2008                    Respectfully submitted,

FISH & RICHARDSON P.C.


By: /s/ Jason W. Wolff
    Juanita R. Brooks - Lead Attorney
    (CA SBN 75934)
    E-mail: brooks@fr.com
    Jason W. Wolff
    (CA SBN 215819)
    E-mail: wolff@fr.com
    Fish & Richardson P.C.
    12390 El Camino Real
    San Diego, CA 92130
    Telephone: (858) 678-5070
    Facsimile: (858) 678-5099

    Thomas B. Walsh, IV
    Texas Bar No. 00785173
    E-mail: walsh@fr.com
    Fish & Richardson P.C.
    5000 Bank One Center
    1717 Main Street
    Dallas, TX 75201
    Telephone: (214) 747-5070
    Facsimile: (214) 747-2091

    Harry L. Gillam, Jr.
    Texas Bar No. 07921800
    E-mail: gil@gillamsmithlaw.com
    Melissa R. Smith
    Texas Bar No. 24001351
    E-mail: melissa@gillamsmithlaw.com
    GILLAM & SMITH, L.L.P.
    303 South Washington Avenue
    Marshall, TX 75670
    Telephone: (903) 934-8450
    Facsimile: (903) 934-9257

    Counsel for Defendant and Counter-Claimant
    GOOGLE INC.

Dated: November 24, 2008                Respectfully submitted,

                                        WEIL GOTSHAL & MANGES


                                        By: /s/  Douglas E. Lumish (by permission)
                                            Douglas E Lumish
                                            201 Redwood Shores Parkway
                                            Redwood Shores, CA 94065
                                            Telephone:  (650) 802-3000
                                            Facsimile: (650) 802-3100
                                            Email: doug.lumish@weil.com
                                        ATTORNEYS FOR DEFENDANT
                                        YAHOO!, INC.

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                  /s/ Jason W. Wolff
                                                  Jason W. Wolff