# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| FUNCTION MEDIA, L.L.C., § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION |
| v. § | |
| § | NO. 2-07CV-279 |
| GOOGLE, INC. and YAHOO!, INC., § | |
| § | |
| Defendants. § | |

## YAHOO!, INC.'S MOTION FOR A PROTECTIVE ORDER
## BARRING DISCOVERY INTO NON-ACCUSED TECHNOLOGY

**TABLE OF CONTENTS**

**Page**

I. Introduction ................................................................................................................ 1

II. A Protective Order Should Be Granted Precluding Function Media From Discovery Concerning Confidential Information About Non-Accused Products ............. 3

    A. Function Media Previously Agreed Not To Seek To Add New Products To This Case And Should Be Held To That Agreement Given The Advanced Stage Of Claim Construction ................................................................................. 4

    B. Discovery Concerning Non-Accused Technologies Should Be Precluded Because It Is Not Reasonably Calculated To Result In Admissible Evidence About The Accused Products ................................................................. 8

    C. Discovery Concerning The Highly Confidential Details Of Yahoo!'s Non-Accused Technology Is Unduly Burdensome And Should Be Precluded ............. 9

III. Conclusion ................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Boustred v. County of Santa Cruz,* ,
   2005 WL. 2373478 (N.D. Cal. 2005) ........................................................................... 9

*Caritas Techs., Inc. v. Comcast Corp.*,
   2006 U.S. Dist. LEXIS 94879 (E.D. Tex. 2006) ...................................................... 3, 8

*In re: Fannie Mae Securities Lit.*,
   552 F.3d 814 (D.C. Cir., Jan. 6, 2009) ........................................................................ 7

*Linkco, Inc. v. Fujitsu Ltd.*,
   230 F. Supp. 2d 492 (S.D.N.Y. 2002) ....................................................................... 10

*Micro Motion, Inc. v. Kane Steel Co.*,
   894 F.2d 1318 (Fed. Cir. 1990) .............................................................................. 3, 10

*Mikohn Gaming Corp. v. Acres Gaming Inc.*,
   50 U.S.P.Q. 2d 1783 (D. Nev. 1998) ........................................................................... 9

*Samsung SDI Co., Ltd. v. Matsushita Electric Industrial Co.*,
   2007 U.S. Dist. LEXIS 90457 (N.D. Cal. 2007) .......................................................... 9

## STATUTES

Fed. R. Civ. P. 26(c)(1)(G) ................................................................................................ 1, 3

# MOTION

Defendant Yahoo!, Inc. ("Yahoo!") respectfully moves, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order precluding Function Media, LLC ("Function Media") from taking discovery concerning Yahoo!'s technology that is not accused of infringement in this case.

Function Media is not entitled to discovery of the non-accused technology for several independent reasons. For one, it agreed not to seek to add new technologies and patents to the case after a meet and confer. Function Media should be held to that agreement as a general matter and because Yahoo! relied on that agreement in identifying potential claim construction disputes and proposing relevant claims to the Court for construction. Further, the discovery of non-accused technologies is irrelevant to any claim or defense in this case and not reasonably calculated to lead to the discovery of admissible evidence. The only apparent purpose for this discovery is Function Media's hopes of finding new things to accuse of infringement in this or another case. This Court has found in another case that the desire to find new alleged infringements does not justify discovery into non-accused technology, and the Court should reach the same conclusion here. Finally, given the lack of relevance, the discovery would be unduly burdensome in seeking disclosure of Yahoo!'s highly sensitive information without good cause.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Function Media accuses Yahoo! of infringing two Function Media patents, but only when two specific pieces of Yahoo! software are used together. Specifically, Function Media's infringement allegations are limited to instances where both Yahoo! Publisher Network (YPN) software and Yahoo! Search Marketing (YSM) software are used together. Declaration

of Jeffrey Homrig In Support of Yahoo!'s Motion for a Protective Order Barring Discovery Into Non-Accused Technology ("Homrig Decl."), Exh. 1 (Plaintiff's P.R. 3-1 Disclosures). Function Media contends that these two programs comprise the two different "interfaces" or "means" that must be used by entities called "media venues" and "sellers" in every asserted claim in the Function Media patents. *Id.*

