IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C., | § § § | |
| Plaintiff, | § § | CIVIL ACTION |
| v. | § § | NO. 2-07CV-279 |
| GOOGLE, INC. and YAHOO!, INC., | § § | |
| Defendants. | § § § § § | |

**YAHOO!, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO YAHOO!'S MOTION BARRING DISCOVERY INTO NON-ACCUSED TECHNOLOGY**

## I. Introduction

As described in Yahoo!'s Motion, Function Media is seeking discovery concerning technologies it agreed not to add to the case and that go well beyond the technologies identified in its preliminary infringement contentions. Yahoo!'s Motion sets forth several independently sufficient reasons why the Court should bar Function Media from broadening discovery in this manner at this late stage of the case. In response, Function Media offered a hodgepodge of excuses for why, in spite of the demonstrated prejudice to Yahoo!, it should be allowed to wipe the slate clean on its agreements and open this case up far beyond the actual accused Yahoo! technologies. None of Function Media's excuses are sufficient as a matter of law and, as illustrated below, the arguments that Function Media concedes, or fails to address substantively, are dispositive.[1]

## II. Function Media Has No Legitimate Excuse For Reneging On Its Agreements Or For Its Belated Attempts To Broaden Discovery

### A. Function Media Should Be Held To Its Agreements

Five months ago, Function Media agreed not to amend its infringement contentions or to seek to add new accused technologies to the case. Function Media does not dispute this. Instead, it attempts to wriggle out of this agreement by claiming that it did not mean for the agreement to last "forever." Motion to Compel, at 9. When made, however, Function Media's representation that it would not amend its contentions was unqualified, and its conduct bears this out: not only did it fail to seek leave to amend its contentions, it cited in its opposition

---

[1] To gain the last word, Function Media skirted procedure and filed a motion to compel in lieu of a substantive brief in opposition to Yahoo!'s Motion for Protective Order. Although summarized and rebutted in this Reply, Function Media's arguments will be addressed in greater detail in Yahoo's Response to that Motion, which is due to be filed on April 30.

to Defendants' motion for leave to amend their invalidity contentions the discussion with Yahoo! in which it chose to forego new technologies. Function Media should be held to this agreement.

Function Media's attempt now to repudiate its agreement stands against a backdrop of delay and a lack of diligence. The Motion to Compel highlights broad requests that purport to scoop in the products about which Function Media now seeks discovery. Motion to Compel, at 2. But it omits mention of Yahoo!'s unambiguous response: "Yahoo! will only produce documents related to Yahoo! products specifically accused in Function Media's March 3, 2008 infringement contentions." Declaration of Jeffrey G. Homrig in Support of Yahoo!'s Reply, Exh. 1 (Sept. 4, 2008 Ltr to Jeremy Brandon, p. 2). Function Media and Yahoo! have been in constant communication in the ensuing seven months on discovery issues, but Function Media has never previously responded to Yahoo!'s objections, moved to compel, nor even sought to meet and confer on this subject. Likewise, when Function Media served its 30(b)(6) notice, Yahoo! objected to the broad definition of accused products and stated that it would only produce a witness to testify about the technologies identified in the infringement contentions. *See*, Yahoo!'s Motion, at 6. Function Media again did not respond to Yahoo!'s objections, did not contest their scope until after the deposition began, and did not seek to meet and confer with Yahoo!. Function Media disputes none of these facts.

Much happened during this period of delay. For example, Yahoo! relied upon Function Media's infringement contentions to identify claim construction disputes and frame them for the Court. Function Media attempts to duck this issue by mischaracterizing Yahoo!'s argument. It cannot be disputed credibly that the parties' infringement and validity positions create claim construction disputes and affect which terms the Court is asked to construe.

Because the products that are accused of infringement affect the disputes that are raised with the Court, allowing Function Media to accuse new products at this stage prejudices Yahoo!.

**B.      Function Media Does Not Contest That The Information Sought Is A "Trade Secret Or Other Confidential Research, Development, Or Commercial Information"**

Rather than dispute this issue, Function Media *emphasizes* the invasiveness of its requests for confidential information about the non-accused products. Indeed, as Function Media so willingly acknowledges, it seeks, *inter alia*, "*all documents* concerning the implementation" of these products, including *source code*. Motion to Compel, at 2-3. This information is at the core of what Rule 26 seeks to protect, as Function Media's Motion concedes. *Id.* at 12-13.

**C.      Function Media Makes No Substantive Argument Disputing That Production Of Confidential Information About Non-Accused Products Is Burdensome And Costly**

Yahoo! outlined in its Motion several ways in which the production of information about non-accused products would be burdensome and costly, but Function Media offers no substantive response.

