# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| v. | § | |
| | § | NO. 2-07-CV-279 |
| GOOGLE, INC. and YAHOO!, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

## YAHOO!, INC.'S OPPOSITION TO PLAINTIFF'S
## MOTION TO COMPEL DISCOVERY INTO NON-ACCUSED TECHNOLOGY

## I. INTRODUCTION

Although Function Media suggests otherwise, this motion to compel does not arise out of any instruction by Yahoo!'s counsel preventing its 30(b)(6) witness, Matthew Plummer, from answering questions that went beyond the scope of a 30(b)(6) deposition notice. Yahoo!'s counsel did not instruct Mr. Plummer on that ground and does not now suggest to the Court that discovery should be blocked on that ground. On the contrary, Yahoo! instructed its witness not to answer—as Rule 30(d) allows—solely to give it time to bring a motion for a protective order precluding discovery about the highly-confidential and trade secret details of non-accused technologies. Yahoo! made this instruction based on Function Media's prior agreement not to seek to add new technologies to the case and based on the burden and cost of such invasive and irrelevant discovery. Thus Function Media's procedural arguments are simply misdirected.

Also misguided are Function Media's substantive arguments. Function Media should not be permitted to expand the scope of discovery to include the proprietary technical details of technologies that are not accused of infringement in this case. Function Media gave up any legitimate claim to do so by voluntarily dropping its request to amend its contentions five months ago, and its new excuse—that it did not intend that promise to last forever—should be rejected. In addition, discovery about the highly-confidential details of the non-accused technologies is oppressive, would impose an undue burden on Yahoo!, is not reasonably calculated to lead to the discovery of admissible evidence about the technologies that are accused of infringement in this case, and does not seek discovery about technologies that Function Media has demonstrated to be "reasonably similar" to the accused technology under this Court's decision in *Epicrealm v. Autoflex*, 5-07-cv-00125, Dkt. No. 419 (E.D. Tex. Nov. 20, 2007).

## II. PERTINENT BACKGROUND

In September 2008, Yahoo! released APT, a new advertising approach that had been much heralded by the press for more than five months. *See*, Homrig Decl.[1], Exh. 4. At the time of the release, the parties were in the midst of a meet and confer process concerning the defendants' desire to amend their invalidity contentions. During that meet and confer, Function Media's counsel told Yahoo!'s counsel that Function Media wanted to amend its infringement contentions "in light of changes [that] Defendants have made to their respective products." Homrig Decl., Exh. 7 (September 23, 2008 Brandon E-mail).

On October 20, 2008, the parties spoke again to discuss Function Media's September 23, 2008 request to amend its infringement contentions. Homrig Decl., ¶ 12. When asked what he meant by the statement in his September 23 email concerning "changes [that] Defendants have made to their respective products since service of our infringement contention," Mr. Brandon responded that Function Media was aware that Yahoo! had released a new advertising system, and that his email was referring to supplementation of the contentions to address that product. *Id.* Counsel for Yahoo! then informed Mr. Brandon that Yahoo! would object if Function Media moved to amend its infringement contentions to add new products or patents. *Id.* Function Media's counsel responded that Function Media had <u>already decided not to pursue</u> amending its infringement contentions to add new products or patents, and so there would not be an issue. *Id.* Function Media does not deny it made this agreement.

Function Media confirmed the substance of this agreement when, in its opposition to Defendants' motion for leave to amend their invalidity contentions, Function Media told the

---

[1] Citations to the "Homrig Decl." are to the Declaration of Jeffrey Homrig In Support of Yahoo!'s Motion for a Protective Order Barring Discovery Into Non-Accused Technology [D.I. 79].

Court that although it had considered amending its infringement contentions, it did not do so in light of Yahoo!'s objections. *See*, Lane Decl.[2], Exh. 1 Plaintiff's Opposition, Nov. 13, 2008, at 2 n.1 [D.I. 67].

Function Media has consistently accepted that discovery is limited to the accused products, namely, the combination of Yahoo!'s YPN and YSM software when used together to generate internet advertisements. For example, for the deposition at the center of this dispute, Function Media served a 30(b)(6) notice with topics on YSM and YPN or "any technology . . . by Yahoo! that allows the creation, design, modification, processing, formatting, publication, or display of advertisements on media." Lane Decl., Exh. 2 (Function Media's Jan. 8, 2009 30(b)(6) Notice), at 4. Yahoo! objected the scope of this definition as including non-accused products and stated affirmatively that it would provide a witness to testify only about YSM and YPN. *See*, Lane Decl., Exh. 3 (Yahoo!'s Feb. 9, 2009 Objections), at 3-6, 8-9. Function Media did not seek to meet and confer or protest this scope of testimony until the deposition was underway, and did not move to compel a broader scope until after the deposition was complete.

