# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **FUNCTION MEDIA, L.L.C.,** | **Civil Case No. 2:07-CV-279 (CE)** |
| **v.** | |
| **GOOGLE, INC. AND YAHOO!, INC.** | **JURY TRIAL DEMANDED** |

## GOOGLE INC.'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE
### DEPOSITIONS OF THREE TOP-LEVEL EXECUTIVES

01980.51542/3018452.3

Dockets.Justia.com

Defendant Google Inc. ("Google") respectfully moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c) to preclude Function Media, LLC ("Function Media") from taking the depositions of three of Google's highest-level executives, none of whom has unique knowledge relevant to the disputed issues in this patent infringement case.

## Introduction

Under federal law, high-level executives should only be deposed if two conditions are met. First, they must have unique personal knowledge that is relevant to the case. Second, the party seeking the deposition must first attempt to obtain the information to be elicited by other less burdensome means of discovery.

Function Media has demanded without justification to depose (1) Larry Page, Co-Founder and President, Products, (2) Sergey Brin, Co-Founder and President, Technology, and (3) Susan Wojcicki, Vice President, Product Management. These three are all top-level executives at Google. Function Media has never identified Messrs. Page or Brin or Ms. Wojcicki in its Initial Disclosures as a person having discoverable knowledge. Nor has Google. Google has repeatedly informed Function Media that it has no intention of calling these top-level executives as witnesses at trial, and that it does not intend to rely on documents or other evidence unique to these executives.

Indeed, Google has provided Function Media with more than sufficient information from the persons most knowledgeable about the facts and circumstances related to this case. Google has provided or agreed to provide 17 Google employees with superior knowledge to testify by oral deposition, both in response to 41 separate topics in Function Media's several notices of 30(b)(6) depositions and in their personal capacity. These numerous witnesses are the persons most knowledgeable of the Google advertising programs that Function Media accuses of patent infringement. Google has also produced over four million pages of documents to Function

Media.  In contrast, Function Media has failed to identify any unique knowledge relevant to this case that Messrs. Page or Brin or Ms. Wojcicki may have, and failed to show that the information it seeks could not be obtained by less burdensome means.  These depositions would be oppressive, unduly burdensome and harassing.  Accordingly, under governing federal law, Function Media should be precluded from taking these depositions by an appropriate protective order.

## Statement of Facts

On July 3, 2007, Function Media filed its Complaint alleging patent infringement of U.S. Patent Nos. 6,446,045 and 7,240,025.  (Dkt. No. 1.)  The '045 patent issued September 3, 2002 and the '025 patent issued July 3, 2007, the day the complaint was filed.  The First Amended Complaint, filed July 24, 2007, added U.S. Patent No. 7,249,059, which issued the same day. (Dkt. No. 12.)  Function Media accuses Google's Internet advertising programs of infringement of the patents-in-suit.  All of the claims relate to methods and systems for generating advertising.

On September 24, 2007, Google filed its Answer and Counterclaims, denying Function Media's allegations of patent infringement and counterclaiming for declaratory judgments of non-infringement, invalidity and unenforceability of the patents-in-suit.  (Dkt. No. 18.)

**A.**     **Google Identifies Dozens of Employees With Knowledge of the Issues Relevant to this Case.**

On March 24, 2008, Function Media served its Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) and the Court's January 24, 2008 Discovery Order.  (Anderson Decl., Exh. A.)  Function Media did not identify Messrs. Page or Brin or Ms. Wojcicki as among the persons having discoverable knowledge.  On January 9, 2009, Function Media amended its Initial Disclosures, but again did not mention any of these three executives as having discoverable knowledge.  (Id. at Exh. G.)

On March 24, 2008, Google provided its Initial Disclosures. Google identified 11 Google employees likely to have discoverable information. (Id. at Exh. B.) On August 27, 2008, Google provided supplemental initial disclosures, identifying 21 additional – and 32 total – Google employees likely to have discoverable information regarding the issues in dispute. (Id. at Exh. D.) Messrs. Page and Brin and Ms. Wojcicki were not identified as having discoverable knowledge.

