## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **FUNCTION MEDIA, L.L.C.,** | **Civil Case No. 2:07-CV-279 (CE)** |
| v. | **FILED UNDER SEAL** |
| **GOOGLE, INC. AND YAHOO!, INC.** | **JURY TRIAL DEMANDED** |

### OPPOSITION TO MOTION TO COMPEL

01980.51542/3067554.2

Plaintiff Function Media, L.L.C.'s (Function Media) Second Expedited Motion to Compel Motion to Compel seeks discovery of highly confidential information that is irrelevant to Plaintiff's claims and highly burdensome to compile. Function Media does not — and cannot — cite any authority supporting its argument that Google's acquisitions of companies, assets or employees that are indisputably unrelated to the technology at issue is relevant to either liability or damages. Accordingly, Function Media's motion should be denied.

**Background**

Google has met and conferred with Function Media regarding its broad demand for information on *all* of Google's acquisitions. To avoid burdening the Court with unnecessary motion practice, Google provided Function Media with a list of all acquisitions and summary information regarding the technology at issue and invited Function Media to identify a sub-set of acquisitions for which Google would produce documents. (Declaration of Billie D. Salinas ("Salinas Decl."), Exs. A & C.) From the sub-set of seventeen acquisitions Function Media selected (which included all ads-related acquisitions), Google agreed to produce — and has produced — the deal documents, valuation reports, and any white papers, to the extent they exist.

In June 2009, however, Function Media demanded that Google provide basic confirmatory details regarding *all* of Google's acquisitions, *regardless of the technology involved*. In particular, Function Media demanded a spreadsheet with price information for all of Google's.[1] (*Id.*, Ex. A.) After Function Media rejected several proposals by Google to place

---

[1] With respect to acquisitions related to internet advertising, AdSense, or AdWords, Function Media sought FASB-141 or equivalent documents plus internal deal documents, including any presentations. (*Id.*, Ex. A.) Google has informed Function Media on several occasions there is no such thing as a FASB-141 form, evaluation, or other compilation of information. In addition to the deal and valuation documents, Google agreed to produce — and has produced on a rolling basis — presentations, to the extent any exist, for the ads-related acquisitions.

reasonable limits on this request, counsel for Google, believing that Google had a chart of all acquisitions with price information in its possession, agreed to produce price information on August 5, 2009. (*Id.*, Ex. D.) Counsel subsequently learned that the information in the chart was not accurate and informed Function Media on August 11, 2009 that it could not provide the chart. (*Id.*, Ex. E.)

To resolve the dispute, however, Google offered to provide additional detail regarding the substance of each acquisition, including more detail about any technology at issue, and to allow Function Media to identify a limited number of additional acquisitions for which Google would provide price information. (*Id.*) Function Media rejected Google's offer. (*Id.*, Ex. F.) Plaintiff's motion followed.

## Argument

**I. FUNCTION MEDIA'S MOTION SHOULD BE DENIED BECAUSE INFORMATION ON ALL ACQUISITIONS IS IRRELEVANT TO COMPUTING A REASONABLE ROYALTY.**

The Court should deny Function Media's motion because the discovery it seeks is not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Function Media incorrectly asserts that the purchase price and valuation for every Google acquisition is relevant under *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).[2] Yet, not one of the *Georgia-Pacific* factors has been construed so broadly as to encompass all acquisitions of *any* technology. Indeed, Function Media does not cite any authority supporting its argument that acquisitions of unrelated technology are relevant to the *Georgia-Pacific* analysis.

---

[2] Courts assess a reasonable royalty rate by considering several factors, including prior and existing licenses to the patent, previous licenses to use other comparable patents, the relationship between the parties, and the amount the parties would have agreed upon at an arms-
(footnote continued)

Unable to cite any pertinent authority, Function Media relies upon a self-serving declaration from its retained damages expert.³ Information regarding unrelated acquisitions does not become relevant simply because Function Media's expert says that it is. (*See* Mot at 3-4 and Ex. 1 ¶ 4.) *See also Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327-28 (Fed. Cir. 1990) (precluding patent owner from embarking on a fishing expedition based on speculative damage theories).

Indeed, the only case Function Media cites to support its broad discovery demand undermines its position. (*See* Mot. at 4 (citing *Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 653-54 (N.D. Cal. 2004).) Function Media cites *Fresenius* for the proposition that [t]he amount to acquire a company with desired patents, and the amount of the acquisition amount allotted to a particular patent is relevant to the establishment of a reasonable royalty. *See Fresenius*, 224 F.R.D. at 653-54. In *Fresenius*, however, the court considered a narrow request for documents regarding the valuation and acquisition of *one* company (Althin Medical) that originally owned all but one of the patents-in-suit and specialized in the technology at issue. *See id.*; *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL 1390416, at *1 n.1 (N.D. Cal. May 18, 2006).⁴

---

length hypothetical negotiation at the time the infringement commenced. *Id.* at 1120; *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1119 (Fed. Cir. 1996).

³ Notably, Function Media first disclosed its expert's opinion when it filed its motion to compel.

⁴ *Paltalk v. Microsoft*, No. 2:06-cv-367, Dkt. No. 203, at 1-2 (Mot. at 5, Ex. 7), similarly undermines Function Media's claim that all non-ads related acquisitions are relevant to damages. There, the court concluded that the relevant licenses should reflect the technology in dispute, and the scope of the discoverable licenses were thus limited to gaming, networks, or software utilized in gaming and networks. *Id.* Here, information regarding all ads-related technologies has already been produced.

