# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C. | § | Civil Action No. 2007-CV-279 |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GOOGLE INC. AND YAHOO!, INC. | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## RESPONSE TO SUPPLEMENTAL AUTHORITY ON PROTECTIVE ORDER

The recent opinion by Judge Folsom shows exactly why the depositions of Wojcicki, Brin, and Page are justified here:

- In that case, the dispute revolved around one unsolicited email Mr. Brin received. Order at 2. Here, Google has admitted that these executives are actively involved in the products. Indeed, Ms. Wojcicki is the lowest-level employee who has supervision over the accused products, and has been designated as Google's corporate witness on this product before. She has also claimed to come up with the idea for the accused product. Messrs. Page and Brin also are actively involved and make key decisions. Indeed, Mr. Brin has claimed credit with inventing this "billion dollar opportunity." Here, at least for Mr. Brin and Ms. Wojcicki, they have claimed credit for inventing the accused product. It is difficult to think of something more relevant. Nobody else but themselves can testify to this.

- In that case, Mr. Brin submitted a sworn declaration. Order at 3. Here, of course, plaintiffs have nothing from any of these witnesses except for Ms. Wojcicki's

1

sworn statements about the technology in a prior case. Indeed, Google's corporate representatives could not answer questions about these executives' roles.

- In that case, the Court explicitly stated that the plaintiff should "be permitted to depose a 30(b)(6) representative of Defendant regarding Mr. Geller's 2001 email and regarding what procedures, if any, Defendant had at the time for handling e-mails of this sort. After that discovery is completed, Plaintiff can, if appropriate, re-notice a deposition of Mr. Brin." Order at 6. Here, of course, Function Media has tried and failed to obtain the information by other means.

In short, even a cursory read of the Order makes clear how different this case is from that one – where the entire dispute centered around an unsolicited email Plaintiffs sent and where Mr. Brin <u>actually submitted a declaration</u>. The case at bar is thus more similar to the Northern District of California case discussed in the briefing, *Google v. American Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277 (N.D. Cal. Sep. 6, 2006), where Google's home district permitted the deposition because of Mr. Page's unique knowledge and that the "policy change" was the result of Mr. Page's concern. The same is true here, even more so for Wojcicki and Brin since they both claim credit for the accused system and Ms. Wojcicki is the lowest-level employee with supervision over it.

Respectfully submitted,

/s/ Justin A. Nelson
Max L. Tribble, Jr.
State Bar No. 20213950
Email: mtribble@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, Texas, 77002

2

                                                        Telephone: (713) 651-9366
                                                      Facsimile: (713) 654-6666

                                                    Lead Attorney for Plaintiffs

OF COUNSEL:
Justin A. Nelson, State Bar No. 24034766
**SUSMAN GODFREY L.L.P.**
1201Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
jnselson@susmangodfrey.com

Joseph S. Grinstein, State Bar No. 24002188
Aimée Robert, State Bar No. 24046729
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
Email: jgrinstein@susmangodfrey.com
Email: arobert@susmangodfrey.com

Jeremy Brandon, State Bar No. 24040563
SUSMAN GODFREY L.L.P.
Suite 5100
901 Main Street
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Fax: (214) 754-1933
Email:jbrandon@susmangodfrey.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing documents have been served on all counsel of record via ECF/PACER this 28th day of August, 2009.

/s/ Justin A. Nelson
Justin A. Nelson
