# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **Function Media, L.L.C.,** | **Civil Case No. 2:07-CV-279 (CE)** |
| v. | **JURY TRIAL DEMANDED** |
| **GOOGLE, INC. AND YAHOO!, INC.** | |

## GOOGLE'S MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS

### Introduction

Function Media currently asserts thirty-four claims in three patents against Google. Including claims upon which asserted claims depend, the '045 patent currently has two claims asserted, the '059 patent has one claim asserted, and the '025 patent has thirty-one claims asserted. For purposes of an orderly and efficient trial, Google requests the Court order Function Media to limit its asserted claims to no more than five. Such a limitation would ensure a manageable presentation of the parties' claims and defenses at trial to the jury—all of which is impossible with Plaintiff's thirty-four current asserted claims.

### Statement of Facts

On July 24, 2009, Google's counsel asked Function Media to agree to limit the number of patent claims to be construed and tried. Function Media's counsel acknowledged the need to reduce the number of claims eventually, but stated that the outcome of the Markman hearing would help serve that purpose. On July 27, 2009, Google reiterated its request to Function Media, citing authorities supporting a limitation of the number of claims. (Exh. A.)

On July 29, 2009, counsel participated in a telephone conference on the issue. During this call, Google reiterated its request for Function Media to reduce its asserted claims. After

01980.51542/3035452.4

further back and forth, on August 3, Function Media agreed to reduced the number of asserted claims to twenty. (Exh. B.) On August 10, Function Media provided an "Election of Claims," which listed twenty claims from the three patents that Function Media said it "intends to litigate at the first trial of this matter." (Exh. C.) In addition to the problematic suggestion of a "second" trial, Google pointed out that because some of identified claims depend on other claims, there would actually still be thirty-four claims at issue, far too many for trial. (Exh. D). Nevertheless, despite Google's request to do so, Plaintiff has not further reduced the number of asserted claims to a manageable number for trial.

## Argument

The Federal Circuit has recognized a need to limit the number of claims and the district court's authority to do so. See ReRoof Am., Inc. v. United Structures of Am., Inc., 215 F.3d 1351, 1999 WL 674517, at *4 (Fed. Cir. 1999) (unpub.) (affirming district court's limitation of claims from eighteen to five).

Here, the parties cannot reasonably litigate all thirty-four claims Function Media has asserted. Even if the Court and parties had unlimited time and resources, expert reports, and trial of so many claims would be a gargantuan, if not impossible, undertaking. The parties' infringement and invalidity theories would be impossible to present to the jury in an efficient and understandable way. Function Media knows all of this. Its failure to further reduce the number of claims, even though it knows full well it will never assert all of them, is unreasonable.

## **Conclusion**

For the foregoing reasons, Google respectfully requests the Court order Function Media to reduce its asserted claims to no more than five claims.

Dated: October 2, 2009

Respectfully submitted,
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: */s/ Amy H. Candido*

    Charles K. Verhoeven (admitted *pro hac*)
     *Lead Attorney*
     charlesverhoeven@quinnemanuel.com
    Amy H. Candido (admitted *pro hac*)
     amycandido@quinnemanuel.com
    Billie D. Salinas (admitted *pro hac*)
     billiesalinas@quinnemanuel.com
    Carl G. Anderson (admitted *pro hac*)
     carlanderson@quinnemanuel.com
    QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
    50 California Street, 22nd Floor
    San Francisco, California 94111
    Telephone:    (415) 875-6600
    Facsimile:    (415) 875-6700

    Stan Karas (admitted *pro hac*)
     stankaras@quinnemanuel.com
    QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
    865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017
    Telephone:    (213) 443-3000
    Facsimile:    (213) 443-3100

    Edward J. DeFranco (admitted *pro hac*)
     eddefranco@quinnemanuel.com
    James M. Glass (admitted *pro hac*)
     jimglass@quinnemanuel.com
    Patrick Curran (admitted *pro hac*)
     patrickcurran@quinnemanuel.com
    QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
    51 Madison Avenue, 22nd Floor
    New York, New York 10010
    Telephone:    (212) 849-7000
    Facsimile:    (212) 849-7100

    Harry L. Gillam, Jr., Bar No. 07921800

gil@gillamsmithlaw.com
Melissa R. Smith, Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Counsel for Defendant and Counter-Claimant
GOOGLE INC.

# CERTIFICATE OF CONFERENCE

I certify that counsel for Google Inc. have satisfied the meet and confer requirements of Local Rule CV-7(h). The personal conference requirement of Local Rule CV-7(h) has been met. On July 29, 2009, David Perlson of Quinn Emanuel Urquhart Oliver and Hedges, LLP, counsel for Google met and conferred with Joseph Grinstein of Susman Godfrey LLP, Counsel for Function Media LLC, and others. In those conferences, Messrs. Perlson and Grinstein discussed their clients' positions. These discussions conclusively ended in an impasse regarding this dispute at issue in the motion.

Dated: October 2, 2009

*/s/ Billie D. Salinas*
Billie D. Salinas

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing documents have been served on all counsel of record via ECF/PACER this 2nd day of October, 2009.

*/s/ Billie D. Salinas*
Billie D. Salinas