# EXHIBIT A

# GILLAM ❖ SMITH, L.L.P.

## TRIAL FIRM

ATTORNEYS AT LAW

Harry L. "Gil" Gillam, Jr.
gil@gillamsmithlaw.com
Melissa R. Smith
melissa@gillamsmithlaw.com

June 27, 2009

**Via Electronic Mail**

Max L. Tribble, Jr., Esq.
Joseph S. Grinstein, Esq.
Susman Godfrey LLP
1000 Louisiana, Suite 5100
Houston, TX 77002

Jeremy J. Brandon, Esq.
Susman Godfrey LLP
901 Main Street, Suite 5100
Dallas, TX 75202-3775

Justin A. Nelson, Esq.
Suite 3800
1201 Third Avenue
Seattle, WA 98101-3000

Dear Jeremy, Justin, Joe and Max:

This letter follows up on the conversation that I had with Joe last week regarding limiting the number of claims to be construed for purposes of a Markman hearing and subsequently tried. Joe told me he would roundtable the issue and get back with me which I am sure he will. We hope to reach an agreement with you on this issue, but if we cannot, given the short time between now and the hearing, we will need to get a motion on file before Judge Everingham.

Function Media asserts 84 claims from three patents. This amount of claims cannot be tried efficiently. Similarly, construing this large number of claims would place an unduly heavy burden on the Court. We suggest that you choose three representative claims per patent. Such a limitation would not only make the Court's task for the purposes of a Markman hearing easier, but would ensure a manageable presentation of the parties' claims and defenses at trial.

Limits on the number of claims to be construed and/or tried are common in the Eastern District of Texas. For example, in *Hearing Components, Inc. v. Shure, Inc.*, 2008 WL 2485426, at *1 (E.D. Tex. 2008), Judge Clark limited the plaintiff who asserted three patents-in-suit to three representative claims per patent for both claim construction and trial. Similarly, in *LG Elecs. Inc. v. Petters Group Worldwide, Inc.*, Cause No. 5-08-cv-00163 (E.D. Tex. 2009) (Docket Entry # 59), the court limited plaintiff to ten claims. Also, in *Sipco, LLC vs. Amazon. com, Inc., et al.*, Cause No. 2:08-CV-359 (Docket Entry # 33) (E.D. Tex 2008), Judge Folsom required the patentee to limit its asserted claims to ten claims roughly one month after the accused infringer

serves its preliminary invalidity contentions, and approximately one year before the scheduled claim construction hearing.). As you likely know, Judge Folsom now does this as a matter of course.

We would appreciate your response to this proposal by close of business today. As always, we remain open to discuss these issues further telephonically or otherwise.

Very truly yours,

Harry L. Gillam, Jr.

# GILLAM ❖ SMITH, L.L.P.

## TRIAL FIRM

ATTORNEYS AT LAW

HARRY L. "GIL" GILLAM, JR.
gil@gillamsmithlaw.com
MELISSA R. SMITH
melissa@gillamsmithlaw.com

June 27, 2009

**VIA ELECTRONIC MAIL**

Max L. Tribble, Jr., Esq.
Joseph S. Grinstein, Esq.
Susman Godfrey LLP
1000 Louisiana, Suite 5100
Houston, TX 77002

Jeremy J. Brandon, Esq.
Susman Godfrey LLP
901 Main Street, Suite 5100
Dallas, TX 75202-3775

Justin A. Nelson, Esq.
Suite 3800
1201 Third Avenue
Seattle, WA 98101-3000

Dear Jeremy, Justin, Joe and Max:

This letter follows up on the conversation that I had with Joe last week regarding limiting the number of claims to be construed for purposes of a Markman hearing and subsequently tried. Joe told me he would roundtable the issue and get back with me which I am sure he will. We hope to reach an agreement with you on this issue, but if we cannot, given the short time between now and the hearing, we will need to get a motion on file before Judge Everingham.

Function Media asserts 84 claims from three patents. This amount of claims cannot be tried efficiently. Similarly, construing this large number of claims would place an unduly heavy burden on the Court. We suggest that you choose three representative claims per patent. Such a limitation would not only make the Court's task for the purposes of a Markman hearing easier, but would ensure a manageable presentation of the parties' claims and defenses at trial.

Limits on the number of claims to be construed and/or tried are common in the Eastern District of Texas. For example, in *Hearing Components, Inc. v. Shure, Inc.*, 2008 WL 2485426, at *1 (E.D. Tex. 2008), Judge Clark limited the plaintiff who asserted three patents-in-suit to three representative claims per patent for both claim construction and trial. Similarly, in *LG Elecs. Inc. v. Petters Group Worldwide, Inc.*, Cause No. 5-08-cv-00163 (E.D. Tex. 2009) (Docket Entry # 59), the court limited plaintiff to ten claims. Also, in *Sipco, LLC vs. Amazon.com, Inc., et al.*, Cause No. 2:08-CV-359 (Docket Entry # 33) (E.D. Tex 2008), Judge Folsom required the patentee to limit its asserted claims to ten claims roughly one month after the accused infringer

303 S. Washington Avenue ❖ Marshall, Texas 75670 ❖ Telephone 903.934.8450 ❖ Facsimile 903.934.9257 ❖ www.gillamsmithlaw.com
BOARD CERTIFIED PERSONAL INJURY TRIAL LAW BY THE TEXAS BOARD OF LEGAL SPECIALIZATION

serves its preliminary invalidity contentions, and approximately one year before the scheduled claim construction hearing.). As you likely know, Judge Folsom now does this as a matter of course.

We would appreciate your response to this proposal by close of business today. As always, we remain open to discuss these issues further telephonically or otherwise.

Very truly yours,

Harry L. Gillam, Jr.