# EXHIBIT B

| From: | Joseph S. Grinstein [jgrinstein@susmangodfrey.com] |
|---|---|
| Sent: | Monday, August 03, 2009 4:39 PM |
| To: | David Perlson |
| Cc: | Stacy Schulze; wolff@fr.com; gil@GillamSmithLaw.com; Max L. Tribble; janet@GillamSmithLaw.com; Google-Function Media; Sandeep Seth; Jeremy Brandon; Justin A. Nelson; Stacy Schulze |
| Subject: | RE: Function Media--Reduction of claims |

David --

By way of further update, next week we will identify 20 claims we intend to take to trial in this case.

-- Joe

---

**From:** Joseph S. Grinstein
**Sent:** Sunday, August 02, 2009 12:32 PM
**To:** 'David Perlson'
**Cc:** Stacy Schulze; 'wolff@fr.com'; 'gil@GillamSmithLaw.com'; Max L. Tribble; 'janet@GillamSmithLaw.com'; Google-Function Media; Sandeep Seth; Jeremy Brandon; Justin A. Nelson; Stacy Schulze
**Subject:** RE: Function Media--Reduction of claims

David --

Thank you for re-forwarding that letter. If you have any authority from Judge Everingham or Judge Ward on this issue, we would like to see it.

In our view, your proposed reduction in the number of claims we have asserted is too drastic, especially given the nature of our claims (which we have previously discussed with you). Attached are two orders from Judge Everingham, including one from just last week, requiring the plaintiff to reduce its asserted claims only to 40. We believe that is more in line with what is reasonable here.

Given this authority, I do not believe the meet and confer process is complete on this issue. If you nevertheless intend to file by noon on Monday, please let us know by then if Google will agree to reduce its prior art to 20 references if we reduce our claims as a compromise to 40, or to 5 references if Google prevails on its motion. As you indicate below, if we do not hear from you by then, we will assume you oppose.

Cordially,

Joe

---

**From:** David Perlson [mailto:davidperlson@quinnemanuel.com]
**Sent:** Friday, July 31, 2009 9:02 PM
**To:** Joseph S. Grinstein; Jeremy Brandon; Justin A. Nelson
**Cc:** Stacy Schulze; 'wolff@fr.com'; 'gil@GillamSmithLaw.com'; Max L. Tribble; 'janet@GillamSmithLaw.com'; Google-Function Media; Sandeep Seth
**Subject:** RE: Function Media--Reduction of claims

1

Joe, not sure I understand your comment regarding not being on same page. I understood you had tied reducing the claims and reducing references together.

Regarding your request for authority, Gil already provided some to you in his July 27 letter. I have attached again for your reference.

Again, please provide us Plaintiff's position by noon Monday or we will need to proceed with our motion.

Thanks,

David

---

**From:** Joseph S. Grinstein [mailto:jgrinstein@susmangodfrey.com]
**Sent:** Friday, July 31, 2009 6:43 PM
**To:** David Perlson; Jeremy Brandon; Justin A. Nelson
**Cc:** Stacy Schulze; wolff@fr.com; gil@GillamSmithLaw.com; Max L. Tribble; janet@GillamSmithLaw.com; Google-Function Media; Sandeep Seth
**Subject:** RE: Function Media--Reduction of claims

# David --

I am not sure we are on the same page about how we have been negotiating on this issue. Our offer on your number of prior art references was part and parcel of our counter-offer on the number of asserted claims.

In any event, however, I think it would move things forward if you could provide to us any E.D.Tex. authority you have for a claims reduction of the magnitude you are suggesting.

Thanks,
Joe

---

**From:** David Perlson [mailto:davidperlson@quinnemanuel.com]
**Sent:** Friday, July 31, 2009 2:46 PM
**To:** Jeremy Brandon; Joseph S. Grinstein; Justin A. Nelson
**Cc:** Stacy Schulze; wolff@fr.com; gil@GillamSmithLaw.com; Max L. Tribble; janet@GillamSmithLaw.com; Google-Function Media; Sandeep Seth
**Subject:** RE: Function Media--Reduction of claims

Jeremy, we are willing to work on this issue too. However, we don't think your proposal was fair for the reasons I have already stated.

You stated that Google rejected the compromise that Google reduce its asserted prior art references. This is inaccurate. As I state in my email below, Plaintiff's request that Google reduce its prior art to 20 claims is workable assuming Plaintiff would first limit its claims to a reasonable number, which we think is no more than 9 claims.

