IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **FUNCTION MEDIA, L.L.C.,**<br><br>v.<br><br>**GOOGLE INC. AND YAHOO!, INC.** | **Civil Case No. 2:07-CV-279 (CE)**<br><br>**JURY TRIAL DEMANDED** |

**GOOGLE'S MOTION *IN LIMINE* NO. ELEVEN: MOTION TO EXCLUDE EVIDENCE OF GOOGLE'S SIZE, WEALTH AND OVERALL REVENUES**

**Introduction**

Plaintiff Function Media LLC's conduct during discovery indicates that Plaintiff intends to introduce evidence of Defendant Google Inc.'s size, wealth, and overall revenues to sway the jury's sympathy and/or to somehow bolster its damages claims. Such evidence should be excluded as irrelevant to Plaintiff's allegations and damages claims, and as unfairly prejudicial to Google. Google's size and wealth relative to Plaintiff's has no bearing on any issue in this case. Similarly, Google's total revenues are irrelevant to any damages calculation, which must be based on revenues derived from the products actually accused of infringement in this case. The only possible motive for Plaintiff to introduce this evidence is to bias the jury against Google based on Google's status as a large and profitable corporation. Plaintiff should not be permitted to do so.

**Argument**

**I. EVIDENCE OF GOOGLE'S SIZE AND WEALTH SHOULD BE EXCLUDED AS IRRELEVANT AND UNFAIRLY PREJUDICIAL.**

Evidence of a defendant's net worth and wealth is "totally irrelevant to the issue of compensatory damages." Burke v. Deere & Co., 6 F.3d 497, 513 (8th Cir. 1993). Indeed, arguments regarding a party's wealth, size, and corporate status in an effort to bias the jury have been found to constitute prejudicial error. See Draiper v. Airco, Inc., 580 F.2d 91, 95 (3d Cir. 1978) (granting a new trial in part because "[c]ounsel repeatedly made reference to the wealth of the defendants in contrast to the relative poverty of the plaintiff"). References to a party as a "wealthy, thriving, large company" and references to a company's finances and size have been held irrelevant and excluded at the motion *in limine* stage. Cooper Tire and Rubber Co. v. Farese, 2008 WL 5382416, at *3 (N.D. Miss. Dec. 19, 2008).

Here, Plaintiff should be precluded from making any reference to Google as a large and wealthy corporation, or comparing Google's size and net worth to Plaintiff's. Such argument would be completely irrelevant to Plaintiff's allegations or its compensatory damages claims. As a bald attempt to appeal to wealth and class prejudice, it would also significantly prejudice Google.

## II. EVIDENCE OF GOOGLE'S OVERALL REVENUES AND PROFITS SHOULD BE EXCLUDED AS IRRELEVANT AND UNFAIRLY PREJUDICIAL.

Plaintiff seeks damages for Google's alleged infringement in the form of a reasonable royalty. In calculating a reasonable royalty, courts consider revenues, profits and cost savings of the *infringing product or process*. See Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1127-28 (S.D.N.Y. 1970) (considering the profits that the defendant was making and could reasonably expect to continue to make "on its sales of [the infringing device]"); 7 Donald S. Chisum, Chisum on Patents § 20.03[3][b][iv] (2009) (noting that courts consider "the anticipated profits or cost savings that the infringer would derive from use of the patented product or process"). Where, as here, there is no allegation that sales of the accused products promoted or generated sales of other non-accused products (so called "derivative" or "convoyed" sales), Georgia-Pacific Corp. v. United States Plywood Corp., 318 F.Supp. 1116, 1120, (S.D.N.Y.1970), revenues from non-accused products are irrelevant.

Plaintiff has recently narrowed its list of accused Google products to "AdSense for Content" and "AdSense for Mobile," as well as "AdWords" and "My Client Center" as they relate to "AdSense for Content" and "AdSense for Mobile." (See Ex. A.) Only revenue and profit data related to those products should be admitted into evidence.

Throughout discovery, however, Plaintiff has sought information regarding the whole of Google's advertising revenues, including revenues from products that Plaintiff no longer accuses

of infringement. Accordingly, Google produced extensive revenue, profit and loss data for products that are no longer accused in this case, including advertising on Google.com, AdSense for Search, AdSense for Domains, and AdSense for Error Pages. This financial information, as well as the total amount of Google's revenue or revenue from advertising generally, is irrelevant to any of Plaintiff's damages claims. Permitting Plaintiff to present such evidence would prejudice Google, because it would give Plaintiff the opportunity to "backdoor" irrelevant and prejudicial evidence regarding Google's size, wealth, and financial condition. Such irrelevant evidence could also lead to jury confusion regarding the appropriate revenue base for any damages analysis. Accordingly, Plaintiff should be limited to introducing evidence of Google's revenues and profits derived solely from the accused products – AdSense for Content, AdSense for Mobile, and AdWords and My Client Center to the extent that they relate to AdSense for Content and AdSense for Mobile.

## **Conclusion**

For the foregoing reasons, Google respectfully asks this Court to exclude any mention of or reference to Google's size and wealth, including Google's size and wealth relative to Plaintiff's. Google also respectfully asks this Court to exclude evidence of Google's profits and revenues that do not pertain to the accused products, including evidence of Google's overall revenues or overall advertising revenues.

Dated: October 2, 2009

Respectfully submitted,
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: */s/ Amy H. Candido*

Charles K. Verhoeven (admitted *pro hac*)
*Lead Attorney*
charlesverhoeven@quinnemanuel.com
Amy H. Candido (admitted *pro hac*)
amycandido@quinnemanuel.com
Billie D. Salinas (admitted *pro hac*)
billiesalinas@quinnemanuel.com
Carl G. Anderson (admitted *pro hac*)
carlanderson@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Stan Karas (admitted *pro hac*)
stankaras@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Edward J. DeFranco (admitted *pro hac*)
eddefranco@quinnemanuel.com
James M. Glass (admitted *pro hac*)
jimglass@quinnemanuel.com
Patrick Curran (admitted *pro hac*)
patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART

OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:	(212) 849-7000
Facsimile:	(212) 849-7100

Harry L. Gillam, Jr., Bar No. 07921800
  gil@gillamsmithlaw.com
Melissa R. Smith, Bar No. 24001351
  melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone:	(903) 934-8450
Facsimile:	(903) 934-9257

Counsel for Defendant and Counter-Claimant
GOOGLE INC.

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 2, 2009 to counsel of record via ECF/PACER.

                                          */s/ Carl G. Anderson*
                                          Carl G. Anderson