IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **FUNCTION MEDIA, L.L.C.,**<br><br>   v.<br><br>**GOOGLE, INC. AND YAHOO!, INC.** | **Civil Case No. 2:07-CV-279 (CE)**<br><br>**JURY TRIAL DEMANDED** |

### GOOGLE'S MOTION *IN LIMINE* NO. FIVE:  MOTION TO ADMIT EVIDENCE REGARDING THE REEXAMINATION OF THE PATENTS-IN-SUIT

**Introduction**

Every asserted claim in each of the three patents at issue in this case currently stands rejected by the United States Patent and Trademark Office in reexamination. Evidence of reexamination is relevant to the jury's validity determination. Accordingly, and as a matter of fundamental fairness, Google should be permitted to introduce evidence of these rejections to rebut the presumption of validity afforded the patents-in-suit. Alternatively, Plaintiff Function Media, LLC ("Plaintiff") should be precluded from discussing the presumption of validity before the jury.

In addition, as several recent cases have held, the reexaminations and the PTO's sweeping rejections are relevant to Plaintiff's allegations of willful infringement. Thus, irrespective of whether evidence of the rejections is admitted to rebut the presumption of validity, Google should be permitted to discuss the reexaminations to show that Google did not willfully infringe the patents at issue.

Finally, Plaintiff may offer statements or testimony at trial that contradict statements it made to the PTO during reexamination. If this happens, Google should be permitted to introduce evidence of the reexamination for purposes of impeachment.

**Background**

Each of the patents that remains at issue in this case is currently the subject of a co-pending *inter partes* reexamination before the PTO. Thus far, the PTO has rejected every asserted claim of each of the three patents-in-suit. The PTO granted the reexamination request with respect to U.S. Patent No. 6,446,045 and issued its rejection on September 25, 2008. (Ex. A.) The PTO granted the reexamination request with respect to U.S. Patent No. 7,249,059 and issued its rejection on October 17, 2008. (Ex. B.) And with respect to U.S. Patent No. 7,240,025, the PTO granted the reexamination request on October 24, 2008, and issued its

rejection on November 21, 2008. (Ex. C.) Although these rejections are not final, they were sweeping and total: each of the claims subject to reexamination, including every claim asserted in this litigation, was rejected on several independent grounds. (See, e.g., Exs. D-F.)

**Argument**

**I. EVIDENCE OF THE REJECTIONS DURING REEXAMINATION IS RELEVANT TO VALIDITY OF THE PATENTS-IN-SUIT.**

The PTO's rejections of each claim of the patents-in-suit represent determinations that the asserted claims are invalid over much of the same prior art upon which Google is relying in this litigation. As a threshold matter, under the liberal standard of Federal Rules of Evidence, such determinations are indisputably relevant to Google's counterclaims of invalidity. See Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

**A. Google Should Be Permitted to Introduce Evidence of the Reexaminations and the PTO's Rejections to Rebut the Presumption of Validity.**

The presumption of validity is "a procedural device which places the burden of going forward with evidence and the ultimate burden of persuasion of invalidity at trial on the alleged infringer." New England Braiding Co., Inc. v. A.W. Chesterton Co., 970 F.2d 878, 882 (Fed. Cir. 1992). However, "the rationale for the presumption lies in the expertise of the PTO in making the technical factual determinations underlying the patent process." Tronzo v. Biomet, Inc., 950 F. Supp. 1149, 1154 (S.D. Fla. 1996) (citing Brooktree Corp. v. Advanced Micro Devices, Inc., 977 F.2d 1555, 1574-75 (Fed. Cir. 1992)). "The PTO's decision to issue a patent is entitled to deference only to the extent that it is based on relevant facts and on correct principles of law." Id. (citing Plastic Container Corp. v. Continental Plastics of Okla., Inc., 708 F.2d 1554, 1558 (10th Cir. 1983)). The PTO's own statement that it allowed **every single**

3

**asserted claim *in error*** thus strikes at the heart of the presumption of validity. Google should be allowed to present evidence that the PTO has called into question its own "expertise . . . in making the technical factual determination underlying the patent process." Id.

Evidence of the PTO's rejections in reexamination should be admitted as a matter of due process and fundamental fairness. "Due Process mandates that a judicial proceeding give all parties an opportunity to be heard on the ***critical and decisive allegations*** which go to the ***core*** of the parties' claim or defense and to present evidence on the contested facts." In re Complaint of Bankers Trust Co., 752 F.2d 874, 890 (3d Cir. 1984); see also Thompson v. Madison County Board of Ed., 476 F.2d 676, 678 (5th Cir. 1973) ("Due process mandates that a judicial proceeding give the affected parties an opportunity to be heard on the allegations asserted in the complaint and to present evidence and argument on the contested facts and legal issues framed by the answer to the complaint."). The presumption of validity places a heavy evidentiary burden on the accused infringer to prove invalidity by clear and convincing evidence. Kegel Co., Inc. v. AMF Bowling, Inc., 127 F.3d 1420, 1429 (Fed. Cir. 1997). Due process requires that Google be permitted to meet that burden by presenting evidence that goes to the core of not only its invalidity defense, but the presumption itself.

