# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **FUNCTION MEDIA, L.L.C.,** | Civil Case No. 2:07-CV-279 (CE) |
| v. | |
| **GOOGLE, INC. AND YAHOO!, INC.** | **JURY TRIAL DEMANDED** |

## GOOGLE'S MOTION *IN LIMINE* NO. THREE: MOTION TO EXCLUDE PLAINTIFF FROM ASSERTING ANY "SECONDARY CONSIDERATIONS" OF NON-OBVIOUSNESS

**Introduction**

In its Responses and Objections to Google, Inc. and Yahoo!, Inc.'s First Set of Joint Interrogatories ("Resp. to Joint Rogs"), Function Media, L.L.C. ("Function Media") set forth various "secondary considerations" in support of its contention that the asserted patents are not obvious. Secondary considerations are factors that courts have identified as potentially relevant to the obviousness analysis. It is black-letter patent law, however, that secondary considerations must have a "nexus" or link to the features recited in the patent claims. Without this essential nexus, such evidence and argument is irrelevant to the question of obviousness. Because Function Media has failed to set forth any such nexus for three of the secondary considerations it asserts, these secondary considerations are irrelevant to the issue of obviousness and should be precluded. Stobie Creek Investments, LLC v. U.S., 81 Fed. Cl. 358, 360 (Ct. Cl. 2008) ("The basic purpose of a motion *in limine* is to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters.") (internal citation omitted). With respect to the remaining two secondary considerations — "copying" and "teaching away," Function Media has failed to identify any evidence that Google copied and has failed to identify any specific "teaching away." Without such evidence, these secondary considerations are also irrelevant and Function Media should be precluded from raising them at trial.

**Argument**

While a patentee may attempt to rebut a *prima facie* case of obviousness by setting forth evidence of secondary considerations, see Newell Cos., Inc. v. Kenney Mfg. Co., 864 F.2d 757, 768 (Fed. Cir. 1988), there must be a "nexus" (or link) between any such secondary considerations and the recited features of the claimed subject matter. Cable Elec. Prods., Inc. v. Genmark, Inc., 770 F.2d 1015, 1026-27 (Fed. Cir. 1985); In re GPac, Inc., 57 F.3d 1573, 1580; SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp., 225 F.3d 1349, 1358-59 (Fed. Cir. 2000);

Sandt Tech., Ltd. v. Resco Metal & Plastics Corp., 264 F.3d 1344, 1355 (Fed. Cir. 2001); Ormco Corp. v. Align Tech., Inc., 463 F.3d 1299, 1311-12 (Fed. Cir. 2006). Indeed, secondary considerations relating to features not described in the claims are irrelevant to the analysis of obviousness. J.T. Eaton & Co., Inc. v. Atlantic Paste & Glue Co., 106 F.3d 1563, 1571 (Fed. Cir. 1997); Ormco, 463 F.3d at 1312. It is the plaintiff's burden to establish a nexus between any secondary considerations and the limitations recited in the asserted claims. See GPac, 57 F.3d at 1580.

Function Media has identified five such secondary considerations — "long felt need," "commercial success," "laudatory statements," "copying," and "teaching away." As described in detail below, with respect to the first three secondary considerations, Function Media has failed to identify any evidence linking the alleged secondary considerations to the limitations of the asserted claims. Likewise, Function Media has failed to set forth any evidence that Google was ever aware of the asserted patents prior to this lawsuit, much less that Google copied the patents. And last, Function Media has failed to identify any prior art that "teaches away" from the claimed inventions. Because Function Media has failed to identify evidence necessary for each of these secondary considerations, its secondary considerations are irrelevant and Function Media should be precluded from raising them at trial.

## I. FUNCTION MEDIA SHOULD BE PRECLUDED FROM ARGUING LONG FELT NEED.

Function Media contends that, since the 1990s, Internet users were "seeking an efficient system to monetize their internet properties and/or products," and advertisers "needed an efficient way to advertise," but that none of the prior art "provided what the '045 patent provided." (Ex. A at 4.) The only "evidence" Function Media cites for this contention is "Google and Yahoo!'s successful and lucrative adoption of [the patented claims]." (Id. at 5.)

A mere conclusory assertion that Google and Yahoo! have experienced commercial success is not evidence that there was a "long felt need" for anything. Google's commercial success could be attributed to a variety of factors such as Google's well-known brand, superior product, marketing efforts, or other recent industry advancements that created a new market for Google's products. Even if Google's success is indicative of a "long felt need," Function Media has failed to provide any evidence that the long felt need was satisfied by the limitations disclosed in the asserted patents, as opposed to any other factor or factors that contributed to the success of Google's products. <u>Muniauction, Inc. v. Thomson Corp.</u>, 532 F.3d 1318, 1328 (Fed. Cir. 2008) (finding that asserted secondary considerations driven by the market "lacks the requisite nexus to the claimed invention"). Failure to establish this nexus renders any evidence or argument about "long felt need" irrelevant. They should be excluded.

