## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

**FUNCTION MEDIA, L.L.C.,**

**v.**

**GOOGLE, INC. AND YAHOO!, INC.**

**Civil Case No. 2:07-CV-279 (CE)**

**JURY TRIAL DEMANDED**

## GOOGLE'S MOTION *IN LIMINE* NO. TWO:  MOTION TO PRECLUDE FUNCTION MEDIA FROM  INTRODUCING EVIDENCE AND ARGUMENT THAT GOOGLE INFRINGES THE ASSERTED CLAIMS UNDER THE DOCTRINE OF EQUIVALENTS

## Introduction

The local patent rules require patentees to expressly identify which of the asserted claims are alleged to be infringed directly, and which are alleged to be infringed under the doctrine of equivalents.  In their contentions, Function Media, L.L.C. ("Function Media") has affirmatively declined to allege that any of the asserted claims are infringed under the doctrine of equivalents (and has therefore not provided any evidence to support such contentions).  Accordingly, Function Media should be precluded from offering any evidence or argument at trial that Google infringes any of the asserted claims under the doctrine of equivalents.  Stobie Creek Investments, LLC v. U.S., 81 Fed. Cl. 358, 360 (Ct. Cl. 2008) ("the basic purpose of a motion *in limine* is 'to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters").

Function Media should also be precluded from arguing that the asserted claims infringe under the doctrine of equivalents for the additional reason that Function Media has failed to provide any evidence as to how it would rebut the Festo presumption.  See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd., 535 U.S. 722, 740 (2002).  Where, as here, a patentee narrows a claim during patent prosecution, there arises a rebuttable presumption — known as the Festo presumption — that the doctrine of equivalents is unavailable for that limitation.  Here, each of the asserted claims were amended during patent prosecution, and Function Media has not identified any theory as to why the Festo presumption should not apply.  Accordingly, for this additional reason, Function Media should be precluded from offering any argument or evidence that Google infringes any of the asserted claims under the doctrine of equivalents.

**Argument**

## I. FUNCTION MEDIA HAS PROVIDED NO EVIDENCE OR ALLEGATIONS THAT THE ACCUSED PRODUCTS INFRINGE UNDER THE DOCTRINE OF EQUIVALENTS, AND SHOULD BE PRECLUDED FROM RAISING THE DOCTRINE AT TRIAL.

In its Second Amended P.R. 3-1 & 3-2 Disclosures, Function Media affirmatively declined to allege that any of the asserted claims are infringed under the doctrine of equivalents: "[a]t this time, Function Media knows of no specific limitations of the asserted claims where infringement depends on equivalents." (Ex. A, at 3.) Nor has Function Media amended, supplemented, or served any revised disclosures subsequently asserting liability under the doctrine of equivalents.

If Function Media intended to proceed under a doctrine of equivalents theory, the Local Patent Rules require that this theory be expressly identified in its infringement contentions. These rules were adopted to "further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." Computer Acceleration Corp. v. Microsoft Corp., 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). They are designed to prevent parties from practicing "litigation by ambush." See id. To that end, Local Patent Rule 3-1 specifies criteria that Plaintiff's infringement contentions must meet, including identifying whether Plaintiff contends that its claims are infringed literally or under the doctrine of equivalents:

> [T]he 'Disclosure of Asserted Claims and Infringement Contentions' ***shall*** contain the following information: . . .
>
> (d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents."

P.R. 3-1.

Function Media's over 350 pages of infringement contentions assert that Google infringes the claims literally. Nowhere does Function Media state, or even suggest, that Google infringes the asserted claims under the doctrine of equivalents. Function Media did not even plead infringement under the doctrine of equivalents in its Complaint. Allowing Function Media to assert the doctrine of equivalents now would cause unfair prejudice and the precise "litigation by ambush" the local rules were designed to prevent.

A similar result was reached in Nike, Inc. v. Adidas America Inc., 479 F. Supp. 2d 664 (E.D. Tex. 2007). In that case, this Court refused to allow the plaintiff to amend its infringement contentions to assert infringement under the doctrine of equivalents. Id. at 670. The plaintiff had submitted the amendment forty-four days before the discovery deadline, and had previously mentioned the doctrine of equivalents in prior infringement contentions. Id. at 666, 669. Nevertheless, this Court held that allowing the plaintiff to amend the contentions to add doctrine of equivalents allegations would be unfairly prejudicial to the defendant because more recent versions of the plaintiff's infringement contentions did not mention the doctrine of equivalents and it was therefore "*reasonable for [the defendant] to assume that the doctrine of equivalents was not being pursued*." See id. at 669-70 (emphasis added). See also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1369 (Fed. Cir. 2006) ("exclusion of evidence is often an appropriate sanction for the failure to comply with [patent local rule disclosure] deadlines").

