# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, LLC § | | |
| § | | |
| Plaintiff, § | Civil Action No. 2007-CV-279 | |
| § | | |
| vs. § | | |
| § | | |
| GOOGLE INC. AND YAHOO!, INC. § | | |
| § | | |
| Defendants. § | JURY TRIAL DEMANDED | |

## PLAINTIFF'S SECOND AMENDED P.R. 3-1 & 3-2 DISCLOSURES

Plaintiff Function Media, LLC ("Function Media") hereby provides its Second Amended P.R. 3-1 & 3-2 Disclosures. Function Media's P.R. 3-1 disclosures are based on publicly available materials regarding the accused infringing products or services of Defendants Google Inc. ("Google") and Yahoo!, Inc. ("Yahoo") that describe or discuss aspects of operation of these products or services. Discovery is ongoing, and certain information is not yet available to Function Media that is fundamental to its infringement claims. Function Media reserves the right to supplement or alter its responses herein based on additional information obtained through formal discovery or other means concerning Google or Yahoo's products or services.

Moreover, although Function Media hereby asserts infringement of only certain claims in U.S. Patent Nos. 6,446,045, 7,240,025, 6,829,587, and 7,249,059, Function Media believes that Google and Yahoo infringe a substantial number of additional claims of these patents. However, local practice and jurisprudential resources place a practical limit on the number of claims that plaintiffs may assert at one time, and so Function Media has limited itself at this juncture to asserting the claims made in this disclosure. By asserting infringement of these claims at this time, Function Media in no way intends to waive its right to pursue additional claims from these patents in some later proceeding, and Function Media hereby reserves all rights to do so.

**I.    Function Media's P.R. 3-1(a)  Disclosures**

Subject to ongoing discovery and investigation, Function Media hereby contends (pursuant to P.R. 3-1a) that Google directly, contributorily and/or by inducement infringes the following patent claims:

| U.S. Patent No. | Infringed Claims |
| --- | --- |
| U.S. Patent No. 6,446,045 | 1, 5 |
| U.S. Patent No. 7,240,025 | 1, 7, 11-17, 20, 23, 24, 30, 32, 36, 37-39, 45, 51, 52, 62, 63, 79, 81, 90, 91, 140, 141, 148, 179, 186, 190-196, 199, 202, 203, 209, 211, 215-218, 224, 230, 231, 241, 242, 258, 260, 269, 270, 319, 320, 327 |
| U.S. Patent No. 6,829,587 | 18, 19, 22, 30 |
| U.S. Patent No. 7,249,059 | 1, 14, 26, 27, 40, 52 |

Subject to ongoing discovery and investigation, Function Media hereby contends (pursuant to P.R. 3-1a) that Yahoo directly, contributorily and/or by inducement infringes the following patent claims:

| U.S. Patent No. | Infringed Claims |
| --- | --- |
| U.S. Patent No. 6,446,045 | 1, 5 |
| U.S. Patent No. 7,240,025 | 1, 7, 15, 16, 20, 23, 24, 32, 45, 51, 52, 62, 63, 79, 81, 90, 91, 140, 141, 148, 179, 186, 194, 195, 199, 202, 203, 211, 224, 230, 231, 241, 242, 258, 260, 269, 270, 319, 320, 327 |

## II. Function Media's P.R. 3-1(b) Disclosures

Subject to ongoing discovery and investigation, Function Media hereby contends (pursuant to P.R. 3-1(b)) that the asserted patent claims are infringed by the Accused Instrumentalities as identified for each claim as shown in the previously-produced infringement charts for Google and Yahoo.

III. **Function Media's P.R. 3-1(c) Disclosures**

Subject to ongoing discovery and investigation, Function Media hereby contends (pursuant to P.R. 3-1c) that each element of each infringed claim is found within each Accused Instrumentality as shown in the previously-produced infringement charts for Google and Yahoo.

IV. **Function Media's P.R. 3-1(d) Disclosures**

Subject to ongoing discovery and investigation, Function Media hereby contends (pursuant to P.R. 3-1d) that each element of each asserted claim is literally present in each of the Accused Instrumentalities as specifically shown in the previously-produced infringement charts for Google and Yahoo.

At this time, Function Media knows of no specific limitations of the asserted claims where infringement depends on equivalents. However, as indicated above, more discovery is required for Function Media's literal infringement position, and the claims have yet to be construed. Function Media expressly reserves the right to augment and supplement its position on whether there is infringement under the doctrine of equivalents of any elements of any asserted claims after discovery from the Defendants and/or depending on this Court's interpretation of the asserted claims.

