# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **FUNCTION MEDIA, L.L.C.,** | **Civil Case No. 2:07-CV-279 (CE)** |
| v. | **JURY TRIAL DEMANDED** |
| **GOOGLE, INC. AND YAHOO!, INC.** | |

### GOOGLE'S MOTION *IN LIMINE* NO. ONE:  MOTION TO PRECLUDE EVIDENCE AND ARGUMENT RELATING TO THE PARTIES' CONDUCT DURING DISCOVERY

**Introduction**

Based on recent correspondence, it appears that Plaintiff Function Media, LLC ("Plaintiff") may attempt to argue to the jury that Google has delayed or resisted in its production of documents and witnesses during the discovery process in this litigation. Plaintiff's only possible motivation for doing so would seem to be to confuse and bias the jury against Google.

Any such allegations are baseless and wholly irrelevant to resolution of the issues in this lawsuit, and should therefore be excluded under Federal Rule of Evidence 402. In addition, Plaintiff's unfounded assertions would be highly prejudicial to Google and should be excluded under Federal Rule of Evidence 403. Such unsubstantiated accusations would only confuse and bias the jury by potentially leading them to believe that Google has attempted to conceal evidence or otherwise bias them against Google. Accordingly, Google hereby moves this Court, *in limine*, for an order precluding *either party* from introducing evidence or making arguments related to the other parties' conduct during the discovery process.

**Background**

In recent correspondence, Plaintiff has generally asserted the unsubstantiated belief that Google has withheld various relevant documents, information, and witnesses. For example, in an email dated August 2, 2009, counsel for Plaintiff wrote that "[Google's] slow-rolling of production has materially harmed Function Media," and described Google's conduct as "a deliberate pattern of slow-rolling and refusal to answer." (*See* Ex. A.) In fact, Google has at all times been reasonable and cooperative in producing documents and witnesses. To date, Google has produced over 4.5 million pages of documents, and Google continues to supplement its production in good faith by promptly responding to numerous ongoing requests and performing various targeted collections from specific departments or witnesses. Google is concerned that, despite its best efforts to be reasonable and diligent in its discovery obligations, Plaintiff will

attempt to introduce evidence or argument suggesting otherwise. Such evidence and argument would be irrelevant and highly prejudicial. Google, therefore, asks the Court to enter an order precluding *either party* from introducing evidence relating to the other parties' conduct during discovery.

**Argument**

**I. ALLEGATIONS OF DELAY DURING DISCOVERY ARE ENTIRELY IRRELEVANT TO THIS LAWSUIT.**

There is no basis for Plaintiff to assert that Google has not fully complied with its discovery obligations in this litigation; however, even assuming Plaintiff somehow had a basis for the assertion, such facts would not be relevant to any issues which the jury has been tasked with deciding, such as Plaintiff's claims of patent infringement or Google's counterclaims of invalidity. See Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). While Plaintiff might argue that evidence of discovery conduct would be relevant to a determination of sanctions under Rule 37 of the Federal Rules of Civil Procedure or enhanced damages under Section 281 of U.S. Code Title 35, these determinations would be within the exclusive province of the Court and should be resolved by other means, not in front of the jury during trial. Accordingly, both parties should be precluded under Federal Rule of Evidence 402 from introducing evidence or argument during trial relating to the other parties' conduct during discovery.

**II. EVIDENCE OF THE PARTIES' CONDUCT DURING DISCOVERY SHOULD BE EXCLUDED BECAUSE IT WILL RESULT IN JURY BIAS AND PREJUDICE.**

Plaintiff's allegations that it believes Google was slow to produce relevant documents or witnesses may lead the jury to incorrectly assume that Google intentionally attempted to conceal evidence of wrongdoing or otherwise prejudice the jury against Google.  While such statements are wholly untrue and unsupportable, they may make it appear to the jury that Google was hiding something or being less than forthcoming.  This would result in bias against Google, as the jury might not only believe that Plaintiff is correct – which it is not – but that the alleged documents or witnesses include evidence detrimental to Google's case or beneficial to Plaintiff.   Thus, the likelihood that this type of evidence will bias the jury is far too great to allow the admission of such testimony.  Such allegations will also result in a waste of time and provide an unnecessary sidetrack from the actual issues in the case.  Plaintiff's allegations regarding Google's conduct during discovery should therefore be excluded under Rule 403 of the Federal Rules of Evidence. See, e.g., Green v. Baca, 226 F.R.D. 624, 642-43 (C.D. Cal. 2005) (holding in a section 1983 action, that evidence of defendant's purported discovery violations should be excluded under Rule 403 because their probative value was substantially outweighed by the danger of unfair prejudice); Miller v. Ford Motor Co., 2004 WL 4054843, at *10 (M.D. Fla. July 22, 2004) (granting defendants' motion *in limine* to exclude reference or evidence regarding Defendants' alleged misuse of discovery practices); Blue Cross & Blue Shield, Inc. v. Philip Morris, Inc., 2000 WL 1805359, at *2 (E.D.N.Y. Dec. 11, 2000) (granting defendants' motion *in limine* to exclude references to alleged discovery abuses).

## **Conclusion**

For the foregoing reasons, Google respectfully asks this Court to preclude any evidence and argument during trial relating to either parties' conduct during discovery.

| | |
|---|---|
| Dated: October 2, 2009 | Respectfully submitted,<br>QUINN EMANUEL URQUHART<br>OLIVER & HEDGES, LLP |

By: */s/ Amy H. Candido*

    Charles K. Verhoeven (admitted *pro hac*)
     *Lead Attorney*
     charlesverhoeven@quinnemanuel.com
    Amy H. Candido (admitted *pro hac*)
     amycandido@quinnemanuel.com
    Billie D. Salinas (admitted *pro hac*)
     billiesalinas@quinnemanuel.com
    Carl G. Anderson (admitted *pro hac*)
     carlanderson@quinnemanuel.com
    QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
    50 California Street, 22nd Floor
    San Francisco, California 94111
    Telephone:   (415) 875-6600
    Facsimile:    (415) 875-6700

    Stan Karas (admitted *pro hac*)
     stankaras@quinnemanuel.com
    QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
    865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017
    Telephone:   (213) 443-3000
    Facsimile:    (213) 443-3100

    Edward J. DeFranco (admitted *pro hac*)
     eddefranco@quinnemanuel.com
    James M. Glass (admitted *pro hac*)
     jimglass@quinnemanuel.com
    Patrick Curran (admitted *pro hac*)
     patrickcurran@quinnemanuel.com
    QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
    51 Madison Avenue, 22nd Floor
    New York, New York 10010
    Telephone:   (212) 849-7000
    Facsimile:    (212) 849-7100

    Harry L. Gillam, Jr., Bar No. 07921800
     gil@gillamsmithlaw.com
    Melissa R. Smith, Bar No. 24001351
     melissa@gillamsmithlaw.com
    GILLAM & SMITH, L.L.P.
    303 South Washington Avenue
    Marshall, TX 75670
    Telephone:   (903) 934-8450
    Facsimile:    (903) 934-9257

Counsel for Defendant and Counter-Claimant
GOOGLE INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 2, 2009 to counsel of record via ECF/PACER.

*/s/ Carl G. Anderson*
Carl G. Anderson

.