# EXHIBIT A

Dockets.Justia.com

From: Justin A. Nelson [mailto:jnelson@SusmanGodfrey.com]
Sent: Sunday, August 02, 2009 11:01 AM
To: Stan Karas; Jeremy Brandon; Joseph S. Grinstein; Max L. Tribble
Cc: Google-Function Media; wolff@fr.com; gil@gillamsmithlaw.com; brooks@fr.com
Subject: RE: Function Media v. Google

Stan --

Your letter exemplifies how your slow-rolling of production has materially harmed Function Media.  If you had simply stated 1 month ago that you would not produce internal communications about these deals -- which was clear from our emails and the meet and confer calls what we sought-- we could have filed a motion to compel then.  Instead, however, you asked us to delay and delay.  This is but the latest in a pattern of Google's delay in discovery.  To answer some of your questions, it is incredible that you would rely on your July 25 letter as a reason why Function Media never asked for these documents.  The email record is quite different from your memory, and the record to the judge in our motion to compel will reflect that.  We asked both before the meet and confer, at the meet and confer, and afterwards for two categories of information: (1) for all transactions, FASB-141 and basic purchase price and information; and (2) for the limited set of identifed transactions, internal deal information reflecting communcations within Google.  Indeed, my email of June 10, 2009 and Jeremy Brandon's email of June 15, 2009 makes this completely clear -- we were seeking 2 categories of information -- (1) -- "basic confirmatiory details regarding all acquisitions such as "price, amount, technology," and (2) for the limited set of acquisitions, we also wanted to see "internal deal documents," such as "presentations or analysis to or by the EMG or others within Google or any analysis performed by an investment bank or others about the purchase."  After trying to schedule a meet and confer on this for literally over a month, we thought you agreed on the July 10, 2009 to produce both these sets of documents.  Indeed, I distinctly remember talking about both categories with Juanita on the July 10 call.   But we asked you for confirmation after the meet and confer -- multiple times -- for when you would be producing these and to confirm that you would.  My July 13, 2009 email lists the transactions where we wanted full information, and then separately asked for basic confirmatory information for all transactions on the original list.  You never responded.  Instead, you said generally that the documents were coming, and urged us not to file a motion to compel.  But now, you tell us that you won't produce these documents.  But you don't even say that the issue is ripe.  Instead, you simply state that we never asked for this information.  You are completely mistaken.  The record reflects this.

You also do not even have the courtesy of answering the outstanding questions in that July 13 email, instead simply stating that we can ask your 30(b)(6) witness and questioning the relevance of why we want follow-up information.  First, you could told us this 3 weeks ago.  Second, we've stated in numerous other conversation and emails why this is relevant -- namely, that we are seeking information about deals equivalent in size or technology to our patents, and the information you provided was not detailed enough to determine whether to seek additional information.  We asked these questions in order to narrow down our request.  Instead, three weeks later, you simply refuse to answer.

You also have yet to state whether you have searched for and produced relevant documents from Mr. Zoufounon's files (or Mr. Curtiss's), despite our repeated and urgent requests.

We will take Mr. Zoufounon's deposition on Wednesday. If you have relevant documents that fall within the above categories, you need to produce them forthwith, although it is likely too late to review them before the deposition on Wednesday. Likewise please produce forthwith the list of all acquisitions for purchase price information, etc. We note that we have not received this information for any transaction. Given your production failures here, we expect that we will have to take another 30(b)(6) on this topic. We expect that you will pay costs for this later deposition. Your behavior on this subject and others related to these production issues -- what can only be classified as a deliberate pattern of slow-rolling and refusal to answer -- is in bad faith, and we reserve all rights. I have cc'd Juanita Brooks on this email because I did not see her name on your email, and do not know whether she is part of the "Google-Function Media" group.

_____

From: Stan Karas [mailto:stankaras@quinnemanuel.com]
Sent: Sat 8/1/2009 5:16 PM
To: Justin A. Nelson; Jeremy Brandon; Joseph S. Grinstein; Max L. Tribble
Cc: Google-Function Media; 'wolff@fr.com'; 'gil@gillamsmithlaw.com'
Subject: Function Media v. Google


Please see attached letter responding to Plaintiff's correspondence of the morning of July 31