IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C. | § § | |
| Plaintiff, | § § | Civil Action No. 2007-CV-279 |
| vs. | § § | |
| GOOGLE INC. AND YAHOO!, INC. | § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## FUNCTION MEDIA, L.L.C.'S RESPONSE TO GOOGLE'S MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS

This Court should deny Google's Motion to Limit Claims. The parties can easily litigate the eighteen claims (not thirty-two, as argued by Google)[1] that FM has asserted for trial. Alternatively, if this Court elects to limit FM's claims to five, then it should likewise limit Google's asserted prior art references to four and/or permit FM multiple trials.

Google's motion is premised, in part, on a misstatement. FM has asserted eighteen claims against Google. *See* Ex. A (Grinstein 8/10/09 email). Google contends, however, that FM's eighteen claims are actually thirty-two, because certain of FM's dependent claims will require FM to prove up the elements of other claims upon which they depend. But this is simply semantics. A claim is a claim. There is no difference between asserting, on the one hand, a dependent claim with one limitation that depends on an independent claim with five limitations, and, on the other, asserting an independent claim with six limitations. Yet Google would count the former as asserting two claims, and the latter as asserting one. For that matter, Google by its

---

[1] This Court's *Markman* ruling eliminated the two '045 patent claims from FM's asserted twenty claims, and presumably two claims as well from Google's recalculated number of thirty-four.

1

logic would have no problem with FM's asserting five independent claims, with one hundred limitations each, yet the assertion of eighteen claims with many fewer limitations vexes Google. Indeed, Google identifies nothing troublesome from a trial perspective in the specific claims FM has selected for trial – *e.g.*, a huge number of limitations, vastly different claimed subject matters, etc. So it resorts to creative math to generate the appearance of a problem, where none exists.

In any event, the number of claims that FM has asserted for trial fits comfortably within the standards this Court has set. In *Negotiated Data Solutions, LLC v. Dell, Inc.*, No. 2:06-CV-528, this Court limited a plaintiff to <u>forty</u> claims prior to *Markman*. *See* Exhibit B (7/30/08 order). This Court did the same in *Minerva Industries, Inc. v. Motorola, Inc.*, No. 2:07-CV-229-CE. *See* Exhibit C (7/30/09 order). Granted, the parties are now close to trial. But the realities of trial ought to compel both sides to limit their claims and asserted references to a number reasonable for trial presentation. Thus, the better approach – as expressed recently by Judge Davis in *Accolade Systems LLC v. Citrix Systems, Inc.* – is to leave it up the parties to agree to narrow their contentions if they so choose, provided they are at a reasonable level to begin with. *See* Exhibit D (5/11/09 Order, allowing fourteen claims and twenty-six references to proceed to trial within one month, and noting that parties "naturally withdraw claims and references that are not viable for use at trial").

Here, FM has asserted eighteen claims and Google has asserted sixteen references (consisting of twenty-five documents). *See* Exhibit E (DeFranco 9/22/09 letter limiting prior art references).[2] If FM's eighteen claims pose a trial problem for Google, then Google's sixteen

---

[2] To be clear, FM has also moved for summary judgment that each reference asserted by Google does not anticipate or render obvious FM's asserted claims. FM has also moved *in limine* to preclude certain of the
*(continued...)*

2

980683v1/08426-010020

references/twenty-five documents ought to do the same for FM. This Court should thus leave it up to the parties to negotiate reductions, if need be.

Alternatively, if this Court opts to order FM to reduce its number of asserted claims to five, then it should likewise order Google to reduce its asserted references to four. All of Google's arguments against FM's number of claims apply with equal force to Google's number of prior art references. And Google's assertion of sixteen references to FM's earlier assertion of twenty claims established a ratio of four to five. As such, a limitation of four Google references to FM's five asserted claims would be fair.

Moreover, if this Court does limit FM to just five claims for trial, due process prevents FM from being summarily denied its legal rights as to its remaining claims. Accordingly, FM requests that, following the first trial on its initial five claims, FM be granted up to three additional trials to try its remaining thirteen asserted claims.[3]

Respectfully submitted,

/s/ Joseph S. Grinstein

Max L. Tribble, Jr.
State Bar No. 20213950
Email: mtribble@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, Texas, 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Lead Attorney for Plaintiff

---

references/documents asserted by Google on the grounds they were not properly disclosed or charted. Thus, FM does not believe that Google will ultimately be able to assert some or all of its currently identified art.

[3] FM reserves all rights as to additional trials for the other claims in its patents which it has not asserted, or which it originally asserted but has since withdrawn for trial purposes.

980683v1/08426-010020

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
Aimée Robert
State Bar No. 24046729
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com
arobert@susmangodfrey.com


Jeremy Brandon
State Bar No. 24040563
SUSMAN GODFREY L.L.P.
Suite 5100
901 Main Street
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Fax: (214) 754-1933
jbrandon@susmangodfrey.com


Justin A. Nelson
State Bar No. 24034766
SUSMAN GODFREY L.L.P.
Suite 3800
1201 Third Avenue
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax: (206) 516-3883
jnelson@susmangodfrey.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, TX 75702
Telephone: (903) 531-3535
Fax: (903) 533-9687
rcbunt@pbatyler.com
charley@pbatyler.com

S. Calvin Capshaw
State Bar No. 037839000
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, TX 75601-5157
Telephone: (903) 236-9800
Fax: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

Otis Carroll
State Bar No. 03895700
Collin Maloney
State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Fax: (903) 581-1071
otiscarroll@icklaw.com
cmaloney@icklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2009, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

/s/ Joseph S. Grinstein
Joseph S. Grinstein

980683v1/08426-010020