# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ACCOLADE SYSTEMS LLC | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 6:07 CV 48 |
| | § | PATENT CASE |
| CITRIX SYSTEMS, INC. | § | |
| | § | |
| Defendant | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Accolade Systems LLC's ("Accolade") motion to restrict the number of claims and prior art references permitted at trial and to establish a deadline for compliance with this proposed restriction (Docket No. 125). After considering the parties' briefs, the Court **DENIES** Accolade's motion.

Accolade brought this action for patent infringement against Citrix Systems, Inc. ("Citrix"), Webex Communications, Inc., and Laplink Software, Inc. Citrix is the remaining defendant in this case. *See* Orders of Dismissal with Prejudice, Docket Nos. 49, 171. The Court held a *Markman* hearing and issued a preliminary claim construction order. Docket Nos. 115, 116. Accolade then filed the present motion to restrict the number of claims and prior art references permitted at trial and to establish a deadline for compliance with this proposed restriction. Citrix filed a response. At the time of the motion and response, the Court had not issued a final claim construction order and the parties had not completed expert discovery or filed a proposed pre-trial order, motions for summary judgment, *Daubert* motions, and motions *in limine*. Trial is set for June 15, 2009. Docket No. 40.

1

Accolade argues that the Court should restrict the number of claims and references to avoid wasting the parties' resources. Accolade contends that the Court's preliminary claim construction order provides sufficient information for the parties to select the claims and references they will use at trial. Accolade points to the asserted fourteen claims and twenty-six references and the limit on trial time to suggest that the parties will not have time to use all asserted claims and references at trial. Accolade suggests that continuing the case without limiting the number of claims and references would cause the parties to waste resources addressing claims or references in pretrial discovery and motion practice that will not be asserted at trial. In light of this, Accolade requests a restriction on the number of claims and references.

Citrix counters that the Court should not restrict the number of claims and references because such a restriction would cause unnecessary prejudice. Citrix states that it has not received information that it needs to limit its references—expert discovery, the claims and evidence Accolade will present at trial, which products will be the subject of trial, and the Court's rulings on final claim constructions, summary judgment motions, *Daubert* motions, and motions *in limine*. Citrix Br. 4. Also, Citrix argues that a restriction is not necessary because the natural progression of the case and the time limit on presenting at trial will cause the parties to self-limit the number of claims and references. Thus, Citrix opposes a restriction on the number of claims and references.

While the Court always encourages parties to focus their cases to the most relevant claims and references, the Court does not usually impose a limit on the number of claims and references because parties naturally withdraw claims and references that are not viable for use at trial. Accolade has not presented any circumstances that make this case an anomaly. Restricting the claims and references in this case is not necessary because the number of claims and references are already

reasonable. Accolade asserted fourteen claims, and Citrix asserted twenty-six references. This is not an inordinate number of claims and references. While there may be a situation where it necessary to restrict the number of claims or references, Accolade has not shown that proceeding with this number of claims and references would so unduly burdensome as to outweigh the parties' prejudice if the Court were to order the restriction. Here, a restriction on the number of claims and references would carry little benefit in saving the parties' resources.

Given the relatively low number of claims and references at issue, Accolade has not shown a restriction is warranted. A restriction would have provided minimal benefit and be unduly prejudicial. Accordingly, the Court **DENIES** Accolade's motion.

**So ORDERED and SIGNED this 11th day of May, 2009.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**