IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2007-CV-279 |
| | § | |
| vs. | § | |
| | § | |
| GOOGLE, INC. AND YAHOO, INC., | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**FUNCTION MEDIA, L.L.C.'S RESPONSE TO GOOGLE'S MOTION TO SEAL DOCUMENTS AND CLOSE THE COURTROOM DURING PRESENTATION OF <u>CONFIDENTIAL MATERIAL AT TRIAL</u>**

This Court should deny Google's motion to nail the doors of the courtroom shut. Public access to trials is rooted in the Constitution and centuries of common law precedent. Any restrictions on that access should be measured, and they should not be imposed absent compelling reasons that override the public interest.

The relief Google seeks is far from measured. Google asks the court to "close the courtroom whenever testimony regarding Google's sensitive commercial information is offered at trial, and to seal all documents and portions of transcripts discussing Google's sensitive commercial information." Of course, Google offers no practical procedure to facilitate this expansive request. Nor could it. Google has designated as confidential every deposition of its employees and the vast majority of documents it has produced. If Google's discovery tactics are any guide, Google's request will require the complete closure of the courtroom for essentially every portion of the trial that discusses Google.

Nor do Google's hypothetical concerns justify such an onerous restriction on the public's access. Google's purported privacy interests must be balanced with the public's interest in open

trials, as well as the fairness and efficiency of the proceedings. In this case, closing the courtroom for significant periods and sealing large portions of the record will deny unnecessarily public oversight of the proceedings, improperly influence the jury, disrupt the presentation of evidence, and prejudice Function Media.

Patent trials involving "sensitive confidential information" are frequently tried in the Eastern District. Yet, remarkably, Google fails to cite a single instance where this Court has shut the courtroom doors to the public. Nor should it. Google cannot justify the restrictive remedy it seeks. For all these reasons and those discussed below, Google's motion should be denied.

## ARGUMENT

**I. PUBLIC ACCESS TO JUDICIAL PROCEEDINGS IS GROUNDED IN THE CONSTITUTION AND SHOULD NOT BE RESTRICTED ABSENT COMPELLING REASONS.**

In moving this court to close the courtroom and seal any part of the record bearing on Google's ill-defined "sensitive confidential information," Google deliberately dismisses the importance traditionally accorded the public's right of access to judicial proceedings and records. Yet, public access to trials and trial records "is one of the most ancient features of our common law system, predating not only the constitution but also the Magna Carta itself." *In re Sealing and Non-Disclosure of Pen/Trap/2703(D) Orders*, 562 F. Supp. 2d 876, 888 (S.D. Tex. 2008).

Google at least acknowledges—as it must—a right of access. But Google seemingly dismisses that right as little more than a common law relic. In fact, the Fifth Circuit and numerous courts have determined that public access to civil trials is grounded in the First Amendment to the Constitution.[1] *See, e.g., Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)

---

[1] In a case cited by Google, the Fifth Circuit rejected a constitutional right to access *trial records*, noting a distinction between the right of access to trial records from the right to attend and observe at trial. *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 426-30 (5th Cir. 1981).

("First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings.") (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980)); *Cincinnati Gas & Elec. Co. v. Gen. Elec. Co.*, 854 F.2d 900, 902 (6th Cir. 1988) (noting that the "first amendment right of access . . . encompasses civil and criminal trial and pre-trial proceedings"); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1062 (3d Cir. 1984) (determining that "the First Amendment embraces a right of access to [civil] trials") (citation and internal quotation marks omitted); *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir.1984) (asserting that "the First Amendment does secure to the public and to the press a right of access to civil proceedings"); *Doe v. Santa Fe Indep. School Dist.*, 933 F. Supp. 647, 650 (S.D. Tex. 1996) (concluding "that the right of the public to attend civil trials is grounded in the First Amendment as well as the common law"). And, like all Constitutional rights, it must be safeguarded. There is "a clear and strong First Amendment interest in ensuring that 'what transpires in the courtroom is public property.'" *Stegall*, 653 F.2d at 185 (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)).

Certainly, the public's right of access to trial and trial records is not absolute. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th 1993). A court must balance the public's right against the interests favoring non-disclosure. *Id.* But in its zeal to bar the courtroom door, Google gives little weight to the public's interest. This is wrong. The Fifth Circuit has cautioned, for example, that any attempt "to seal the record of judicial proceedings is to be exercised charily." *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 f.2d 395, 399 (5th Cir. 1987). While a district court has the discretion to seal a record or close the courtroom, that discretion should be used with care and only exercised under compelling circumstances. *See In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) ("*High Sulfur*

*Content*"). The court must consider all the circumstances of the case before closing the courtroom or sealing trial records. *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 599-602 (1978).

