IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **Function Media, L.L.C.,** <br><br> v. <br><br> **GOOGLE, INC. AND YAHOO!, INC.** | **Civil Case No. 2:07-CV-279 (CE)** <br><br> **JURY TRIAL DEMANDED** |

### REPLY IN SUPPORT OF GOOGLE'S MOTION TO
### LIMIT THE NUMBER OF ASSERTED CLAIMS

#### Introduction

      Function Media's response demonstrates why it is necessary that the Court reduce the number of asserted claims for trial to a manageable number, such as five. First, Function Media continues to erroneously insist that it asserts only eighteen claims, even though the form of the claims (dependent and multiple dependent) effectively increase the number to thirty-two.[1] (Resp. at 1.) Second, Function Media requests that the Court leave it to the parties to narrow the claims (id. at 2), yet Function Media has refused to accept a meaningful reduction and now improperly requests "up to three additional trials to try its remaining thirteen asserted claims" (id. at 3). The Court should thus grant Google's motion to limit the number of asserted claims.

---

[1] See 35 U.S.C. § 112 ¶ 3 ("A claim may be written in independent or, if the nature of case admits, in dependent or multiple dependent form."); id. ¶ 4 ("A claim in multiple dependent form shall contain a reference, in the alternative only, to more than one claim previously set forth and then specify a further limitation of the subject matter claimed . . . A multiple dependent claim shall be construed to incorporate by reference all the limitations of the particular claim in relation to which it is being considered.").

01980.51542/3168285.2

**Argument**

I.   **GOOGLE'S MOTION IS NOT BASED ON A MISSTATEMENT.**

Function Media asserts thirty-two claims, and Google has not resorted to "creative math" to arrive at this number. (Resp. at 2.) For U.S. Patent No. 7,240,025, Function Media proposes to litigate two independent claims (claims 1 and 179) and fifteen dependent claims (claims 12, 20, 30, 32, 37, 52, 62, 63, 81, 90, 140, 191, 231, 260, and 319), most of which depend on at least one other dependent claim (see, e.g., claim 12 which depends on unasserted claim 11 which depends on unasserted claim 6).[2] Consequently, under Function Media's plan for trial, the parties must litigate fourteen additional claims.

Function Media contends "a claim is a claim." (Resp. at 1.) However, as this Court recognized in Minerva Indus., Inc. v. Motorola, Inc., No. 2:07-CV-229, asserted claims effectively increase with multiple dependent claims. (See Resp. Ex. C ("Many of the independent claims of the asserted patents disclose numerous elements that are claimed in the alternative. Furthermore, many of the dependent claims of the asserted claims are written in multiple dependent form. For these reasons, the 125 asserted claims effectively increases to over 275 claims.").) Accordingly, Function Media effectively asserts thirty-two claims.

II.  **THE COURT SHOULD ORDER FUNCTION MEDIA TO REDUCE THE ASSERTED CLAIMS TO NO MORE THAN FIVE CLAIMS.**

Regardless of the proper way to count Function Media's asserted claims, the Court should intervene to ensure that Function Media reduces the number of asserted claims for trial to a manageable level. Reducing the number of claims will allow the Court and the parties to prepare for the impending trial in an efficient and orderly manner. As this Court has noted, "[t]he practice of asserting an unreasonably large number of patent claims serves to obfuscate the

---

[2] Function Media also asserts claim 1 of U.S. Patent No. 7,249,059.

more material issues in the case, and effectively undermines the purpose of the patent rules." Crane Co. v. Sandenvendo Am., Inc., No. 2:07-CV-042 (08/15/08 Order) (Ex. A hereto); see also Data Treasury Corp. v. Wells Fargo, No. 2:06-CV-072 (10/25/06 Order) (Ex. B hereto) (noting that "the potential for jury confusion in a patent case increases exponentially with the number of claims asserted" and reducing claims from two hundred twenty four to fifty across six patents); Hearing Components, Inc. v. Shure, Inc., No. 9:07-CV-104, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008) (ordering plaintiff to select up to three claims for each patent-in-suit for claim construction and trial).

Function Media's reliance on Accolade Systems LLC v. Citrix Systems, Inc., No. 6:07-CV-48, is misplaced. (Resp. at 2, Resp. Ex D.) Here, the number of asserted claims is not at a "reasonable level to begin with," and Function Media's response makes clear that it will not "naturally withdraw claims." (Resp. at 2.) Indeed, at the time Function Media opposed Google's motion, the Court had issued its claim construction ruling and trial was less than one month away. In addition, Function Media is unwilling to reduce the number of claims unless Google reduces its asserted prior art references. (Resp. at 3.) Google, however, has already substantially reduced its asserted prior art references from approximately one hundred and eighty to sixteen.[3] (Resp. Ex. E.) Court intervention is thus necessary to ensure that Function Media

