# EXHIBIT C

**[ORIGINAL]**

Priority  Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | 07-ML-1816-RGK (FFMx) |
| Date | AUG 31 2007 |
| Title | IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION |

DOCKETED ON CM
SEP - 5 2007

Present: The Honorable R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                            Not Present

**Proceedings:**    (IN CHAMBERS) DEFENDANT AHOLD USA, INC., et al.'s MOTION TO LIMIT CLAIMS (DE 55) and DEFENDANT T-MOBIL'S MOTION TO LIMIT CLAIMS (DE 89)

## I. FACTUAL BACKGROUND

This Multidistrict Litigation proceeding contains approximately twenty-six cases (not counting tag-along actions) against as many as 165 defendants ("Defendants") in approximately fifty (50) defendant groups. These cases were initially filed in federal courts in Texas and Delaware. Subsequently, these cases have been transferred to this Court to consolidate all pre-trial proceedings. The plaintiff, Ronald A. Katz Technology Licensing L.P. ("RAKTL" or "Plaintiff") has sued for infringement asserting thirty one patents (twenty five interactive call processing patents and six call conferencing patents), which contain a total of 1975 claims.

In two separate motions, two groups of defendants have moved the court seeking to limit the number of claims Plaintiff may assert. In several cases, the transferor courts have already issued orders requiring RAKTL to select a limited number of claims. The orders differ in the specific limit of claims and the timing of the selection.

In the *Citibank et al.* case, Judge Folsom granted a motion to require RAKTL to further limit the number or representative claims it had selected. The order does not mention any specific number of claims. However, the record indicates that RAKTL eventually selected eighteen representative claims. In the various cases originally pending in Lufkin, Texas, Judge Clark also ordered RAKTL to select no more than 30 claims for all the defendants in fifteen cases. RAKTL was to select claims after the defendants served invalidity contentions. In the *American Power Electric Co. Inc., et al.* case, Magistrate Judge Craven ordered RAKTL to 1) initially select 50 representative claims at the time it served infringement contentions, and 2) eventually limit the number of asserted claims to 20 for the purposes of claim construction. Finally, in the *Genesys* conferencing case, RAKTL agreed to the court's proposal to allow RAKTL to select 10 claims after discovery on infringement and validity.

The first motion to limit claims was filed on July 5, 2007 by one group of defendants ("First Motion") and the second motion to limit claims was filed on July 20, 2007 ("Second Motion") by a second group of defendants. In the First Motion's Memorandum of Points and Authorities at p. 4, the first group of defendants ask the Court to take those limits that were previously imposed by the judges in the cases transferred from Texas (*Citibank*, *American Electric Power* and Lufkin, Texas) and to impose them on the cases transferred from Delaware and the other Texas cases (where no case management conferences were held). On its face, these defendants appear to be asking the Court to extend three different limits to all the currently pending cases. However, the reply brief clarifies their request. The reply brief states that first group of defendants are not seeking any specific ruling as to the number of claims or when the limitation should be imposed (First Reply Br. at p. 1). Rather they are simply seeking an order limiting the number of claim in hopes that the parties will be able to negotiate a number and date.

In the Second Motion, the second group of defendants request that the Court provide a limit on the number of asserted claims for those cases that do not already have limits. For those cases where limits have already been ordered, the defendants request that those limits remain intact. However, for cases with no limits, the Second Motion requests that RAKTL select 40 claims within one week and then further reduce those claims to 20 asserted claims thirty days after receiving First Wave Discovery from the defendants.[1] The Second Motion suggests that the limit should be applied on a *per case* basis. Finally, the Second Motion argues that the RAKTL should not be able to later substitute claims for those that it selected, but the second group of defendants' reply brief appears to admit that RAKTL should be able substitute claims for cause.

