IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C. | § § | |
| Plaintiff, | § § | Civil Action No. 2007-CV-279 |
| vs. | § § § | |
| GOOGLE INC. AND YAHOO!, INC. | § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO GOOGLE'S MOTION IN *LIMINE* NO. ONE: MOTION TO PRECLUDE EVIDENCE AND ARGUMENT RELATING TO THE PARTIES' CONDUCT DURING DISCOVERY

Even though this Court was made aware of only a handful of discovery disputes, Google's discovery failures in this case were many. It is not surprising, then, that Google's first motion in limine asks the Court to preclude Function Media from presenting evidence or argument at trial regarding Google's misbehavior during discovery.

Function Media agrees that the parties should not waste valuable time at trial rehashing Google's numerous discovery failures, but Google's motion casts too wide a net. The Court ought to deny the motion in part.

In seeking to preclude evidence and argument "relating to [the] parties' conduct during discovery," Google Br. at 4, Google appears to be seeking both (1) an end-run around Function Media's motion in limine to preclude Google from using documents, testimony, witnesses, and other evidence that Google did not timely disclose or produce during discovery; and (2) a Court order preventing Function Media from doing what plaintiffs in every case are entitled to do: argue that the defendant has not come forward with a document or other evidence to prove some

1

point that it wants to prove. To the extent that Google's motion seeks to reach either such situation, it is improperly overbroad.

First, as Function Media explained in its omnibus Motions in Limine (Dkt No. 188), Google should not be permitted to introduce any evidence, testimony, or argument concerning any document that was not timely produced or disclosed during discovery—including [a] any prior art references that Google did not timely disclose or chart in accordance with the Court's discovery orders and Local Rules, [b] the untimely-produced documents from Cherie Yu's files, and [c] any other documents that Function Media requested yet Google did not produce. *See* FM Mot. in Limine Nos. 17 and 47. Similarly, Google should be precluded both from calling any witness who was not timely or appropriately disclosed in its Initial Disclosures (*e.g.*, failing to identify Todd Curtiss as a person with knowledge, yet disclosing him on Google's list of trial witnesses) and from introducing any testimony that was not timely provided during discovery (*e.g.*, testimony regarding 30(b)(6) topics 28 and 29). *See* FM Mot. in Limine No. 47. Preclusion along these lines does nothing to prejudice the jury unfairly against Google and serves only to rectify the unfair prejudice that Function Media suffered from Google's dilatory tactics.

Second, to the extent that Google seeks by its motion to prevent Function Media from using the "Where is the document that shows X?" argument, the Court plainly should deny it. Such an argument is *not* a "Google misbehaved during discovery" argument but, rather, an "absence of evidence" argument. Google has had ample time and opportunity to produce any and all evidence in support of its claims and defenses, and Function Media should not be precluded from making this point.

Respectfully submitted,

/s/ Joseph S. Grinstein

---

Max L. Tribble, Jr.
State Bar No. 20213950
Email: mtribble@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, Texas, 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Lead Attorney for Plaintiff*

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com

Jeremy Brandon
State Bar No. 24040563
SUSMAN GODFREY L.L.P.
Suite 5100
901 Main Street
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Fax: (214) 754-1933
jbrandon@susmangodfrey.com

Justin A. Nelson
State Bar No. 24034766
SUSMAN GODFREY L.L.P.
Suite 3800
1201 Third Avenue
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax: (206) 516-3883
jnelson@susmangodfrey.com

Robert Christopher Bunt

State Bar No. 00787165
Charles Ainsworth
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, TX 75702
Telephone: (903) 531-3535
Fax: (903) 533-9687
rcbunt@pbatyler.com
charley@pbatyler.com

S. Calvin Capshaw
State Bar No. 037839000
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, TX 75601-5157
Telephone: (903) 236-9800
Fax: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

Otis Carroll
State Bar No. 03895700
Collin Maloney
State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Fax: (903) 581-1071
otiscarroll@icklaw.com
cmaloney@icklaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2009, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

/s/ Joseph S. Grinstein

---

Joseph S. Grinstein