IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C. | § | |
| Plaintiff, | § § § | Civil Action No. 2007-CV-279 |
| vs. | § § § | |
| GOOGLE, INC. AND YAHOO, INC. | § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO GOOGLE'S MOTION IN *LIMINE*
NO. FIVE: MOTION TO ADMIT EVIDENCE REGARDING
THE REEXAMINATION OF THE PATENTS-IN-SUIT**

Nearly every month in this District patent cases go to trial in which the patents-in-suit are involved in reexamination proceedings, and every month courts in this District exclude mention of those reexaminations from trial. Google proposes to rewrite those standards and force the introduction of reexaminations in this case, although it has literally no authority to support such a maneuver.

Nor is there anything unique about the facts of this case that would justify a departure from the normal practice of excluding evidence of reexaminations. It is true that the claims of the patents-in-suit currently stand rejected in non-final office actions by the PTO. But this is no different than from any of the other cases this Court faces involving reexaminations. Indeed, as of the time of this Response, the probative value of the reexaminations is even less than usual, given that the PTO issued its initial rejections before FM had a chance to comment on Google's reexamination requests. Since the time that FM has filed its response, the PTO has been silent.

This Court should therefore deny Google's motion to admit evidence of the reexaminations. Google may be trying to generate a point on appeal (although, as discussed

1

below, the Federal Circuit in August endorsed this District's approach of excluding reexamination evidence), but its motion before this Court has no merit.

## ARGUMENT

### I. Google May Not Rebut/Preclude the Presumption of Validity

It is the universal standard in this District not to permit introduction of evidence about non-final, pending reexaminations. As Judge Davis recently explained:

> Finally, Microsoft moves for a new trial on ground that the Court erroneously excluded evidence regarding the PTO's ex parte reexamination of the '449 patent. At the time of trial, the PTO had granted re-examination, necessarily finding that there was a "substantial new question of patentability" regarding the '449 patent. *See* 35 U.S.C. § 312(a)(1). Microsoft's arguments are meritless. The simple fact that a reexamination decision has been made by the PTO is not evidence probative of any element regarding any claim of invalidity. *Procter & Gamble Co.*, 549 F.3d at 848 ("As this court has observed, a requestor's burden to show that a reexamination order should issue from the PTO is unrelated to a defendant's bur-den to prove invalidity by clear and convincing evidence at trial."). Even if it was, its probative value is substantially outweighed by its prejudicial effect in suggesting to the jury that it is entitled to ignore both the presumption of validity and the defendant's clear and convincing burden at trial. *See* FED.R.EVID. 403. Microsoft's argument is overruled.

*i4i Ltd. Partnership v. Microsoft Corp.*, 2009 WL 2449024, *17 (E.D. Tex. Aug. 11, 2009). And the Federal Circuit agrees that it is proper for district courts to exclude evidence of non-final reexaminations:

> The non-final re-examination determinations were of little relevance to the jury's independent deliberations on the factual issues underlying the question of obviousness. In contrast, the risk of jury confusion if evidence of the non-final PTO proceedings were introduced was high. The district court did not abuse its discretion in concluding that the prejudicial nature of evidence concerning the ongoing parallel re-examination proceeding outweighed whatever marginal probative or corrective value it might have had in this case.

*Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009).

Google argues, however, that it ought to be able to introduce evidence of the reexaminations to rebut the presumption of validity. *See* Google Mtn., at 3-4. Google's position is short on case law, however -- it cites not a single example of a court's ever having admitted

evidence of ongoing reexaminations. Indeed, Judge Davis in *i4i* prohibited mention of pending reexamination proceedings precisely <u>because</u> they would contradict the patentholder's presumption of validity. *i4i*, 2009 WL 2449024, *17.

Google responds that if it cannot mention the reexaminations, then FM should not be able to invoke the presumption of validity. And it claims that the Federal Circuit in *Callaway Golf* "implicitly endorsed" this approach. Google Mtn., at 4. But *Callaway Golf* said no such thing. As indicated above, the *Callaway Golf* court actually endorsed a district court's <u>exclusion</u> of reexamination evidence. 576 F.3d at 1343. Nowhere did the Federal Circuit in *Callaway Golf* say that its exclusion meant that the patents were not entitled to a presumption of validity.[1] It is true that *Callaway Golf* noted some concern in the plaintiff's opening statement argument that "three patent examiners" had looked at the plaintiff's patents and confirmed their validity. *Id.* at 1342-43. But the court did not use this argument as a basis for overturning the presumption of validity. In any event, FM has not opened the door to any reexamination evidence by so arguing to this jury, nor has Google sought a more narrow *limine* preclusion for such an argument.

## II. The Reexaminations Are Not Relevant to Pre-Reexamination Willfulness

Google next argues that it ought to be allowed to introduce evidence of the reexaminations to rebut FM's willfulness arguments. However, as set forth in FM's responses to Google's willfulness motions, in light of the *Markman* ruling FM will not assert that Google willfully infringed the remaining two patents-in-suit. Accordingly, Google does not need to introduce evidence of the reexaminations to rebut FM's willfulness claims.

---

[1] To the contrary, the Federal Circuit quoted, without criticism, the district court's instruction to the jury that invalidity needed to be proven by "clear and convincing" evidence -- a necessary corollary to the presumption of validity. *Callaway Golf*, 576 F.3d at 1337 n.4.

## III. Google's "Impeachment" Usage of the Reexaminations is Improper

Finally, Google suggests, in three sentences at the tail end of its motion, that it should be permitted to introduce evidence of the reexaminations to impeach allegedly "contradictory statements or testimony at trial." This supposed exception to exclusion is so broad and ill-defined, however, that Google will be able to fit nearly any usage of the reexaminations within it. Giving Google *carte blanche* to employ the reexaminations in this manner will inevitably lead to aggressive and repeated citation to the reexaminations, under the guise of "impeachment."

To justify this exception, Google musters two examples of supposed FM testimony that it would need to impeach with the reexaminations: "Plaintiff may seek to contradict its earlier characterizations of the patented invention, or its attempts to distinguish the invention from the prior art." Google Mtn., at 6. Neither of these justifies usage of the reexaminations. As to the former, the metes and bounds of the FM inventions have been determined by this Court's *Markman* order. For Google to use the reexaminations to explore FM's "characterization of the patented invention" will result in Google's improperly re-arguing *Markman* before the jury. *See* FM Motion *in Limine* No. 3. Nor should Google be able to use the reexaminations to impeach FM's "attempts to distinguish the invention from the prior art." The reexaminations expressly employ a <u>different</u> claim construction standard than does this Court. *In re Yamamoto*, 740 F.2d 1569, 1571 (Fed. Cir. 1984). Accordingly, it is both confusing and misleading to contrast FM's handling of the prior art before the PTO – under a different standard of reading that art against the claims – with its handling of the prior art before this Court.

In any event, Google proposes no limitations on its usage of the reexaminations for purposes of impeachment. After all, if the purpose of using the reexaminations in this manner were simply to contradict FM's testimony at trial, Google could confront FM's witnesses with

"statements FM made to the PTO" – without mentioning that those statements came from a reexamination in which the PTO initially rejected FM's patent claims (in a preliminary and non-final office action, before FM had a chance to respond). That Google proposes no limits on its proposed impeachment use of the reexaminations demonstrates that it wishes to use impeachment simply as a hook to talk to the jury about the reexamination process.

## IV. Conclusion

This Court should deny Google's Motion *in Limine* No. 5 and preclude Google from introducing evidence of the reexaminations. FM has filed a parallel Motion in *Limine* (FM No. 33) seeking to exclude reexamination evidence, and, for the reasons stated above, FM likewise asks this Court to grant that motion.

Respectfully submitted,

/s/ Joseph S. Grinstein
Max L. Tribble, Jr.
State Bar No. 20213950
Email: mtribble@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, Texas, 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Lead Attorney for Plaintiff

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
Aimée Robert
State Bar No. 24046729
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366

Fax: (713) 654-6666
jgrinstein@susmangodfrey.com
arobert@susmangodfrey.com


Jeremy Brandon
State Bar No. 24040563
SUSMAN GODFREY L.L.P.
Suite 5100
901 Main Street
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Fax: (214) 754-1933
jbrandon@susmangodfrey.com


Justin A. Nelson
State Bar No. 24034766
SUSMAN GODFREY L.L.P.
Suite 3800
1201 Third Avenue
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax: (206) 516-3883
jnelson@susmangodfrey.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, TX 75702
Telephone: (903) 531-3535
Fax: (903) 533-9687
rcbunt@pbatyler.com
charley@pbatyler.com

S. Calvin Capshaw
State Bar No. 037839000
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)

Longview, TX 75601-5157
Telephone: (903) 236-9800
Fax: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

Otis Carroll
State Bar No. 03895700
Collin Maloney
State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Fax: (903) 581-1071
otiscarroll@icklaw.com
cmaloney@icklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2009, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

/s/ Joseph S. Grinstein
Joseph S. Grinstein