**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C., | § | |
| | § | |
| **Plaintiff,** | § | Civil Action No. 2007-CV-279 |
| | § | |
| **vs.** | § | |
| | § | |
| GOOGLE, INC. AND YAHOO, INC., | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S SUR-REPLY TO GOOGLE'S REPLY IN SUPPORT OF THEIR MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS

FM has three simple points to make in surreply to Google's motion to limit FM's claims at trial.

First, the Eastern District authority Google attaches to its reply brief curiously contradicts Google's own point. This Court's order in *Crane Co. v. Sandenvendo Am., Inc.*, No. 2:07-CV-042 (Ex. A to Google's Reply), limited the plaintiff to 50 claims per defendant, far more than the 18 claims being asserted by FM here. Likewise, Judge Folsom's order in *Data Treasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-072 (Ex. B to Google's Reply), limited the plaintiff to 50 total claims, and no more than 18 against any group of defendants. Google has certainly located caselaw about the general issue of a plaintiff's asserting too many claims, but its authority does not support its contention that FM's 18 asserted claims are excessive. Indeed, despite FM's invitation to do so in its opposition brief, Google fails in reply to point out anything about FM's 18 asserted claims specifically that make them particularly burdensome to try as a group. Google's insistence upon just 5 claims is simply arbitrary.

1

Second, Google's outright refusal itself to be limited to four prior art references (Google Reply, at 3 n.3) calls into question the credibility of its supposed concerns about trial efficiency. If anything, one additional prior art reference requires more time and attention at trial than one additional claim, given that the claims tend to share the same general characteristics whereas prior art references each look completely different. Yet, despite claiming that FM's 18 claims will cause all sorts of trial management concerns, Google hedges as to its prior art, offering only that it <u>might</u> voluntarily drop references if FM were limited to 5 claims. Google's bid to limit FM's asserted claims is therefore simply a transparent effort to limit Google's liability, not an attempt to promote judicial efficiency.

Third, Google labels as "outrageous" FM's demand for separate trials for its 18 claims, if it is limited in the first trial to just 5 claims. But in attempting to rebut FM's demand, Google cites caselaw for the proposition that due process permits a plaintiff's claims to be limited <u>if the plaintiff's asserted claims are duplicative</u>. *See In re Katz Interactive Call Processing Patent Litig.*, No. 2:07-ml-01816-RGK-FFM (Ex. C to Google's Reply), at 3 ("By providing examples and pointing out the common genealogy of [plaintiff's] patents and numerous terminal disclaimers, the defendants make a convincing showing that many of the claims are duplicative."). Here, Google has made no attempt to analyze the 18 claims asserted by FM to show that FM pursues duplicative relief. To summarily dismiss FM's due process rights as to duly-issued patent claims surely requires more.

This Court should therefore deny Google's motion.

Respectfully submitted,


/s/ Joseph S. Grinstein_____
Max L. Tribble, Jr.
State Bar No. 20213950
Email: mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas, 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Lead Attorney for Plaintiff

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
Aimée Robert
State Bar No. 24046729
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com
arobert@susmangodfrey.com


Jeremy Brandon
State Bar No. 24040563
Warren T. Burns
State Bar No. 24053119
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Fax: (214) 754-1933
jbrandon@susmangodfrey.com
wburns@susmangodfrey.com


Justin A. Nelson
State Bar No. 24034766
SUSMAN GODFREY L.L.P.

1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax: (206) 516-3883
jnelson@susmangodfrey.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Fax: (903) 533-9687
rcbunt@pbatyler.com
charley@pbatyler.com

S. Calvin Capshaw
State Bar No. 037839000
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Fax: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

Otis Carroll
State Bar No. 03895700
Collin Maloney
State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Fax: (903) 581-1071
otiscarroll@icklaw.com
cmaloney@icklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2009, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Joseph S. Grinstein
Joseph S. Grinstein

992082v1/08426-010020