## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **FUNCTION MEDIA, L.L.C.,** | **Civil Case No. 2:07-CV-279 (CE)** |
| **v.** | **JURY TRIAL DEMANDED** |
| **GOOGLE, INC. AND YAHOO!, INC.** | |

## GOOGLE'S REPLY TO ITS MOTION *IN LIMINE* NO. ONE: MOTION TO PRECLUDE EVIDENCE AND ARGUMENT RELATING TO THE PARTIES' CONDUCT DURING DISCOVERY

Function Media agrees that it would be irrelevant and a waste of time for either side to present evidence and argument to the jury concerning the other party's conduct during discovery. Rather than leave it at that, however, Function Media opposes the motion to interject additional argument for its own, unrelated motions *in limine*. Since Function Media does not truly oppose Google's Motion *in Limine* No. 1, the Court should grant it and consider Function Media's unrelated motions separately.

Google has asked the Court to prevent either party from presenting evidence or argument relating to the other party's conduct during discovery. Granting such an Order would have no effect on Function Media's Motions *in Limine* Nos. 17 or 48.[1](See Dkt. No. 188 at 8 and 27.) These motions ask the Court to exclude particular categories of evidence. Function Media justifies its request to exclude this evidence based on Google's alleged conduct during discovery. Function Media does not argue that, if granted, it should be allowed to explain to the jury either that the evidence was excluded or its underlying justification for doing so. To the contrary, Function Media moved to exclude "[a]ny evidence, statement, or argument concerning any document that was not timely produced or disclosed during discovery." (Function Media's Motion *in Limine* No. 48.) Moreover, Function Media and Google have already agreed not to mention the fact that the parties filed motions *in limine*, or that the Court granted or denied any requested relief. (<u>See</u> Google's Response to Function Media's Motion *in Limine* No. 1 (Dkt. No. 240).) Accordingly, the instant motion could in no way be an "end run" around Function Media's Motions *in Limine* Nos. 17 or 48. Regardless of whether either of those motions is

---

[1] In its opposition, Function Media referred to its Motion *in Limine* No. 47, which relates to whether the inventors drafted patent claims based on Google's AdSense Product. Google presumes that Function Media intended to refer to its Motion *in Limine* No. 48, which relates to documents or witnesses that it alleges were not timely produced or disclosed. Google opposes both motions, as well as Function Media's Motion *in Limine* No. 17.

granted or denied, neither party should be allowed to waste the Court's time by making irrelevant and prejudicial statements about the other party's conduct during discovery.

Additionally, Function Media argues that Google's Motion *in Limine* No. 1 would prevent it from pointing out the absence of documents that might prove a particular point. Google's motion is not so broad. Merely pointing out the absence of evidence could lead a reasonable juror to infer that the missing evidence simply does not exist. Google's motion seeks to exclude additional argument or evidence concerning a party's litigation conduct that would invite the juror to impute some nefarious motive behind the missing evidence. This additional argument or evidence is wholly irrelevant and unfairly prejudicial and should be excluded under Rules 401-403 of the Federal Rules of Evidence. See, e.g., Green v. Baca, 226 F.R.D. 624, 642-43 (C.D. Cal. 2005). Accordingly, the Court should grant Google's Motion *in Limine* No. 1.

Dated: November 25, 2009

Respectfully submitted,
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: */s/ Amy H. Candido*

  Charles K. Verhoeven (admitted *pro hac*)
   *Lead Attorney*
   charlesverhoeven@quinnemanuel.com
  Amy H. Candido (admitted *pro hac*)
   amycandido@quinnemanuel.com
  Carl G. Anderson (admitted *pro hac*)
   carlanderson@quinnemanuel.com
  QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
  50 California Street, 22nd Floor
  San Francisco, California 94111
  Telephone:    (415) 875-6600
  Facsimile:    (415) 875-6700

  Edward J. DeFranco (admitted *pro hac*)
   eddefranco@quinnemanuel.com
  James M. Glass (admitted *pro hac*)
   jimglass@quinnemanuel.com

Patrick Curran (admitted *pro hac*)
   patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

Harry L. Gillam, Jr., Bar No. 07921800
   gil@gillamsmithlaw.com
Melissa R. Smith, Bar No. 24001351
   melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone:     (903) 934-8450
Facsimile:     (903) 934-9257

Counsel for Defendant and Counter-Claimant
GOOGLE INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 25, 2009 to counsel of record via ECF/PACER.

*/s/ Amy H. Candido*
Amy H. Candido

.