# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

FUNCTION MEDIA, L.L.C.,

     v.

GOOGLE, INC. AND YAHOO!, INC.

Civil Case No. 2:07-CV-279 (CE)

**JURY TRIAL DEMANDED**

## GOOGLE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. FIVE: TO ADMIT EVIDENCE REGARDING THE REEXAMINATION OF THE PATENTS-IN-SUIT

Dockets.Justia.com

Evidence of the reexamination proceedings with respect to the patents-in-suit is highly relevant to this case and should be admitted. The fact that each of Function Media's asserted claims has been rejected in reexamination is admissible to rebut the presumption of validity afforded the patents-in-suit, and statements made by Function Media during the reexamination proceedings are admissible to impeach contradictory statements made by Function Media or its witnesses during the course of the trial. Tellingly, though Function Media writes that "[n]early every month in this District patent cases go to trial in which the patents-in-suit are involved in reexamination proceedings, and every month courts in this District exclude mention of those reexaminations from trial," Function Media has not cited a single case – either in its opposition to Google's Motion *in Limine* No. 5 or in its own similar Motion *in Limine* No. 33 – where this Court excluded evidence of the PTO ***rejecting*** the claims asserted in the suit. (FM's Opp. (Dkt. No. 246) at 1.) And despite Function Media's protestations, courts routinely admit evidence for the limited purpose of impeachment of trial witnesses. Reexamination evidence is no different. Google's Motion *in Limine* No. 5 should be granted.[1]

**Argument**

I. **EVIDENCE OF THE REJECTIONS DURING REEXAMINATION SHOULD BE ADMITTED TO REBUT THE PRESUMPTION OF VALIDITY, OR FUNCTION MEDIA SHOULD BE PRECLUDED FROM DISCUSSING THE PRESUMPTION.**

Function Media's Opposition does not – and cannot – contend that the rejection of ***every asserted claim*** of the patents-in-suit before the PTO, based on prior art not previously presented to the PTO, is irrelevant to the claims' validity. Instead, Function Media is left to argue that despite its relevance, "[i]t is the universal standard in this District not to permit introduction of

---

[1]   In light of Function Media's recent agreement not to pursue any willful infringement allegations at trial, Google does not address the argument made in its opening brief that evidence of the reexamination proceedings should be admissible to rebut Function Media's willfulness arguments.

1

evidence about non-final, pending reexaminations." (FM's Opp. at 2.) This is false – and indeed, Function Media does not cite a single case, either in its Opposition or in its Motion *in Limine* No. 33 on the same subject (Dkt. No. 188 at 18-19), where this Court excluded evidence of non-final PTO ***rejections*** of the asserted claims. In <u>i4i Ltd. Partnership v. Microsoft Corp.</u>, 2009 WL 2449024 (E.D. Tex. Aug. 11, 2009), which Function Media quotes at length, this Court excluded evidence of a decision by the PTO to ***grant*** reexamination, meaning only that the requester raised a substantial question of patentability. This is markedly different from a rejection, which amounts to an admission by the PTO that it originally issued the patents in error. <u>See</u> <u>In re Recreative Techs. Corp.</u>, 83 F.3d 1394, 1396-97 (Fed. Cir. 1996) (noting that the reexamination statute "authoriz[es] the PTO to correct errors in the prior examination").

Function Media argues that reexamination evidence does not appropriately rebut the presumption of validity. (FM's Opp. at 2-3.) However, as discussed in Google's Opposition to Plaintiff's Motion *in Limine* No. 33 (Dkt. No. 240 at 21-24), the PTO's admission that it erroneously granted the asserted claims is fundamental to Google's invalidity defense, and excluding this evidence would deny Google its due process right to test the presumption of validity. The Supreme Court's recent case law holds that "the rationale underlying the presumption – that the PTO, in its expertise, has approved the claim – seems much diminished" where the claim on invalidity is based on prior art not previously considered by the PTO. <u>KSR Intern. Co. v. Teleflex, Inc.</u>, 550 U.S. 398, 426 (2007). And the question of whether clear and convincing evidence of invalidity should still be required post-<u>KSR</u> when defendant presents evidence of invalidating prior art not previously considered by the PTO is currently the subject of an *en banc* petition before the Federal Circuit. Brief of Petitioner-Appellant, <u>Lucent Techs., Inc. et al. v. Gateway, Inc. et al.</u>, Nos. 2008-1485, 2008-1487, 2008-1495 (Fed. Cir. Oct. 13,

2009).  These developments, which Function Media does not address, support the proposition that evidence of the PTO *rejecting* claims in light of prior art it did not consider in its initial examination will go a long way towards rebutting the presumption of validity.

Accordingly, the Federal Circuit's approval in Callaway Golf Co. v. Acushnet Co., 576 F.3d 1331, 1342-43 (Fed. Cir. 2009), of precluding the plaintiff from "bolstering the validity of its patents" by putting forth evidence that "'three patent examiners' had concluded that they were valid" is squarely relevant to Google's argument here.  "[T]he rationale for the presumption lies in the expertise of the PTO in making the technical factual determinations underlying the patent process." Tronzo v. Biomet, Inc., 950 F. Supp. 1149, 1154 (S.D. Fla. 1996) (citing Brooktree Corp. v. Advanced Micro Devices, Inc., 977 F.2d 1555, 1574-75 (Fed. Cir. 1992)).  If Google is not permitted to present evidence that undermines the rationale for the presumption – evidence that the PTO's "technical factual determinations" were in error – Function Media should not be permitted to "bolster the validity of its patents" by appealing to the presumption, especially when the prior art on which the PTO based its reexamination rejection was not originally before the PTO, and is the same prior art that is at issue in this case.  At the very least, Function Media should be precluded from explicitly arguing that the patents are valid because PTO examiners concluded that they should be issued.

## II. EVIDENCE OF THE REEXAMINATION PROCEEDINGS IS ADMISSIBLE TO IMPEACH CONTRADICTORY STATEMENTS OR TESTIMONY OFFERED AT TRIAL.

Function Media complains that permitting Google to introduce evidence from the reexamination proceedings to impeach contradictory testimony of Function Media or its witnesses would give Google "*carte blanche*" to introduce reexamination evidence for any reason, "under the guise of 'impeachment.'"  (FM's Opp. at 4.)  This argument has no merit. Courts routinely admit evidence for the limited purpose of impeachment, trusting the jury to

follow the court's instruction to consider the evidence for the purpose for which it is introduced.

See, e.g., U.S. v. Gaitan-Acevedo, 148 F.3d 577, 591-92 (6th Cir. 1998) (admission of potentially prejudicial evidence appropriate when the jury is admonished that the evidence should be considered only for impeachment purposes); Firemen's Fund Ins. Co. v. Thien, 8 F.3d 1307, 1311-12 (8th Cir. 1993) (prior inconsistent statement admissible if the jury is instructed that the evidence "was admissible only to impeach the witness and not as evidence of a material fact"). Though it is not clear where Function Media gets the idea that Google plans to attempt to hoodwink the Court by introducing reexamination evidence for other purposes "under the guise of impeachment," Google has no intention of doing so, and trusts the Court to determine when evidence is properly offered to impeach a witness.

Furthermore, Google has no intention of either "re-arguing *Markman* before the jury" or confusing the jury with conflicting claim construction standards before this Court and the PTO. (Opp. at 4.) Function Media's strained arguments on this point seek only to confuse the issue, which is simple: Google proposes admitting statements made by Function Media to the PTO in reexamination when appropriate to impeach contradictory statements offered by Function Media or its witnesses at trial. This is routinely done, and there is nothing special about reexamination evidence that should prevent Google from being able to do so here. See Translogic Tech., Inc. v. Hitachi, Ltd., 2005 WL 6196578 (D. Or. Apr. 4, 2005) (admitting "specific statements from the reexamination record for impeachment"). For example, during the reexamination proceedings for the '059 patent, Function Media distinguished the Aaddzz reference on the ground that "advertisers using the Aaddzz system have no ability to directly select the media venues where their ads are to be published, as required by claims 1 and 27" of the '059 patent. (Ex. A at 46.) If, during trial, Function Media were to offer testimony that the '059 patent covers a system that

does not permit advertisers to "directly select the media venues where their ads are to be published," Google should be able to impeach such testimony with the reexamination record.

Regardless of whether Google is permitted to admit reexamination evidence to rebut the presumption of validity, therefore, Google should be permitted to use Function Media's statements to the PTO made during reexamination proceedings to impeach contradictory testimony offered at trial.

## Conclusion

Google's Motion *in Limine* No. 5 should be granted. Google should be permitted to admit evidence of the reexamination proceedings, including the PTO's rejections of the asserted claims, to rebut the presumption of validity afforded the patents-in-suit. Google should also be permitted to admit statements from the reexamination record to impeach contradictory testimony offered at trial.

Dated: November 25, 2009

Respectfully submitted,
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: */s/ Amy H. Candido*

Charles K. Verhoeven (admitted *pro hac*)
  *Lead Attorney*
  charlesverhoeven@quinnemanuel.com
Amy H. Candido (admitted *pro hac*)
  amycandido@quinnemanuel.com
Carl G. Anderson (admitted *pro hac*)
  carlanderson@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Edward J. DeFranco (admitted *pro hac*)
  eddefranco@quinnemanuel.com
James M. Glass (admitted *pro hac*)
  jimglass@quinnemanuel.com
Patrick Curran (admitted *pro hac*)
  patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:      (212) 849-7000
Facsimile:      (212) 849-7100

Harry L. Gillam, Jr., Bar No. 07921800
  gil@gillamsmithlaw.com
Melissa R. Smith, Bar No. 24001351
  melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone:      (903) 934-8450
Facsimile:      (903) 934-9257

Counsel for Defendant and Counter-Claimant
GOOGLE INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 25, 2009 to counsel of record via ECF/PACER.

*/s/ Amy H. Candido*
Amy H. Candido