## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2007-CV-279 |
| | § | |
| vs. | § | |
| | § | |
| GOOGLE, INC. AND YAHOO, INC., | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

### FUNCTION MEDIA, L.L.C.'S SURREPLY TO GOOGLE'S MOTION TO SEAL DOCUMENTS AND CLOSE THE COURTROOM DURING PRESENTATION OF <u>CONFIDENTIAL MATERIAL AT TRIAL</u>

When Google originally filed its motion to seal documents and close the courtroom, it sought a sweeping order that would have had the practical effect of forcing Function Media to prosecute its claims behind closed doors. Now, recognizing that the relief it previously sought finds no support in the law, Google has abandoned its original demand. Instead, Google now asks this Court to "order the parties to meet and confer before the possible use of trade secret information at trial in order to find the least disruptive means to protect Google's trade secrets from being publicly disclosed." Would that it were that simple.

Google's motion should be denied. In the first instance, Google acknowledges that it is in possession of Function Media's exhibit list. Yet, Google continues to refuse to identify and enumerate with specificity the documents and information it seeks to shield from public scrutiny—this despite at least two extensions to its time to reply ostensibly to do just that. Instead, it offers "exemplars." The reason is clear. Even though Google bears the burden of showing that documents should be sealed and the courtroom should be closed, it does not want

this Court to see the true breadth of documents and information that would be subject to the motion. Google should not be rewarded for hiding the ball.

Second, Google is attempting to use this motion for its own tactical advantage. By seeking an order requiring the parties to meet and confer, Google is asking this Court to compel Function Media to disclose precisely which documents it will use in open court and precisely what information it will elicit from Google's witnesses on the witness stand—all at some unspecified time in advance. Google's new demand amounts to more than just an attempt to recast a motion it can't win. It is a thinly veiled attempt to seize a significant tactical advantage at trial.

Third, and as it did in its original motion, Google does not acknowledge the significant disruption that will result from its demand to seal the courtroom. And it wholly fails to offer any procedure to minimize that impact.

For all these reasons, as well as those stated in Function Media's Response which is incorporated herein by reference, Google's motion should be denied.

## ARGUMENT

**I. GOOGLE FAILS TO MEET ITS BURDEN DEMONSTRATING THAT THE INTEREST IN NON-DISCLOSURE OUTWEIGHS THE PUBLIC'S RIGHT OF ACCESS.**

There can be no debate that Google bears the burden of demonstrating that the interest in non-disclosure of purportedly confidential information outweighs the public's right of access to trial and trial records. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). In light of this indisputable fact, Google's Reply is remarkable in its failure to carry that burden. Google has had Function Media's exhibit list and deposition designations since October 5, 2009. Yet, for nearly two months, Google has failed to identify with specificity which documents and testimony it seeks to seal—having promised to do so in its original motion. In its Reply,

Google only points to "exemplars" of documents and testimony it believes this Court should seal, leaving undiscussed the vast majority of documents on Function Media's exhibit list and deposition designations that are likely subject to Google's motion. Google is playing a shell game. It does not want the Court to see the true breadth of its demand to seal documents and testimony. And it does not want to put forward specific evidence that Function Media can rebut.

At the outset, Function Media notes that it is unclear whether any issue exists requiring a decision by this Court concerning the categories of documents or testimony Google has identified in its Reply. Recognizing the weakness of its position, Google now simply asks this Court to order the parties to meet and confer regarding the purportedly confidential materials. Google Reply at 1. For the reasons stated below, Google's new request should be denied. Nevertheless, Function Media will address the categories of documents identified by Google in this Surreply.

First, Google seeks to seal documents and close the courtroom during the presentation of evidence related to Google's source code. This issue is easily put to rest. To the extent Function Media seeks to introduce evidence or elicit testimony disclosing Google's raw source code, it will agree to seal any documents and close the courtroom during this portion of witness testimony.

Second, Google seeks to seal documents and close the courtroom during the presentation of evidence related to the design and operation of Google's systems. Google Reply at 6. This demand cuts too broadly. As Google itself acknowledges in its Reply, much of this information is already publicly known. Google Reply, Curtiss Dec. at ¶ 6. To be sure, Google has provided a conclusory declaration by Mr. Todd Curtiss stating that certain documents and deposition testimony contain trade secret information. But Mr. Curtiss provides no detail regarding specific

documents or testimony that would merit the relief Google seeks. This Court should not grant Google's motion on this basis.

Third, Google identifies two categories of documents related to Google's financial performance and business planning. Google is a publicly traded company. As such, numerous details concerning its financial performance exist in the public record. Moreover, Google's financial performance and business planning is examined *ad nauseum* in the public domain by commentators and analysts. In the face of the overwhelming amount of information concerning Google's finances and business planning that already exists publicly, Google fails to demonstrate in any detail why the limited information at issue in this dispute is so critical as to warrant sealing evidence and closing the courtroom. The conclusory statements to the contrary that Google offers through Mireya Bravomalo are simply not sufficient to carry Google's burden.

Fourth, Google identifies three categories of documents related to Google's acquisitions of other companies and certain technology licenses. Again, Google has failed to provide any specifics about why a particular document is so confidential that the courtroom should be closed and Plaintiff's case interrupted. Google admits that information regarding many of its acquisitions and licenses already exists in the public domain. Google Reply, Zoufonoun Dec. at ¶ 8. In fact, many of the relevant agreements are readily available to internet users. *See, e.g.,* http://www.techagreements.com/agreement-preview.aspx?num=66565 (providing the text of an October 13, 2003 "Technology, Software, Inventions and Patent License Agreement" between Google and Stanford University). Google cannot meet its burden of demonstrating that a blanket seal should apply to information concerning Google's acquisitions and licenses. Nor has Google's declarant, Mr. Amin Zoufonoun, provided specific details as to why any particular document and/or testimony he identifies in his declaration should be sealed.

Google has had every opportunity over the last two months to identify each of the documents and deposition designations it claims should be subject to an order sealing evidence or clearing the courtroom. It also has had the opportunity to point out with specificity why the interest in not disclosing such documents and testimony outweighs the public's right of access to trial and trial records. It has failed to do so. The Court will without doubt recognize that Google's categories are far from "narrow." Instead, they are expansive in scope, potentially covering all documents related in any way to Google's operations, finances, acquisitions, and licensing. It is difficult to imagine what is not encompassed by these—"narrow"—categories.

Google clearly has an expansive view of what should not be disclosed to the public. It has deliberately chosen to obscure the breadth of its motion in an effort to obtain some type of relief. Google should not be permitted to keep this Court and Function Media guessing— especially given the extreme disruption sealing the courtroom has on both the presentation of Plaintiff's case and the public's right of access. Having failed to meet its burden, Google's motion should be denied.

## II. GOOGLE SHOULD NOT BE AWARDED A SIGNIFICANT TACTICAL ADVANTAGE AT TRIAL.

Google's motion should likewise be denied because it seeks to award Google a significant tactical advantage at trial. As detailed above, Google has failed to identify with specificity the documents and testimony it seeks to seal. To justify its failure, Google complains of the size of Function Media's exhibit list, notwithstanding the fact that Google's own list amounts to nearly 900 individual exhibits. Google has demanded that the Court order the parties to meet and confer on a narrowed list of documents before the introduction of evidence or testimony purportedly containing trade secret information. This is nothing more than gamesmanship.

Were this Court to grant Google's motion, Function Media would be forced to disclose the specific documents it intends to use and the testimony it intends to elicit well in advance of any witness taking the stand. This Court will appreciate the tactical advantage Google seeks. Armed with this knowledge, Google will have a leg up in preparing its witnesses to anticipate and deflect damaging lines of inquiry. Google will also be able to dictate the order in which evidence is presented, as Function Media would be forced to lump confidential documents and testimony together to avoid the disruption of emptying the courtroom. In short, granting the motion will fundamentally alter the parties' trial strategy.

### III. GOOGLE HAS NOT PROPOSED A WORKABLE PROCEDURE.

As it did in its original motion, Google has failed to propose a workable procedure for resolving disputes related to its purported trade secrets. Requesting that the parties meet and confer before the introduction of such evidence is a hollow demand. Google has not proposed how and when such a conference or conferences should take place. Nor has it proposed any means for resolving the inevitable disputes that will arise from the conference(s). Given the limited amount of time both parties will have to present evidence at trial, Google's proposal is unworkable.

Fundamentally, Google fails to come to grips with the disruption that will ensue from sealing exhibits introduced at trial and repeatedly closing the courtroom. This Court will still be forced to delay proceedings while determining whether evidence or testimony—very little of which was specifically identified by Google in its motion briefing—should be sealed. And there will be significant delay while the public is escorted in and out of the courtroom. In Reply, Google does no better in explaining how this can best be accomplished absent sealing the courtroom for significant periods of time.

Function Media will also be prejudiced because repeatedly sealing the courtroom will deprive it of the opportunity to employ the services of a shadow jury during trial. Employing a shadow jury is a common practice in cases of this magnitude and complexity. Sealing the courtroom will mean that the shadow jury will not hear significant evidence regarding the issues in dispute. Once again, Function Media may be forced to alter its trial strategy should Google's motion be granted.

Finally, Google is silent in its reply regarding the impact of its motion on Function Media's principals, Michael Dean and Lucinda Stone. Google will likely seek to exclude them from the courtroom during significant portions of trial. Mr. Dean and Ms. Stone should be permitted to attend the trial of their claims.

## **CONCLUSION**

For the foregoing reasons, as well as those raised in its Response, Function Media respectfully requests that this Court deny Google's Motion to Seal Documents and Close the Courtroom During Presentation of Confidential Material at Trial.

Respectfully submitted,

 /s/ Warren T. Burns
Warren T. Burns
State Bar No. 24053119
Max L. Tribble, Jr.
State Bar No. 20213950
Email: mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas, 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Lead Attorney for Plaintiff

OF COUNSEL:

Joseph S. Grinstein
State Bar No. 24002188
Aimée Robert
State Bar No. 24046729
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com
arobert@susmangodfrey.com

Jeremy Brandon
State Bar No. 24040563
Warren T. Burns
State Bar No. 24053119
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Fax: (214) 754-1933
jbrandon@susmangodfrey.com
wburns@susmangodfrey.com

Justin A. Nelson
State Bar No. 24034766
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax: (206) 516-3883
jnelson@susmangodfrey.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Fax: (903) 533-9687
rcbunt@pbatyler.com
charley@pbatyler.com

S. Calvin Capshaw
State Bar No. 037839000

Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Fax: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

Otis Carroll
State Bar No. 03895700
Collin Maloney
State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Fax: (903) 581-1071
otiscarroll@icklaw.com
cmaloney@icklaw.com

## CERTIFICATE OF SERVICE

     I hereby certify that on December 1, 2009, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                              /s/ Warren T. Burns
                                              Warren T. Burns