## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **FUNCTION MEDIA, L.L.C.,** | **Civil Case No. 2:07-CV-279 (CE)** |
| **v.** | **JURY TRIAL DEMANDED** |
| **GOOGLE, INC. AND YAHOO!, INC.** | |

## EXPEDITED MOTION TO EXPEDITE BRIEFING AND CONSIDERATION OF GOOGLE'S *DAUBERT* MOTION TO EXCLUDE CERTAIN TESTIMONY AND OPINIONS OF MR. WALTER BRATIC

Google Inc. respectfully requests that the Court expedite briefing and argument on Google's intended *Daubert* Motion to Exclude Certain Testimony and Opinions of Mr. Walter Bratic. Google's *Daubert* Motion regarding Mr. Bratic -- the only *Daubert* motion that Google intends to file -- will principally concern Mr. Bratic's improper reliance on Google's acquisitions of entire companies in connection with his reasonable royalty analysis under Georgia Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116 (S.D.N.Y. 1970). These issues are inextricably intertwined with Google's Motion *In Limine* No. 10, which was fully briefed and argued at the December 4, 2009 Pretrial Conference, and issues regarding the admissibility of evidence regarding Google's acquisitions to be addressed at the January 5, 2010 evidentiary hearing. Accordingly, it is most efficient for all parties and the Court to have the hearing on Google's *Daubert* Motion on that same date. Moreover, Google requests that its *Daubert* Motion be heard on January 5, 2010 so that Google can appropriately prepare for trial on January 19, 2010.

01980.51542/3236596.2

Google thus proposes the following schedule so that this Court can hear Google's

*Daubert* Motion on January 5, 2010:[1]

December 16, 2009:   Opening Brief Due

December 23, 2009:   Response Due

December 30, 2009:   Reply Due

January 5, 2010:       Hearing

Function Media opposes this request on the basis that "a condensed schedule in the midst

of expert depositions and Christmas so that the hearing can be on January 5 is prejudicial."

(Ex. A.)  The proposed schedule, however, is not prejudicial to Function Media, whose

opposition is due before Christmas.  In fact, if anyone is disadvantaged by the proposed

schedule, it is Google.  Under the proposed schedule, Google's *Daubert* Motion regarding

Mr. Bratic would be filed two days **before** Mr. Bratic's December 18, 2009 deposition.  Not only

would Google not be able to refer to Mr. Bratic's testimony in its Motion, but Function Media

would be able to use Google's Motion to prepare Mr. Bratic for his deposition.

Despite these disadvantages, Google requests expedited briefing and consideration of its

*Daubert* Motion regarding Mr. Bratic so that Google can adequately prepare for the January 19,

2010 trial.  The issues to be addressed in Google's *Daubert* Motion will impact whether certain

fact witnesses will need to testify at all, the scope of other fact witnesses' testimony, and the

scope of the parties' damages experts' testimony.  If Google will need to conduct a mini-trial on

each of its acquisitions, Google needs to know that as soon as possible to prepare appropriately

and to line up necessary witnesses.

---

[1]   The Court's January 24, 2008 Docket Control Order (Dkt. No. 45) set October 2, 2009 as the deadline for filing *Daubert* motions.  However, because of changes to the timing of the claim construction hearing, by that date, no claim construction order had issued and no expert discovery had taken place.

In sum, Function Media will not be prejudiced by Google's proposed schedule, but Google's trial preparation will be severely prejudiced if its *Daubert* Motion regarding Mr. Bratic is not expedited. For these reasons, Google respectfully requests that the Court grant Google's Expedited Motion to Expedite Briefing and Consideration of Google's *Daubert* Motion to Exclude Certain Testimony and Opinions of Mr. Walter Bratic. A proposed order is submitted herewith.

Dated: December 11, 2009

Respectfully submitted,
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: */s/ Amy H. Candido*

Charles K. Verhoeven (admitted *pro hac*)
 *Lead Attorney*
 charlesverhoeven@quinnemanuel.com
Amy H. Candido (admitted *pro hac*)
 amycandido@quinnemanuel.com
Carl G. Anderson (admitted *pro hac*)
 carlanderson@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Edward J. DeFranco (admitted *pro hac*)
 eddefranco@quinnemanuel.com
James M. Glass (admitted *pro hac*)
 jimglass@quinnemanuel.com
Patrick Curran (admitted *pro hac*)
 patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

Harry L. Gillam, Jr., Bar No. 07921800
  gil@gillamsmithlaw.com
Melissa R. Smith, Bar No. 24001351
  melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone:      (903) 934-8450
Facsimile:      (903) 934-9257

Counsel for Defendant and Counter-Claimant
GOOGLE INC.

## CERTIFICATE OF CONFERENCE

Counsel for defendant Google Inc. conferred with counsel for plaintiff Function Media regarding the relief requested in this motion.  Plaintiff indicated its opposition to this motion.

Date: December 11, 2009

*/s/ Amy H. Candido*
Amy H. Candido

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 11, 2009 to counsel of record via ECF/PACER.

*/s/ Amy H. Candido*
Amy H. Candido
