IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C., | § § | |
| Plaintiff, | § § | Civil Action No. 2007-CV-279 |
| vs. | § § | |
| GOOGLE, INC. AND YAHOO, INC., | § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## OPPOSITION TO MOTION TO EXPEDITE

Function Media has no objection to an expedited and agreed schedule for briefing on *Daubert* motions. Function Media's objection here is that Google's proposed schedule as to Mr. Bratic is way too rushed and premature – taking place literally at the same time as <u>six</u> other expert depositions, over Christmas, and with a proposed hearing date <u>before expert discovery is completed</u>. Google has proposed a hearing date on this issue on January 5, at the same time as the currently-scheduled hearing over exhibit and deposition objections. Such a schedule makes no sense given the timing and the expert discovery here. Google has given no reason for why it is necessary to create such an extreme schedule just to have the hearing date on January 5. This Court can and should hold a *Daubert* hearing <u>after</u> January 5 – when expert discovery is completed and to give some minimum time for briefing.

Function Media represents that it will be extraordinarily difficult for it to file a response to the forthcoming *Daubert* motion against Mr. Bratic in just one week because of the schedule for expert discovery and other pretrial matters.[1] During that same week,

---

[1] Moreover, holidays notwithstanding, there is no good reason why Google compresses the schedule on Function Media to force an opposition within one week, while proposing to give itself a further week

1

Function Media must also prepare and defend Mr. Bratic for deposition; prepare for and take the deposition of Google's damages expert, Mr. Wagner; and attend to a host of other pretrial matters (not to mention prepare for the holidays). Google thus proposes to significantly shorten Function Media's time to respond to Google's forthcoming motion, while also placing the response period at a uniquely inconvenient and burdensome time.

Moreover, Function Media intends to file a *Daubert* motion of its own against Google's damages expert, Mr. Wagner. Function Media is not in the position to file that motion by December 16 – nor does it believe it should be forced to do so, prior to Mr. Wagner's deposition on December 22. To be sure, Google's motion does not seek to require Function Media to move against Mr. Wagner early. But because Google knows that Function Media will not file by December 16, Google seeks a tactical advantage in having its *Daubert* motion heard before Function Media's. That makes no sense. This Court should take up each side's damages motions at the same time and on a schedule that accommodates appropriate filing and reply dates.

Google complains that it would be unfair to hear its *Daubert* motion later, because it requires clarity on the *Daubert* issues for its pretrial preparation. But, to the extent there is even any "time crunch" on hearing *Daubert* issues, the fault lies entirely with Google itself. Google suggested pushing back the various dates for expert reports -- on four different occasions. *See* Exh. A (Google email of October 22 asking to push back opening reports); Exh. B (Google request of October 23 to push back opening expert reports another time – until November 3); Exh. C (Google email of October 29 asking for extension of rebuttal reports until November 24); Exhibit D (Google email of November

---

simply to file a reply brief. If Google were concerned about the burden on the parties by its proposed expedited schedule, it would forego a reply brief and/or accord Function Media the full amount of time allowed by the rules to respond to its motion.

2

997082v1/08426-010020

22 asking for extension to Nov 25). At each point, Function Media consented to Google's request. But because of those extensions, Google now asks for a rushed schedule – with opening briefs due just two days from now on Wednesday December 16 and responses due one week later on December 23. During this one-week period, the preparation and depositions of the damages experts Walter Bratic and Michael Wagner will occur, in addition to the deposition of one of the inequitable conduct experts. Google's schedule has replies due on December 30, but in addition to the Christmas holiday, the preparation and deposition of the other inequitable conduct expert is scheduled to occur during this timeframe, and the depositions of the parties' technical experts are scheduled on December 30 and 31, respectively.[2]

Function Media has been trying to work with Google on an agreed schedule, but Google has insisted on the schedule it proposes to the Court and has refused to consider Function Media's alternative proposal or even to explain why it is necessary to have a hearing on January 5 as opposed to some other date before trial. *See* Exh E; Exh. F; Exh. G (emails from Function Media counsel to Google asking to meet and confer on this issue, explaining the hardships and the issues in Google's proposed schedule, and asking why a hearing date on January 5 is necessary).

Function Media agrees with Google on one key point – the parties should agree on a briefing schedule. The disagreement is whether the briefing and hearing should take place before or after expert discovery is complete – a seeming prerequisite for a *Daubert* hearing. Thus, Function Media respectfully requests the following briefing schedule,

---

[2] It is also no answer to say that the damages *Daubert* motions will concern only the damages experts, because both damages experts rely in part on the technical experts.

3

with a hearing on these issues at the Court's pleasure after the reply briefs are due on January 13:

    December 29: Opening Briefs due

    January 8:    Response Briefs due

    January 13:   Reply Briefs due

                                      Respectfully submitted,

                                      /s/ Joseph S. Grinstein
                                    Max L. Tribble, Jr.
                                    State Bar No. 20213950
                                    Email: mtribble@susmangodfrey.com
                                    SUSMAN GODFREY L.L.P.
                                    1000 Louisiana, Suite 5100
                                    Houston, Texas, 77002
                                    Telephone: (713) 651-9366
                                    Facsimile: (713) 654-6666

                                    Lead Attorney for Plaintiff

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
Aimée Robert
State Bar No. 24046729
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com
arobert@susmangodfrey.com


Jeremy Brandon
State Bar No. 24040563
Warren T. Burns
State Bar No. 24053119
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, Texas 75202-3775

4

Telephone: (214) 754-1900
Fax: (214) 754-1933
jbrandon@susmangodfrey.com
wburns@susmangodfrey.com


Justin A. Nelson
State Bar No. 24034766
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax: (206) 516-3883
jnelson@susmangodfrey.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Fax: (903) 533-9687
rcbunt@pbatyler.com
charley@pbatyler.com

S. Calvin Capshaw
State Bar No. 037839000
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Fax: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

Otis Carroll
State Bar No. 03895700
Collin Maloney
State Bar No. 00794219

IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Fax: (903) 581-1071
otiscarroll@icklaw.com
cmaloney@icklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2009, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Joseph S. Grinstein
Joseph S. Grinstein

6
997082v1/08426-010020