# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C. | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-279-CE |
| | § | |
| GOOGLE, INC. and | § | |
| YAHOO!, INC. | § | |

## ORDER

Before the court is the plaintiff Function Media, L.L.C.'s ("FM") motion for partial summary judgment of validity (Dkt. No. 201). For the reasons presented below, FM's motion is GRANTED in part and DENIED in part.

On July 3, 2007, FM filed suit against the defendant Google, Inc. ("Google") for patent infringement. FM alleges that Google infringes U.S. Patent Nos. 7,240,025 B2 ("the '025 patent") and 7,249,059 B2 ("the '059 patent"), which claim methods and systems that automate the process of formatting and delivering advertising to all types of media. Google responded by arguing that the '025 and '059 patents are invalid because they are anticipated or rendered obvious by the following prior art references: (1) U.S. Patent No. 5,918,014, (2) U.S. Patent No. 5,948,061, (3) U.S. Patent No. 6,026,368, (4) U.S. Patent No. 6,401,075, (5) U.S. Patent No. 6,985,882, (6) WO 97/21183, (7) Zeff & Aronson (1997), (8) Zeff & Aronson (1999), (9) Langheinrich, (10) AdForce, (11) Aaddzz, (12) AdKnowledge, (13) NetGravity, (14) DoubleClick, (15) Ad-Star, and (16) AdManagerPro.

In the instant motion, FM contends that none of Google's prior art references anticipates the

patents in suit.[1] FM alleges that none of the prior art references teaches all of the limitations of the asserted claims. FM also argues that the '025 patent has priority over U.S. Patent No. 6,401,075.

Google has responded to FM's motion and contends that AdForce, DoubleClick, NetGravity, WO 97/21183, and U.S. Patent Nos. 6,026,368, 6,401,075, and 6,985,882 anticipate the asserted claims. Google has dropped its contention that the remaining prior art references are anticipatory. Therefore, the court GRANTS FM's motion for summary judgment that U.S. Patent Nos. 5,918,014 and 5,948,061, Zeff & Aronson (1997), Zeff & Aronson (1999), Langheinrich, Ad-Star, AdKnowledge, Aaddzz, and AdManagerPro do not anticipate the asserted claims. The court expresses no opinion on whether these references render the claims obvious. Google also concedes that the priority date of the '025 patent predates U.S. Patent No. 6,401,075. Therefore, the court GRANTS FM's motion for summary judgment that U.S. Patent No. 6,401,075 does not anticipate the '025 patent.

FM argues that none of Google's six remaining prior art references discloses every limitation of the asserted claims, so these references are not anticipatory. None of these references allegedly describes "a computer controller that creates a customized ad in compliance with the presentation rules of Internet Media Venues on which the ad will be published." FM also contends that U.S. Patent No. 6,401,075 lacks a "first interface" and NetGravity lacks a "second interface."

In response, Google presents several arguments explaining why the remaining prior art references are not missing any claim limitations. First, Google contends that "presentation rules"

---

[1] FM's motion also argued lack of anticipation because the prior art references (1) failed the written description and enablement requirements, (2) lacked corroborating evidence of features, and (3) lacked proof of public availability. Additionally, FM moved for summary judgment of nonobviousness. FM dropped these contentions in its reply brief, and the court is not persuaded to grant FM's motion for summary judgment on these issues.

encompasses distribution factors, and on this basis alone, several of the prior art references meet the "presentation rules" limitation. According to Google, FM's infringement analysis asserts that the accused systems' use of distribution factors satisfies the presentation rules limitation. Therefore, the same interpretation of "presentation rules" must be applied to the validity analysis. Second, Google argues that the term "processing" is not limited to "generating customized ads," but also includes comparing presentation rules to ads. Third, U.S. Patent No. 6,401,075 discusses inputting the advertising parameters for website and newspaper media venues into a computer; Google alleges that this disclosure satisfies the "first interface" limitation. Finally, Google contends that the NetGravity system includes a "second interface," which was a login screen that allowed advertisers to upload and target their advertisements. Therefore, according to Google, the remaining prior art references anticipate GM's asserted claims.

In view of Google's arguments in opposition to the motion for summary judgment, the court concludes that it should consider the remaining issues in the context of a fully developed trial record. Therefore, FM's motion for summary judgment on lack of anticipation is denied for the AdForce, DoubleClick, NetGravity, WO 97/21183, and U.S. Patent Nos. 6,026,368, 6,401,075, and 6,985,882 references, without prejudice to re-urging as a motion for judgment as a matter of law.

SIGNED this 16th day of December, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE