UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION


| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C. | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-279-CE |
| | § | |
| GOOGLE, INC. and | § | |
| YAHOO!, INC. | § | |


## ORDER

### I.    Introduction

Before the court is the defendant Google, Inc.'s ("Google") motion for summary judgment of noninfringement (Dkt. No. 207).    For the reasons presented below, Google's motion is GRANTED in part and DENIED in part.

### II.    Factual and Procedural Background

On July 3, 2007, the plaintiff Function Media, L.L.C. ("FM") filed suit against Google for patent infringement.  FM alleges that Google infringes U.S. Patent Nos. 7,240,025 B2 ("the '025 patent") and 7,249,059 B2 ("the '059 patent"), which claim methods and systems that automate the process of formatting and delivering advertising to all types of media.  On October 9, 2009, the court issued its *Markman* opinion, which construes the asserted claims.

In the instant motion, Google contends that its accused products do not infringe FM's asserted claims.  First, Google argues there is no literal infringement because its accused systems do not permit advertisers to create customized advertisements.  Second, Google maintains there is no literal infringement because its accused systems do not permit advertisers to select the media venues in which their ads will appear.  Third, according to Google, the accused systems do not infringe under the doctrine of equivalents due to prosecution history estoppel.

## III.    Analysis

### A.    Applicable Law

Summary judgment is proper when the pleadings and evidence on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The standard for deciding a summary judgment motion is a procedural question, to which the Federal Circuit applies the law of the regional circuit. *Massey v. Del Labs., Inc.*, 118 F.3d 1568, 1572 (Fed. Cir. 1997). The movant has the burden of proving the lack of a genuine issue as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221-23 (5th Cir. 1985). In deciding a motion for summary judgment, the court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48. In making this threshold inquiry, the court must consider that "[s]ummary judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *Smith v. Xerox Corp.*, 866 F.2d 135, 137 (5th Cir. 1989) (citations omitted).

Once the movant makes a showing that there is no genuine material fact issue to support the nonmovant's case, the nonmovant cannot survive a motion for summary judgment by resting on the

allegations in his pleadings.  *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see*

*also Celotex*, 477 U.S. at 324.  Rather, it must direct the court's attention to evidence in the record

sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 324.

To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the

factual issues in his favor.  *Anderson*, 477 U.S. at 257.  Summary judgment is proper if the

affidavits, depositions, answers, and admissions on file fail to establish the existence of an element

essential to the plaintiff's case and as to which he will bear the burden of proof at trial.  *Celotex*, 477

U.S. at 322-23.  The nonmovant must submit competent summary judgment evidence sufficient to

defeat a properly supported motion for summary judgment.  *See, e.g.*, *Burleson v. Tex. Dept. of*

*Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Tex. Dept. of Criminal Justice*,

239 F.3d 752, 755 (5th Cir. 2001).  Factual controversies are to be resolved in the nonmovant's favor

only when both parties have submitted evidence of contradictory facts.  *Alexander v. Eeds*, 392 F.3d

138, 142 (5th Cir. 2004).  The facts as presented by the moving party must be accepted as true if the

nonmoving party fails to submit any competent evidence that creates a general issue of material fact.

*Id.*; Local R. CV-56(c).

### B.    Creation of Advertisements by Advertisers

Google argues that the accused systems do not literally infringe because its systems do not

permit advertisers to create ads customized for each media venue.  According to Google, the asserted

claims require the user ("seller"), not the system, to create the customized advertisements.  In

Google's systems, advertiser users input generic text or images into Google's systems.  Therefore,

according to Google, there is no literal infringement of the asserted claims.

In support of its argument, Google observes that claim 1 of the '025 patent requires that "a

seller . . . input information to create an electronic advertisement for publication to the selected internet media venues." '025 patent, 65:5-7. Claim 179 of the '025 patent and claim 1 of the '059 patent contain similar language. *See* '025 patent, 75:17-19; '059 patent, 88:59-61. The agreed construction, which was adopted by the court, of the term "create an electronic advertisement for publication to the selected internet media venues" is "create an electronic advertisement for publication *in a form customized* to each of the selected internet media venue's presentation rules." (emphasis added). Thus, Google contends, the seller or end user must input the information necessary to customize the advertisement for each selected venue.

Google also points to the computer controller limitation in claim 1 of the '025 patent. This element requires "a computer controller . . . processing . . . the electronic advertisement . . . in compliance with the presentation rules." '025 patent, 65:10-13. The court's claim construction order held that the object of "processing" is "the customized electronic advertisement" not "the inputted information." According to Google, if the computer controller is processing the customized electronic advertisement, then the seller end user had to create and provide that customized electronic advertisement to the computer system.

In response, FM argues that claims 62 and 140 of the '025 patent, which are dependent on claim 1, illustrate that the computer system, not the seller user, customizes the advertisement. Claim 62 states that the computer system comprises "a computer program design filter to automatically apply or compare the internet media venue design or style standards to . . . the advertisement to control look and feel of the advertisement." '025 patent, 68:20-24. Claim 140 requires that "the computer controller processes the advertisement by automatically applying or comparing the internet media venue presentation rules to . . . the advertisement to enforce compliance with the internet

4

media venue presentation rules." '025 patent, 72:32-37. FM also notes that the court construed the term "processing," found in the "computer controller" limitation of claim 1 of the '025 patent, to mean "executing a systematic sequence of mathematical and/or logical operations upon the customized electronic advertisement *to make it comply with the presentation rules of the internet media venues*." (emphasis added). According to FM, there would be no reason for the computer controller to process the ad to make it comply with the presentation rules if the seller had already inputted a fully-customized ad.

A reasonable jury could find that the computer controller or computer system in claims 62 and 140 creates the customized ad, not the user, and thus the accused products may infringe these claims. Furthermore, if the accused products infringe the dependent claims, they necessarily infringe the independent claim from which those claims depend. For these reasons, the court declines to grant summary judgment that Google's accused products do not literally infringe the ad customization limitation.

### C.    Information to Select Media Venues

Google also argues that there is no literal infringement because the accused systems do not use "information to select one or more internet media venues," as required by the asserted claims. *See* '025 patent, 65:4-5. First, Google argues that its products select ads, not internet media venues. When an end user browses a media venue's website, the website requests an ad from Google's systems. Then Google's systems select ads appropriate for the internet media venue specified in the ad request.

Google's ad selection versus internet media venue selection argument is not relevant to the claim limitation under consideration. The second interface, which prompts for "information to select

one or more internet media venues," provides interaction between the seller user and the system, while the computer controller publishes the ad to internet media venues. Google's discussion of selecting ads does not distinguish the accused systems from the "information to select one or more internet media venues" claim limitation.

Second, Google contends that its advertisers input keywords or target ad placement, instead of providing "information to select internet media venues." Google's keyword matching works by pairing potentially-matching ads to web pages based upon keywords associated with the ads. Keywords describe topics and do not identify media venues. In Google's placement targeting, advertisers request specific web pages on which their ads will appear, but Google's systems ultimately determine which advertisements appear on which web page. The court finds that there is a genuine issue of material fact as to whether Google's keywords and placement targeting constitute "information to select." A reasonable jury may determine that keywords identifying the advertisement's topic could be used as information to select media venues on which to publish the advertisement. A question of fact also exists regarding Google's placement targeting. Therefore, the court denies Google's motion for summary judgment that the accused systems do not use "information to select one or more internet media venues."

### D.  Doctrine of Equivalents

In addition to its literal noninfringement arguments for the "creation of advertisements" and "information to select media venues" limitations, Google also seeks summary judgment on the doctrine of equivalents. Presently, FM does not allege infringement under the doctrine of equivalents. Therefore, the court grants the motion for summary judgment on the doctrine of equivalents.

**IV.     Conclusion**

Google's motion for summary judgment of noninfringement is GRANTED in part and DENIED in part.  A reasonable jury could find that Google infringes both the creation of custom advertisements and selection of media venues limitations.  Because FM does not claim infringement under the doctrine of equivalents, Google's motion on that point is granted.

SIGNED this 16th day of December, 2009.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE