# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C. | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:07-CV-279 |
| | § | |
| vs. | § | |
| | § | |
| GOOGLE INC. AND YAHOO, INC. | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

# GOOGLE'S OPPOSITION TO FUNCTION MEDIA'S
# MOTION TO EXPEDITE CONSIDERATION OF
# MOTION TO PRECLUDE ADMISSION OF UNTIMELY EVIDENCE

Late on the night before Christmas Eve, Function Media gave Google the gift of five motions.[1] Included in those motions was a Motion to Expedite Consideration of its concurrently filed Motion to Preclude Admission of Untimely Evidence. (Dkt. Nos. 333 & 334.) In its Motion to Expedite, Function Media asks the Court to order Google to respond to its Motion to Preclude within eight calendar days, which would make Google's response due this Thursday—New Year's Eve.

Google opposes Function Media's Motion to Expedite because it would be unduly burdensome to file a response to Function Media's Motion to Preclude within what amounts to five business days, especially given holiday travel schedules, previously scheduled expert depositions and extensive pretrial preparations. The allotted span of five business days includes the out-of-town depositions of Function Media's inequitable conduct expert on December 29, and the parties' technical experts on infringement and invalidity on December 30 and 31, respectively. Moreover, Google also has to prepare oppositions to Function Media's three other concurrently filed motions.

Given the Christmas and New Year's holidays, as well as Jury Selection on January 4, 2010, and the Hearing on January 5, 2010, Google's Opposition to Function Media's Motion to Preclude should be due on January 7, 2010, the normal deadline under the Local Rules. Accordingly, Google respectfully requests that the Court DENY Function Media's Motion to Expedite.

---

[1] See Sealed Motion to Exclude Certain Expert Opinions (Dkt. No. 331); Motion to Consolidate Argument on Motions to Exclude Expert Opinions (Dkt. No. 332); Sealed Motion to Preclude Admission of Untimely Evidence (Dkt. No. 333); Motion to Expedite Consideration of Motion to Preclude Admission of Untimely Evidence (Dkt. No. 334); and Motion to Reconsider FM's Motion *in Limine* No. 47 (Dkt. No. 335).

1

Dated: December 28, 2009

Respectfully submitted,
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: */s/ Amy H. Candido*

Charles K. Verhoeven (admitted *pro hac*)
  *Lead Attorney*
  charlesverhoeven@quinnemanuel.com
Amy H. Candido (admitted *pro hac*)
  amycandido@quinnemanuel.com
Carl G. Anderson (admitted *pro hac*)
  carlanderson@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700


Edward J. DeFranco (admitted *pro hac*)
  eddefranco@quinnemanuel.com
James M. Glass (admitted *pro hac*)
  jimglass@quinnemanuel.com
Patrick Curran (admitted *pro hac*)
  patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100


Harry L. Gillam, Jr., Bar No. 07921800
  gil@gillamsmithlaw.com
Melissa R. Smith, Bar No. 24001351
  melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone:   (903) 934-8450
Facsimile:   (903) 934-9257

Counsel for Defendant and Counter-Claimant
GOOGLE INC.

# **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 28, 2009 to counsel of record in the manner agreed by the parties, via electronic mail.

                                    */s/ Amy H. Candido*
                                    Amy H. Candido