IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C., | § § § | |
| Plaintiff, | § § | Civil Action No. 2007-CV-279 |
| vs. | § § § | |
| GOOGLE, INC. AND YAHOO, INC., | § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**REPLY TO MOTION TO STRIKE THE
DEPOSITION ERRATA SHEET OF MIREYA BRAVOMALO**

Function Media files this short Reply to make two brief points.

*First*, Google cannot escape the plain language of the Fifth Circuit's decision in *Reed v. Hernandez*, 114 Fed. Appx. 609, 611 (5th Cir. 2004). That case, binding on this Court, states the following: "Rule 30(e) does not provide <u>any exceptions</u> to its requirements." Google concedes here that the errata sheets were filed <u>after</u> the time provided by Rule 30(e), even accounting for the courtesy extensions given by Function Media to Google. Response at 1. The case of *Raytheon Co. v. Indigo Systems Corp.*, 2009 WL 424773 (E.D. Tex. Feb. 18, 2009), cited by Google, actually supports Function Media. While the court there did allow one exception where the deponent gave notice within the thirty-day window, the court also <u>struck</u> an errata sheet that was filed approximately 96 days after the deposition. *See Raytheon*, 2009 WL 424773 at *3. Moreover, in granting the extension just outside the thirty-day window, the *Raytheon* court specifically noted that the other side did not timely object to the changes. *See id.* Finally, regardless of any other case from this district or elsewhere, the Fifth Circuit could not have been more clear – courts and parties must follow the dictates of Rule 30(e) strictly. "Rule 30(e) does not provide any exceptions to its requirements." *Reed*, 114 Fed. Appx. at 611.

1

*Second*, Function Media has suffered prejudice here. The 110-day delay between the deposition and the errata allowed Google to see exactly the arguments made by Function Media. Google is now attempting to change the testimony specifically so that Function Media cannot rely on it. And while Ms. Bravomolo might have been unfamiliar with the document in question, Google neglects to mention that this deposition was delayed <u>specifically</u> so that Google could produce this and a few other financial statements. In other words, this document and this line of questioning should have been entirely predictable to Ms. Bravomolo, who is the global revenue recognition manager at Google.

Moreover, the *Raytheon* case relied on by Google shows why the Motion to Strike is necessary here. In *Raytheon*, the Court allowed the changes to an errata – but only because "the errata sheet was filed before the parties moved for summary judgment. Federal courts have typically been more forgiving of changes made to deposition testimony that come before summary judgment motions have been filed." *Id.* at *2. Moreover, no party in *Raytheon* cited the relevant transcript in the summary judgment papers. *Id.* Here, of course, the exact opposite is true. Mr. Bratic has relied on this testimony, as Google concedes.

Google does not and cannot explain why it took Ms. Bravomolo and Mr. Curtiss so long to make their changes. If vacation schedules were really the issue, Google could have had them review and make changes to their errata at any point after their depositions in September. Once again, Google seeks to gain a benefit by the delay in the trial date. If the trial had been in early November as originally scheduled, Google would not now be able to blame the Christmas holidays for the failure of their corporate witnesses to review and sign the transcript. And if these changes were so important and necessary, they could have easily been filed before Function Media filed both its expert report and its Motion to Strike Wagner. Indeed, the Motion to Strike Mr. Wagner is particularly illuminating because Function Media moved to strike Ms.

2

Bravomolo's later conversation with Mr. Wagner that contradicted her sworn testimony. Perhaps realizing that it is improper for an expert to rely on that later conversation, Google instead seeks to accomplish its goal by untimely amending Ms. Bravomolo's errata sheet.

Indeed, in the cases cited by and relied on Google in its Response, most have specifically based their decision on the fact that the opposing party had not relied on the original transcript in the interim. *See, e.g., Reilly v. TXU Corp.*, 203 F.R.D. 486, 490-91 (N.D. Tex. 2005) (specifically distinguishing case "[b]ecause no summary judgment motion is currently pending"); *Innovative Marketing & Technology LLC v. Norm Thompson Outfitters, Inc.*, 171 F.R.D. 203, 205 (W.D. Tex. 1997) ("[T]he errata sheets were delivered to defendants prior to their filing their motion for summary judgment, and defendants have not alleged that plaintiffs failed to follow the proper procedures set forth in rule 30(e) to make the changes."); *Raytheon*, 2009 WL 424773 at *2 ("[T]he court notes that the errata sheet was filed before the parties moved for summary judgment.").

This Court should strike these untimely and prejudicial errata.

Respectfully submitted,

/s/ Max L. Tribble, Jr.
Max L. Tribble, Jr.
State Bar No. 20213950
Email: mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas, 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Lead Attorney for Plaintiff

1000528v1/08426-010020

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
Aimée Robert
State Bar No. 24046729
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com
arobert@susmangodfrey.com


Jeremy Brandon
State Bar No. 24040563
Warren T. Burns
State Bar No. 24053119
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Fax: (214) 754-1933
jbrandon@susmangodfrey.com
wburns@susmangodfrey.com


Justin A. Nelson
State Bar No. 24034766
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax: (206) 516-3883
jnelson@susmangodfrey.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Fax: (903) 533-9687
rcbunt@pbatyler.com
charley@pbatyler.com

S. Calvin Capshaw
State Bar No. 037839000
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Fax: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

Otis Carroll
State Bar No. 03895700
Collin Maloney
State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Fax: (903) 581-1071
otiscarroll@icklaw.com
cmaloney@icklaw.com

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing instrument has been served via ECF/PACER.

*/s/ Max L. Tribble, Jr.*
Max L. Tribble, Jr.