Function Media, L.L.C. v. Google, Inc. et al       Doc. 378

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C. | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:07-CV-279 |
| | § | |
| vs. | § | **FILED UNDER SEAL** |
| | § | |
| GOOGLE INC. AND YAHOO, INC. | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

## JOINT SUBMISSION OF OBJECTIONS TO THE ADMISSION OF DESIGNATED DEPOSITION TESTIMONY

01980.51542/3280994.1

Dockets.Justia.com

Pursuant to the Court's request during the January 5, 2010 evidentiary hearing, Function Media and Google hereby jointly submit objections to the admissibility of designated deposition testimony. For the Court's convenience, the parties have lodged under seal with the Court's clerk hard copies of the relevant excerpts of deposition transcripts with the objected-to testimony highlighted. The deposition transcripts are referred to herein by Exhibit number.

## FUNCTION MEDIA'S OBJECTIONS

### Function Media's Statement Regarding Deposition Designations

Consistent with this Court's Orders and direction, FM has narrowed its deposition designations. At the present time, FM has designated 6 hours and 35 minutes of testimony for use during its case in chief or rebuttal.[1] FM has further designated approximately 2 hours and 8 minutes of testimony from FM's prosecution attorneys and a former employee for use solely during the hearing of Google's inequitable conduct claims, should such hearing be necessary.

### FM's Remaining Objections

FM has resolved or waived all remaining objections with one exception. FM has objected to certain testimony by Henry Croskell, Esq. (FM prosecuting attorney), Kenneth S. Roberts, Esq. (FM prosecuting attorney), and Jared Burke to the extent such testimony relates to FM's Motion in Limine No. 47 regarding copying. This Court granted FM's Motion to Reconsider MIL No. 47. As such, FM maintains that the testimony is inadmissible. Google has informed FM that it will not seek to play the relevant deposition clips without first raising the issue of admissibility with the Court. On the basis of that representation, FM will not present its objections to the Court for resolution at this time.

### FM's Responses to Specific Google Objections

---

[1] This computation of time does not include Google's counter-designations or FM's counter-counter-designations.

1

In the tables below, FM has provided responses to certain objections raised by Google. FM does not waive its opposition to any remaining Google objections noted below. However, in the interest of time and efficiency, FM asserts that such objections may be resolved by reference to the depositions alone. FM is willing to provide additional argument at this Court's request.

## GOOGLE'S OBJECTIONS

### Google's General Objections

Google's objections are based upon Function Media's designations of deposition testimony served October 2, 2009 and supplemental designations served December 23, 2009, and Function Media's subsequent agreements to withdraw previously designated testimony during the parties' meet and confer. For the purposes of admissibility of Function Media's deposition designations, Google does not at this time rely on its objections to questions as lying outside the scope of Function Media's Rule 30(b)(6) notices; however, Google reserves its rights to object to any attempt by Function Media to use testimony outside the scope of its 30(b)(6) notices as representative of Google or as binding admissions regarding any issue of fact or law. In addition, in order not to burden the Court with general objections that will likely be resolved by the Court's rulings on pending or carried motions in limine, Google reserves its rights to object to additional specific deposition testimony under those motions in limine after they are resolved by the Court. Because the admissibility of testimony from a witness depends on the context, Google reserves the right to object to any deposition testimony under Rules 402 and 403, depending on the presentation of evidence at trial.

### Google's Specific Objections to Function Media's Deposition Designations

For the reasons indicated in the following, Google respectfully requests that the Court preclude Function Media from offering the deposition testimony listed below during trial.

**Google's Objections to Designated Testimony from Brian Axe** (Transcript at Ex. A).

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Axe, Brian | 149:8-149:10 | Subject to Google's MIL 10 regarding acquisitions; | |
| Axe, Brian | 160:3-22; 160:24-162:22; 162:25-163:8; 163:13-163:25; 165:19-166:1; | Irrelevant and prejudicial because a witness' independent patent prosecution activities, not related to the patents-in suit, would serve to mislead and confuse the jury and lack probative value; lacks foundation, calls for speculation, calls for legal conclusions.<br><br>**FM Response:** Google previously moved in limine to preclude evidence of its own patenting. FM prepared vigorously to rebut this argument. Yet, by agreement between the parties, Google previously withdrew its MIL. Through this objection, Google seeks to re-introduce its meritless argument. Google's patenting activity—as well as that of its employees—is highly relevant to this dispute. It speaks immediately to issues concerning obviousness and the prior art. Further, it relates to Google's and its employees appreciation and awareness of intellectual property rights and similarities between Google patents/applications and the patents in suit. Google's "legal conclusion" objections are equally meritless. By asking an inventor whether his invention is "novel," for example, FM is not seeking a legal opinion. This Court should overrule Google's objections. | |

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Axe, Brian | 179:6-181:24 | Irrelevant and prejudicial because a witness' independent patent prosecution activities, not related to the patents-in suit, would serve to mislead and confuse the jury and lack probative value; lacks foundation, calls for speculation, calls for legal conclusions<br><br>**FM Response:** Google previously moved in limine to preclude evidence of its own patenting. FM prepared vigorously to rebut this argument. Yet, by agreement between the parties, Google previously withdrew its MIL. Through this objection, Google seeks to re-introduce its meritless argument. Google's patenting activity—as well as that of its employees—is highly relevant to this dispute. It speaks immediately to issues concerning obviousness and the prior art. Further, it relates to Google's and its employees appreciation and awareness of intellectual property rights and similarities between Google patents/applications and the patents in suit. Google's "legal conclusion" objections are equally meritless. By asking an inventor whether his invention is "novel," for example, FM is not seeking a legal opinion. This Court should overrule Google's objections. | |

**Google's Objections to Designated Testimony from Mireya Bravomalo** (Transcript at Ex. B).

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Bravomalo, Mireya | 148:24-149:2; 149:4-149:12; 149:14-149:22; 149:24-150:1 | Lacks foundation, calls for speculation, argumentative, misstates witness' testimony, hearsay | |
| Bravomalo, Mireya | 167:15-168:2; 168:4-168:10; 168:12-168:12; 169:9-169:14; 169:16-169:25; 170:2-170:3 | Lacks foundation, calls for speculation, argumentative, misstates witness' testimony, hearsay | |
| Bravomalo, Mireya | 200:24-201:2; 201:4-201:8; 201:10-201:17 | Lacks foundation, calls for speculation, misstates witness' testimony, hearsay | |

[Note: Ex. C omitted].

**Google's Objections to Designated Testimony from Jeff Dean** (Transcript at Ex. D).

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Dean, Jeff | 37:18-38:15; 38:18-39:20; 41:4 "Prior"- 41:22; 41:24-42:4; | Irrelevant and prejudicial because a witness' independent patent prosecution activities, not related to the patents-in suit, would serve to mislead and confuse the jury and lack probative value; lacks foundation, calls for speculation, calls for legal conclusions<br><br>**FM Response:** Google previously moved in limine to preclude evidence of its own patenting. FM prepared vigorously to rebut this argument. Yet, by agreement between the parties, Google previously withdrew its MIL. Through this objection, Google seeks to re-introduce its meritless argument. Google's patenting activity—as well as that of its employees—is highly relevant to this dispute. It speaks immediately to issues concerning obviousness and the prior art. Further, it relates to Google's and its employees appreciation and awareness of intellectual property rights and similarities between Google patents/applications and the patents in suit. Google's "legal conclusion" objections are equally meritless. By asking an inventor whether his invention is "novel," for example, FM is not seeking a legal opinion. This Court should overrule Google's objections. | |

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Dean, Jeff | 161:8-161:15 | Irrelevant and prejudicial because a witness' independent patent prosecution activities, not related to the patents-in suit, would serve to mislead and confuse the jury and lack probative value; lacks foundation, calls for speculation, calls for legal conclusions<br><br>**FM Response:** Google previously moved in limine to preclude evidence of its own patenting. FM prepared vigorously to rebut this argument. Yet, by agreement between the parties, Google previously withdrew its MIL. Through this objection, Google seeks to re-introduce its meritless argument. Google's patenting activity—as well as that of its employees—is highly relevant to this dispute. It speaks immediately to issues concerning obviousness and the prior art. Further, it relates to Google's and its employees appreciation and awareness of intellectual property rights and similarities between Google patents/applications and the patents in suit. Google's "legal conclusion" objections are equally meritless. By asking an inventor whether his invention is "novel," for example, FM is not seeking a legal opinion. This Court should overrule Google's objections. | |
| Dean, Jeff | 163:15-164:10; 164:19-164:23; 164:25-165:3; 165:5-165:7 | Irrelevant and prejudicial because a witness' independent patent prosecution activities, not related to the patents-in suit, would serve to mislead and confuse the jury and lack probative value; lacks foundation, calls for speculation, calls for legal conclusions<br><br>**FM Response:** Google previously moved in limine to preclude evidence of its own patenting. FM prepared vigorously to rebut this argument. Yet, by agreement between the parties, Google previously withdrew its MIL. Through this objection, Google seeks to re-introduce its meritless argument. Google's patenting activity—as well as that of its employees—is highly relevant to this dispute. It speaks immediately to issues concerning obviousness and the prior art. Further, it relates to Google's and its employees appreciation and awareness of intellectual property rights and similarities between Google patents/applications and the patents in suit. Google's "legal conclusion" objections are equally meritless. By asking an inventor whether his invention is "novel," for example, FM is not seeking a legal opinion. This Court should overrule Google's objections. | |

**Google's Objections to Designated Testimony from Roy Fielding** (Transcript at Ex. E).

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Fielding, Roy | 72:7-73:11; 73:14-73:19; 72:21 | Calls for improper testimony by a lay witness (FRE 701); lacks foundation, incomplete hypothetical, calls for a legal conclusion, improper testimony by a lay witness.<br><br>**FM Response:** This testimony relates to the witness's knowledge concerning the prior art and distinguishing features between the patents in suit and the prior art. | |
| Fielding, Roy | 79:18-80:11; 80:13-80:21; 80:23-81:21; 81:23-81:24 | Calls for improper testimony by a lay witness (FRE 701); lacks foundation, incomplete hypothetical, calls for a legal conclusion, improper testimony by a lay witness.<br><br>**FM Response:** This testimony relates to the witness's knowledge concerning the prior art and distinguishing features between the patents in suit and the prior art. | |

**Google's Objections to Designated Testimony from Sandi Lee Mathers** (Transcript at Ex. F).

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Mathers, Sandi Lee | 73:21-73:25; 74:3-74:12; 74:14-74:15; 74:17 | Argumentative and misstates witnesses' testimony | |
| Mathers, Sandi Lee | 101:19-102:9; 102:13-103:10; | Argumentative and misstates witnesses' testimony | |

| **Name** | **FM's Designations** | **Objections** | **Granted?** |
|---|---|---|---|
| Mathers, Sandi Lee | 154:9-154:15; 154:17-154:24; 155:1-155:14; 155:17-155:21; 155:23-156:5; 156:7-156:11; 156:13-156:18; 156:20-157:3; 157:24-158:1; 158:3-158:4; 158:24-159:3; 159:5-159:5; 159:7-159:12; 159:14-159:15; 160:10-160:13; 160:15-160:15; 161:7-161:9; 161:11-161:17; 161:19-161:24; 162:1-162:7; 162:9-162:12; 162:17-162:19; | Misstates witness' testimony, and calls for a legal conclusion, also at times argumentative | |
| Mathers, Sandi Lee | 165:15-166:1; 166:3-166:4; 166:6-166:14; 166:16-166:21; 167:12-167:13; 167:15-167:20; 167:22-168:7; 168:9-168:10; 170:24-171:1; 171:3-171:5; 171:7-171:12; 171:14-171:15 | Misstates witness' testimony, and calls for a legal conclusion | |

**Google's Objections to Designated Testimony from Nicolle Pangis** (Transcript at Ex. G).

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Pangis, Nicolle | 61:14-61:23; 61:25-61:25; 62:3-62:11; 62:13-62:16; 62:20-62:21; | Lacks foundation and calls for speculation | |
| Pangis, Nicolle | 65:3-66:2 | Incomplete hypothetical and lacks foundation | |

**Google's Objections to Designated Testimony from Stephen Rupp** (Transcript at Ex. H).

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Rupp, Stephen | 45:1-45:7; 45:10-45:14; 45:17-45:17 | Lacks foundation, calls for speculation, calls for improper testimony from a lay witness (FRE 701) | |
| Rupp, Stephen | 72:7-72:23; 73:1-73:20 | Lacks foundation, calls for speculation, calls for improper testimony from a lay witness (FRE 701) | |

**Google's Objections to Designated Testimony from Tomaz Tunguz-Zawislak** (Transcript at Ex. I)..

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Tunguz-Zawislak, Tomaz | 50:9-51:9; 51:11-51:22; 51:24-53:10; 53:18-54:7; 54:9-54:23; | Irrelevant and prejudicial because a witness' independent patent prosecution activities, not related to the patents-in suit, would serve to mislead and confuse the jury and lack probative value; lacks foundation, calls for speculation, calls for legal conclusions, and calls for improper testimony from a lay witness (FRE 701)<br><br>**FM Response:** Google previously moved in limine to preclude evidence of its own patenting. FM prepared vigorously to rebut this argument. Yet, by agreement between the parties, Google previously withdrew its MIL. Through this objection, Google seeks to re-introduce its meritless argument. Google's patenting activity—as well as that of its employees—is highly relevant to this dispute. It speaks immediately to issues concerning obviousness and the prior art. Further, it relates to Google's and its employees appreciation and awareness of intellectual property rights and similarities between Google patents/applications and the patents in suit. Google's "legal conclusion" objections are equally meritless. By asking an inventor whether his invention is "novel," for example, FM is not seeking a legal opinion. This Court should overrule Google's objections. | |

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Tunguz-Zawislak, Tomaz | 59:17-60:7; 61:09-61:23; 61:25-62:14; | Irrelevant and prejudicial because a witness' independent patent prosecution activities, not related to the patents-in suit, would serve to mislead and confuse the jury and lack probative value; lacks foundation, calls for speculation, calls for legal conclusions, and calls for improper testimony from a lay witness (FRE 701)<br><br>**FM Response:** Google previously moved in limine to preclude evidence of its own patenting. FM prepared vigorously to rebut this argument. Yet, by agreement between the parties, Google previously withdrew its MIL. Through this objection, Google seeks to re-introduce its meritless argument. Google's patenting activity—as well as that of its employees—is highly relevant to this dispute. It speaks immediately to issues concerning obviousness and the prior art. Further, it relates to Google's and its employees appreciation and awareness of intellectual property rights and similarities between Google patents/applications and the patents in suit. Google's "legal conclusion" objections are equally meritless. By asking an inventor whether his invention is "novel," for example, FM is not seeking a legal opinion. This Court should overrule Google's objections. | |

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Tunguz-Zawislak, Tomaz | 70:14-71:07 | Irrelevant and prejudicial because a witness' independent patent prosecution activities, not related to the patents-in suit, would serve to mislead and confuse the jury and lack probative value; lacks foundation, calls for speculation, calls for legal conclusions, and calls for improper testimony from a lay witness (FRE 701)<br><br>**FM Response:** Google previously moved in limine to preclude evidence of its own patenting. FM prepared vigorously to rebut this argument. Yet, by agreement between the parties, Google previously withdrew its MIL. Through this objection, Google seeks to re-introduce its meritless argument. Google's patenting activity—as well as that of its employees—is highly relevant to this dispute. It speaks immediately to issues concerning obviousness and the prior art. Further, it relates to Google's and its employees appreciation and awareness of intellectual property rights and similarities between Google patents/applications and the patents in suit. Google's "legal conclusion" objections are equally meritless. By asking an inventor whether his invention is "novel," for example, FM is not seeking a legal opinion. This Court should overrule Google's objections. | |

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Tunguz-Zawislak, Tomaz | 75:6-75:16; 75:18-75:18; 76:17-77:24 | Irrelevant and prejudicial because a witness' independent patent prosecution activities, not related to the patents-in suit, would serve to mislead and confuse the jury and lack probative value; lacks foundation, calls for speculation, calls for legal conclusions, and calls for improper testimony from a lay witness (FRE 701)<br><br>**FM Response:** Google previously moved in limine to preclude evidence of its own patenting. FM prepared vigorously to rebut this argument. Yet, by agreement between the parties, Google previously withdrew its MIL. Through this objection, Google seeks to re-introduce its meritless argument. Google's patenting activity—as well as that of its employees—is highly relevant to this dispute. It speaks immediately to issues concerning obviousness and the prior art. Further, it relates to Google's and its employees appreciation and awareness of intellectual property rights and similarities between Google patents/applications and the patents in suit. Google's "legal conclusion" objections are equally meritless. By asking an inventor whether his invention is "novel," for example, FM is not seeking a legal opinion. This Court should overrule Google's objections. | |

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Tunguz-Zawislak, Tomaz | 144:20-145:25; 157:08-157:16; 157:18-157:25; 158:2-158:10; 158:16-158:21; 158:23-159:1; 161:11-162:11; 163:10-163:13; 163:15-164:13; 164:25-166:6 | Irrelevant and prejudicial because a witness' independent patent prosecution activities, not related to the patents-in suit, would serve to mislead and confuse the jury and lack probative value; lacks foundation, calls for speculation, calls for legal conclusions, and calls for improper testimony from a lay witness (FRE 701)<br><br>**FM Response:** Google previously moved in limine to preclude evidence of its own patenting. FM prepared vigorously to rebut this argument. Yet, by agreement between the parties, Google previously withdrew its MIL. Through this objection, Google seeks to re-introduce its meritless argument. Google's patenting activity—as well as that of its employees—is highly relevant to this dispute. It speaks immediately to issues concerning obviousness and the prior art. Further, it relates to Google's and its employees appreciation and awareness of intellectual property rights and similarities between Google patents/applications and the patents in suit. Google's "legal conclusion" objections are equally meritless. By asking an inventor whether his invention is "novel," for example, FM is not seeking a legal opinion. This Court should overrule Google's objections. | |

**Google's Objections to Designated Testimony from Amin Zoufonoun** (Transcript at Ex. J).

| Name | FM's Designations | Objections | Granted? |
|---|---|---|---|
| Zoufonoun, Amin | 138:21-139:1; 139:3-139:4 | Subject to Google's MIL 10 regarding anti-competitive allegations; lacks foundation, calls for speculation, hearsay, and misstates witness' testimony | |
| Zoufonoun, Amin | 143:24-144:1; 144:3-144:17; 144:19-144:23 | Subject to Google's MIL 10 regarding anti-competitive allegations; lacks foundation, calls for speculation, hearsay, and misstates witness' testimony | |

Dated: January 14, 2010

Respectfully submitted,
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

/s/ Max L. Tribble Jr.
Max L. Tribble, Jr. (lead counsel)
Texas State Bar No.: 20213950
Email: mtribble@susmangodfrey.com
Joseph S. Grinstein
Texas State Bar No. 24002188
Email: jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366

Jeremy Brandon
Texas State Bar No. 24040563
jbrandon@susmangodfrey.com
SUSMAN GODFREY L.L.P.
901 Main Street
Dallas, Texas 75202-1900
Telephone: (214) 754-1900

Justin A. Nelson
Texas State Bar No. 24034766
jnelson@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue
Seattle, Washington 98101-3000
Telephone: (206) 516-3880

S. Calvin Capshaw
State Bar No. 03783900
Email: ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email: ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800

Robert Christopher Bunt
State Bar No. 00787165

/s/ Amy H. Candido
Charles K. Verhoeven (admitted *pro hac*)
 *Lead Attorney*
 charlesverhoeven@quinnemanuel.com
Amy H. Candido (admitted *pro hac*)
 amycandido@quinnemanuel.com
Carl G. Anderson (admitted *pro hac*)
 carlanderson@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700


Edward J. DeFranco (admitted *pro hac*)
 eddefranco@quinnemanuel.com
James M. Glass (admitted *pro hac*)
 jimglass@quinnemanuel.com
Patrick Curran (admitted *pro hac*)
 patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Harry L. Gillam, Jr., Bar No. 07921800
 gil@gillamsmithlaw.com
Melissa R. Smith, Bar No. 24001351
 melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Counsel for Defendant and Counter-Claimant
GOOGLE INC.

Email: rcbunt@pbatyler.com
Robert M. Parker
State Bar No. 15498000
Email: rmparker@pbatyler.com
Andrew Thompson Gorham
Email: tgorham@pbatyler.com
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: (903) 531-3535

Counsel for Function Media, L.L.C.

## **LOCAL RULE CV-5(7) STATEMENT**

      The contents of this submission are filed under seal in compliance with the Court's Protective Order in this case. The submission contains information designated as "Confidential Outside Counsel Only."

Date: January 14, 2010

                                       */s/ Amy H. Candido*
                                       Amy H. Candido