IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| FUNCTION MEDIA, L.L.C., | § | |
|---|---|---|
| Plaintiff, | § § § | Civil Action No. 2007-CV-279 |
| vs. | § § § | |
| GOOGLE, INC. AND YAHOO, INC., | § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## MOTION TO ENFORCE OPINION REGARDING GOOGLE'S EXPERT MICHAEL WAGNER

Function Media brings this short Motion out of concern that Google intends to have its expert Mr. Wagner testify to certain opinions outside the scope of what this Court has permitted him to testify to regarding the Carl Meyer agreement. As this Court is well aware, it has limited Mr. Wagner to testify only about the terms of the Carl Meyer agreement on their face. Google has indicated that it nevertheless still intends to rely on the Carl Meyer agreement as the "baseline" agreement and the starting point for the hypothetical negotiation.

It is impossible for Mr. Wagner to use the Meyer agreement in this manner, however, as his analysis depends on testimony and reliance on issues that this Court already has excluded – namely, Mr. Wagner's conversations with Mr. Ben Lee and his conversations with Mr. Lanning about the circumstances of the agreement, the technology at issue, whether Google uses that technology, and whether the Accused Products practice the technology in the patents. Without such facts, Mr. Wagner cannot compare the Meyer agreement to the patents-in-suit, as he does throughout his report. As this Court is well aware, Function Media attempted to inquire about the details and circumstances of this Agreement, but Mr. Chen repeatedly answered "I don't

1

know." And when asked about the technology at issue, Mr. Chen was only able to read from the agreement itself.

Indeed, Mr. Wagner makes clear in his report that his use of the Meyer agreement as a baseline is predicated on the testimony of Mr. Lee and Mr. Lanning about the importance of the technology to Google, whether a design-around was available to Google, and whether the agreement was under threat of litigation, among other things. *See* Exh. 1, Wagner Report ¶¶ 44-47. *See also id.* ¶¶ 152, 153, 159, 172, 188, 195, 196, 245, 249 (comparing the scope and circumstances of the Meyer agreement with those of the patents-in-suit).

At his deposition, Mr. Wagner likewise testified that he relied on Mr. Lee and Mr. Lanning for his opinions on the Meyer agreement. *See* Exh. 2, Wagner Depo. 140:19-22 ("Q. How would you know, for example, the technology involved in the Meyer license? A. Oh, **that one I asked to talk not to someone at Google, but to Google's technical expert, Mr. Lanning**."); *id.* 142:9-143:4 ("Q. Did you talk to Mr. Lee about the Meyer agreement? A. Yes. Q. You relied on that conversation with Mr. Lee? A. I did to the extent it is quoted in my report. What did Mr. Lee tell you about the Meyer agreement? A. He told me that, number one, it was arm's length. Q. Did you probe about that? A. No. I accepted what he told me to be true. **He told me that it was core technology to Google, that it had broader application to Google than the patents in suit that I was attempting to value**. I believe that he testified that Google did its normal practice of insisting on a lump sum in the agreement rather than a running royalty rate. And without looking at my report, if I quoted him for something else, that's all I remember."); *see also id.* 143:11-144:4 (relying on Mr. Lee for whether the agreement was in anticipation of litigation).

Thus, Google should not be able to use the Meyer agreement to compare it to the patents-in-suit, which necessarily entails a judgment about the scope, technology, and circumstances of the Meyer agreement that far exceed the terms of the agreement itself.

Respectfully submitted,

/s/ *Max L. Tribble, Jr.*

Max L. Tribble, Jr.
State Bar No. 20213950
Email: mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas, 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Lead Attorney for Plaintiff

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
Aimée Robert
State Bar No. 24046729
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com
arobert@susmangodfrey.com

Jeremy Brandon
State Bar No. 24040563
Warren T. Burns
State Bar No. 24053119
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Fax: (214) 754-1933
jbrandon@susmangodfrey.com

wburns@susmangodfrey.com

Justin A. Nelson
State Bar No. 24034766
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax: (206) 516-3883
jnelson@susmangodfrey.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Fax: (903) 533-9687
rcbunt@pbatyler.com
charley@pbatyler.com

S. Calvin Capshaw
State Bar No. 037839000
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Fax: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

Otis Carroll
State Bar No. 03895700
Collin Maloney
State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Fax: (903) 581-1071

otiscarroll@icklaw.com
cmaloney@icklaw.com

## CERTIFICATE OF CONFERENCE

Counsel for plaintiff conferred with counsel for Google on Plaintiff's Motion to Enforce Opinion Regarding Google's Expert Michael Wagner via e-mail on January 18, 2010 at 4:12 p.m. and Google is opposed to the motion.

/s/ Justin A. Nelson
Justin A. Nelson

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that even though this motion is not filed under seal the exhibits should be filed under seal because they contain material covered by the protective order approved and entered in this case on February 25, 2009.

/s/ Max L. Tribble, Jr.
Max. L. Tribble, Jr.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on the counsel of record, this 23rd day of January, 2010, by email and by agreement.

/s/ Max L. Tribble, Jr.
Max. L. Tribble, Jr.