# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| FUNCTION MEDIA, L.L.C. § | |
| § | |
| Plaintiff, § | Civil Action No. 2:07-CV-279 |
| § | |
| vs. § | |
| § | |
| GOOGLE INC. AND YAHOO, INC. § | |
| § | **JURY TRIAL DEMANDED** |
| Defendants. § | |

## GOOGLE'S REQUEST FOR A JURY INSTRUCTION ON GEORGIA-PACIFIC FACTORS

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time the infringement began. Some of the kinds of factors that you may consider in making your determination are:

(1) The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty;
(2) The rates paid by the licensee for the use of other patents comparable to the patent in suit;
(3) The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold;
(4) The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly;
(5) The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter;
(6) The effect of selling the patented specialty in promoting sales of other products of the licensee; that existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales;
(7) The duration of the patent and the term of the license;
(8) The established profitability of the product made under the patent; its commercial success; and its current popularity;
(9) The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results;
(10) The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention;
(11) The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use;

(12) The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions;
(13) The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer; and
(14) The opinion testimony of qualified experts.

*refused* 1/26/10

_____
The Hon. Charles Everingham

Dated: January 26, 2010

Respectfully submitted,
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

*/s/ Amy H. Candido*
Charles K. Verhoeven (admitted *pro hac*)
*Lead Attorney*
charlesverhoeven@quinnemanuel.com
Amy H. Candido (admitted *pro hac*)
amycandido@quinnemanuel.com
Carl G. Anderson (admitted *pro hac*)
carlanderson@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Edward J. DeFranco (admitted *pro hac*)
eddefranco@quinnemanuel.com
James M. Glass (admitted *pro hac*)
jimglass@quinnemanuel.com
Patrick Curran (admitted *pro hac*)
patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Harry L. Gillam, Jr., Bar No. 07921800
gil@gillamsmithlaw.com
Melissa R. Smith, Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Counsel for Defendant and Counter-Claimant
GOOGLE INC.