# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C. | § § | |
| *Plaintiff*, | § § | Civil Action No. 2:07-CV-279 |
| vs. | § § § | |
| GOOGLE INC. | § § | **JURY TRIAL DEMANDED** |
| *Defendant*. | § | |

## GOOGLE'S UNOPPOSED MOTION TO REDACT TRIAL TRANSCRIPTS

01980.51542/3339880.2

Defendant Google, Inc. ("Google") hereby moves for an order redacting certain portions of the transcripts from the jury trial held January 19 through 26, 2010. (Dkt. 427-37.) Google timely filed notice of its intent to request redaction on February 9, 2009. (Dkt. 442.) Plaintiff Function Media, LLC ("Function Media") does not oppose Google's motion.

I.  **THERE IS GOOD CAUSE TO SEAL PORTIONS OF THE RECORD TO PROTECT GOOGLE'S CONFIDENTIAL AND PROPRIETARY BUSINESS INFORMATION.**

Before the trial, Google requested by motion that the courtroom be closed to the public for certain portions of trial testimony and argument relating to Google's confidential business information . (Dkt. No. 190 ("Google's Motion to Close Courtroom and Seal Record").) At the January 12, 2010 pre-trial hearing, this Court granted Google's motion on a case-by-case basis saying, "if there's some portion that comes up during the trial of the case that is – you feel is necessary to close the courtroom, bring it to my attention, I'll do it." (Dkt. No. 376 at 3:15-18.) Throughout the trial, when the parties were aware of the likelihood of elicited testimony or argument concerning Google's confidential business information, counsel approached the bench to request that the courtroom be closed to the public. Accordingly, Google requests that the Court order the redaction of the following portions of the trial transcripts where the courtroom was closed to the public to prevent the disclosure of Google's confidential information:

| Dkt. No. | Date | Session | Start | End |
|---|---|---|---|---|
| 429 | Jan. 20, 2010 | Morning | 59:14 | 63:19 |
| 430 | Jan. 20, 2010 | Afternoon | 4:24 | 14:19 |
| 430 | Jan. 20, 2010 | Afternoon | 122:20 | 132:12 |
| 430 | Jan. 20, 2010 | Afternoon | 154:10 | 158:4 |
| 431 | Jan. 21, 2010 | Morning | 11:12 | 35:18 |
| 431 | Jan. 21, 2010 | Morning | 113:10 | 139:13 |
| 432 | Jan. 21, 2010 | Afternoon | 12:8 | 17:25 |
| 432 | Jan. 21, 2010 | Afternoon | 27:10 | 29:13 |
| 432 | Jan. 21, 2010 | Afternoon | 66:25 | 81:16 |
| 432 | Jan. 21, 2010 | Afternoon | 101:16 | 112:5 |

| Dkt. No. | Date | Session | Start | End |
|---|---|---|---|---|
| 432 | Jan. 21, 2010 | Afternoon | 125:23 | 131:18 |
| 432 | Jan. 21, 2010 | Afternoon | 138:9 | 139:16 |
| 432 | Jan. 21, 2010 | Afternoon | 141:5 | 141:11 |
| 433 | Jan. 22, 2010 | Morning | 78:10 | 89:21 |
| 436 | Jan. 25, 2010 | Afternoon | 149:19 | 164:22 |
| 436 | Jan. 25, 2010 | Afternoon | 170:1 | 186:25 |
| 436 | Jan. 25, 2010 | Afternoon | 188:2 | 204:2 |
| 437 | Jan. 26, 2010 | Morning | 138:6 | 140:12 |

Furthermore, recognizing that the case-by-case system of closing the courtroom might require some post-trial cleanup, the Court said at the January 12th pre-trial hearing, "I'll give you a certain amount of time to . . . identify those portions of the record that need to be maintained under seal once . . . you get your copies of the record . . . ." (See id. at 3:18-22.)  As the Court predicted, despite the parties' best efforts, there were a few instances where Google's confidential information was disclosed when the courtroom was not closed.  For example, confidential information was discussed at bench conferences about whether to close the courtroom, which were recorded in non-confidential portions of the transcript.  In a very few other instances, disclosure of confidential information was simply inadvertent.[1]  Google respectfully submits that the following portions of the transcripts should be maintained under seal and requests their redaction from the publicly-available trial transcripts because they relate to confidential information concerning:  (1) the design and operation of Google's systems, including Google's proprietary data management methods and the physical location of elements in Google's network; (2) nonpublic financial data; and (3) the commercial terms and facts behind Google's negotiation, evaluation and accounting of certain of Google's acquisitions.

---

[1] The parties repeatedly conferred to balance Google's privacy interests against the Court's concern of unnecessarily causing the audience to exit and wait in the hallway. Unfortunately, this balancing act led in a small number of instances to the disclosure of confidential information during portions of the proceedings open to the public.

1. Confidential Technical and Infrastructure Details

| Dkt. No. | Date | Session | Start | End |
|---|---|---|---|---|
| 429 | Jan. 20, 2010 | Morning | 101:2 | 108:11 |
| 433 | Jan. 22, 2010 | Morning | 15:3 | 15:12 |
| 433 | Jan. 22, 2010 | Morning | 16:21 | 18:11 |
| 433 | Jan. 22, 2010 | Morning | 19:14 | 20:6 |
| 433 | Jan. 22, 2010 | Morning | 20:25 | 21:4 |

2. Nonpublic Financial Data

| Dkt. No. | Date | Session | Start | End |
|---|---|---|---|---|
| 430 | Jan. 20, 2010 | Afternoon | 66:7 "the…" | 66:7 "…percent." |
| 430 | Jan. 20, 2010 | Afternoon | 66:9 "makes…" | 66:10 "…exactly." |
| 432 | Jan. 21, 2010 | Afternoon | 6:9 "It…" | 6:9 "…million." |

3. Confidential Acquisitions Details

| Dkt. No. | Date | Session | Start | End |
|---|---|---|---|---|
| 430 | Jan. 20, 2010 | Afternoon | 62:4 "Applied… | 62:6 |
| 430 | Jan. 20, 2010 | Afternoon | 63:24 "Overture…" | 64:10 |
| 430 | Jan. 20, 2010 | Afternoon | 65:7 "the…" | 65:8 "…percent" |
| 430 | Jan. 20, 2010 | Afternoon | 136:19 | 137:12 |
| 430 | Jan. 20, 2010 | Afternoon | 137:19 | 138:2 |
| 430 | Jan. 20, 2010 | Afternoon | 138:12 | 138:18 |
| 430 | Jan. 20, 2010 | Afternoon | 138:21 "the…" | 138:21 "…figure" |
| 430 | Jan. 20, 2010 | Afternoon | 139:10 "that…" | 139:13 |
| 430 | Jan. 20, 2010 | Afternoon | 140:1 | 142:3 |
| 430 | Jan. 20, 2010 | Afternoon | 144:7 | 146:17 |
| 430 | Jan. 20, 2010 | Afternoon | 147:6 | 147:18 |
| 430 | Jan. 20, 2010 | Afternoon | 149:2 | 149:25 |
| 430 | Jan. 20, 2010 | Afternoon | 150:15 | 151:1 |
| 431 | Jan. 21, 2010 | Morning | 48:4 | 48:6 |
| 431 | Jan. 21, 2010 | Morning | 48:11 | 48:13 |

| Dkt. No. | Date | Session | Start | End |
|---|---|---|---|---|
| 431 | Jan. 21, 2010 | Morning | 49:1 | 49:8 |
| 431 | Jan. 21, 2010 | Morning | 100:5 | 101:4 |
| 431 | Jan. 21, 2010 | Morning | 101:12 | 103:1 |
| 432 | Jan. 21, 2010 | Afternoon | 20:14 | 20:16 |
| 436 | Jan. 25, 2010 | Afternoon | 97:1 "and…" | 97:2 "…acquisition" |
| 436 | Jan. 25, 2010 | Afternoon | 98:8 "and…" | 98:9 "…rate" |

As demonstrated in Google's Motion to Close Courtroom and Seal Record, good cause exists to seal and redact these limited passages from the trial transcripts. The above-identified categories include sensitive business information which, if revealed to the public, could harm Google's competitive standing. (See Google's Reply in Support of Its Motion to Seal Documents and Close the Courtroom During Presentation of Confidential Material at Trial, Dkt. 266 at 6.) Courts have routinely held that the public's right to access judicial proceedings must give way where a party would be commercially harmed by disclosure of confidential business information.[2] See Nixon v. Warner Comm'ns, Inc., 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. . . . [C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing,"); Belo Broadcasting Corp. v. Clark, 654 F.2d 423, 434 (5th Cir. 1981) (recognizing that "a number of factors may militate against public access"); Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866 (E.D. Pa. 1981) ("Judicial proceedings and records may be closed in part or in full to the

---

[2] Google also notes that most of the portions of the transcript for which it requests redaction relate to facts relevant only to damages issues, which were mooted by the jury's verdict. This further diminishes the public's interest in access to the information since it was irrelevant to the outcome.

public in order to protect private interests, including proprietary interests in trade secrets and other commercial information."); Fed. R. Civ. P. 26(c)(1)(G) (allowing courts to require that "a trade secret or other confidential research, development, or commercial information not be revealed"). Moreover, Google has been careful to narrowly limit these additional redactions to only those portions absolutely necessary to protect Google's confidential information. To illustrate that point, of the approximately 46,000 total lines (approximately 1,840 pages) of text in the trial transcripts, these additional redactions represent less than 644 lines (approximately 26 pages) dispersed throughout.

Accordingly, because the requested portions of the transcripts contain highly confidential business information and Google has been careful to limit its requested redactions to those portions necessary to protect its competitive standing, these limited portions of the transcript should remain under seal.

## II. CONCLUSION

Google respectfully requests an order to seal the above identified portions of the transcripts of the January 19 – 26, 2010 jury trial (Dkt. 427-37) and to direct the court reporter to redact those passages from all publicly-available versions of the transcripts.

Dated:  February 26, 2010

Respectfully submitted,
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: */s/ Amy H. Candido*

Charles K. Verhoeven (admitted *pro hac*)
  *Lead Attorney*
  charlesverhoeven@quinnemanuel.com
Amy H. Candido (admitted *pro hac*)
  amycandido@quinnemanuel.com
Carl G. Anderson (admitted *pro hac*)
  carlanderson@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Edward J. DeFranco (admitted *pro hac*)
  eddefranco@quinnemanuel.com
James M. Glass (admitted *pro hac*)
  jimglass@quinnemanuel.com
Patrick Curran (admitted *pro hac*)
  patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

Harry L. Gillam, Jr., Bar No. 07921800
  gil@gillamsmithlaw.com
Melissa R. Smith, Bar No. 24001351
  melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone:    (903) 934-8450
Facsimile:    (903) 934-9257

Counsel for Defendant and Counter-Claimant
GOOGLE INC.

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Google Inc. have satisfied the meet and confer requirements of Local Rule CV-7(h). The personal conference requirement of Local Rule CV-7(h) has been met. On February 25, 2010, I contacted Justin Nelson of Susman Godfrey LLP, counsel for Function Media LLC regarding the relief requested in the foregoing motion. Mr. Nelson indicated that Function Media is not opposed to the requested relief.

*/s/ Amy H. Candido*
Amy H. Candido

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 26, 2009 to counsel of record and the court reporter in the manner agreed by the parties, via electronic mail.

*/s/ Amy H. Candido*
Amy H. Candido