**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C., <br>     Plaintiff, | § <br> § <br> § | |
| v. | § | CIVIL ACTION NO. 2:07-cv-279-CE |
| | § | |
| GOOGLE, INC. and YAHOO, INC., <br>     Defendants. | § <br> § <br> § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court are: (1) plaintiff Function Media, L.L.C.'s ("FM") motion for judgment as a matter of law ("JMOL") on validity (Dkt. No. 409); (2) defendant Google, Inc.'s ("Google") motion for JMOL regarding invalidity (Dkt. No. 412); (3) Google's motion for JMOL on non-infringement (Dkt. No. 407 and 408); (4) Google's motion for JMOL on damages (Dkt. No. 406); and (5) FM's motion for a new trial (Dkt. No. 457). For the following reasons, FM's motion for JMOL on validity is GRANTED-in-part and DENIED-in-part, and all other motions are DENIED.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

On July 3, 2007, FM filed this suit, alleging, among other things, that Google infringed U.S. Patent No. 7,240,025 B2 (the "'025 Patent"). (Dkt. No. 1.) On July 24, 2007, FM filed its first amended complaint, in which it alleged that Google also infringed U.S. Patent No. 7,249,059 B2 (the "'059 Patent"). (Dkt. No. 12.) On January 19, 2010, a jury trial commenced in this case. On January 25, 2010, the case was submitted to the jury, and the jury returned a verdict finding that Google did not infringe the asserted claims of the '025 Patent or the '059

Patent. (*See* Dkt. No. 413.) Furthermore, the jury found that all asserted claims of the '025 and '059 Patents were invalid because they were anticipated by the prior art and were rendered obvious by the prior art. (*See id.*) As such, the jury did not award FM any damages. (*See id.*)

### III. LEGAL STANDARD

JMOL may be granted only if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [an] issue." Fed. R. Civ. P. 50(a)(1). A motion for JMOL is a procedural issue not unique to patent law; thus, such motions are reviewed under the law of the regional circuit. *Summit Tech., Inc. v. Nidek Co.,* 363 F.3d 1219, 1223 (Fed. Cir. 2004). In the Fifth Circuit, JMOL may not be granted unless "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir. 1995) (internal citation omitted). The court reviews all the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party; however, a court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

In addition, "[t]he court may . . . grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a). In considering a motion for a new trial, the Federal Circuit applies the law of the regional circuit— the Fifth Circuit in this case. *z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1347 (Fed. Cir. 2007). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded were excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.3d 610, 613 (5th Cir. 1985). "The decision to grant or deny a motion for a new trial is within the

discretion of the trial court and will not be disturbed absent an abuse of discretion or a misapprehension of the law." *Prytania Park Hotel, Ltd. v. General Star Indem. Co*., 179 F.3d 169, 173 (5th Cir. 1999).

## IV. DISCUSSION

### A. *FM's Motion for JMOL of Validity (Dkt. No. 409)*

The Court GRANTS-in-part and DENIES-in-part FM's motion for JMOL of validity. (Dkt. No. 409.) One of FM's primary arguments is that Google's evidence was insufficient to prove by clear and convincing evidence that the '025 and '059 Patents are invalid. As the Supreme Court has recently reaffirmed, the party asserting a defense of invalidity has the burden of proof by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S.Ct. 2238, 2242 (2011). In this case, therefore, Google must prove its invalidity defense by clear and convincing evidence.

The Court holds that there was not sufficient evidence at trial for a reasonable jury to find that Google has proven by clear and convincing evidence that claims 52, 63, 90, and 231 of the '025 Patent are invalid. Google's failure of proof largely arises from the failure of its expert, Mr. Lanning, to sufficiently explain why the prior art teaches or renders obvious the "computer program design filter" limitation that is required for the abovementioned claims. Given the complexity of the technology and patents in this case, expert testimony was required to establish invalidity on the grounds of anticipation and obviousness. *See, e.g.*, *Proveris Scientific Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267 (Fed. Cir. 2008) (stating that the "subject matter is sufficiently complex to fall beyond the grasp of an ordinary person. We thus are not prepared to say that the district court abused its discretion in requiring Innova to present expert testimony in order to establish validity . . . ."); *Culver v. Slater Boat Co.*, 722 F.2d 114, 119 (5th Cir. 1983)

("The procedures necessary to determine the impact of future price inflation on a particular plaintiff on a year-by-year basis are complex and time consuming. Elaborate expert testimony is required."). Mr. Lanning was Google's only expert qualified to given an opinion regarding invalidity. Furthermore, Mr. Lanning never gave any opinion at trial or provided testimony at trial that the prior art taught or rendered obvious the "computer program design filter" limitation that is present in claims 47 (from which claim 52 depends), 62 (from which claim 90 depends), and 63 of the '025 Patent. With respect to those claims, at most, Mr. Lanning gave only testimony that he had already shown that the limitations in those claims were present in the prior art. (*See, e.g.*, 1/25 A.M. Tr., Dkt. No. 435, at 75:17-20 ("Claim 47 includes design or style standards that are automatically applied or compared to the ad, and I've shown that those are performed by the AdForce system, and so I've put a check in the Claim 47 there.").) Google's brief has not sufficiently shown where Mr. Lanning ever gave such testimony, and after reviewing the record, this Court has not discerned where Mr. Lanning ever discussed a "computer program design filter."[1] As a result, Google has not provided sufficient evidence for a reasonable jury to find that claims 52, 63, or 90 of the '025 Patent are invalid. In addition, with respect to method claim 231, Mr. Lanning testified that "[c]laim 231 is – what I'm showing here is essentially the same as Claim 52." (*Id.* at 82:2-3.) Therefore, because Google did not provide sufficient evidence with respect to claim 52, then under Mr. Lanning's rationale, it also did not provide sufficient evidence with respect to claim 231.

In conclusion, the Court GRANTS FM's motion for JMOL of validity with respect to claims 52, 63, 90, and 231 of the '025 Patent. With respect to the other claims that Google asserted were invalid, the Court agrees with Google that Mr. Lanning's testimony, together with

---

[1] Mr. Lanning also never gave an obviousness opinion with respect to the "computer program design filter" limitation.

the other evidence in the record, was sufficient testimony for a reasonable jury to find invalidity. FM's other arguments in its briefing are unconvincing. FM's motion for JMOL of validity is therefore DENIED as to all other claims.

      B.     *FM's Motion for New Trial (Dkt. No. 457)*

The Court DENIES FM's motion for a new trial. (Dkt. No. 457.) The Court first addresses FM's motion for a new trial based on Google's alleged spoliation of documents. "The Fifth Circuit permits an adverse inference against the destroyer of evidence only upon a showing of 'bad faith' or 'bad conduct.'" *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir. 2005). In the original briefing where FM requested a spoliation instruction, the Court learned that Google changed its company policy in September of 2008 (after the date on which this lawsuit was filed) to suspend the practice of saving all instant messages ("IMs") in the internal corporate chat network within Google. (Beaumont Decl., attached to Dkt. No. 386, at 3.) But Google employees were specifically instructed to change the setting for instant messages to "on the record" (or saved) for communications that involved matter subject to a litigation hold. (*Id.*) Furthermore, a litigation hold was instituted in this case. (*Id.*) Considering these facts, the Court does not find that there was a sufficient showing of bad faith in this case. As a result, consistent with this Court's ruling at trial, the Court holds that no spoliation instruction was necessary. The parties presented ample evidence to the jury on the operation of the accused products. The jury was not unreasonable when it decided that the products did not infringe. FM's motion for a new trial on this basis is DENIED.

Furthermore, the Court has carefully considered all of FM's arguments for a new trial, and the Court DENIES the motion on those bases. No necessary inconsistency has been established by the verdicts of non-infringement, on the one hand, and invalidity, on the other.

5

The jury's verdict of non-infringement might have resulted, for instance, from the jury's collective assessment that FM's evidence was not sufficiently credible to support an infringement finding. The Court also is not persuaded by FM's arguments that Google impermissibly applied the court's claim constructions at trial or that the jury decided issues of claim construction. Finally, the Court is not persuaded that counsel's unobjected-to use of the timeline and his closing argument (1) violated the Court's *limine* Order or (2) unfairly prejudiced FM. This was a hard-fought case, and the Court is not persuaded that FM has shown its entitlement to a new trial.

    C.    *Other Motions*

All other motions that are the subject of this Memorandum Opinion and Order are DENIED. Based on the jury verdict of non-infringement, Google's motion for JMOL on non-infringement (Dkt. No. 407 and 408) and motion for JMOL on damages (Dkt. No. 406) are DENIED as moot. *Cummins-Allison Corp. v. SBM Co.*, Civil Action No. 9:07CV196, 2009 WL 4017160, at *4 (E.D. Tex. Nov. 13, 2009) (finding defendants' motions for JMOL on willfulness moot because the jury failed to find that the defendants acted willfully). Further, with respect to Google's motion for JMOL of invalidity (Dkt. No. 412), the motion is DENIED with respect to claims 52, 63, 90, and 231 of the '025 Patent because of the reasons discussed in connection with FM's motion for JMOL of validity. But due to the jury's verdict of invalidity as to all other claims, the remainder of Google's motion for JMOL of invalidity is DENIED as moot.

## V. CONCLUSION

In conclusion, for the foregoing reasons, FM's motion for JMOL on validity is GRANTED-in-part and DENIED-in-part. As a result, the Court enters judgment as a matter of law that claims 52, 63, 90, and 231 of the '025 Patent are valid. The balance of the judgment conforms to the verdict. All other motions are DENIED.

It is so ORDERED.

SIGNED this 9th day of September, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE