IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNCTION MEDIA, L.L.C., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2007-CV-279 |
| | § | |
| vs. | § | |
| | § | FILED UNDER SEAL |
| GOOGLE, INC. AND YAHOO, INC., | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## FUNCTION MEDIA'S RENEWED MOTION FOR EXCEPTIONAL CASE FINDING REGARDING NO INEQUITABLE CONDUCT AND MOTION FOR REMEDY OF NO ASSESSED COSTS

On January 15, 2010, this Court granted Function Media's motion for summary judgment of no inequitable conduct. *See* Docket No. 391. The Court pointed out that the inventor, Michael Dean, testified unambiguously that he was not aware that the alleged withheld reference "allowed advertisers to sign up and serve banner ads to multiple publisher sites based on rules supplied by those publishers." Order at 6. The Court further held that "Google's argument to the contrary misrepresents the record." *Id.*

As part of its motion, Function Media asked this Court to declare the inequitable conduct finding exceptional under 35 U.S.C. § 385 and award attorneys' fees due to the complete lack of evidence in the record and Google's misrepresentation of the record. The Court noted that other courts had awarded fees in similar situations. *Id.* at 8. This Court carried the motion of whether to make an exceptional case finding with the trial. *Id.* at 9.

At trial, the jury found against Function Media on infringement and invalidity. As this Court is aware, it reversed the jury's finding with respect to four of the claims, finding them not invalid. This finding along with the Court's prior holding of no inequitable conduct resulted in a mixed verdict, where Google prevailed on some issues and Function Media on others.

Function Media now seeks an order of no costs to either party. Such an order is justified either as further sanction under § 385 or in light of the mixed verdict and as part of this Court's discretionary power under Rule 54 of the Federal Rules of Civil Procedure.

*First*, this Court should award no costs under the "exceptional case" authority of § 385. Function Media expended tremendous effort, time, and energy preparing a defense of Google's bogus inequitable conduct charges. A remedy is appropriate to compensate for that wasted effort, especially given the necessarily limited resources in the run-up to trial. Function Media understands that the jury ultimately found non-infringement and invalidity, although this Court subsequently has reversed the jury's verdict of invalidity on four of the asserted claims.

In light of the jury's finding and the court's judgment as a matter of law that four of the asserted claims are not invalid, Function Media believes that a proper remedy is not to assess costs or a bill of costs against either party. Such a remedy is appropriate under § 385 because it is likely that the time, cost, and effort Function Media expended in litigating the inequitable conduct claim is greater than or equal to the amount of taxable costs.

*Second*, a remedy of no costs to either party is appropriate because the judgment was mixed. "In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir.1996); *see also Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234-35 (10th Cir.2001) ("[I]n cases in which 'neither side entirely prevailed, or when both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties,' some courts have denied costs to both sides.") (quoting Wright and Miller, *Federal Practice & Procedure*, § 2668). Indeed, the plain text of Federal Rule of Civil Procedure Rule 54(d) gives the court the discretion not to award costs by issuing a "court order provid[ing] otherwise." Fed. R. Civ. P. 54(d); *see also Howell Petroleum Corp. v. Samson Resources Co.*, 903 F.2d 778, 783 (10th Cir.

1990) (holding that under Rule 54(d), "[t]he court was within its discretion to refuse to award costs to a party which was only partially successful"); *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir.1996).

In fact, the Fifth Circuit has specifically affirmed an award of no costs in similar circumstances, where the "jury found for the plaintiffs in part and for the defendants in part." *In re Corrugated Container Antitrust Litigation*, 756 F.2d 411, 418 (5th Cir. 1985). The trial court directed "each party to bear its own costs." *Id.* The Fifth Circuit affirmed: "The trial court acted within its discretion in its assessment of costs." *Id.*

Here, not only did this Court grant summary judgment of no inequitable conduct, it also ruled that Google failed to prove invalidity on four of the asserted claims. While Function Media certainly cannot claim full victory, neither can Google. In similar circumstances, the Federal Circuit has overturned an award of costs which was awarded to the defendant where the defendant prevailed on invalidity and non-infringement but lost on inequitable conduct. *See Rothman v. Target Corp.*, 556 F.3d 1310, 1329 (Fed. Cir. 2009). A finding of no costs to either party is even more justified in light of Google's destruction of instant messages. While this Court ruled that there was no spoliation, no dispute exists that relevant documents were destroyed even if the Court is correct that Google did not knowingly destroy them.

In short, under either 35 U.S.C. § 385 or its discretionary authority due to the mixed verdict, this Court should not award costs to either party. The case was hard-fought, and both parties prevailed on some issues. Moreover, given the prior finding by this Court regarding Google's misrepresentation of the record regarding inequitable conduct, a determination of no costs to either party is especially appropriate. But the mixed judgment alone also soundly supports an order of no costs to either party here.

3

Respectfully submitted,

*/s/ Max L. Tribble, Jr.*
Max L. Tribble, Jr.
State Bar No. 20213950
Email: mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas, 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Lead Attorney for Plaintiff*

OF COUNSEL:
Joseph S. Grinstein
State Bar No. 24002188
State Bar No. 24046729
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com

Warren T. Burns
State Bar No. 24053119
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Fax: (214) 754-1933
wburns@susmangodfrey.com

Justin A. Nelson
State Bar No. 24034766
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Fax: (206) 516-3883
jnelson@susmangodfrey.com

Robert Christopher Bunt

4

State Bar No. 00787165
Charles Ainsworth
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Fax: (903) 533-9687
rcbunt@pbatyler.com
charley@pbatyler.com

S. Calvin Capshaw
State Bar No. 037839000
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Fax: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

Otis Carroll
State Bar No. 03895700
Collin Maloney
State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Fax: (903) 581-1071
otiscarroll@icklaw.com
cmaloney@icklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 16th day of September, 2011 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

*/s/ Max L. Tribble, Jr.*