Despite the clarity of what is—and what is not—accused of infringement, at Yahoo!'s recent 30(b)(6) deposition Function Media attempted to explore highly confidential details about other, non-accused approaches available to Yahoo! and its customers for internet advertising. Function Media attempted to expand the scope of this case into four additional separate areas of technology. Function Media inquired about a software program called "APT," other software programs used only by internal Yahoo! personnel when responding to phone calls from advertising publishers, various APIs (application programming interfaces) through which customers' own software can communicate with Yahoo!'s software, and a system called the Right Media Ad Exchange. *See*, Homrig Decl., Exh. 2 (March 19, 2009 Rough Transcript of Matthew Plummer Deposition) at 25:9-10; 52:5-53:16; Homrig Decl., Exh. 3 (March 20, 2009 Rough Transcript of Matthew Plummer Deposition) at 107:18-113:1; 163:13-164:8; 192:11-193:3; 203:17-205:8.[1]

Function Media should be precluded from seeking discovery of the non-accused technology for several independent reasons. First, the parties met and conferred five months ago, shortly after APT was formally released and after it had been the subject of substantial press coverage for six months. That meet and confer culminated in Function Media agreeing <u>not</u> to seek the Court's leave to add APT (or any other technology) to the case. Function Media should

---

[1] Yahoo! has not yet received the final drafts of Mr. Plummer's deposition transcripts.

be held to that agreement.  Second, this case is in the advanced stages of claim construction and Yahoo! would be seriously prejudiced by having to take claim construction positions without a full understanding of what claims and technologies were at issue.  Third, because none of the technologies at issue in this motion are accused or illuminate anything relevant about the actual accused software, discovery into this software is not reasonably calculated to lead to the discovery of admissible evidence.  Finally, given the lack of relevance, it would be unduly burdensome to compel Yahoo! to disclose the highly confidential details of its proprietary technology and so expose it to the risks of broader disclosure or misuse despite the lack of a meaningful connection to this action.

For these reasons, and as detailed below, Yahoo! respectfully asks the Court to issue an order protecting Yahoo! from discovery into its non-accused technologies.

## II. A Protective Order Should Be Granted Precluding Function Media From Discovery Concerning Confidential Information About Non-Accused Products

Federal Rule of Civil Procedure 26(c) permits courts to order "that certain matters not be inquired into" and "that a trade secret or other confidential research, development, or commercial information not be revealed" in order to "protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1)(G).

Applying that rule, this Court has held that a patentee "only has the right to discover information regarding the alleged infringing service, **not the right to discover information on whether it should assert a claim of infringement regarding other services**." *Caritas Techs., Inc. v. Comcast Corp.*, 2006 U.S. Dist. LEXIS 94879, at *14-*15 (E.D. Tex. 2006);[2] *see also, Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1328 (Fed. Cir. 1990) ("A litigant may not engage in merely speculative inquiries in the guise of relevant discovery.").

---

[2] Emphases in quotations are added unless otherwise noted.

Moreover, when, as here, the information sought is trade secret or other highly confidential information, the party seeking the discovery must demonstrate *both* that it is reasonably calculated to lead to the discovery of admissible evidence and that there is a particular need for the information that outweighs any harm to the party from whom the discovery is sought. *See, id.* at 1323-25 ("<u>Even if relevant</u>, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.") (emphasis in original).

Under these standards, a protective order should be issued.

**A. Function Media Previously Agreed Not To Seek To Add New Products To This Case And Should Be Held To That Agreement Given The Advanced Stage Of Claim Construction**

This case has been pending for nearly two years and is in the advanced stages of claim construction. Function Media filed suit against Yahoo! in July 2007. In October 2008, the parties exchanged their claim construction positions based on the products at issue in the case and the disclosed prior art. It has been four months since the parties submitted their joint claim constructions to the Court, and Function Media's opening claim construction brief is due on April 9, 2009. In the meantime, a re-examination of the patents-in-suit at the Patent Office has already progressed to an office action rejecting claims asserted against Yahoo!.

After months of extensive press about its upcoming release, Yahoo! released APT as a new advertising approach in September 2008. *See, e.g.*, Homrig Decl., Exh. 4 (Miguel Helft, "Yahoo Reveals Details of Its New Ad Sales System," N.Y. Times, April 7, 2008); Homrig Decl., Exh. 5 (Kevin J. Delaney, "Yahoo Details Ad System Geared Toward Graphical Display," W.S.J., April 7, 2008); Homrig Decl., Exh. 6 (Greg Sterling, "Yahoo Rolls Out more Details About APEX/AMP," searchengineland.com, April 7, 2008, at

http://searchengineland.com/yahoo-rolls-out-more-details-about-apexamp-13709).  At the time of the release, the parties were in the midst of a meet and confer process concerning the defendants' desire to amend their invalidity contentions.  As part of that meet and confer, Function Media's counsel told Yahoo!'s counsel that Function Media wanted to amend its infringement contentions "in light of changes that Defendants have made to their respective products."  Homrig Decl., Exh. 7 (September 23, 2008 Jeremy Brandon E-mail).  Function Media offered a trade whereby the parties would agree that Yahoo! and Google could amend their invalidity contentions and Function Media could amend its infringement contentions.  *Id*.

Counsel for Function Media and counsel for Yahoo! then had a teleconference on October 20, 2008 to discuss Function Media's September 23, 2008 request to amend its infringement contentions.  Homrig Decl., ¶ 12.  Mr. Homrig, counsel for Yahoo!, asked Jeremy Brandon, counsel for Function Media, what he meant by the statement in his September 23 email that "we would like to supplement our infringement contentions in light of changes that Defendants have made to their respective products since service of our infringement contentions."  *Id.*  Mr. Brandon responded that Function Media was aware that Yahoo! had released a new advertising system, and that his email was referring to supplementation of the contentions to address this product.  *Id.*  Mr. Brandon commented that it appeared that this new system had been released on a limited basis, and that its use did not appear to be widespread.  *Id.*  Mr. Brandon could only have been referring to APT:  APT was the only new advertising system Yahoo! had released since Function Media had served its infringement contentions, and the call occurred about one month after the formal release of APT and the press coverage preceding that release.  Mr. Homrig then informed Mr. Brandon that Yahoo! would object if Function Media moved to amend its infringement contentions to add new products or patents.  *Id.*  Importantly,

5

Function Media's counsel then stated that Function Media had <u>already decided not to pursue</u> amending its infringement contentions to add new products or patents anyway, and so it would not be an issue. *Id.*

Next, on October 31, 2008, co-defendants Yahoo! and Google filed their joint motion for leave to amend their invalidity contentions. [D.I. 66]. In its responsive briefing, Function Media acknowledged its agreement not to add new technologies by suggesting that, although it had considered amending its infringement contentions, it did not do so in light of Yahoo!'s objections. *See*, Plaintiff's Opposition, Nov. 13, 2008, at 2 n.1 [D.I. 67]. After this briefing, consistent with its agreement not to add new products to the case, Function Media remained silent for nearly five months about new products—seeking no discovery on APT or any other non-accused technologies and failing to move for leave to amend its infringement contentions.

Then, on March 20, 2009, Function Media deposed Yahoo!'s 30(b)(6) designee on several topics relating to the accused products (again, YPN and YSM used together). The deposition notice was facially overbroad, *see* Homrig Decl., Exh. 8 (Notice of First Rule 30(b)(6) Deposition of Yahoo!, Inc.), and Yahoo! objected to that overbreadth and made clear in its Objections and Responses that it would produce a witness to testify only about the technologies accused of infringement in Function Media's infringement contentions. *See*, Homrig Decl., Exh. 9 (Yahoo!'s Objections and Responses). Again, consistent with its agreement not to add new products, Function Media did not respond to these objections, contest the scope Yahoo! set out for the deposition, or ask to meet and confer with Yahoo! prior to the deposition.

Despite this record, Function Media attempted to question Yahoo!'s 30(b)(6) representative about advertising approaches other than those listed in Function Media's

infringement contentions. Specifically, on March 19 and 20, 2009, Function Media attempted on multiple occasions to ask Matt Plummer, a Yahoo! Product Manager, about APT, internal interfaces used only by Yahoo! personnel, telephone interfaces, advertiser APIs, and the Right Media Ad Exchange. *See* Homrig Decl., Exh. 2 (March 19, 2009 Plummer Depo.) at 25:9-10; 52:5-53:16; Homrig Decl., Exh. 3 (March 20, 2009 Plummer Depo.) at 107:18-113:1; 163:13-164:8; 192:11-193:3; 203:17-205:8. Yahoo! permitted Function Media to ask foundational questions about these non-accused technologies but not questions about the confidential details. *See* Homrig Decl., Exh. 2 (March 19, 2009 Plummer Depo.) at 22:23-25:17; Homrig Decl., Exh. 3 (March 20, 2009 Plummer Depo.) at 107:18-113:5. The parties attempted to reach the Court via its discovery hotline but could not and so agreed that, instead of suspending the deposition, Function Media would continue its questioning on the accused products and Yahoo! would bring this motion for a protective order after that questioning concluded. Homrig Decl., Exh. 2 (March 19, 2009 Plummer Depo.) at 22:23-25:17; 78:19- 80:4.

As a general matter, Function Media should be held to the agreement regarding its P.R. 3-1 disclosures that it made in October as a result of the meet and confer with Yahoo!. *See*, *In re: Fannie Mae Secs. Lit.*, 552 F.3d 814 (D.C. Cir., Jan. 6, 2009) (holding that the district court did not abuse its discretion when sanctioning a party that failed to comply with stipulated discovery conditions).

Moreover, Yahoo! relied on this agreement and selected claim terms for construction based on the disputes it expected to arise concerning the accused products, proposed specific constructions for those terms based on its understanding of those disputes, and met and conferred with Function Media concerning those terms and constructions. Function Media's attempt to obtain discovery about APT or other technologies can only be seen as an effort to

expand the scope of its infringement allegations in this case or in a second case. If Function Media were permitted to expand its contentions in that way, Yahoo! will have been seriously prejudiced by having to take claim construction positions without a full understanding of the claim construction disputes that were likely to arise in light of the technologies that were really at issue. In all likelihood, had Yahoo! known of Function Media's desire to expand this case to include APT or other technologies before now, its understanding of the claim terms that would likely be in dispute would be different, and the parties' meet and confer about claim terms would probably have resulted in a different set of claim terms for the Court to construe.[3]

In short, Function Media's attempt to reverse course on its agreement is inappropriate, comes too late, and would needlessly impose prejudice on Yahoo!. A protective order should be issued holding Function Media to its agreement and precluding discovery on non-accused technologies.

### B. Discovery Concerning Non-Accused Technologies Should Be Precluded Because It Is Not Reasonably Calculated To Result In Admissible Evidence About The Accused Products

It is beyond dispute that none of APT, Yahoo!'s internal interface for telephone advertising inquiries, or Right Media have ever been accused of infringement in this case. Accordingly, discovery into these technologies serves no purpose other than to permit Function Media to seek new things to accuse of infringement. As noted above, this is not an acceptable basis for discovery in this district. *See Caritas Techs.*, 2006 U.S. Dist. Lexis 94879, at *14-*15 (Patentee "only has the right to discover information regarding the alleged infringing service, not

---

[3] In contrast, although Defendants' joint motion to amend the invalidity contentions has not yet been ruled upon by the Court, Function Media was aware of the prior art raised by Defendants and had ample opportunity to incorporate its understanding of that prior art when crafting its claim construction positions *See* Homrig Decl., Exh. 10 (September 17, 2008 Jason Wolff E-mail). Accordingly, plaintiffs are not similarly prejudiced by Defendants' pending motion for leave to amend their invalidity contentions.

the right to discover information on whether it should assert a claim of infringement regarding other services."). The Northern District of California—which has similar local rules governing patent cases—has reached the same conclusion. *See, Samsung SDI Co., Ltd. v. Matsushita Elec. Indus. Co.*, 2007 U.S. Dist. Lexis 90457, at *9 (N.D. Cal. 2007) (barring discovery into new products outside the scope of the infringement contentions); *Boustred v. County of Santa Cruz*, 2005 WL 2373478, 4 (N.D. Cal. 2005) (The standard of relevancy "is not so liberal as to allow a party 'to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'") (quoting *Food Lion, Inc. v. United Food and Com. Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1013 (D.C. Cir. 1997).

Because there is no legitimate connection to the real issues in this case, discovery into the non-accused technologies is not reasonably calculated to lead to the discovery of admissible evidence, and should be barred by the Court.

### C. Discovery Concerning The Highly Confidential Details Of Yahoo!'s Non-Accused Technology Is Unduly Burdensome And Should Be Precluded

The burden on Yahoo! that would result from disclosing confidential materials for non-accused technologies is substantial. Internet advertising is at the core of Yahoo!'s business and the details of its various approaches to such advertising are highly proprietary and carefully protected. Yahoo! is also a company of much public interest which compounds the risks to it if its confidential material should be disclosed, even if inadvertently.[4] If this confidential

---

[4] Yahoo! does not suggest that counsel for Function Media would intentionally do anything improper, only that it should not be forced to risk having its confidential information of non-accused technologies even inadvertently disclosed. *See*, *Mikohn Gaming Corp. v. Acres Gaming Inc.*, 50 U.S.P.Q.2d 1783, 1784 (D. Nev. 1998) ("Even if competitor's counsel acted in the best of faith and in accordance with the highest ethical standards, the question remains whether access to the moving party's confidential information would create an unacceptable opportunity for inadvertent disclosure.") (internal quotations omitted).

information were to be released into the public domain, even inadvertently, it likely will lose any trade secret protection to which it is entitled. *See, e.g., Linkco, Inc. v. Fujitsu Ltd.,* 230 F. Supp. 2d 492, 498-99 (S.D.N.Y. 2002). In short, once the "genie" is out of the bottle, it cannot be put back in.

Moreover, the Function Media patents are in reexamination and the claims have all been rejected. This raises the prospect of the claims being amended. Claim drafting should not occur with access to Yahoo!'s proprietary information about non-accused technologies. Again, even assuming as Yahoo! does that opposing counsel will act in good faith, the harm from an inadvertent disclosure is severe and should not be risked here for technologies that are not accused of infringement.

Finally, even if it could show that discovery of the non-accused technologies is reasonably calculated to lead to the discovery of admissible evidence—which it cannot—Function Media would still have to prove that it had a particular need for highly confidential or trade secret information about the non-accused technologies that outweighs any harm or burden to Yahoo!. *Micro Motion, Inc.*, 894 F.2d at 1323-25 ("<u>Even if relevant</u>, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.") (emphasis in original). Function Media cannot meet this high burden in this case. As explained above, the only use for this information would be to expand improperly Function Media's allegations in this or another lawsuit, which is simply not a legitimate basis for discovery or a compelling need that can outweigh the many potential harms to Yahoo!.

/

/

### III. Conclusion

For the foregoing reasons, Yahoo! respectfully asks the Court to grant this motion for a protective order barring Function Media from taking discovery on Yahoo!'s non-accused technologies.

DATED: April 1, 2009	WEIL, GOTSHAL & MANGES LLP

*/s/* Douglas E. Lumish
Douglas E. Lumish

Matthew D. Powers
matthew.powers@weil.com
Douglas E. Lumish
doug.lumish@weil.com
Jeffrey G. Homrig
jeffrey.homrig@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Pkwy.
Redwood Shores, CA 94065
Tel: 650.802.3000
Fax: 650.802.3100

ATTORNEYS FOR DEFENDANT YAHOO!, INC.

## CERTIFICATE OF CONFERENCE

I certify that counsel for Yahoo!, Inc. have satisfied the "meet and confer" requirements of Local Rule CV-7(h).

The personal conference requirement of Local Rule CV-7(h) has been met. On March 19-20, 2009, during Matthew Plummer's deposition, I met and conferred several times in person with Jeremy Brandon, counsel of record for Function Media LLC. In those conferences, Mr. Brandon and I discussed our clients' positions. On March 23, 2009, Max Tribble of Susman Godfrey LLP, Lead Counsel for Function Media LLC, and I further met and conferred telephonically regarding this discovery dispute. In that conference, Mr. Tribble and I again discussed our clients' positions. These discussions conclusively ended in an impasse concerning whether Yahoo!, Inc. should be granted a protective order precluding Function Media LLC from seeking the discovery of information at issue in the motion.

*/s/* Douglas E. Lumish
Douglas E. Lumish

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on this 1st day of April, 2009. As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                            /s/  Stefani C. Smith
                                            Stefani C. Smith