Rather than address the risk of inadvertent disclosure inherent in any production of confidential information head on, for example, Function Media simply declares that there can be no such risk because a Protective Order has been entered in this case. Motion to Compel, at 12-13. But reason and experience teach otherwise, and simply declaring the risk of inadvertent disclosure, so often discussed in the case law, to be a non-issue ignores reality.

In the same vein is Function Media's declaration that producing information about the core aspects of Yahoo!'s business "is no burden at all." *Id.* at 13. This, again, ignores reality: Yahoo! operates in a highly-competitive environment in which its every move is watched and reported in trade journals, newspapers, and on the Internet. Moreover, Yahoo!'s core assets – its business strategy and the source code that implements its technology – are easily copied and distributed. Once disseminated, this information is not recoverable. Again, Function

Media does not dispute this directly, but merely declares, without support, that the risk of disclosure is a non-issue.

Finally, Function Media ignores entirely the fact that it seeks to broaden the scope of discovery dramatically, and that this would cause a dramatic increase in Yahoo!'s discovery costs.[2]

**D. Function Media's Attempt To Show Other Grounds For Relevance Are Unsupported**

Function Media's remaining arguments that information about the non-accused products is relevant – and therefore that the burden and expense of producing it is justified – can be dismissed easily, because none is supported.

Function Media's principal argument in this regard is that, under *Epicrealm Licensing v. Autoflex Leasing, Inc.* the non-accused products are "reasonably similar" to the specific combination of accused products identified in its infringement contentions, and therefore should be subjected to discovery.[3] When looked at closely, Function Media's argument boils down to

---

[2] Function Media also mistakenly argues that Yahoo!'s demonstration of undue burden or expense depends on a finding that the discovery sought is irrelevant. Motion to Compel, at 12. Federal Circuit case law compels the opposite conclusion: "<u>Even if relevant</u>, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of information." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323-25 (Fed. Cir. 1990) (emphasis in original). Of course, if the discovery is irrelevant – as it is here – then there is nothing to counterbalance the burden and expense and the requested discovery should not be permitted.

[3] Function Media also accuses Yahoo! of attempting to mislead the Court by citing *Caritas Techs., Inc. v. Comcast Corp.*, 2006 U.S. Dist. LEXIS 94879 (E.D. Tex. 2006), but not the subsequent *Microunity Sys. Eng'g, Inc. v. Adv. Micro Devices, Inc.*, 2-06-cv-486, Dkt. No. 38 (E.D. Tex. May 3, 2007) and *Epicrealm Licensing v. Autoflex Leasing, Inc.*, 2007 WL 2580969 (E.D. Tex. 2007). Motion to Compel, at 6. Yahoo! did nothing of the sort: Yahoo! was unaware of the cases. First, neither was referenced when *Caritas* was Shepardized in Lexis. Second, both cases are unpublished, and *Microunity* is not even found in Lexis or Westlaw. Indeed, Function Media cites to *Microunity* by its docket entry rather than any reporter or a Lexis or Westlaw citation. Motion at 6. In any event, these cases ultimately <u>support</u> Yahoo!'s motion.

the naked assertion that three technologies that are very different from each other – an online software program (APT), a telephone-based system (Direct), and a system in which a customer's software communicates directly with Yahoo!'s software (API) – are each "reasonably similar" to the accused technology *merely because they are used to serve the same types of customers*. Motion to Compel, at 6-7. The assertion simply has no basis in fact, and Function Media does not even attempt to offer one.

Likewise, Function Media asserts that these non-accused products may be relevant to willfulness or damages, but fails to explain exactly how this is so.

In sum, these unsupported arguments simply do not establish that the discovery sought has any relevance to the case as it now stands, and so discovery should be precluded.

**III. Conclusion**

For the foregoing reasons, Yahoo! respectfully asks the Court to grant this motion for a protective order barring Function Media from taking discovery on Yahoo!'s non-accused technologies.

DATED: April 24, 2009                             WEIL, GOTSHAL & MANGES LLP

                                                  */s/* Douglas E. Lumish
                                                  Douglas E. Lumish
                                                  doug.lumish@weil.com
                                                  WEIL, GOTSHAL & MANGES LLP
                                                  201 Redwood Shores Pkwy.
                                                  Redwood Shores, CA 94065
                                                  Tel: 650.802.3000
                                                  Fax: 650.802.3100

                                                  ATTORNEYS FOR DEFENDANT YAHOO!, INC.

---

*See, e.g., Epicrealm* at *3 ("[d]elay and diligence remain factors to consider in deciding whether 'good cause' justifies the amendment of infringement contentions after the deadline contained in a scheduling order."). These cases will be addressed in more detail in Yahoo!'s opposition to Function Media's Motion to Compel.

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on this 24th day of April, 2009. As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                            /s/ Jeffrey G. Homrig
                                            Jeffrey G. Homrig