Likewise, Function Media accepted that written discovery is limited to YSM and YPN. In March 2008, Function Media sent a letter defining "Accused Products" to include "any other technology . . . by Yahoo that allows a user to create, publish, or display advertisements on media owned or controlled by entities other than that user." Lane Decl., Exh. 4 (Mar. 7, 2008, Grinstein Letter), at 1-3. Again, Yahoo! responded stating it would "only produce documents related to Yahoo! products specifically accused in Function Media's" contentions. Lane Decl., Exh. 5 (Sep. 4, 2008, Homrig Letter), at 2-3. Function Media did not respond to this objection, did not seek a meet and confer, and did not move to compel.

---

[2] Citations to the "Lane Decl." are to the Declaration of Michael Lane in Support of Yahoo!'s Opposition To Function Media's Motion To Compel.

And again, in its First Set of Interrogatories to Yahoo!, Function Media provided the broad definition of "Accused Products." Lane Decl., Exh. 6 (Function Media's Aug. 25, 2008 Interrogatories), at 5. And again, Yahoo! objected. Lane Decl., Exh. 7 (Yahoo!'s Oct. 31, 2008 Resp.), at 1-2. Although Function Media provided a response to Yahoo!'s objections, it did not contest that discovery is limited to the products that are actually accused. Lane Decl., Exh. 8 (November 17, 2008 Brandon Letter). Indeed, every time Function Media attempted to broaden the scope of discovery to include technical information about non-accused products, Yahoo! objected and Function Media did not respond. Lane Decl., Exh. 9. (Function Media's Nov. 17, 2008 Interrogatory), at 2; Lane Decl., Exh. 10 (Yahoo!'s Dec. 17, 2008 Objections) at 2-3; Lane Decl., Exh. 11 (Dec. 30, 2008 Brandon Letter); Lane Decl., Exh. 12 (Yahoo!'s Feb. 20, 2009 Supp. Resp. 1-8), at 2-3, 6-8; Lane Decl., Exh. 13 (Feb. 20, 2009 Lumish Letter), at 2-3; Lane Decl., Exh. 14 (Yahoo!'s Feb. 20, 2009 Supp. Resp. 9), at 2-3. In every instance, Function Media accepted these objections, and never sought to meet and confer or to compel broader discovery into non-accused technologies.

Despite this record, Function Media attempted to question Yahoo!'s 30(b)(6) designee, Matthew Plummer, about APT and other non-accused technologies. *See*, Lane Decl., Exh. 15 (March 19-20, 2009 Transcript of Matthew Plummer Deposition), at 23:20. Yahoo!'s counsel objected to the question as beyond the scope of the 30(b)(6) notice. *Id.* at 23:22. After Function Media's counsel stated his belief that such an objection is improper in the Eastern District, Yahoo!'s counsel explained that he was not instructing the witness not to answer the question, just that Mr. Plummer's testimony was not 30(b)(6) testimony on that issue. *Id.* at 23:23-24:4. Yahoo!'s counsel then allowed discovery into non-technical details about APT, while properly

noting the continuing objection that Mr. Plummer's testimony on APT was not 30(b)(6) testimony. *Id.* at 24:5-26:7.

When Function Media's counsel then turned to the highly confidential technical details regarding APT, Yahoo!'s counsel stated that, consistent with Yahoo!'s objections to the notice, this witness would not be testifying on products other than the accused products. *Id.* at 26:11-20. Yahoo!'s counsel further explained that he was instructing the witness not to answer, but only to permit Yahoo! to bring a motion for a protective order, and that the parties could instead suspend the deposition long enough to bring a motion for a protective order if Function Media's counsel preferred. *Id.* at 27:3-12; 27:22-28:9. Yahoo!'s counsel further offered to meet and confer on the issue, *id.* at 28:13-14, explained that there was case law holding that a party could properly suspend a deposition in order to move for a protective order, and asked Function Media's counsel if it preferred to go that route. *Id.* at 28:23-29:7. Function Media's counsel replied: "I do not want you to suspend the deposition on the topics that I noticed for today". *Id.* at 29:8-9. Similar exchanges between counsel occurred on several occasions throughout the two day deposition of Mr. Plummer. *See id.*, at 27:3-12; 28:15-29:7; 336:17-337:10; 337:11-38:17; 419:13-22; 420:2-5; 422:17-22; and 432:1-8. The parties also attempted several times to resolve the issue by calling the Discovery Hotline, but were unsuccessful at reaching the Court. *Id.* at 57:3-11; 82:11- 83:21.

Throughout the deposition (and its motion, *see, e.g.,* Motion to Compel at 3), Function Media's counsel repeatedly characterized Yahoo!'s instructions as blocking the witness from answering questions on the grounds that the questions were beyond the scope of the 30(b)(6) notice. But as the record shows, this is not what happened. Yahoo!'s counsel only instructed Mr. Plummer not to answer questions about the highly confidential details of APT and other non-

5

accused technologies in order to permit Yahoo! to bring a motion for a protective order (and, as explained above, the deposition was not suspended, as Yahoo! was prepared to do, at Function Media's request). Yahoo! <u>permitted</u> Mr. Plummer to testify about non-confidential details of these technologies even though such testimony exceeded the scope of the deposition notice.

## III. FUNCTION MEDIA SHOULD BE HELD TO ITS AGREEMENTS

As explained above, five months ago, after a meet and confer squarely on point, Function Media <u>agreed</u> not to amend its infringement contentions or to seek to add new accused technologies to the case. Unable to truthfully dispute the fact of that agreement, Function Media is now backpedaling by claiming that it did not intend for the agreement to last "forever." Motion To Compel, at 9. When the parties made the agreement, however, Function Media's representation that it would not amend its contentions was unqualified, and its subsequent conduct bore this out: as explained above, not only did Function Media fail to seek leave to amend its contentions, it made express reference to the agreement not to do so in its opposition to Defendants' motion for leave to amend their invalidity contentions. Function Media should not be allowed, at this late stage of the case, to add *post hac* qualifications to its agreement.

Further, Function Media offers no explanation for its delay and lack of diligence in responding to Yahoo!'s consistent position that it would only provide discovery related to the accused technologies. Indeed, Function Media's agreement and subsequent conduct squares exactly with its failure to respond to any of Yahoo!'s objections to the scope of discovery during the past seven months. As explained above, Yahoo! consistently objected to Function Media's attempt to gain discovery about non-accused products, and Function Media never responded to those objections.

Much happened during this period of delay. For example, Yahoo! relied upon Function Media's infringement contentions to identify claim construction disputes and frame them for the

6

Court. Function Media attempts to duck this issue by mischaracterizing Yahoo!'s argument. It cannot be disputed credibly that the parties' infringement and validity positions create claim construction disputes and affect which terms the Court is asked to construe. Because the products that are accused of infringement affect the disputes that are raised with the Court, allowing Function Media to accuse new products at this stage prejudices Yahoo!.

## IV. DISCOVERY ON THE CONFIDENTIAL TECHNICAL DETAILS OF YAHOO!'S NON-ACCUSED PRODUCTS IS IMPROPER AND SHOULD BE BARRED

Federal Rule of Civil Procedure 26(c) permits courts to order "that certain matters not be inquired into" and "that a trade secret or other confidential research, development, or commercial information not be revealed" in order to "protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(G). Under this standard, the highly confidential information that Function Media now seeks is improper and should be barred. This is true even under the "reasonably similar" standard espoused by Function Media.

### A. Function Media Seeks Unduly Burdensome, Oppressive And Costly Discovery About Highly Confidential And Irrelevant Technologies

#### 1. The Non-Accused Technologies Are Not Relevant Or Likely To Lead To The Discovery Of Admissible Evidence

There is no dispute that Yahoo!'s APT software, its advertising APIs, its telephone communication with customers, and its Right Media technology have never been accused of infringement in this case. For this reason alone, discovery of highly confidential materials relating to these technologies are not relevant or likely to lead to admissible evidence in this case and should not be compelled.

Function Media strains to argue the relevance of the non-accused technologies by asserting that such information may be relevant to its damages or willfulness claims. Motion to Compel, at 7, 10. But Function Media did not ask any willfulness-related or damages-related

questions regarding the non-accused technologies, such as whether any of these technologies were an attempt to design-around the Function Media patents or whether any are non-infringing alternatives. Moreover, Yahoo! has not asserted that it is relying on these non-accused technologies as proof of non-infringing alternatives. Most importantly, <u>Yahoo! did not restrict discovery into the non-technical aspects of the non-accused technologies</u>, and <u>did not instruct</u> Mr. Plummer not to answer such questions; Function Media simply failed to ask them. In this light, Function Media's attempt to manufacture relevance now cannot be supported.

    **2.    The Burdens And Costs Associated With The Discovery Function Media Seeks Cannot Be Justified**

There is no dispute that Function Media is seeking invasive discovery concerning extremely sensitive and proprietary information. Indeed, as Function Media acknowledges, it seeks, *inter alia*, "*all documents* concerning the implementation" of the non-accused technologies including *source code*. Motion to Compel, at 2-3. This information is at the core of what Rule 26 seeks to protect, as Function Media's Motion concedes. *Id.* at 12-13.

Yahoo! outlined in its Motion several ways in which the production of information about non-accused products would be burdensome and costly, but Function Media offers no substantive response in opposition to the motion or in its Motion to Compel. Rather than address the risk of inadvertent disclosure inherent in any production of confidential information head on, for example, Function Media simply declares that there can be no such risk because a Protective Order has been entered in this case. Motion to Compel, at 12-13. But reason and experience teach otherwise, and simply declaring the risk of inadvertent disclosure, so often discussed in the case law, to be a non-issue ignores reality.

In the same vein is Function Media's declaration that producing information about the core aspects of Yahoo!'s business "is no burden at all." *Id.* at 13. This, again, ignores reality:

Yahoo! operates in a highly-competitive environment in which its every move is watched and reported in trade journals, newspapers, and on the Internet. Moreover, once produced, Yahoo!'s core assets—its business strategy and the source code that implements its technology—are easily copied and distributed.

Finally, Function Media ignores entirely the fact that it seeks to substantially broaden the scope of discovery at this late stage, and that this would cause a dramatic increase in Yahoo!'s discovery costs.[3]

### B. Function Media Does Not Meet The "Reasonably Similar" Standard It Espouses

Tacitly conceding that the discovery it seeks has nothing to do with the accused technologies, Function Media relies on this Court's decision in *Epicrealm Licensing v. Autoflex Leasing*, and contends that the non-accused technologies are "reasonably similar" to the accused technologies, and so discovery should be permitted. *See,* Motion to Compel, at 6-7. But, Function Media fails to establish any of the essential elements applied in *Epicrealm*, and its motion should fail as a result.

#### 1. The *Epicrealm* "Reasonably Similar" Standard

In *Epicrealm I*, Judge Folsom addressed a Motion for Reconsideration on plaintiff's Motion to Compel production in a patent infringement case. Plaintiff in that case sought discovery related to a non-accused product, but argued that "the scope of discovery should not be

---

[3] Function Media also mistakenly argues that Yahoo!'s demonstration of undue burden or expense depends on a finding that the discovery sought is irrelevant. [Motion to Compel, at 12]. Federal Circuit case law compels the opposite conclusion: "<u>Even if relevant</u>, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) (emphasis in original). Of course, if the discovery is irrelevant – as it is here – then there is nothing to counterbalance the burden and expense and the requested discovery should not be permitted.

strictly limited to products and services specifically accused by its infringement contentions." *See Epicrealm Licensing LLC v. Autoflex Leasing LLC ("Epicrealm I"),* 2007 WL 2580969, at *2 (E.d. Tex. Aug. 27, 2007). The Court in that case held that "the scope of discovery may include products and services . . . 'reasonably similar' to those accused in the PICs." *Id.* at *3 (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1366 (Fed. Cir. 2006) (internal quotations omitted). Importantly, however, the *Epicrealm I* court also found that plaintiff "had an obligation to investigate and provide to Defendants . . . an appropriate infringement theory." *Id.* Moreover, under the *Epicrealm I* standard, "[d]elay and diligence" remain factors to be considered." *Id. See, also, Honeywell Int'l v. Acer Am. Corp.*, 2009 WL 274829, at *5 (E.D. Tex. Feb. 5, 2009) (finding that the burden is on the plaintiff to demonstrate that it has given notice of a specific theory of infringement, that the new products are reasonably similar, and that the plaintiff has diligently sought the information). The Court then remanded the case to the Magistrate Judge for consideration of these factors. *Epicrealm I*, at *4.

On remand, Magistrate Judge Craven applied the "reasonably similar" standard and <u>denied</u> discovery concerning products that were not at least referenced in plaintiff's preliminary infringement contentions. Lane Decl., Exh. 16 (*Epicrealm v. Autoflex*, 5-07-cv-00125, Dkt. No. 419 at (E.D. Tex. Nov. 20, 2007) (*"Epicrealm II"*)). Specifically, the Court first noted that, as it had previously found, plaintiff had not given notice of a specific theory of infringement, and rather it "sought discovery on new specific theories of infringement." *Epicrealm II* at 7. The Court did find that the plaintiff had been diligent because, unlike Function Media, the plaintiff moved to compel promptly in response to the defendant's objections to the deposition notices. *Id.* at 7, 17-18. The Court also considered whether the non-accused systems were reasonably similar to the accused systems. Weighing all three factors, the Court ordered discovery only as

10

to products that were identified in substantial part in the contentions (*i.e.*, for the system with a website, only if the system or the website had been identified in the contentions). Thus, the Court refused to allow a broad scope of discovery untethered to the infringement contentions, even though one of the three factors favored the plaintiff. *Id.* at 17-18. Here, Function Media cannot establish that any of these factors is met.

### 2. Function Media Does Not Meet The *Epicrealm* Standard In This Case

#### a. Function Media Has Not Given Notice Of An Appropriate Infringement Theory Encompassing The Non-Accused Technologies

Function Media's infringement allegations in its PICs are limited to instances where both Yahoo! Publisher Network (YPN) and Yahoo! Search Marketing (YSM) software are used together. *See*, Lane Decl., Exh. 17 (Excerpts from Plaintiff's 3-1 Disclosures). In particular, Function Media contends that these two programs comprise the two different "interfaces" or "means" that must be used by entities called "media venues" and "sellers" in every asserted claim in the Function Media patents. This is Function Media's <u>only</u> theory of infringement and it does not encompass any of the non-accused technologies. *Id*. Indeed APT, telephones, APIs and RightMedia are never mentioned. *Id.*

Function Media's ignores this factor and fails even to argue that it has a theory of infringement encompassing the non-accused technologies or that puts Yahoo! on notice concerning those technologies. Function Media's motion should be denied.

#### b. Function Media Has Not Been Diligent In Seeking Discovery Of The Non-Accused Technologies

In *Epicrealm II*, the Court found that plaintiff had been diligent when it responded to defendant's discovery objections, sent numerous discovery letters on the issue to defendants, and moved to compel discovery of the non-accused technologies upon receiving defendant's objections to the scope of deposition notices.

None of these things happened in this case. Rather, as explained above, Function Media agreed <u>not</u> to seek to add new technologies to the case, confirmed that agreement to the Court, remained silent after receiving objections that its discovery requests and deposition notices went beyond the accused products, and only brought this motion to compel after Yahoo!'s motion for a protective order was already on file. Put simply, Function Media has not been diligent in seeking to expand discovery in this case, and has failed to proffer any evidence (or even argument) to support any other conclusion. Accordingly, Function Media fails the requisite diligence factor of *Epicrealm II* and its motion should be denied as a result.

        c.    **The Non-Accused Technologies Are Not Reasonably Similar To The Accused Technologies**

Under *Epicrealm*, Function Media bears the burden of demonstrating that the non-accused technologies are reasonably similar to the accused technologies in order to justify discovery. *See*, *Honeywell Int'l*, 2009 WL 274829, at *5. In *Epicrealm II*, the Magistrate Judge found that the non-accused products were reasonably similar to the accused products only where either the system or the website was specifically mentioned in plaintiff's PICs (and so there was notice and a clear connection between the accused and the non-accused technologies), and denied discovery into products that were not mentioned. *Epicrealm II*, at 19.

Here, Function Media never mentioned the non-accused technologies in its PICs and it cannot demonstrate a nexus between those technologies and the specific infringement theory it set forth in the PICs. Lane Decl., Exh. 17. Indeed, Function Media's argument that all three non-accused technologies are somehow similar to the accused YPN/YSM software makes no sense: The three technologies are very different from each other and comprise online software programs (APT and RightMedia), a telephone-based system, and a system in which a customer's own software links into other Yahoo! software (API). Function Media concludes without

support that these technologies are "reasonably similar" to the accused technology merely because they are used to serve the same types of customers, but makes no effort to show any technological similarity among the technologies or, more importantly, any connection between these non-accused technologies and the PICs on the patents-in-suit. Motion to Compel, at 6-7. Ultimately, Function Media's conclusion has no basis in fact, and Function Media does not even attempt to offer one.

Taken together, none of the considerations in the *Epicrealm* standard supports Function Media's motion: The non-accused products do not fall within the scope of the infringement theory articulated in Function Media's PICs, Function Media has been dilatory in seeking discovery on these technologies, and Function Media has not offered any legitimate explanation to establish that the non-accused technologies are reasonably similar to the accused technologies. Function Media's motion should be denied.

## V. YAHOO!'S INSTRUCTIONS NOT TO ANSWER IN ORDER TO BRING A MOTION FOR A PROTECTIVE ORDER WERE PROPER

Finally, diverting from the merits, Function Media's motion repeatedly suggests that Yahoo! violated the Court's Rules by instructing Mr. Plummer not to answer questions about the highly confidential technical details of non-accused products. Motion to Compel at 3-4, 6, 13. Under the Eastern District Local Rules and the Federal Rules of Civil Procedure, however, Yahoo!'s instructions during Mr. Plummer's deposition were proper and justified.

Local Rule CV-30 specifically recognizes that, under Federal Rule of Civil Procedure 30(d), a party <u>may</u> instruct a deponent not to answer a question "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d). This standard was plainly met here.

As explained above and in Yahoo!'s Motion for a Protective Order, Yahoo!'s objections and instructions result from Function Media's unjustified attempt to repudiate its agreement not to add new technologies, and its failure to diligently respond to Yahoo!'s repeated objections to the scope of discovery to which Function Media now contends it is entitled. Function Media's specious claim now that it did not intend that agreement to last forever—which was, of course, never communicated to Yahoo!—and its attempt to surprise a witness with questions it knew were objected to by Yahoo! without even attempting to meet and confer on the issue beforehand, establishes that the questions were being asked "in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." *Id.*

Yahoo!'s position is further supported by this Court's statement in *Mass Engineering Design, Inc. v. Ergotron*, that instructions not to answer deposition questions would have been proper had the party asserted "that it intended to file a Rule 30(d) motion . . . ." *See,* Lane Decl., Exh. 18 (2:06-cv-272, Dkt. No. 195, at 3 (E.D. Tex. January 8, 2008) (J. Davis)). Other courts have reached the same conclusion. *See, e.g., Quantachrome Corp. v. Micrometrics Instrument Corp.*, 189 F.R.D. 697, 701 (S.D. Fla. 1999) ("counsel should instruct a witness not to answer only to preserve a privilege or move for a protective order") (emphasis added); *McDonough v. Keniston*, 188 F.R.D. 22, 25 (D. N.H. 1998) (instruction not to answer on grounds other than privilege should be accompanied by a Rule 30(d)(3) motion); *Paparelli v. Prudential Ins. Co. of Am.*, 108 F.R.D. 727, 731 (D. Mass. 1985) (commenting that, even where the basis of the objection is that the subject matter is beyond the scope of the 30(b)(6) notice, the witness can properly be instructed not to answer to protect trade secrets so long as the instructing party immediately seeks a protective order).

Function Media fails to rebut this law in its motion, and the totality of its showing on Rule 30(d)(3) consists of a statement that the deposition questions were "not personal in nature, and they were not out of line." Motion to Compel, at 8. This conclusory statement misses the point and suggests erroneously that so long as the witness is not being harassed or embarrassed, all questions are fair game. Rule 30(d)(3), however, makes clear that depositions can be limited where the <u>party</u> is being annoyed, harassed or oppressed or where the questions are being asked in bad faith. Fed. R. Civ. P. 30(d)(3). Given Function Media's disregard for its agreement and its attempt to surprise a witness at deposition instead of meeting and conferring in advance, Yahoo! submits that Rule 30(d)(3) clearly applies and its instructions not to answer were proper and necessary to give the company a chance to bring the motion for a protective order that was promptly filed with the Court.

Ultimately, Function Media's contention that Yahoo!'s objections violated the Court's rules bear no weight and should be seen as little more than an attempt to divert attention from Function Media's own improper conduct.

## VI. CONCLUSION

For the foregoing reasons, Yahoo! respectfully asks the Court to deny Plaintiff's Motion to Compel discovery into Yahoo!'s non-accused technologies.

DATED: April 30, 2009                    WEIL, GOTSHAL & MANGES LLP

*/s/* Douglas E. Lumish
Douglas E. Lumish
doug.lumish@weil.com
201 Redwood Shores Pkwy.
Redwood Shores, CA 94065
Tel: 650.802.3000
Fax: 650.802.3100

ATTORNEYS FOR DEFENDANT YAHOO!, INC.

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on this 30th day of April, 2009.  As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                          <u>/s/  Michael D. Lane</u>
                                          Michael D. Lane