During the summer and fall of 2008, Function Media and Google agreed to a collaborative process to identify document custodians likley to possess discoverable information whose files would be searched for responsive documents and things. (Id. at Exh. C.) Function Media participated in and consented to the results of this process. The process identified custodians at Google likely to have information pertaining to the case. Among the Google custodians identified were 22 individuals likely to have specific information pertaining to the allegedly infringing products and/or the particular features at issue in the case, numerous additional individuals most likely to have information regarding Function Media, and those individuals likely to have information relevant to damages and/or financial information pertaining to the accused products. Again, Messrs. Page and Brin and Ms. Wojcicki were not identified as among the Google employees likely to have discoverable documents. Through this process, Google has reviewed and produced over four million pages of documents responsive to Function Media's discovery requests. (Id.)

On January 8, 2009, Function Media served its Notice of First Rule 30(b)(6) Deposition of Google; on April 19, 2009, Function Media served its Second Notice of Rule 30(b)(6) Deposition of Google; and on June 8, 2009, Function Media served its Third Notice Rule 30(b)(6) Deposition of Google. (Id. at Exhs. F, I & L.) Collectively, these 30(b)(6) notices

contain 41 deposition topics, many of which include multiple sub-parts, regarding the accused products as well as infrastructure, financial and accounting topics.  Google provided its objections and responses to each of these, and has produced or agreed to produce a corporate witness for all but a few of these topics, even as the parties continued to clarify the scope of those topics.  For the few topics that remain inadequately defined, Google expects the parties to reach an agreement that will allow it to identify a witness.

Specifically, Google has identified and agreed to prepare for oral deposition 11 separate corporate witnesses for some 37 distinct 30(b)(6) deposition topics.  Google has prepared and produced for oral deposition as a corporate representative:

- Paul Feng, Product Manager;

- Richard Holden, Product Management Director;

- Angela Lai, Uber Tech Lead; and

- Jason Miller, Product Manager.

Google has further agreed to prepare and produce for oral deposition as a corporate representative seven additional witnesses:

- Leslie Altherr, Senior Paralegal;

- Brian Axe, Product Management Director;

- Mireya Bravomalo, Global Revenue Manager;

- Johnny Chen, Business Development Manager;

- Todd Curtis, Engineering Director;

- Jeffrey Dean, Google Fellow; and

- Amin Zoufonoun, Corporate Development Principal.

Additionally, Google has made or has agreed to make available for personal deposition six additional Google employees, even where their personal knowledge may be duplicative, including:

- Tom Hutchinson, Tax Director;

- Bhavesh Mehta, Engineering Director;

- Sridhar Ramaswamy, Engineering Director;

- Gokul Rajaram, former Product Manager Director;

- Alex Kinnier, former Group Product Manager; and

- Rama Ranganath, former Staff Software Engineer.

(Id. at Exh. N.)

Pursuant the Court's January 24, 2008 Docket Control Order, a *Markman* hearing is set for August 12, 2009, the discovery deadline is September 18, 2009, and trial is set for November 2, 2009. (Dkt. No. 45.)

### B. Function Media Demands to Take the Deposition of Top-Level Executives.

On February 20, 2009, Function Media informed Google of its intention to depose Ms. Wojcicki in her personal capacity. (Anderson Decl., Exh. H.) Google subsequently informed Function Media that Ms. Wojcicki does not have unique personal knowledge relevant to this case, and requested that Function Media provide any basis for taking her deposition in her personal capacity. (Id. at Exh. J.)

On June 8, 2009, Function Media stated in an email, "we're going to need to depose Larry Page. From our review of the documents, Mr. Page was intimately involved in the creation of the Accused Products and is still directly involved in major decisions involving the products." (Id. at Exh. K.)

On July 21, 2009, Function Media stated in an email, "[a]lso, in light of our review of the documents, we need to depose Sergey Brin.  Please provide dates.  If you will not allow Mr. Brin to sit for a deposition, please tell us this week."  (Id. at Exh. P.)

While Function Media has not subpoenaed or provided notices of deposition for Messrs. Page or Brin or Ms. Wojcicki, Function Media has repeatedly demanded dates and locations for the deposition Ms. Wojcicki and Mr. Page.[1]  The parties have participated in a personal meet and confer pursuant to Local Rule CV-7(h), and Function Media has threatened to move to compel the three depositions of Messrs. Page and Brin and Ms. Wojcicki.  (Id. at Exhs. N & Q.)

Additionally, during this time, Function Media informally requested the depositions of other high-ranking Google executives, including Jeffrey Dean, Google Fellow, and Sridhar Ramaswamy, Engineering Director.  (Id. at Exh. R.)  After Google registered its objections to the deposition of these high-level witnesses, counsel were able to resolve the dispute through the meet and confer process and Google has agreed to provide Messrs. Dean and Ramaswamy for deposition.  (Id. at Exhs. J & N.)

**C.    Function Media Fails to Provide a Legitimate Basis for the Depositions of Three Top-Level Google Executives.**

Google has repeatedly stated to Function Media that Messrs. Page and Brin and Ms. Wojcicki are not appropriate deposition witnesses in this patent infringement action because they do not have unique personal knowledge relevant to this case and thus their personal depositions would be unduly burdensome and harassing.  (Id. at Exhs. J & M.)  Google also explained that it is willing to prepare and produce corporate representatives who do have knowledge of relevant

---

[1]    Function Media just recently requested Mr. Brin's deposition on Tuesday, July 21, 2009.  Because that request raises exactly the same issues as its request to depose Mr. Page, Google includes both requests within the scope of the relief it seeks here.

issues, as Google has done consistently throughout this case.  Among the witnesses Google will provide are Messrs. Dean and Ramaswamy, both high-level executives.  (<u>Id.</u> at Exh. R.) Function Media has not identified any legitimate reason why the 17 depositions Google has agreed to will not provide sufficient information.

On June 24, 2009, counsel for Google informed Function Media that the dispute over Function Media's demand for the depositions of Ms. Wojcicki and Mr. Page was ripe for a personal conference pursuant to Local Rule CV-7(h).  (<u>Id.</u> at Exh. N.)  The parties held a meet and confer among trial counsel on July 3, 2009.  During this meet and confer, Function Media again failed to address Google's legitimate requests for a basis for the deposition of its highest-ranking executives, other than to claim (without citing any specific evidence) their purported day-to-day involvement with the accused products.  On July 10, 2009, counsel further attempted to meet and confer, but could not resolve this dispute.  Again without citing any specific evidence, Function Media attempted to trade off deposition testimony, proposing to make the inventors of the patents-in-suit available for three more hours of individual deposition testimony if Google would make Susan Wojcicki available for a deposition.[2]  On July 16, 2009, Google rejected that proposal.  (<u>Id.</u> at Exh. O.)  On July 24, 2009, Function Media informed Google that it intended to file a motion to compel the depositoins of Messrs. Page and Brin and Ms. Wojcicki.  (<u>Id.</u> at Exh Q.)

Having been unable to obtain any explanation from Function Media as to why it believes it is entitled to depose these top-level executives, and having been unable to resolve the issue

---

[2]  Function Media's refusal to provide additional testimony from the inventors regarding the 84 patent claims at issue is the subject of an on-going dispute between the parties.  However, because Function Media has recently agreed to produce additional documents which may bear on (footnote continued)

through its efforts to meet and confer, Google now brings this motion for a protective order to preclude the depositions of Messrs. Page and Brin and Ms. Wojcicki.

**Argument**

## I.      DEPOSITIONS OF THE THREE TOP-LEVEL EXECUTIVES SHOULD BE PRECLUDED TO PREVENT UNDUE BURDEN AND POTENTIAL HARASSMENT.

Under governing federal law, the depositions should be precluded because these three top-level executives have no unique personal knowledge relevant to this case and Function Media can pursue any relevant discovery through less burdensome means.  Pursuant to Federal Rule of Civil Procedure 26(c), courts allow high-level executives to be deposed in a lawsuit against the corporation only if two conditions are met:  (1) the executive to be deposed must have unique personal knowledge that is relevant to the case; and (2) the party seeking the deposition must first try to obtain the information sought by other less burdensome means. *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991); *see also Folwell v. Hernandez*, 210 F.R.D. 169, 173 (M.D.N.C. 2002) ("*Baine* . . . a leading case on this matter . . . held that unless a high level executive has unique personal knowledge of the controversy, the court should regulate the discovery process to avoid oppression, inconvenience, and burden to the corporation and to the executive").  In *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979), the Fifth Circuit held that the district court properly "required plaintiff to depose the other employees that Upjohn indicated had more knowledge of the facts before deposing Dr. Hubbard [Upjohn's president]."  *See also Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995) (upholding protective order barring deposition of IBM's chairman); *Lewelling v. Farmers Ins.*, 879 F.2d 212,

_____

the further deposition of the inventors, Google has made an additional attempt to resolve that dispute by meet and confer and does not move the Court to provide relief at this time.

218 (6th Cir. 1989) (affirming protective order where chairman and C.E.O. lacked personal knowledge).

This Court has quashed the depositions of senior executives and required the plaintiff to seek discovery through "less burdensome means," including a Rule 30(b)(6) corporate deposition. *Gauthier v. Union Pacific Railroad Co.*, Civil Action No. 1:07-CV-12, 2008 WL 2467016, at *4 (E.D. Tex. June 18, 2008); *Computer Acceleration Corp. v. Microsoft Corp.*, Case No. 9:06-CV-140, Docket No. 81, at *2 (E.D. Tex. June 15, 2007) (granting defendant's motion for protective order quashing deposition notice of Bill Gates where plaintiff "fail[ed] to show that if Mr. Gates has personal knowledge, it is 'unique' or unavailable from lower-level employees"). In *Gauthier*, the Court found that even though the depositions sought were relevant, they would "surely be inconvenient" and therefore plaintiff must seek discovery through a less burdensome Rule 30(b)(6) deposition. *Id.* at *4.

Notably, another federal court recently applied the rule from *Baine* to protect Messrs. Page and Brin from deposition in a similar action. *See Stelor Productions, Inc. v. Google Inc.*, 2008 WL 4218107 at *4 (S.D. Fla. 2008) (citing *Baine*, 141 F.R.D. at 335). Likewise, "[v]irtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007); *see also In re Alcatel*, 11 S.W.3d 173 (2000) (applying apex rule under Texas law to prevent deposition of CEO of Samsung in trade secret case).

Here, Function Media seeks to depose three of the highest-level Google executives: two Co-Presidents and a Vice President. However, Function Media fails to meet either of the two

conditions required by law to justify these depositions. These executives do not have any unique personal knowledge regarding the alleged infringement by Google's Internet advertising programs or the relevant financial information in this case. Indeed, despite repeated requests from Google, Function Media has never identified any unique relevant knowledge possessed by these top-level executives. Collectively, these three executives have responsibility for substantially all of Google's approximately 20,000 employees. Their depositions would thus be extremely burdensome and harassing to Google. *See Folwell*, 210 F.R.D. at 173 ("the court must be attuned to the possibility that the noticing of the deposition of a high level executive may have the potential for harassment").

Furthermore, as is demonstrated below, Function Media cannot contend that it has made an attempt to obtain information regarding the disputed issues through other less burdensome means, as is required by law. Google has identified and agreed to provide 11 employees to testify on behalf of Google as 30(b)(6) witnesses. Google has gone to trouble and expense to identify, prepare and provide corporate witnesses with relevant knowledge on dozens of topics. Even where Function Media has refused to combine or clarify topics that are duplicative of earlier 30(b)(6) testimony already provided, Google has agreed to prepare a second set of witnesses on virtually the same topics. Function Media has completed a handful of these depositions. On these facts, Function Media cannot contend that it has attempted to pursue discoverable information through means less burdensome than personal depositions of Google's highest-level executives. *See Computer Acceleration* at *2.

**A.      Google's Top Executives Do Not Have Unique Personal Knowledge Relevant to This Patent Infringement Case.**

The issues in dispute in this patent case are whether Google's Internet advertising programs read on the patent claims, and whether the patents are valid and enforceable. Larry

Page, Co-Founder and President, Products and Sergey Brin, Co-Founder and President, Technology do not have unique or superior knowledge on the disputed issues of patent infringement, nor on the related issue of alleged damages.  Messrs. Page and Brin founded Google in 1998.  They are both members of Google's board of directors.  (Id. at Exh R.)  Susan Wojcicki is Google's Vice President of Product Management.  She joined Google in 1999.  Ms. Wojcicki, like Messrs. Page and Brin, is a member of Google's Operating Committee – the top 16 executives at Google with responsibility for directing the organization.  (Id.)  Ms. Wojcicki does not have unique or superior knowledge relevant to any of the disputed issues in this case.

It is significant that none of the three executives were ever identified by Function Media as potential witnesses in any Initial Disclosures.  Nor were these three individuals identified by Google as individuals likely to have discoverable information or mentioned in any discovery response.  Moreover, in 2008 Google stated without objection from Function Media that the search for responsive documents in this case did not need to include the electronic documents uniquely possessed by Messrs. Page or Brin or Ms. Wojcicki.  If Function Media's theory really depended upon Google's Co-Presidents or Vice President having unique personal knowledge relevant to its claims, that theory should have been raised earlier.  It was not.

Function Media has not shown that these three top executives at Google have unique personal knowledge relevant to this patent infringement suit.  The only theory Function Media has offered for the depositions is hopelessly vague and unsubstantiated – namely that Mr. Page and Ms. Wojcicki were "intimately involved in the creation of the Accused Products" and are "still involved."  (Id. at Exh K.)  But this theory falls far short of justifying their depositions.  As for Mr. Brin, Function Media has not offered any explanation at all as to why he should be deposed.  (Id. at Exh P.)

Although Google has to date produced over four million of pages of documents collected from dozens of custodians who are likely to have knowledge of the facts in dispute in this case, Function Media has not pointed to a single specific document from Google's millions of pages of production to justify its demands. Function Media has identified no documentary evidence of any allegedly unique relevant knowledge possessed by Messrs. Brin or Page. The only document Function Media points to with regard to Ms. Wojcicki is a newspaper article for which she was interviewed in connection with Google's advertising programs. (Id. at Exh K.) The practices of the advertisers and their customers, and the operation of the systems used to implement Google's advertising programs, are what matters for this infringement dispute. Nothing from the newspaper article relied on by Function Media suggests that Ms. Wojcicki has unique knowledge of the technical operation of the accused programs. Of course, any high-level executive may have information concerning the company's products; however, the law requires *unique* personal knowledge *relevant to the case* to justify a personal deposition, and that is not present here.

Evidence of alleged infringement – if any – would be located in Google's technical documents and software, or elicited through the depositions of relevant Google engineers. As Google explained to Function Media, "the technical witnesses steeped in the product have and will offer testimony regarding how that product works at a level of detail that Ms. Wojcicki cannot. Those same witnesses have primary responsibility for the development of the product." (Id. at Exh M.)

Just like the railroad president in *Gauthier*, 2008 WL 2467016 , or Samsung's CEO in *In re Alcatel*, 11 S.W.3d 173, Google's Co-presidents and Vice President do not have unique knowledge about the issues relevant to this case that cannot be obtained by other discovery

means.  *See also Stelor Productions*, 2008 WL 4218107 at *4 (quashing depositions of Messrs. Brin and Page).  Accordingly, these top-level executives should not be subject to the undue burden and harassment of personal deposition in this patent infringement case.

**B.    Function Media Has Failed to Seek Discovery Through Less Burdensome Means, While Google Has and Will Provide Numerous Employees with Unique Knowledge Relevant to the Issues in Dispute.**

Under federal law, Function Media is required to attempt to obtain information through less burdensome means – including Rule 30(b)(6) depositions – before deposing Google's top-level executives.  *See Gauthier*, 2008 WL 2467016, at *4; *see also Baine*, 141 F.R.D. at 335 ("The corporate deposition has not yet been taken, and it could satisfy some of plaintiffs' needs.").  Courts have prevented plaintiffs from taking the deposition of an executive when they have failed to show that the information could not be obtained from other discovery methods, including depositions and interrogatories.  *See Evans v. Allstate Ins. Co*., 216 F.R.D. 515, 519 (N.D. Okla. 2003) ("The Court finds that . . . the information can alternately be obtained from other sources without deposing these 'apex' officers"); *Baine*, 141 F.R.D. at 335 ("deposing Mr. Mertz at this time would be oppressive, inconvenient, and burdensome inasmuch as it has not been established that the information necessary cannot be had from Mr. Sinke, other of the distributees of the Mertz memorandum, interrogatories, or the corporate deposition").  Indeed, the Fifth Circuit has noted that taking the depositions of subordinate employees can make a burdensome executive deposition unnecessary.  *See Salter*, 593 F.2d at 651 ("It was therefore very likely that, after taking the other employees' depositions, Plaintiff would be satisfied and abandon her requests to depose Dr. Hubbard, unless . . . those other employees did not 'have more personal knowledge' of the facts.").

Google is a prominent and successful company.  It is the target of many lawsuits.  To protect senior management from being deposed in every case, the law prevents disrupting the

day to day operations of a company by dragging senior executives into deposition when, as is true in this case, relevant information can be obtained by less intrusive means.

Function Media has not shown that it cannot obtain the discovery it seeks from appropriate sources other than the deposition of these three top Google executives. Nor could it do so. Google has identified 11 employees with knowledge to testify in deposition as corporate representatives pursuant to Rule 30(b)(6). These employees are generally Product Managers and Engineers, not top-level executives. For example, of the five Google employees who have had a deposition taken by Function Media so far, two are Product Managers, two are Product Management Directors, and one is a Tech Lead. The additional witnesses Google has offered to prepare and produce include Product and Revenue Managers and Engineering Directors. These employees – not top-level executives – are the persons most knowledgeable regarding the engineering and functioning of the accused products, and the financial information regarding the same. *See Salter*, 593 F.2d at 651 (requiring plaintiff to take depositions of employees with "the most direct knowledge of the relevant facts" before deposing defendant's executive). Function Media, however, has not exhausted taking depositions of appropriate individuals or corporate designees. *See Baine*, 141 F.R.D. at 335. It is improper for Function Media to seek to depose Google's executives when it has failed to fully depose all of those employees most likely to have relevant information.

Google has repeatedly demonstrated its willingness to provide additional witnesses in a timely fashion. Function Media has served three separate notices of 30(b)(6) deposition, with over 40 topics total. Google has offered employees to testify on every topic where it can in good

faith agree to prepare a corporate representative to testify knowledgably.[3]  Google has

accommodated and continues to accommodate discovery demands within reason.  The baseless

deposition of Google's top-level executives is not a reasonable request and should not be

allowed.

### Conclusion

For the foregoing reasons, Google respectfully moves for a protective order to preclude

the depositions of Larry Page, Sergey Brin, and Susan Wojcicki.

---

[3]  The four of Function Media's 41 Rule 30(b)(6) deposition topics still subject to dispute
have been objected to by Google as being too vague and/or broad.  If and when Function Media
has suitably narrowed those last few topics Google will be able identify, prepare and provide
corporate representatives to testify regarding those topics as well.

Dated:  July 24, 2009

Respectfully submitted,
QUINN EMANUEL URQUHART OLIVER &
     HEDGES, LLP

By: _/s/_ _____

Carl G. Anderson (CA Bar No. 239927)
  carlanderson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Stan Karas (CA Bar No. 222402)
  stankaras@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017
Telephone:    (213) 443 3000
Facsimile:    (213) 443 3100

FISH & RICHARDSON P.C.
Juanita R. Brooks - Lead Attorney
(CA SBN 75934)
E-mail:  brooks@fr.com
Jason W. Wolff
(CA SBN 215819)
E-mail:  wolff@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

Harry L. Gillam, Jr.
Texas Bar No. 07921800
E-mail:  gil@gillamsmithlaw.com
Melissa R. Smith
Texas Bar No. 24001351
E-mail:  melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Counsel for Defendant and Counter-Claimant
Google Inc.

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that counsel for Google Inc. have satisfied the meet and confer requirements of Local Rule CV-7(h).  The personal conference requirement of Local Rule CV-7(h) has been met. On July 3 & 10, 2009, Juanita R. Brooks of Fish & Richardson P.C., Lead Attorney for Google Inc., and I met and conferred with Max Tribble of Susman Godfrey LLP, Lead Counsel for Function Media LLC and others.  In those conferences, Mr. Tribble, Ms. Brooks and I discussed our clients' positions.  These discussions conclusively ended in an impasse regarding the discovery dispute at issue in the motion.

Dated:  July 24, 2009                      /s/ Stan Karas

Stan Karas  (w/permission, CGA)

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 24, 2009 to counsel of record in the manner agreed by the parties, via electronic mail.


*/s/ Carl G. Anderson*
Carl Anderson