Here, the acquisitions at issue do not relate to any of the patents-in-suit or any technology comparable to that at issue in the patents-in-suit.  In fact, Function Media seeks price and valuation information for approximately 66 acquisitions, most of which are unrelated to the amount Google pays to use or acquire patents, let alone comparable patents.  *See Georgia-Pacific*, 318 F. Supp. at 1120 (citing [t]he rates paid by the licensee for the use of other patents *comparable* to the patent in suit as a relevant factor (emphasis added).).  For example, information regarding Google's acquisition of YouTube (a destination site for short form videos), Honeybee (a Swiss mapping company), or GMO AdNetworks, Inc. (a large Japanese publisher network) will not lead to the discovery of admissible evidence.  Accordingly, the Court should deny Function Media's motion.  *See R.R. Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1517 (Fed. Cir. 1984) (affirming district court's refusal to apply royalty rates from licenses relating to products entirely distinct from the patented product); *Probert v. Clorox Co.*, No. 1:07cv139, 2009 WL 1011490, at *9 (D. Utah Apr. 15, 2009) (denying motion to compel defendant to produce nonqualified licensing information).

## II. <u>COMPILING PRICE AND VALUATION INFORMATION FOR ALL ACQUISITIONS WOULD IMPOSE AN UNDUE BURDEN ON GOOGLE.</u>

Even if information regarding Google's non-ads-related acquisitions were somehow relevant (it is not), Function Media's motion should be denied because the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. of Civ. P. 26(b)(2).  Google agreed to produce — and has produced — internal deal documents, valuation reports, white papers, memoranda and presentations, to the extent any exist, for the sub-set of seventeen acquisitions of particular interest to Function Media, including all ads-related acquisitions.  To compile price and valuation information for 49 additional acquisitions that have no relationship to the patents-in-suit would be unduly burdensome and time-consuming, to the extent that such information even exists.  Indeed, Function Media's request is not reasonably tailored to comparable

technologies or even acquisitions involving patents.  Accordingly, there is no basis to compel Google to undergo the considerable burden associated with compiling information that is not only irrelevant to any issue in this case, but extraordinarily competitively sensitive.

## III. FUNCTION MEDIA'S REQUESTED ALTERNATIVE RELIEF IS IMPROPER AND SHOULD BE DENIED.

Function Media's draconian request that the Court bar Google from (1) arguing that it would not have acquired the patents through an acquisition of the company, and (2) arguing that Google would not have paid a particular sum of money to a small company is improper for at least three reasons.[5]  First, Function Media has cited no facts justifying the imposition of such a sanction.  The Court has not previously ordered Google to compel price and valuation information for all acquisitions.  *See* Fed. R. Civ. P. 37(b)(2)(A); *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 412 (5th Cir. 2004); *cf Juniper Networks, Inc. v. Toshiba Am., Inc.*, No. 2:05-CV-479, 2007 WL 2021776, at *1-5 (E.D. Tex. July 11, 2007).

Second, notwithstanding Function Media's attempt to frame its request as one for alternative relief, the instant motion to compel discovery is not the proper means to move to exclude evidence.  Function Media's request should be made, if at all, in a motion in limine or separate motion under Rule 37.  Finally, Function Media has not satisfied its meet and confer obligations with respect to its request for alternative relief.  *See* L.R. CV-7(h) & L.R. AT-3.  The Court should therefore deny Function Media's premature and improper request for alternative relief.

## Conclusion

For the foregoing reasons, Function Media's Motion to Compel should be denied.

---

[5]   That Plaintiff even seeks this extreme remedy shows its motivation is not to seek relevant information, but to seek discovery for the purpose of obtaining a strategic benefit from the discovery.

Dated: August 21, 2009               Respectfully submitted,

                                     QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP


                                     By: */s/*
                                        Charles K. Verhoeven (Bar No. 170151)
                                        charlesverhoeven@quinnemanuel.com
                                        David A. Perlson (Bar. No. 209502)
                                        davidperlson@quinnemanuel.com
                                        Amy H. Candido (Bar No. 237829)
                                        amycandido@quinnemanuel.com
                                        Carl G. Anderson (CA Bar No. 239927)
                                        carlanderson@quinnemanuel.com
                                     50 California Street, 22nd Floor
                                     San Francisco, California  94111
                                     Telephone:     (415) 875-6600
                                     Facsimile:     (415) 875-6700

                                     FISH & RICHARDSON P.C.
                                     Juanita R. Brooks - (CA SBN 75934)
                                     E-mail:  brooks@fr.com
                                     Jason W. Wolff (CA SBN 215819)
                                     E-mail: wolff@fr.com
                                     Fish & Richardson P.C.
                                     12390 El Camino Real
                                     San Diego, CA  92130
                                     Telephone: (858) 678-5070
                                     Facsimile: (858) 678-5099

                                     Harry L. Gillam, Jr., Bar No. 07921800
                                     E-mail:  gil@gillamsmithlaw.com
                                     Melissa R. Smith, Bar No. 24001351
                                     E-mail:  melissa@gillamsmithlaw.com
                                     GILLAM & SMITH, L.L.P.
                                     303 South Washington Avenue
                                     Marshall, TX 75670
                                     Telephone: (903) 934-8450
                                     Facsimile: (903) 934-9257

                                     Counsel for Defendant and Counter-Claimant
                                     GOOGLE INC.

## **CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing documents have been served on all counsel of record via ECF/PACER this 24th day of August, 2009.

                                     */s/ Billie D. Salinas*
                                     Billie D. Salinas