Further, rather than the 20 reference limit discussed on our call, you now state that Plaintiff wants Google reduce its prior reference to "substantially less than 20" and that if we move to reduce the number of claims, Plaintiff would ask the Court for that relief. Again, Google is willing to reduce the number of prior art references it is asserting so there is no reason to threaten a motion on the subject. If you can tell us what number of prior art references Plaintiff thinks would be reasonable with no more than 9 asserted claims, perhaps we can reach agreement on both issues.

2

Please get back to us by noon Monday, or we intend to proceed with our motion.

Thanks,

David

---

**From:** Jeremy Brandon [mailto:jbrandon@SusmanGodfrey.com]
**Sent:** Thursday, July 30, 2009 9:20 PM
**To:** David Perlson; Joseph S. Grinstein; Justin A. Nelson
**Cc:** Stacy Schulze; wolff@fr.com; gil@GillamSmithLaw.com; Max L. Tribble; janet@GillamSmithLaw.com; Google-Function Media; Sandeep Seth
**Subject:** RE: Function Media--Reduction of claims


David,

As we discussed yesterday, FM is willing to work with Google on this issue. But we believe our proposal on yesterday's call was more than fair. If Google moves to reduce FM's claims to 9, we will move to reduce Google's asserted prior art references to substantially less than 20 (which we offered as a now-rejected compromise). We also think it's unfair, by the way, that Google has issued this one-day ultimatum -- especially given how often Google has forced us to wait on various discovery issues.

jeremy

---

**From:** David Perlson [mailto:davidperlson@quinnemanuel.com]
**Sent:** 2009-07-29 20:16
**To:** Joseph S. Grinstein; Justin A. Nelson; Jeremy Brandon
**Cc:** Stacy Schulze; wolff@fr.com; David Perlson; gil@GillamSmithLaw.com; Max L. Tribble; janet@GillamSmithLaw.com; Google-Function Media
**Subject:** Function Media--Reduction of claims

Thank you for talking today regarding the potential reduction of claims in the Function Media case.

In the call, I indicated, as Mr. Gillam had previously communicated that we felt there should be no more than three claims asserted for each patent in the case. If I have the numbers right, I believe you indicated that the '045 only currently has two claims asserted and that the '059 patent had six claims and thus the discussion should focus on the claims of the '025 patent. I pointed out that we feel the *Blackboard* case is dispositive on the means plus function claims Plaintiff asserts and that dropping those claims in the '045 patent could also narrow the issues, but Plaintiff indicated that it does not intend to drop these claims as it reads that case differently. In any event, as to the '025 patent, you thought that you could potentially reduce the claims by about 1/3 which I believe you indicated would leave about 45 claims in that patent. You indicated that you felt you could in fact go to trial on all those claims given that some are method claims and some are system claims so that there would be overlap of proof that could streamline the issues.

We also discussed Defendants reducing the number of references asserted. I indicated we were willing to reduce the number of references, but that how many could be reduced would depend largely on which claims Plaintiff would be eliminating. You indicated that you felt that if Plaintiff would reduce its asserted claims that Defendants should limit its asserted references to 20.

We appreciate Plaintiff's willingness to engage us on this issue and certainly Plaintiff's indication that it would be willing to reduce at least some of its asserted claims is encouraging. However, we think that Plaintiff should be able to reduce the claims by a larger number. Initially, regardless of overlap, we do not think that Plaintiff would actually present anywhere near 45+ claims to the jury as it now suggests, nor do we think the Court would allow Plaintiff to do so. This reduction of claims would also not be significant enough to have any real benefit in reducing the issues for the upcoming Markman hearing. While Plaintiff has suggested that it could further reduce the claims after the Court has ruled on claim

construction, we do not believe it is efficient or appropriate to wait until the Court has taken the time to address the numerous Markman issues stemming from the number of asserted claims to then reduce claims based on whether Plaintiff has won or lost on them. We think the Court will agree on that point as well. Accordingly, we ask that Plaintiff reconsider its position and consider reducing the total claims asserted to no more than 9 claims. As to Plaintiff's suggestion of Defendants reducing its asserted references to 20, we think this could be workable, but only if Plaintiff reduces its asserted claims to a reasonable number.

While we hope to work this out with Plaintiff without Court intervention, we need get this issue resolved. Please let us know by the end of the day tomorrow whether Plaintiff will agree to limit the total claims asserted to no more than 9 claims. If Plaintiff will not do so, Google intends to file a motion seeking such relief from the Court.

David


David Perlson
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Direct: (415) 875-6344
Main Phone: (415) 875-6600
Main Fax: (415) 875-6700
E-mail: davidperlson@quinnemanuel.com
Web: www.quinnemanuel.com