### B. Alternatively, Plaintiff Should Be Precluded from Discussing the Presumption of Validity in Front of the Jury.

If the Court is inclined to exclude evidence of the pending reexaminations and rejections, Plaintiff should likewise be precluded from arguing the presumption of validity to the jury. This approach was implicitly endorsed by the Federal Circuit just this year. In Callaway Golf Co. v. Acushnet Co., 576 F.3d 1331, 1342-43 (Fed. Cir. 2009), the Federal Circuit affirmed a district court decision to exclude evidence of non-final PTO rejections but precluded the Plaintiff from "bolstering the validity of its patents" by putting forth evidence that "three patent examiners' had

4

concluded that they were valid." The Federal Circuit did **not** hold that non-final rejections should always be excluded, but rather that the trial court did not abuse its discretion in excluding them in that particular case. Id. at 1343. Here, given the PTO's recent rejection of every asserted claim, Plaintiff also should not be permitted to argue that the expertise of the PTO examiners who originally issued the patents means that the claims should be presumed valid.

## II.     GOOGLE SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF THE REEXAMINATION PROCEEDINGS TO PROVE THAT GOOGLE DID NOT WILLFULLY INFRINGE THE PATENTS-IN-SUIT.

Irrespective of whether Google is permitted to introduce evidence of the reexamination rejections to rebut the presumption of validity, evidence of the rejections and the PTO's preceding grant of a reexamination request should be admitted to refute Plaintiff's allegations of willful infringement. To prove willfulness, the Federal Circuit requires the patentee to "show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and that "this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007). In TGIP, Inc. v. AT&T Corp., 527 F. Supp. 2d 561, 579 (E.D. Tex. 2007), this Court held that a reasonable jury could not conclude that the defendant's conduct was willful when the PTO had granted a reexamination request and ultimately required amendments to the patent-in-suit. Other courts have also held that the granting of a reexamination request by the PTO, indicating that a "substantial new question of patentability" exists, is a factor that should be considered in the willful infringement determination. See, e.g., Safoco, Inc. v. Cameron Intl. Corp., 2009 WL 2424108, at *20 (S.D. Tex.) (concluding that the granting of a reexamination request is one factor to consider in applying the willful infringement standard); Lucent Techs, Inc. v. Gateway, Inc., 2007 U.S. Dist. LEXIS 95934, at *17-18 (S.D. Cal.) ("The Court concludes that the PTO's determination of a

5

substantial question of patentability supports Defendants' position [of no willful infringement], even though these orders are preliminary . . . .").

Here, of course, the PTO has not only granted reexamination requests, but has actually rejected every claim asserted in this lawsuit. Both are highly pertinent to whether Google acted with the culpable state of mind necessary to meet the willful infringement standard.

**III.      GOOGLE SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF THE REEXAMINATION PROCEEDINGS TO IMPEACH CONTRADICTORY STATEMENTS OR TESTIMONY OFFERED AT TRIAL.**

Plaintiff may make statements or offer testimony at trial that contradict statements it made during the reexaminations of the patents-in-suit. For example, Plaintiff may seek to contradict its earlier characterizations of the patented invention, or its attempts to distinguish the invention from the prior art. If so, Google should be permitted to introduce evidence from the reexamination record in order to impeach whatever contradictory testimony Plaintiff offers.

**Conclusion**

For the foregoing reasons, Google respectfully asks this Court to admit evidence of the reexamination proceedings and PTO rejections of the asserted claims of the patents-in-suit, and/or to preclude Plaintiff from arguing the presumption of validity to the jury in light of this evidence.

Dated: October 2, 2009

Respectfully submitted,
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: */s/ Amy H. Candido*

    Charles K. Verhoeven (admitted *pro hac*)
    *Lead Attorney*
    charlesverhoeven@quinnemanuel.com
    Amy H. Candido (admitted *pro hac*)
    amycandido@quinnemanuel.com
    Billie D. Salinas (admitted *pro hac*)
    billiesalinas@quinnemanuel.com
    Carl G. Anderson (admitted *pro hac*)
    carlanderson@quinnemanuel.com
    QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
    50 California Street, 22nd Floor
    San Francisco, California 94111
    Telephone:   (415) 875-6600
    Facsimile:   (415) 875-6700

    Stan Karas (admitted *pro hac*)
    stankaras@quinnemanuel.com
    QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
    865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017
    Telephone:   (213) 443-3000
    Facsimile:   (213) 443-3100

    Edward J. DeFranco (admitted *pro hac*)
    eddefranco@quinnemanuel.com
    James M. Glass (admitted *pro hac*)
    jimglass@quinnemanuel.com
    Patrick Curran (admitted *pro hac*)
    patrickcurran@quinnemanuel.com
    QUINN EMANUEL URQUHART

OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Harry L. Gillam, Jr., Bar No. 07921800
  gil@gillamsmithlaw.com
Melissa R. Smith, Bar No. 24001351
  melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Counsel for Defendant and Counter-Claimant
GOOGLE INC.

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 2, 2009 to counsel of record via ECF/PACER.


                                  */s/ Carl G. Anderson*
                                  Carl G. Anderson