## II. FUNCTION MEDIA SHOULD BE PRECLUDED FROM ARGUING COMMERCIAL SUCCESS.

Function Media similarly argues that the "revenue numbers produced to date by Defendants evidence the commercial success of the very advertising system that was disclosed and claimed in the patents-in-suit." (Ex. A at 7.) But Google's revenue numbers — by themselves — have no bearing on whether the asserted claims are obvious. <u>J.T. Eaton</u>, 106 F.3d at 1571 ("asserted commercial success of the ***product must be due to the merits of the claimed invention*** beyond what was readily available in the prior art") (emphasis added). Function Media has completely failed to provide any evidence that these revenue numbers are driven in any way by the claimed invention. As noted above, there are many features of Google's products and Google's business practices that are responsible for creating a successful product. Because Function Media has failed to show that any of Google's commercial success is tied to

features that are claimed in the asserted patents, evidence of Google's "commercial success" is irrelevant to non-obviousness and should be excluded from being raised at trial.

### III. FUNCTION MEDIA SHOULD BE PRECLUDED FROM ARGUING LAUDATORY STATEMENTS.

Function Media also contends that Google's own "laudatory statements" made when promoting its product is evidence of the "novel and useful approach" reflected in the patents. Once again, Function Media has not cited a single piece of evidence to establish a link between either these statements or the accused products and the asserted claims. Because Function Media has failed to identify evidence to establish such a nexus, it should be precluded from offering Google's "laudatory statements" as evidence of non-obviousness.

### IV. FUNCTION MEDIA SHOULD BE PRECLUDED FROM ARGUING THAT THE PRIOR ART TEACHES AWAY FROM THE INVENTION.

Function Media also asserts that the prior art "taught away" from the asserted claims in that the prior art systems were not automated, and required either the advertisers or the publishers to "shoulder the burden" of conforming ad layouts to the given constraints. (Ex. A at 7.) But Function Media does not identify a single prior art reference to substantiate its assertions. More importantly, even Function Media's naked assertions do not allege that the prior art "taught away" from the asserted claims at all. Function Media states merely that the prior art was not automated, but provides no evidence or argument that there was anything in the prior art, industry trends, or other contemporaneous influences that discouraged the kind of automation claimed in the asserted claims. Since Function Media has failed to provide any specific evidence of teaching away, Function Media should be precluded from admitting evidence or presenting arguments that the prior art "taught away" from the asserted claims.

### V. FUNCTION MEDIA SHOULD BE PRECLUDED FROM ARGUING THAT GOOGLE COPIED THE PATENTS-IN-SUIT.

Function Media argues that Google copied the '045 patent because, while Google had filed applications related to online advertising systems before and after the critical date of the '045 patent, Google did not implement and market the accused system until after the '045 patent was published. (Ex. A at 6-7.) Function Media has no evidence, however, that Google copied the '045 patent, or that Google even knew about the patent when Google's accused product was being developed. See Google's concurrently filed Motion *In Limine* No. Eight: Motion to Preclude Evidence and Argument Relating to Google's Alleged Copying of the Invention. Accordingly, Function Media should be precluded from introducing any evidence at trial to support this theory, and from arguing that Google copied the '045 patent.

## **Conclusion**

Through discovery, Function Media has failed to provide any essential evidence to each of its secondary considerations. For the foregoing reasons, Google respectfully requests that the Court preclude Function Media from introducing any evidence of secondary considerations

Dated: October 2, 2009

Respectfully submitted,
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: */s/ Amy H. Candido*

Charles K. Verhoeven (admitted *pro hac*)
*Lead Attorney*
charlesverhoeven@quinnemanuel.com
Amy H. Candido (admitted *pro hac*)
amycandido@quinnemanuel.com
Billie D. Salinas (admitted *pro hac*)
billiesalinas@quinnemanuel.com
Carl G. Anderson (admitted *pro hac*)
carlanderson@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Stan Karas (admitted *pro hac*)
  stankaras@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017
Telephone:     (213) 443-3000
Facsimile:      (213) 443-3100

Edward J. DeFranco (admitted *pro hac*)
  eddefranco@quinnemanuel.com
James M. Glass (admitted *pro hac*)
  jimglass@quinnemanuel.com
Patrick Curran (admitted *pro hac*)
  patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

Harry L. Gillam, Jr., Bar No. 07921800
  gil@gillamsmithlaw.com
Melissa R. Smith, Bar No. 24001351
  melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone:     (903) 934-8450
Facsimile:      (903) 934-9257

Counsel for Defendant and Counter-Claimant
GOOGLE INC.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 2, 2009 to counsel of record via ECF/PACER.


                    */s/ Carl G. Anderson*
                    Carl G. Anderson