The case for preclusion is even stronger here. In Nike, the plaintiff informed the defendant that it intended to assert the doctrine of equivalents, and did so prior to the close of discovery. Nike, 479 F. Supp. 2d at 666. Here, discovery is closed, and jury selection is to start in one month. Function Media did not plead infringement under the doctrine of equivalents, did

4

not assert it in its infringement contentions, and provided no discovery on the subject.

Accordingly, Google has been given no opportunity to marshal its own witnesses, evidence, and

experts to rebut whatever argument Function Media would assert.  Google would be subject to

the very "litigation by ambush" that the local rules were designed to prevent. Accordingly,

Function Media should be precluded from arguing infringement under the doctrine of equivalents

at trial.

**II.      FUNCTION MEDIA ALSO SHOULD BE PREVENTED FROM ARGUING INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS BECAUSE IT HAS PROVIDED NO EVIDENCE TO REBUT THE *FESTO* PRESUMPTION.**

When a patentee amends claims during prosecution to narrow their scope for reasons

related to patentability, a presumption arises (the "Festo presumption") that "bar[s] the

application of the doctrine of equivalents as to that element." Festo, 535 U.S. at 740.  The Festo

presumption can be rebutted by showing that the equivalent in question was unforeseeable at the

time of the application, that the amendment was "tangential" to the equivalent or question, or

"some other reason suggesting that the patentee could not reasonably be expected to have

described the insubstantial substitute in question."  Id. at 740-41.  If the patentee cannot rebut the

Festo presumption, the patentee is estopped from asserting the doctrine of equivalents.  Id.

Each of the asserted claims was narrowed during patent prosecution for reasons related to

patentability.  Both of the '045 asserted claims were initially rejected by the patent office on

November 8, 2001 as being anticipated by the prior art.  In response, the applicants amended the

claims in a January 22, 2002 Amendment, and these amended claims were eventually allowed by

the patent office. (See Ex. B.)  Similarly, all of the asserted claims from the '025 Patent were

added by amendment in a February 13, 2006 amendment, which was necessitated by the patent

office rejecting the original claims on August 12, 2005.  (See Ex. C.)  So, too, for the '059

Patent. The asserted claim from that patent, claim 1, was amended on September 5, 2006, after it was being rejected over prior art. (See Ex. D.)

Because each of the asserted claims was amended and narrowed for reasons related to patentability, the Festo presumption applies, and Function Media is presumed to have relinquished all range of equivalents to the amended limitations. Function Media has identified *no* evidence or argument to rebut this presumption. Without any evidence, Function Media cannot satisfy its burden of proving that the equivalent was "unforeseeable," or that it is only "tangentially related" to the rationale underlying the amendments. Nor can Function Media prove some "other reason" why estoppel should not apply. Accordingly, Function Media should be precluded from asserting the doctrine of equivalents at trial. See 02 Micro, 467 F.3d at 1369 ("exclusion of evidence is often an appropriate sanction for the failure to comply with such deadlines"); Nike, 479 F. Supp. 2d at 669-70.

## **Conclusion**

For the foregoing reasons, Function Media should be precluded from introducing evidence or arguments at trial regarding infringement of the asserted claims under the doctrine of equivalents.

Dated: October 2, 2009

Respectfully submitted,
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: */s/ Amy H. Candido*

Charles K. Verhoeven (admitted *pro hac*)
*Lead Attorney*
charlesverhoeven@quinnemanuel.com
Amy H. Candido (admitted *pro hac*)
amycandido@quinnemanuel.com
Billie D. Salinas (admitted *pro hac*)
billiesalinas@quinnemanuel.com

Carl G. Anderson (admitted *pro hac*)
  carlanderson@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Stan Karas (admitted *pro hac*)
  stankaras@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Edward J. DeFranco (admitted *pro hac*)
  eddefranco@quinnemanuel.com
James M. Glass (admitted *pro hac*)
  jimglass@quinnemanuel.com
Patrick Curran (admitted *pro hac*)
  patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

Harry L. Gillam, Jr., Bar No. 07921800
  gil@gillamsmithlaw.com
Melissa R. Smith, Bar No. 24001351
  melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone:     (903) 934-8450
Facsimile:     (903) 934-9257

Counsel for Defendant and Counter-Claimant
GOOGLE INC.

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 2, 2009 to counsel of record via ECF/PACER.


*/s/ Carl G. Anderson*
Carl G. Anderson