V. **Function Media's P.R. 3-1(e) Disclosures**

Pursuant to P.R. 3-1e, Function Media notes that U.S. Patent No. 6,829,587 is a continuation of U.S. Patent No. 6,446,045, and that U.S. Patent No.7,240,025 is a continuation of U.S. Patent No. 6,829,587. Each of the asserted claims in U.S. Patents Nos. 6,446,045, 7,240,025, 6,829,587 is entitled to a priority date no later than the filing date of U.S. Patent No. 6,446,045, i.e., January 10, 2000.

Function Media notes that U.S. Patent 7,249,059 is a continuation-in-part of U.S. Patent No. 6,446,045. Each of the asserted claims in U.S. Patent No. 7,249,059 is entitled to a priority date no later than the filing date of U.S. Patent No. 7,249,059, i.e., July 11, 2002.

VI. **Function Media's P.R. 3-1(f) Disclosures**

Function Media hereby asserts (pursuant to P.R. 3-1f) that it does not intend at this time to rely on the assertion that its own apparatus, product, device, process, method, act, or other

instrumentality practices the claimed invention. However, Function Media reserves all rights to supplement or alter this position based on additional information as appropriate.

VII. **Function Media's P.R. 3-2 Disclosures**

In accordance with P.R. 3-2, Function Media hereby makes the following disclosures:

Pursuant to P.R. 3-2(a), Function Media believes that there are no documents that evidence discussions with, disclosures to, or other manners of providing to a third party, or sale of or offer to sell, the claimed inventions in U.S. Patents Nos. 6,446,045, 7,240,025, or 6,829,587 prior to January 10, 2000, the date on which Application No. 09/480,303 (now U.S. Patent No. 6,446,045) was filed and the date to which U.S. Patents Nos. 6,446,045, 7,240,025, or 6,829,587 claim priority. Function Media also believes that there are no documents that evidence discussions with, disclosures to, or other manners of providing to a third party, or sale of or offer to sell, any new material disclosed in the claimed inventions in U.S. Patent No. 7,249,059 prior to July 11, 2002, the date on which Application No. 10/193,465 (now U.S. Patent No. 7,249,059) was filed.

Pursuant to P.R. 3-2(b), the following documents (all with bates numbers commencing with "D") evidence the conception, reduction to practice, design, and development of the claimed inventions, which were created on or before January 10, 2000, the date on which Application No. 09/480,303 (now U.S. Patent No. 6,446,045) was filed: 000001-08, 5115-5119, 16838-855, 16935-945, 17041-043, 17044-052, 17076-081, 17090-106, 17115, 17161, 17164-65, 17170-71, 17183-84, 17290-298, 17496-744, 17775-18680, 21690, 23349-23357, 23358-23365, 23375, 32298-32830, 32831-852, 32874-886, 32893-894, 39212-39214, 39241-39310, 39313-372, 39374-376, 39633-636, 39879, 39939-953, 40003-05, 40035-099, 40124-40142, 40168-197, 40220-221, 46925-987, 47024-47049, 47051-077, 47162-194, 58656-689, 58691-58696, 58700-702, 58827-828, 59298, 65935-42, 66016-023, 66720, 66721, and 66759 (flash drive, produced in native format).

The following document evidences the conception, reduction to practice, design, and development of new material related to the claimed inventions in U.S. Patent No. 7,249,059 which were created on or before July 11, 2002, the date on which Application No. 10/193,465 (now U.S. Patent No. 7,249,059) was filed: 17116-119.

There may be other documents relevant to conception, reduction to practice, design, and development of the claimed inventions pursuant to P.R. 3-2(b) that are protected by the attorney-client privilege and/or the attorney work product doctrine. A privilege log identifying those documents has been produced. Those documents are identified in the "Description" column as (1) "Draft '045" specification, drawings, application, and the like; and (2) "Draft '059" specification, drawings, application, and the like. In addition, Function Media notes that certain documents identified above have been redacted and logged. Function Media does not intend to rely on redacted or withheld content. Function Media will produce any redacted or withheld content if it decides to rely on content that has previously been withheld or redacted (and logged).

Pursuant to P.R. 3-2(c), the following documents are a copy of each of the file histories for the Function Media Patents-in-Suit: 63598-64582, 64583-64901, 64902-66078, 66079-66719.

Dated: January 9, 2009

Respectfully submitted,

*Max L. Tribble, Jr.* w/permission jb

Max L. Tribble, Jr.
State Bar No. 20213950
Email: mtribble@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, Texas, 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Lead Attorney for Plaintiffs*

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
Email: jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served on counsel of record, this 9th day of January, 2009.

_____
Jeremy J. Brandon