## II. GOOGLE SHOULD NOT BE PERMITTED TO KEEP THE PROCEEDINGS SECRET.

Should this Court grant Google's motion, the practical effect will be to close the vast majority of the proceedings to the public and to seal the lion's share of the trial record. In its motion, Google seeks an order protecting "sensitive confidential information," but it deliberately leaves its description of the information indefinite. Instead, Google refers vaguely to "the design and technology underlying Google's products, as well as nonpublic highly sensitive financial information." These loose categories encompass practically all the evidence and testimony that will be presented at trial. Google's expansive motion should be denied.

During the course of discovery in this case, Google marked all but a handful of the millions of pages of documents it produced as confidential, with very little consideration given to their content. Similarly, Google designated every single one of the depositions of its employees as confidential—again, without any particularized showing that the testimony related to sensitive matters. Google's attempts to shield information from the public eye at trial will, of course, follow a similar pattern.

To be sure, Google promises in its motion to come back to this Court with a more definite list of exhibits and deposition testimony. But depositions and exhibits are only one part of the story. If Google's motion is granted, it will seek to close the courtroom during the testimony of numerous live witnesses, including Function Media's experts and Google's employees, whose testimony may touch on "sensitive confidential information." These efforts likely will render this Court's public proceedings private.

Google cites three cases in support of its request to shut the courtroom during the presentation of evidence related to its technology and financial information. First, Google argues that the "design and technology underlying Google's products" are trade secrets. But the breadth of information subject to Google's motion is readily distinguished from the narrow categories of Google source code and an AdWords schema recognized as trade secrets in *Viacom Int'l, Inc. v. Youtube, Inc.*, 253 F.R.D. 256 (S.D.N.Y. 2008). *Viacom* in any event is inapposite here because it did not involve a motion to close the courtroom or seal the trial record. Instead, the court denied a motion to compel the source code and schema because the moving party had failed to make a plausible showing that the materials were relevant.

Google next relies on *Standard & Poor's Corp., Inc. v. Commodity Exchange, Inc.*, 541 F. Supp. 1273 (S.D.N.Y. 1982), for the proposition that the courtroom may be closed during testimony related to trade secrets. In *Commodity Exchange*, a trade newspaper service sought an order unsealing a 50-minute portion of the trial record during which time the court had closed the courtroom on a showing that trade secrets would be disclosed by a single witness. The court refused, premising its decision on the fact that it had taken the "least restrictive means practicable" to protect the trade secrets while preserving the public's access to the trial proceedings as a whole. This stands in marked contrast to the present motion, which Google admits will affect the testimony of numerous witnesses and exhibits. Google simply has proposed no restrictions on its efforts to bar the public's access—much less presented the "least restrictive means practicable."

Similarly, Google relies on *Flexible Benefits Council v. Feldman*, 2008 WL 4924711 (E.D. Va. 2008) for the blanket proposition that "a party's interest in maintaining the confidentiality of nonpublic financial information outweighs the common law right to public

access." Mtn. at 6. But *Flexible Benefits Council* involved only a motion to seal a single affidavit attached to a motion for summary judgment. And in that case, the moving party made a showing that the affidavit contained nonpublic information and offered to provide a redacted copy. Google makes no such attempt to limit its request in this motion.

Google plainly is stretching. Tellingly, Google cannot point to a single case from the Eastern District of Texas where this Court has shut the courtroom doors to the publict. Given the breadth of the information subject to Google's motion and the practical effect of denying the public access to such information at trial or in the trial record, this Court should deny Google's motion.

## III. THE PUBLIC AND THE LITIGANTS HAVE A VERY STRONG INTEREST IN KEEPING THE PROCEEDINGS AND THE RECORD OPEN.

Against Google's expansive request to close the courtroom and seal the record, this Court must balance the public and the litigants' interests in keeping the proceedings and record open. Those interests are very significant. Open trials and trial records play an essential role in maintaining the effectiveness of our system of justice. The public's interest in open trials serves "to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3d Cir. 1988); *Van Waeyenberghe*, 990 F.2d at 849 (quoting same). "Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *High Sulfur Content*, 517 F.3d at 229 (quoting *United States v. Cianfrani*, 573 F.2d 835, 851 (3d Cir.1978)). These public interests are certainly at issue in this case. And Google's motion will eviscerate them.

In addition, the following unique interests are relevant here and should be safeguarded.[2]

### A. Closing the Courtroom Will Improperly Influence the Jury.

The public interest in fair and impartial trials will be prejudiced if Google's motion is granted. At trial in this patent dispute, the inventors will naturally testify concerning the details of their inventions. Those details are necessarily public, as they are encompassed in the patents. In contrast, every time a Function Media expert or Google witness provides testimony concerning Google technology or finances, the Court will be forced to clear the courtroom before permitting the testimony to proceed.

The procedure described above will send a message to the jury that Google's technology and finances are so important as to necessitate the judge's clearing the courtroom to protect them—this in marked contrast to the procedure afforded Function Media and the patent inventors when describing the patents in suit. The novelty and significance of the '025 and '059 inventions will thus be minimized in comparison with Google's technology. The procedure may impact the jury's ability to remain impartial, thus jeopardizing the public's interest in a fair trial.

### B. Closing the Courtroom Repeatedly Will Disrupt the Proceedings.

If Google's motion is granted, the court will be forced to repeatedly clear the courtroom. This process will result in significant disruption to the trial proceedings. This Court will be forced to hear argument and to decide repeatedly whether certain information or testimony falls within the ambit of Google's motion to close the courtroom. The result will be significant delay while contested issues are decided and the public is escorted in and out of the courtroom.

---

[2] It is unclear whether Google's is requesting that the Court force the inventors to leave the courtroom whenever Google technology or finances are discussed. If that is Google's intent, Function Media further opposes the motion on the grounds that it would strip Function Media and its principals of their right to attend their own trial and assist their lawyers in the presentation of the case.

The grant of Google's motion may also force Function Media to alter its trial strategy or presentation of witnesses in an attempt to minimize the disruption clearing the courtroom will cause. Function Media will be forced to make a decision whether to acquiesce in the closure of all or parts of the trial to avoid the disruption discussed above. Thus, granting the motion will prejudice Function Median and award Google a significant tactical advantage.

The public's interest in a fair and efficient trial will not be served should the plaintiffs' trial strategy be dictated by Google's motion. Nor will it be served should the court repeatedly empty the courtroom.

## **CONCLUSION**

Google has failed to narrowly tailor its motion to protect legitimate interests, instead seeking a blanket order designed to cloak the trial in secrecy. Google's unrestrained interest in privacy does not outweigh the public's interest in open trials and trial records. Nor does it justify this Court departing from its practice of maintaining an open courtroom in patent trials. For the foregoing reasons, Google's expansive motion to close the courtroom and seal the trial record should be denied.

                                                        Respectfully submitted,

                                                       _/s/ Warren T. Burns_
                                                       Warren T. Burns
                                                       State Bar No. 24053119
                                                       Max L. Tribble, Jr.
                                                       State Bar No. 20213950
                                                       Email: mtribble@susmangodfrey.com
                                                       SUSMAN GODFREY L.L.P.
                                                       1000 Louisiana, Suite 5100
                                                       Houston, Texas, 77002
                                                       Telephone: (713) 651-9366
                                                       Facsimile: (713) 654-6666

                                                       Lead Attorney for Plaintiff

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
Aimée Robert
State Bar No. 24046729
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Fax:  (713) 654-6666
jgrinstein@susmangodfrey.com
arobert@susmangodfrey.com

Jeremy Brandon
State Bar No. 24040563
Warren T. Burns
State Bar No. 24053119
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Fax: (214) 754-1933
jbrandon@susmangodfrey.com
wburns@susmangodfrey.com

Justin A. Nelson
State Bar No. 24034766
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Fax:  (206) 516-3883
jnelson@susmangodfrey.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Fax:  (903) 533-9687
rcbunt@pbatyler.com
charley@pbatyler.com

S. Calvin Capshaw
State Bar No. 037839000
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Fax: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

Otis Carroll
State Bar No. 03895700
Collin Maloney
State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Fax: (903) 581-1071
otiscarroll@icklaw.com
cmaloney@icklaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19th, 2009, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                       */s/ Warren T. Burns*
                                                       Warren T. Burns