---

[3] Function Media suggests that if this Court orders it to reduce its asserted claims to five, "then it should likewise order Google to reduce its asserted references to four." (Resp. at 3.) As an initial matter, Function Media did not move to reduce the number of prior art references and it is improper for it to seek such relief in its Response. Moreover, there is no basis in fact or law to limit the number of prior art references to the number of asserted claims, let alone a smaller number as Function Media requests. Function Media's assertion that Google's good faith, voluntary limitation of asserted prior art references to sixteen "established a ratio of four to five" has no merit. (Id.) If anything, Google's prior voluntary limitation demonstrates that, if the Court limits Function Media to five asserted claims, Google will again voluntarily narrow the number of asserted prior art references. But, it is impossible for Google to do so or commit to the number of references it will need without knowing which claims Function Media may drop.

reduces the number of asserted claims to a manageable number. See, e.g., Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc., No. 04-0038 JJF, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005) (finding it necessary to reduce the ninety asserted claims to ten where the parties could not address the issue among themselves, as the plaintiff insisted that the number should not be reduced until after full discovery).

### III. FUNCTION MEDIA IS NOT ENTITLED TO MULTIPLE TRIALS IF THE COURT GRANTS GOOGLE'S MOTION.

Function Media has no support for its outrageous assertion that it is entitled to "up to three additional trials" should this Court reduce the number of asserted claims in the "first trial." (Resp. at 3.) Courts routinely decide patent cases involving a large number of claims on the basis of a smaller subset of representative claims without allowing multiple trials. See, e.g., Baxter Int'l, Inc. v. COBE Labs, Inc., 88 F.3d 1054, 1056-57 (Fed. Cir. 1996) (considering three representative claims of twelve asserted); Miles Laboratories, Inc. v. Shandon Inc., 997 F.2d 870, 879 (Fed. Cir. 1993) (involving one representative claim); Hearing Components, 2008 WL 2485426, at *1 (ordering the parties to select no more than three representative claims per patent); Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, L.P., 326 F. Supp. 2d 1060, 1066 (C.D. Cal. 2003) (referencing order requiring plaintiff to "identify no more than three representative claims per patent for its infringement case").

Multiple trials would drain limited resources and risk inconsistent judgments.[4] Indeed, in ReRoof Am., Inc. v. United Structures of America, Inc., the Federal Circuit affirmed the trial

---

[4] See Carrel v. George Weston Bakeries Dist., Inc., No. 1:05-cv-1769, 2009 WL 362709, at *2 (S.D. Ind. Feb. 11, 2009) (noting excessive expenditure of judicial resources due to duplication of proof if court were to split the causes of action into multiple trials); Painter v. Harvey, 863 F.2d 329, 332 (4th Cir. 1988) ("Holding counterclaims compulsory avoids the burden of multiple trials with their corresponding duplication of evidence and their drain on limited judicial resources.").

court's order requiring the plaintiff to select five "representative" claims and rejected the plaintiff's request to remand the case for trial on the thirteen remaining claims. 215 F.3d 1351, 1999 WL 674517, at *4 (Fed. Cir. Aug. 30, 1999) (unpublished opinion).  This Court should similarly reject Function Media's improper request for "up to three additional trials to try its remaining thirteen asserted claims."  See id.; see also In re Katz Interactive Call Processing Patent Litig., No. 2:07-ml-01816-RGK-FFM (08/31/07 Order) (Ex. C hereto) (ordering plaintiff to reduce the number of asserted claims from almost two thousand to two per invention and concluding that there are no distinctive property rights in claims having substantially the same coverage).

## Conclusion

For the foregoing reasons, the Court should grant Google's Motion to Limit the Number of Asserted Claims.

Dated: October 29, 2009                          Respectfully submitted,

By:   __/s/ Billie D. Salinas__
     Charles K. Verhoeven (Bar No. 170151)
     charlesverhoeven@quinnemanuel.com
     David A. Perlson (Bar. No. 209502)
     davidperlson@quinnemanuel.com
     Amy H. Candido (Bar No. 237829)
     amycandido@quinnemanuel.com
     Billie D. Salinas (Bar No. 235193)
     billiesalinas@quinnemanuel.com
     Carl G. Anderson (CA Bar No. 239927)
     carlanderson@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:   (415) 875-6600
Facsimile:     (415) 875-6700

Edward J. DeFranco (admitted *pro hac*)
  eddefranco@quinnemanuel.com
James M. Glass (admitted *pro hac*)
  jimglass@quinnemanuel.com
Patrick Curran (admitted *pro hac*)
  patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:   (212) 849-7000
Facsimile:     (212) 849-7100

Harry L. Gillam, Jr., Bar No. 07921800
  gil@gillamsmithlaw.com
Melissa R. Smith, Bar No. 24001351
  melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone:   (903) 934-8450
Facsimile:     (903) 934-9257

Attorneys for Defendant and Counter-Claimant
GOOGLE, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing documents have been served on all counsel of record via ECF/PACER on October 29, 2009.

Dated: October 29, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: /s/ Billie Salinas
Billie Salinas (CA Bar No. 235193)
Counsel for Defendant and Counter-Claimant
GOOGLE INC.