In its opposition, RAKTL offers to limit the number of claims it will assert on a *defendant group* basis.[2] Specifically, RAKTL offers to initially limit the asserted claims to 50 per defendant group. Subsequently, RAKTL will select 20 asserted claims 90 days after the core discovery is completed. With respect to the *Citigroup et al.* case, RAKTL has stated that it is willing to go forward on the 18 asserted claims that it had previously identified. However, with respect to the other cases, RAKTL argues that this Court can reject the earlier orders in favor of adopting limits that are uniformly applied across all pending cases.

For the reasons discussed below, the Court grants in part the defendants' request to limit claims.

## II. DISCUSSION

This Court and all the parties agree that allowing RAKTL to assert all its claims from its different patents would be unmanageable. Furthermore, no party disputes that this Court has the inherent power to issue orders to manage its docket. However, the parties dispute whether an order limiting the number of claims a patent plaintiff may assert falls within that authority.

Relying on *ReRoof America, Inc. v. United Structures of America Inc.*, No. 96-cv-388 (N.D. OK), *aff'd*, No. 98-1378, 1999 WL 674517 (Fed. Cir. Aug. 30, 1999) (unpublished), *Kearns v. General Motors Corp.*, No. 2:85-cv-70461 (E.D. MI), *aff'd*, No. 93-1535, 1994 WL 386857 (Fed. Cir. July 26, 1994) (unpublished), and *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA Inc.*, No. 04-0038 JJF, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005), the defendants suggest that this Court

---

[1] Pursuant to Magistrate Mumm's August 16, 2007 Order, Core Discovery is due on August 20, 2007. The order allows individual defendants to file a statement for good cause and produce Core Discovery as late as September 4, 2007.

[2] Apparently, many cases have multiple defendant groups. For example, RAKTL points to the *AIG* case which includes 32 defendants that comprise 6 defendant groups including an insurance company, shipping company, natural gas provider and a bank.

does have the power to limit the number of claims. These decisions are not helpful for several reasons. First, none of these cases are published decisions. Second, these cases do not address the question plaintiff raises concerning due process.

In *ReRoof America, Inc.*, the Federal Circuit did not reach the question of whether the trial court's order requiring ReRoof to choose a single claim from each patent for trial was error. The Federal Circuit reasoned that because ReRoof could show no prejudice by the court-ordered reduction in the number of claims, it was unnecessary to decide whether the trial court erred. In *Kearns*, the Federal Circuit upheld the dismissal of an entire case because the plaintiff violated the district court's order limiting, *inter alia*, the number of claims the plaintiff could assert. However, the Federal Circuit did not address whether the underlying order violated due process. In *Fenster Family Patent Holdings, Inc*, the District Court of Delaware granted the defendant's request to limit the number claims and products without any discussion of due process.

In support of its due process concerns, Plaintiff relies on *S. Cal. Edison Co, supra*, 307 F.3d at 807, which stands for the unremarkable proposition that a case management order must comply with due process. However, a due process analysis must be based on the circumstances of each individual case.[3] Although ordering a patent plaintiff to choose between patent claims that do not overlap in subject matter would violate due process, we find that ordering a plaintiff to select among clearly duplicative claims does not violate due process. By definition, there are no distinctive property rights in claims that have substantially the same coverage. Moreover, if one claim of a patent is infringed, the patent as a whole is infringed and the relief is the same.

Thus, to both better manage this case and satisfy due process, this Court will limit the number of claims RAKTL may assert based on the amount of duplication there is in the various patents' claims. By providing examples and pointing out the common genealogy of RAKTL's patents and numerous terminal disclaimers, the defendants make a convincing showing that many of the claims are duplicative. In response, RAKTL states that the "patents-in-suit comprise eight different supporting specifications, each teaching many embodiments."[4] Neither party performed an exhaustive analysis of all 1975 claims. Based on this general showing, the Court orders that Plaintiff select a number of claims based on the number of different "specifications", eight. Here, the Court believes that eight claims for each specification should be sufficient. In other words, Plaintiff is ordered to select a collective total of sixty four claims against all the defendants.

With respect to the *Genesys* case, there appears to be only one specification at issue with no new matter added in any of the later filed applications. Therefore, it appears that there are a significant number of duplicative claims in the call conferencing patents as well. However, the transferor court's previous order appears to adequately limit the number of claims that RAKTL may assert in that case. Therefore, we only modify the timing of that order.

This Court also adopts the parties' proposal to gradually limit the number of claims that Plaintiff may assert. Since each defendant group may perform different infringing acts, this Court adopts plaintiff's proposal and orders the plaintiff to select 40 claims per defendant group (as opposed to each case) within thirty days of this order.

---

3 Due process requires that a party affected by government action be given "the opportunity to be heard at meaningful time and in a meaningful manner." *Southern California Edison Co. v Lynch* 307, F.3d 794 (9th Cir. 2002) quoting *Mathews v Eldridge*, 424 U.S. 319, 333, 96 S Ct 893, 47 L.Ed 2d 18 (1976)

4 Plaintiff does not appear to use the term specification to list the different number of entirely different patent specifications. Instead, based on the context, this Court understands Plaintiff to use the term to reflect the number of distinct inventions reflected by the claims

This Court will also adopt the defendants' request to further limit the number of claims that Plaintiff may assert. This Court believes that two claims per invention should be sufficient. This should be true since not every defendant group will be accused of infringing every category of claims. Therefore, this Court orders that Plaintiff narrow its selection to a total of sixteen (16) claims per defendant group. The Court believes that that Plaintiff should have time to study the Core Discovery and invalidity analysis Defendants raise before making this selection. Therefore, the Court adopts Plaintiff's deadline and orders that Plaintiff make this selection within 90 days of receiving Core Discovery. Of course, for each defendant group, these 16 claims must be a subset of the earlier 40 selected claims. Furthermore, the 16 claims must also be a subset of the 64 total claims Plaintiff may assert against all the defendants collectively.

Since neither party provided a complete analysis of the entire set of 1975 claims, this Court is cognizant of the fact that the limitations set forth in this decision *may* be unduly restrictive. Therefore, this Court will entertain Plaintiff's motion(s) to exceed the limits after Plaintiff has had the opportunity to study Defendants' Core Discovery and invalidity contentions. Thus, no earlier than December 15, 2007 and no later than January 15, 2008, Plaintiff may file a motion seeking permission to add specific claims in excess of the 16 claims asserted against any specific defendant group and if applicable outside the 64 claim limit.[5]

When making such a motion, the RAKTL should keep in mind it must select specific claims against specific defendant groups. The Court will consider if any newly asserted claim raises issues of infringement/validity that are not duplicative of currently asserted claims. For example, if the newly asserted claim purportedly raises a new infringement issue, RAKTL should be prepared to show that a non-infringement defense raised by a specific defendant group to a currently asserted claim does not apply in substantially the same manner to a newly asserted claim. If the issue is validity, RAKTL should be prepared to show that the defendants have raised serious issues of validity on a currently asserted claim, but that the same defense does not affect the newly asserted claim in substantially the same way. Although this procedure may be cumbersome, it should safeguard RAKTL's due process rights by allowing it to assert non-duplicative claims. This Court trusts that RAKTL will only file a motion to exceed the Court's limit if it truly believes that a claim covers material that is not already covered by the claims it has previously selected.

Finally, this Court also will allow RAKTL to substitute selected claims for cause. RAKTL may file a motion to substitute claims that are not included in the original 40 claims per defendant group on the date it selects the smaller group of 16 claims.

The parties should note that this selection of claims does not affect the Court's previous order on the mini-Markman hearing that the Court is holding.

### III. CONCLUSION

As a result, the Court grants the defendants' motions to limit claims but modifies the specific details as follows:

1) Within 30 days from the date of this order, Plaintiff is ordered to disclose a list of no more than 40 claims that it plans to assert against each defendant group.

2) Within 90 days from the date of receiving Core Discovery (as mentioned in Magistrate Judge

---

[5] This does not foreclose Plaintiff from filing motions later, but those motions will have the added burden of explaining why the motion could not have been filed earlier

Mumm's August 16 2007 Order requiring Defendants to produce Core Discovery by either August 20 or September 4, 2007), Plaintiff is ordered to disclose a list of no more than 64 call processing claims that plaintiff will assert against all defendants.

3) Within 90 days from the date of receiving Core Discovery, Plaintiff is also ordered to select no more than 16 call processing claims against each defendant group. The 16 claims Plaintiff may assert against each defendant group should be a subset of both the 64 total claims and the original 40 claims that Plaintiff has selected against each defendant group. If Plaintiff desires to substitute claims outside the original 40 claims, Plaintiff may simultaneously file a motion explaining what newly discovered information justifies the substitution.

4) No earlier than December 15, 2007 and no later than January 15, 2008, Plaintiff may file a motion requesting that it be permitted to exceed either the limit of 64 total claims and/or the limit of 16 claims against a specific defendant group.

5) With respect to the *Citibank* case, this Court orders that Plaintiff proceed with no more than the 18 claim limit already selected. Plaintiff may file a motion for cause to either exceed that limit or substitute claims between December 15, 2007 and January 15, 2008.

6) With respect to the *Genesys* case, this Court orders Plaintiff to select claims pursuant to the existing 10 claim limit within 90 days of receiving Defendants' Core Discovery. Plaintiff may file a motion for cause to either exceed that limit or substitute claims between December 15, 2007 and January 15, 2008.

7) With respect to the *American Electric Power* case and the cases that comprise the Lufkin group, any orders limiting the number of claims Plaintiff may assert are vacated and the limits set forth above are applied.

**IT IS SO ORDERED.**

Initials of Preparer _____ slw

# NOTICE PARTY SERVICE LIST

Case No. __07ML1816-RGK (FFMx)__   Case Title __In re Katz Interactive Call Processing Patent Litigation__

Title of Document _____

| | | | |
|---|---|---|---|
| | Atty Sttlmnt Officer Panel Coordinator | | US Attorneys Office - Civil Division -L.A. |
| | BAP (Bankruptcy Appellate Panel) | | US Attorneys Office - Civil Division - S A. |
| ✓ | Beck, Michael J (Clerk, MDL Panel) | | US Attorneys Office - Criminal Division -L.A. |
| | BOP (Bureau of Prisons) | | US Attorneys Office - Criminal Division -S.A |
| | CA St Pub Defender (Calif. State PD) | | US Bankruptcy Court |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | US Marshal Service - Los Angeles (USMLA) |
| | | | US Marshal Service - Riverside (USMED) |
| | Case Asgmt Admin (Case Assignment Administrator) | | US Marshal Service -Santa Ana (USMSA) |
| | Catterson, Cathy (9th Circuit Court of Appeal) | | US Probation Office (USPO) |
| | Chief Deputy Admin | | US Trustee's Office |
| | Chief Deputy Ops | | Warden, San Quentin State Prison, CA |
| | Clerk of Court | | |
| | Death Penalty H/C (Law Clerks) | | |
| | Dep In Chg E Div | | |
| | Dep In Chg So Div | | |
| | Federal Public Defender | | |
| | Fiscal Section | | |
| | Intake Section, Criminal LA | | |
| | Intake Section, Criminal SA | | |
| | Intake Supervisor, Civil | | |
| | PIA Clerk - Los Angeles (PIALA) | | |
| | PIA Clerk - Riverside (PIAED) | | |
| | PIA Clerk - Santa Ana (PIASA) | | |
| | PSA - Los Angeles (PSALA) | | |
| | PSA - Riverside (PSAED) | | |
| | PSA - Santa Ana (PSASA) | | |
| | Schnack, Randall (CJA Supervising Attorney) | | |
| | Statistics Clerk | | |

| | ADD NEW NOTICE PARTY (if sending by fax, mailing address must also be provided) |
|---|---|
| Name: | |
| Firm: | |
| Address (include suite or floor): | |
| | |
| | |
| *E-mail: | |
| *Fax No.: | |

* For CIVIL cases only

| JUDGE / MAGISTRATE JUDGE (list below): |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk _____